UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA  )  )  ) | Criminal No. 05-10102-JLT |
| v.                                            )  )  ) | |
| JOHN BRUENS, MARY STEWART,  ) MELISSA VAUGHN AND            ) MARK SIROCKMAN,                    )       Defendants.                               ) | |

**UNITED STATES' MOTION MOTION FOR AN ORDER
EXCLUDING TIME FROM JUNE 7, 2005 UNTIL SEPTEMBER 13, 2005
<u>PURSUANT TO THE SPEEDY TRIAL ACT</u>
<u>(ASSENTED TO)</u>**

Comes now the United States, by and through its attorney, Michael J. Sullivan, United States Attorney for the District of Massachusetts and Assistant United States Attorney Mary Elizabeth Carmody, and move this Court to enter an order excluding time in this case from June 7, 2005 until September 13, 2005. In support of this motion, the government states the following:

(1)    On April 14, 2005, the grand jury returned an 8 count indictment, charging the defendants with one count of conspiracy to defraud the United States in violation of Title 18 United States Code, Section 371, and seven counts of offering or paying illegal remunerations in connection with their employment at Serono, Inc., in order to induce physicians to prescribe the drug Serostim, which is approved for the treatment of AIDS wasting, in violation of Title 42, United States Code, Section 1320a-7b(b)(2)(A), and Title 18, United States Code, Section 2. This is a complex health care fraud case.

(2) The defendants appeared before the Court jointly on May 2, 2005 for their initial appearances and arraignments in this case. At that time the Court set an initial status conference for June 7, 2005.

(3) The parties agree that this case is complex, in that the government's proof consists of a large number of documents and witnesses. Discovery involves numerous documents contained in approximately 1000 boxes. The government is making available an electronic data base to assist defendants in reviewing the documents. As a result, the defense counsel need sufficient time to examine the discovery, to prepare for filing motions in this case, and thereafter, to prepare for trial.

(4) On June 7, 2005, the parties appeared before Magistrate Judge Bowler for the initial status conference. At which time the parties advised the Court that the defendants would need approximately three months to review the discovery made available to them by the government before they could determine what, if any, motions they would file in this case. The Court granted the parties request to return for an interim scheduling conference in September to discuss a schedule for filing motions. The Court set a date for the interim status conference on September 13, 2005. A trial date has not yet been established.

(5) The parties are in agreement that the ends of justice would be served by this delay and that the delay is necessary to avoid a miscarriage of justice, and that the denial of this motion would, despite the exercise of due diligence, deny the parties the reasonable time necessary for effective pre-trial and trial preparation. Defense Counsel expressed their assent to this motion to the Court during the Status Conference on June 7, 2005.

Wherefore, the United States files this assented to motion for the entry of an order excluding time from June 7, 2005 until the date of the interim status conference on September

13, 2005, pursuant to the Speedy Trial Act, 18 U.S.C. §§ 3161(h)(8)(A), 3161(h)(8)(B)(i), 3161(h)(8)(B)(ii), and 3161(h)(8)(B)(iv). A proposed order is attached.

                Respectfully submitted,

                UNITED STATES OF AMERICA

                MICHAEL J. SULLIVAN
                United States Attorney

       By:

                /s/Mary/ Elizabeth/Carmody
                MARY ELIZABETH CARMODY
                Assistant United States Attorney
                John Joseph Moakley United States Courthouse
                One Courthouse Way, Suite 9200
                Boston, MA 02210
                (617) 748-3290

**Certificate of Service and Local Rule 7.1 Certification**

  I hereby certify that I served a copy of the foregoing pleading on counsel of record this day by e-mail and regular mail, together with the proposed order attached. Counsel for the defendants have indicated their assent to this motion.

                /s/Mary/Elizabeth/Carmody
                MARY ELIZABETH CARMODY

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| ) | Criminal No. 05-10102-JLT |
| v. ) | |
| ) | |
| ) | |
| JOHN BRUENS, MARY STEWART, ) | |
| MELISSA VAUGHN AND ) | |
| MARK SIROCKMAN, ) | |
|    Defendants. ) | |

**ORDER**

This matter is before the Court on the Assented to Motion of the United States to exclude time pursuant to the Speedy Trial Act, 18 U.S.C. § 3161. Having reviewed the matter, the Court finds as follows:

(1) On April 14, 2005, the grand jury returned an 8 count indictment, charging the defendants with one count of conspiracy to defraud the United States in violation of Title 18 United States Code, Section 371, and seven counts of offering or paying illegal remunerations in connection with their employment at Serono, Inc., allegedly to induce physicians to prescribe the drug Serostim, which is approved for the treatment of AIDS wasting, in violation of Title 42, United States Code, Section 1320a-7b(b)(2)(A), and Title 18, United States Code, Section 2. This is a complex health care fraud case.

(2) The defendants appeared jointly on May 2, 2005 for their initial appearances and arraignments. The defendants were released pending trial.

(3) At the initial status conference on June 7, 2005, the parties agreed that the case is complex, in that the government's proof consists of a large number of documents and witnesses.

Discovery involves numerous documents contained in approximately 1000 boxes. The government is making available an electronic data base to assist defendants in reviewing the documents. Defense counsel need sufficient time to examine discovery and prepare for filing motions and thereafter to prepare for trial.

(4) At the Status Conference counsel for the defendants assented to the exclusion of time from June 7, 2005 until the date for the Interim Status Conference on September 13, 2005 in order for them to review the government's discovery and documents prior to filing any motions in this case.

(5) The ends of justice warrants the exclusion of this period of time and outweigh the best interest of the public and the defendant in a speedy trial.

THEREFORE, IT IS HEREBY ORDERED that for the reasons set forth above, that for purpose of computing the time under the Speedy Trial Act of 1974 within which the trial must commence, the period from June 7, 2005 until September 13, 2005, inclusive, shall be deemed an excludable period pursuant to 18 U.S.C. §§ 3161(h)(8)(A), 3161(h)(8)(B)(i), 3161(h)(8)(B)(ii), and 3161(h)(8)(B)(iv).

Dated: _____                    _____
                                          MARIANNE B. BOWLER
                                          UNITED STATES MAGISTRATE JUDGE