# MINTZ LEVIN

One Financial Center
Boston, MA  02111
617-542-6000
617-542-2241 fax
www.mintz.com

**Tracy A. Miner** | 617 348 1694 | tminer@mintz.com

January 13, 2006

**HAND DELIVERY**

Mary Elizabeth Carmody
Assistant U.S. Attorney
John Joseph Moakley Courthouse
1 Courthouse Way, Suite 9200
Boston, Massachusetts  02210

      Re:    <u>United States v. John Bruens, et al.</u>, No. 05-10102-JLT

Dear Ms. Carmody:

      We are writing pursuant to Local Rule 116.3 and Fed. R. Crim. P. 16 to request the following discovery and bill of particulars in connection with the indictment returned on April 14, 2005.  In accordance with Local Rule 116.3(H), we are jointly setting forth issues of concern to all Defendants.  However, some or all of us may separately address matters of concern unique to our individual clients.

**A.**    **Discovery**

      Pursuant to Local Rule 116.3 and Fed. R. Crim. P. 16, the Defendants hereby request that the Government furnish all exculpatory material, documents or other objects material to the defense, items that belonged to or were obtained from the Defendants, and documents or other objects that the government intends to use at trial, within the government's possession, custody or control or the existence of which is known or by the exercise of due diligence may become known, which has not been produced despite the requirements of the Local Rules 116.1 and 116.2.  To the extent that all such information has already been produced, please confirm this in writing.

      In addition, we seek the following particularized information, with the relevant paragraph numbers of the indictment referenced:

    1.    All documents and materials in the possession of the United States Department of Health and Human Services, Food and Drug Administration, or any other relevant federal agency, that relate to any of the Defendants or physicians referred to in the indictment.

    2.    Any and all notes of any state or federal agents who interviewed any of the Defendants, including, but not limited to, any notes authored by agents Michael J. English, Gregory Pringle, Cathy Plesha, and Kimberly Vagos.

**Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C.**

Mary Elizabeth Carmody
January 13, 2006
Page 2

3.  An identification of all those physicians that were attendees at the Cannes conference at Serono's expense and that the government characterizes as "distinct" (see section G(6) of the May 31, 2005 discovery letter from AUSA Mary Elizabeth Carmody to Tracy A. Miner) from those physicians named in the indictment. Further, please provide all documents, materials, or other evidence on which the government bases its distinction or which support its statement that "the circumstances of those doctors are distinct from those doctors charged in the Indictment." Id.

4.  Any and all documents, communications, or notes of communication between the qui tam plaintiffs, or the lawyers for the qui tam plaintiffs, and the government, concerning the settlements which they were offered or received, the allegations in the indictment, or related matters. Additionally, please produce any and all checks, wire transfers, or other evidence of the settlement payments paid out to the qui tam plaintiffs.

5.  All documents or other materials relating to any other suits filed by any of the qui tam plaintiffs, including, but not limited to, the tape of qui tam plaintiff Frank Garcia's EEOC mediation with Serono.

6.  All documents quantifying the loss alleged to have been caused by the Defendants' conduct.

7.  All documents concerning the pricing of Serostim during the relevant time period (1997-1999).

8.  All documents quantifying the payments made by the federal government for Serostim for the relevant time period (1997-1999).

9.  All documents quantifying payments made by any states or their Medicaid programs, including New York, New Jersey and Florida, for Serostim for the relevant time period (1997-1999).

10. All documents concerning Federal and State (including Medicaid) reimbursement for Serostim prescribed for the patients of Drs. RL, P, DC, AC, O, G and W, as identified in ¶17 of the indictment, for the relevant time period (1997-1999), including, but not limited to, all documents evidencing reimbursement sought, as well as reimbursement obtained.

11. All documents evidencing the amount of Serostim prescribed individually by Drs. RL, P, DC, AC, O, G and W during the relevant time period (1997-1999).

12. All patient records for the patients who were prescribed Serostim by Drs. RL, P, DC, AC, O, G and W during that relevant time period (1997-1999) that evidence:

**Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C.**

Mary Elizabeth Carmody
January 13, 2006
Page 3

      a.    Medical diagnoses;

      b.    The date the drug was prescribed;

      c.    The dosing and dosage prescribed; and

      d.    Whether the prescription was filled, and if so, the date it was filled.

13. All documents evidencing the alleged daily reports of prescriptions obtained, as alleged in ¶27 of the indictment.

14. All documents concerning the "promises to certain other witnesses" that the government has thus far declined to produce, as referenced in section G(3) of the May 31, 2005 discovery letter from AUSA Mary Elizabeth Carmody to Tracy A. Miner.

15. The document titled, "Serono AIDS Investigator Survey Agreement," as referenced in the 01/30/2003 (date of investigation) 302 Report concerning Alexis Corazon.

16. The interview notes, business card of Irene Delgado, and ChoicePoint results and accompanying paperwork, as referenced in the 02/04/2003 (date of investigation) 302 Report concerning Joseph Piperato.

17. The following documents referenced in the 03/16/2003 (date of investigation) 302 Report concerning Joseph Piperato:

      a.    Two BIA print outs;

      b.    E-mail dated February 9, 1998;

      c.    Two checks from Serono, dated December 3, 1998 and February 11, 1999, and all documents relating to those checks;

      d.    E-mail dated February 26, 1999;

      e.    Whitehurst expense report dated April 18, 1999;

      f.    American Express statement of Womble; and

      g.    List of "Dinner Invitees and Responses."

**Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C.**

Mary Elizabeth Carmody
January 13, 2006
Page 4

18. The following documents referenced in the 02/12/2003 (date of investigation) 302 Report concerning Howard Alan Grossman, M.D.:

   a. Letter from Sue Womble dated "March 31, 199" (sic); and

   b. Document indicating that Grossman committed to conducting "two regional speaking programs."

19. The following documents and exhibits referenced in the transcript of the March 16, 2004 grand jury transcript of Howard Alan Grossman, M.D.:

   a. Medicaid patient listing, first referenced at Page 44;

   b. 1999 appointment book, first referenced at Page 47;

   c. Power Point Presentation, first referenced at Page 86;

   d. E-mail dated April 4, 1999, first referenced at Page 81;

   e. The facsimile first referenced at Page 64 of the transcript;

   f. The "Transmission Report" first referenced at Page 67 of the transcript;

   g. The document/note first referenced at Page 70 of the transcript;

   h. The account profile first referenced at Page 72 of the transcript; and

   i. The document first referenced at Page 79 of the transcript.

20. The 1999 calendars or appointment books (hard copy and electronic copy, including any such information on a personal digital assistant) for Drs. RL, P, DC, AC, O, G and W.

21. The documents reviewed by the FBI Questioned Documents Unit, as identified in reports dated October 7, 2004 and May 5, 2004.

22. The following documents referenced in the 03/06/2002 (date of investigation) 302 Report concerning Mary Kathleen Stewart:

   a. Document titled, "Serostim Preferred Partner Program, Preferred Provider Impact";

   b. Document titled, "BIA Fluid - Nutrition Assessment";

**Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C.**

Mary Elizabeth Carmody
January 13, 2006
Page 5

      c.    Document titled, "Metabolic Immune Therapy, Mary Stewart, Vice President, Sales";

      d.    Document titled, "Open Label Study to Determine the Effect of Low Dose Growth Hormone on Visceral Fat Accumulation in HIV-Infected Patients"; and

      e.    Document titled, "Serono, Notice of Compliance."

23. All documents which evidence how the memorandum purporting to set forth the contents of Melissa Vaughn's voice-mail to John Bruens on March 3, 1999, (bates no. MMS 00213) was created.

24. A tape recording of what has been described as the March 3, 1999 voicemail from Melissa Vaughn to John Bruens.

25. Any and all testimony which purports to recount any statements made by a Defendant.

26. Any documents relating to Priority Pharmacy.

27. Grand jury exhibits relating to all grand jury testimony that has been produced by you to date.

28. All documents relating to Ellen Frank.

29. All documents relating to the following individuals who were cited in grand jury testimony and interview notes provided by the government: Chris Englert, Ken Staffey, Jeff Hart, Rebecca Savage, Dr. David Wheeler, Dr. Joel Gallant, Dr. Bruce Rashbaum, Jim Raymond, Cindy Bell, Russell Reserve, and Mary Sziemplinski.

30. All documents relating to Roger Anderson.

31. All documents relating to other conferences for which Serono sponsored physicians.

32. All documents relating to HIV-AIDS-related speaking engagements by Drs. RL, P, DC, AC, O, G and W, including records of any honorarium payments made in connection therewith.

**Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C.**

Mary Elizabeth Carmody
January 13, 2006
Page 6

**B.     Bill of Particulars**

In addition, and as more fully described below, Defendants request a bill of particulars as to certain of the allegations in the indictment returned on April 14, 2005.  Specifically, Defendants request a bill of particulars setting forth the following:

1. The identification of all persons and/or entities referred to in the indictment by description, title, or code. Specifically, Defendants ask that you identify the following:

    a. Executive X, first referenced in ¶4 of the indictment; and

    b. Drs. RL, P, DC, AC, O, G and W, first referenced in ¶17 of the indictment.

2. The particular alleged conduct, other than the offer to physicians to attend the Cannes conference as alleged and described in ¶¶24-52 of the indictment, that the government considers to be part of the alleged scheme to offer or pay kickbacks to physicians, as referenced in section H of the May 31, 2005 discovery letter from AUSA Mary Elizabeth Carmody to Tracy A. Miner ("the government may offer evidence that defendant engaged in a scheme to offer or pay kickbacks to physicians not specifically referred to in the Indictment"), including:

    a. When, where, and in what manner each individual defendant engaged in such conduct; and

    b. Each person with whom the defendant engaged in such conduct with.

3. The particular manner and means by which each unindicted co-conspirator is alleged to have:

    a. joined the alleged conspiracy to knowingly and willfully offer and pay to attend the conference in Cannes, France in exchange for writing additional prescriptions of Serostim, including when each co-conspirator joined the conspiracy, each person with whom they agreed to commit any offense listed in the indictment, and how such agreement occurred (orally, in writing, or by non-verbal communication); and

    b. carried out the alleged conspiracy, including when and where such acts occurred, and whether such acts involved one of the Defendants.

**Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C.**

Mary Elizabeth Carmody
January 13, 2006
Page 7

**C.     Fed. R. Evid. 404(b) Discovery**

Finally, pursuant to Fed. R. Evid. 404(b), Defendants request that the government identify the other alleged crimes, wrongs, or acts it intends to offer with respect to each Defendant, by Defendant, "to establish, among other things, intent, knowledge, plan and absence of mistake or accident under Fed. R. Evid. 404(b)," and produce any supporting documents or materials.  In light of the approaching trial date and the review of millions of pages of documents the Defendants must undertake, it is critical (and thus eminently "reasonable" under Fed. R. Evid. 404(b)'s "reasonable notice" standard) that the government now identify the "evidence that defendant engaged in a scheme to offer or pay kickbacks to physicians not specifically referred to in the indictment" (see section H section G(3) of the May 31, 2005 discovery letter from AUSA Mary Elizabeth Carmody to Tracy A. Miner), and other 404(b) material that it intends to offer.  As identification of 404(b) evidence is relevant to severance decisions, Defendants will request that any severance motions not be required to be filed until receipt of the list of this evidence with respect to each Defendant.

Pursuant to the agreed upon scheduling order, we look forward to receiving the discovery and your response on January 30, 2006.


___/s/ Tracy A. Miner_____         /s/ Thomas McC. Souther_____
Tracy A. Miner                         Thomas McC. Souther
Counsel for Mark Sirockman             Counsel for John Bruens



_/s/_Mark A. Berman_____              __/s/ Adam. S. Hoffinger_____
Mark A. Berman                         Adam S. Hoffinger
Counsel for Mary Stewart               Counsel for Melissa Vaughn


LIT 1556090v.1