UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA,

    v.

JOHN BRUENS, et al.

Criminal No. 05-10102-JLT

**MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION FOR
IMMEDIATE DISCLOSURE OF FED. R. CRIM. P. 404(B) EVIDENCE**

The Indictment in this case is the result of an expansive and lengthy investigation by the government into Serono Laboratories, Inc. ("Serono") and its business practices. Despite the relatively narrow conspiracy charged in the Indictment, numerous other issues and individuals have been the subject of government scrutiny. Given the complexity, wide-ranging nature, and volume of material compiled by the government during that investigation, it is likely that the government may seek to introduce material it deems evidence of other crimes, wrongs, or acts. Defendants are entitled to immediate notice of what Rule 404(b) evidence, if any, the government intends to offer in this case and the purpose for which it seeks to admit that evidence. Only with such reasonable notice can Defendants prepare any objections, and allow the Court to dispose of admissibility issues quickly and in advance of trial.

Federal Rule of Evidence 404(b) requires the government to provide an accused with "reasonable notice in advance of trial" of other crimes, wrongs, or acts it intends to introduce at trial:

> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It

>may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, provided that upon request by the accused, the prosecution in a criminal case shall provide reasonable notice in advance of trial ..., of the general nature of any such evidence it intends to introduce at trial.

The pretrial notice requirement of Rule 404(b) "is intended to reduce surprise and promote early resolution on the issue of admissibility." Id. (Committee Notes to 1991 Amendments). See, e.g., United States v. Butler, 351 F. Supp. 2d 121, 133 (S.D.N.Y. 2004) ("Since the admission of such evidence is frequently contested, pretrial notice serves the salutary purpose of permitting the defense to make *in limine* motions that further the efficiency of the trial process."); United States v. Rich, 343 F. Supp. 2d 411, 416 (E.D. Pa. 2004) ("This notice allows the defense the opportunity to prepare to rebut the impact of such evidence or to make motions *in limine* to the court."). Moreover, "[t]he amendment requires the prosecution to provide notice, regardless of how it intends to use the extrinsic act evidence at trial, i.e., during its case-in-chief, for impeachment, or for possible rebuttal." Id.

Furthermore, the notice provided by the government must "fairly apprise" the defendant of the general nature of the evidence to be introduced, and be sufficiently clear as to permit pretrial resolution of any admissibility issues. United States v. Barnes, 49 F.3d 1144, 1148 (6th Cir. 1995). The government's early and complete disclosure of potential other acts evidence allows Defendants to lodge any objections. "Any deficiencies in detail [in the notice] may lead to a trial court [to rule] against the government as to the admissibility of one or more items of evidence offered at trial. . . . " United States v. Shaw, 113 F. Supp. 2d 152, 161-62 (D. Mass. 2000) (holding that the government's disclosure of 404(b) evidence several months before trial satisfied notice

2

requirement); see also United States v. Storey, 956, F. Supp. 934, 945 (D. Kan. 1997) ("government must provide sufficient information 'to permit pretrial resolution of the issue of ... admissibility.'") (quoting United States v. Long, 814 F. Supp. 72, 74 (D. Kan. 1993)).

Here, the need for, and reasonableness of, immediate disclosure of the "other acts" evidence the government may seek to introduce at trial is particularly pressing. The government investigated this case for over five years. In the process, it explored numerous topics and aspects of the business conducted by Serono and its employees, and by other individuals and corporations. That broad investigation, the recent guilty pleas by Serono, RJL Sciences, Inc., and its President, Rudolph J. Liedtke, contrasted with the narrowness of the conspiracy charged in the Indictment against the four Defendants in this case, raise the strong possibility that the government may seek to introduce evidence under Rule 404(b). The Defendants however have been left only to guess at what evidence the government may seek to offer as 404(b) material.

If this were a case arising from a less expansive grand jury investigation, or if the Indictment itself encompassed a broader range of unlawful conduct, a twenty-one day notice period might be reasonable. Unfortunately, to date, the government has provided Defendants with approximately four million pages of discovery, which relate to issues outside the narrow ambit of conduct charged in the Indictment.[1] Significant resources, and substantial expense and time are needed to review four million pages in order to prepare arguments and defenses against any evidence the government intends to

---

[1] Defendants have recently confirmed that the government intends to make an additional 300 boxes of discovery available to them.

introduce under Rule 404(b). Twenty-one days is simply not sufficient time to complete such a Herculean task.

The Advisory Committee Notes to Rule 404(b) encourage early notice by the government in order to reduce surprise and promote early resolution of questions of admissibility. Timely notice is particularly necessary in complex cases such as this one where evidence is more voluminous and intricate and admissibility issues will undoubtedly be the subject of a motion *in limine*. "As this is a complex case in which the defendants are accused of very serious crimes, [the government should] provide a statement of the general nature of any evidence it intends to offer under Rule 404(b), as well as a brief statement of the grounds of its admissibility, well in advance of trial, [to] provide sufficient time for any motions by defendants for exclusion of such evidence." See United States v. Williams, 181 F. Supp. 2d 267, 298 (S.D.N.Y. 2001). Early and complete notice will also allow the Court to resolve any relevant objections earlier rather than later, and help the parties focus on the issues that actually will be disputed at trial, thereby facilitating the parties' preparation for trial. See, e.g., United States v. Reddy, 190 F. Supp. 2d 558, 576-77 (S.D.N.Y. 2002) (45 day notice ordered in multi defendant case); United States v. Patterson, 162 F. Supp. 2d 1017, 1019 (N.D. Ill. 2001) (Government agreed forty five days prior to trial was "reasonable notice" to defendant); United States v. Nachamie, 91 F. Supp. 2d 565, 577 (S.D.N.Y. 2000) (disclosure ordered one month before Medicaid fraud trial).

In sum, early identification of the precise "other acts" upon which the government intends to rely is required for the Defendants to prepare their defense, to avoid surprise at trial, and to permit the early resolution of any disputes regarding the admissibility of such

4

evidence. Such notice is eminently reasonable under the special circumstances of this case.

## **CONCLUSION**

WHEREFORE, for the reasons stated herein, Defendants respectfully move this Court to order the government to provide Defendants with immediate notice of any Rule 404(b) evidence the government intends to use at trial and the purpose for which it intends to offer that evidence.

Respectfully submitted,

JOHN BRUENS, MARY STEWART,
MELISSA VAUGHN, and MARC SIROCKMAN,

By their undersigned attorneys.


| \_\_/s/ Tracy A. Miner_____ | \_\_/s/ Thomas McC. Souther\_\_\_\_\_ |
|---|---|
| Tracy A. Miner | Thomas McC. Souther |
| Counsel for Mark Sirockman | Counsel for John Bruens |
| | |
| \_/s/\_ Mark A. Berman\_\_\_\_\_ | \_\_/s/ Adam. S. Hoffinger_____ |
| Mark A. Berman | Adam S. Hoffinger |
| Counsel for Mary Stewart | Counsel for Melissa Vaughn |

Date:   February 10, 2006