UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | |
| v. | ) | Criminal No. 05-10102-JLT |
| | ) | |
| **JOHN BRUENS, MARY STEWART**, | ) | |
| **MELISSA VAUGHN AND** | ) | |
| **MARK SIROCKMAN,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## GOVERNMENT'S OPPOSITION TO THE DEFENDANTS' JOINT MOTION FOR A BILL OF PARTICULARS

The Government herewith opposes the Joint Motion of the Defendants, John Bruens, Mary Stewart,  Melissa Vaughn and Mark Sirockman, for a Bill of Particulars and requests the Court to deny the Motion for the reasons that:

Contrary to the defendants' assertion in this Motion for a Bill of Particulars, in which they assert that the Indictment "broadly alleges" the charges against them, the defendants admit in the first paragraph of their Memorandum in Support of the Defendants' Motion for Immediate Disclosure of Fed. R. Crim. P. 404(b) Evidence, that the Indictment in this case charges a "relatively narrow conspiracy."  Indeed, the charges alleged in the Indictment are very specific and narrowly drawn.  Thus, as drafted the Indictment provides the defendants all the information necessary to identify the nature of the charges against them with sufficient particularity so as to enable them to prepare a defense, to prevent surprise at trial, and to interpose a plea of double jeopardy should they be prosecuted a second time for the same offense.  *See e.g., Wong Tai v. United States,* 273 U.S. 77 (1927); *United States v. Sepulveda,* 15 F.3d 1161, 1192-1193 (1st Cir.

1993), *cert. denied,* 512 U.S. 1223 (1994); *United States v. Abreu,* 952 F.2d 1458, 1469 (1st Cir.) (collecting cases), *cert. denied*, 503 U.S. 994 (1992)*; United States v. Bortnovsky,* 820 F.2d 572, 574 (2d Cir. 1987). Moreover, much of the information sought by the defendants is already provided in the Indictment. *Bortnovsky,* 820 F.2d at 574. Therefore, the defendants' request for a Bill of Particulars must be denied.[1]

## I.    ARGUMENT:

### A.    The Defendants' Requests:

The defendants request a Bill of Particular that identifies, 1) "[e]ach instance in which an offer or payment was made to a physician or entity by or on behalf of Serono Laboratories, Inc. ("Serono") that the government will allege at trial evidences" the charges in the Indictment (both the Conspiracy and substantive charges); and 2) specific evidence supporting those charges in the Indictment, including the identity of any conspirators, a general description of the inducement alleged, the date of each instance, the manner and means that any unindicted co-conspirator entered the conspiracy and, the thought process of the government in evaluating the potential criminal liability concerning doctors not named in the Indictment who attended the Cannes conference.

Much of the information requested by the defendants is alleged in the Indictment. The remaining information requested is not required to be disclosed to the defendants and/or is well beyond the scope of a Bill of Particulars. The defendants assert that they seek to discover

---

[1] It appears from the assertions in the first paragraph of the Motion for a Bill of Particulars that the defendants are most concerned about the potential introduction by the government of evidence under Fed. R. Crim. P. 404 (b). The discovery of such evidence is not within the ambit of a Bill of Particulars.

2

"which transactions, out of a universe of literally thousands of facially legitimate transactions,"

are alleged to be illegal by the government, when, in fact, the offers or payments of kickbacks

alleged in the Conspiracy and substantive counts of the Indictment are relatively few.  Moreover,

the real concern expressed in the defendants' motion is the potential admission of Rule 404(b)

evidence; it is not that the defendants have not been given sufficient information to prepare their

defense or to prevent surprise at trial.  Footnote 4 on page 5 of the defendants' Memorandum

acknowledges that the Indictment does set forth and incorporates the specific allegations of

offering or paying kickback in each of the substantive counts.  These allegations are not only

contained in the Conspiracy count, but are also in the substantive counts, which specifically

reallege them.

Indeed, the defendants state that they will withdraw their motion for a Bill of Particulars

if the government will agree (at this very early date) "not to seek to introduce other allegations of

remuneration or inducements other than those specifically incorporated by reference in each

count."  (Defendants Joint Memorandum at p. 5, n. 4).  By so doing, the defendants are "mixing

apples and oranges."  As they admit in their motion for immediate disclosure of Rule 404(b)

evidence, the Indictment is narrowly drawn and specifically alleges the wrongdoing with which

each defendant is charged in this case.  Whether the government may offer, and the Court may

admit, evidence of other "bad acts" or "wrongful conduct" is a separate legal and factual

question.  The defendants in this case intermingle these issues in both motions presently before

the Court.[2]  This should not be permitted and is a position that is not supported by the law or the

---

[2]  The defendants also rely upon the number of documents provided in discovery in this
case.  This will be addressed below.

facts.

**B.    Applicable Law:**

The purpose of a bill of particulars is to provide the accused with details of the charges

against him where necessary to enable him to prepare his defense, to avoid surprise at trial, and

to protect against double jeopardy.  *See United States v. Paiva*, 892 F.2d. 148, 154 (1st Cir.

1989)(collecting cases).  The First Circuit in, *United States v. Sepulveda*, 15 F.3d at 192-1193,

recognized that:

> Motions for bills of particulars are seldom employed in modern
> federal practice. When pursued, they need be granted only if the
> accused, in the absence of a more detailed specification, will be
> disabled from preparing a defense, caught by unfair surprise at
> trial, or hampered in seeking the shelter of the Double Jeopardy
> Clause.

*See United States v. Abreu*, 952 F.2d 1458, 1469 (1st Cir.) (collecting cases), *cert. denied*, 503

U.S. 994 (1992). The Court of Appeals reviews refusals to require bills of particular under an

abuse-of-discretion standard. See *United States v. Hallock*, 941 F.2d 36, 40 (1st Cir.1991).

Indeed the information requested by the defendants is not required to be proven by black

letter conspiracy law.  A conspirator need not know the identities of all of his other co-

conspirators; nor need he know the acts of each and every conspirator.  Nor does a conspirator

need to agree to every objective of the conspiracy.  As the Sands Model Jury Instruction on

Conspiracy Membership states:

> It is important for you to note that the defendant's participation in
> the conspiracy must be established by independent evidence of his
> own acts or statements, as well as those of the other alleged co-
> conspirators, and reasonable inference which may be drawn from
> them.  The defendant's knowledge is a matter of inference from the
> facts proved.  In that connection, I instruct you that to become a
> member of the conspiracy, the defendant need not have known the

identities of each and every other member, nor need he have been apprized of all of their activities. Moreover, the defendant need not have been fully informed as to all of the details, or the scope, of the conspiracy in order to justify an inference of knowledge on her part. Furthermore, the defendant need not have joined in all of the conspiracy's unlawful objectives. The extent of a defendant's participation has no bearing on the issue of a defendant's guilt. A conspirator's liability is not measured by the extent or duration of his participation. Indeed, each member may perform separate and distinct acts and may perform them at different times. Some conspirators play major roles, while others play minor parts in the scheme. An equal role is not what the law requires. In fact, even a single act may be sufficient to draw the defendant within the ambit of the conspiracy.

2 L. Sand, et al., Modern Federal Jury Instructions, ¶ 19.01 INSTRUCTION 19-6, p. 19-33-34

(2001). A defendant need not know the identities of, nor the number of, the other members of

the conspiracy, nor the entire scope of the conspiracy, nor the means by which the object or the

purposes of the conspiracy were to be accomplished. *Blumenthal v. United States,* 332 U.S. 529,

557 (1947). A defendant can be convicted as a conspirator even though he may have played

only a minor role in the conspiracy. *United States v. Houle,* 237 F.3d 71 76 (1st Cir.), *cert.*

*denied*, 532 U.S. 1074 (2001) *citing, United States v. DeLeon*, 187 F.3d 60, 63 (1st Cir.), *cert.*

*denied*, 528 U.S. 1030 (1999).

C.    **The Indictment:**

The Indictment here charges a "relatively narrow" conspiracy, that the defendants

participated in a conspiracy to offer and pay illegal remunerations (an all expenses paid trip to

attend a medical conference in Cannes France) to certain physicians in return for writing

additional prescriptions of Serostim during a discrete period of time.[3]   The defendants Bruens

---

[3]   The defendants misrepresent the nature of the charges in this case in both their Memorandum in Support of this Bill of Particulars, as well as in their Memorandum in Support

(who was then Vice President of Marketing) and Stewart (who was then Vice President of Sales) are charged in the Conspiracy Count and seven substantive counts of the Indictment.  The defendants Vaughn and Sirockman (both then Regional Directors for Sales) are charged in the Conspiracy count and each are charged in two separate substantive counts.  In its January 30, 2006 discovery letter (Exhibit 6 hereto), the government identified to the defendants each of the physicians alleged in the Indictment to have been offered or paid kickbacks.

The defendants reliance on the cases concerning submission of false statements or Medicare fraud, even though they involved a multitude of documents, are misplaced.  In *United States v. Bortnovsky*, the defendants were charged with violating the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961, *et. seq.,* and mail fraud for filing false insurance claims.  The court noted that the essential facts concerning the fraudulent claims relating to the burglaries were not alleged in the Indictment. *Id.*, 820 F.2d at 574-575.  The court held that the "relevance of key events were shrouded in mystery at the commencement of the trial and throughout the trial." *Id.,* 820 F2d at 575.  *United States v. Nachamie,* 91 F.Supp.2d 565 (S.D. N.Y.),  involved a conspiracy to commit Medicare fraud based upon the submission of false claims.  The Indictment did not inform the defendants which claims were false claims or in what way they were false. *Id.*, 91 F.Supp2d at 571.  These facts are distinct from the case at bar.  This case does not involve submissions of false claims but offers or payment of illegal remunerations, that are specifically detailed in the Indictment.

---

their Motion for Immediate Disclosure of Rule 404(b) evidence.  It is important to note that this Indictment does not allege submission of false claims or Medicaid fraud, but rather a conspiracy and substantive counts of offering to pay or paying kickbacks to doctors.  Once again, the defendants are "mixing apples and oranges."

6

The Indictment is narrowly drawn and does not "broadly allege" a "universe of thousands of facially legitimate transactions" as being illegal – as represented by the defendants in their Memorandum.  Rather, the Indictment charges a conspiracy that includes an allegation that John Bruens announced at the Serono National Sales Meeting in March of 1999 that offers for the trip to Cannes were made to ten (10) doctors (¶ 51); the substantive counts charge offers or payments of kickbacks relating to the Cannes trip to seven (7) doctors. (Counts 2-8).   The allegations in this case are very specific as to the nature and details of the conspiracy alleged in Court One, as well in each respective substantive count by specifically incorporating those allegations by reference.  As the Court stated in *United States v. Avellino,* 129 F.Supp.2d 214, 220 (E.D.N.Y. 2001), a Bill of Particulars should only be required where the charges against the defendant are so general such that they do not advise the defendant of the charges against them.  This is not the case here as the defendants have sufficient details to formulate their defense.

In fact, the defendants acknowledge the specificity in the substantive counts in footnote 4 on page 5 of their Memorandum.  As a result, they express a willingness to withdraw their request for this Bill of Particulars if the United States agrees to not introduce any other offers or payments of illegal remunerations.  That offer identifies this motion as more akin to an attempt to corral the government's evidence at this early stage of the case by limiting any evidence of other

"bad acts" including offers or payments of kickbacks to physicians by these defendants.[4]  That is

not the purpose of a bill of particulars.  The Indictment is more than sufficient to apprise the

defendants of the charges against which they must defend, as well as to protect them from any

claim of double jeopardy.

>    **D.    The Volume of Discovery:**

The defendants also assert that the sheer volume of documents provided by the

government disables them from identifying the evidence necessary to prepare their defense.

Although the evidence provided to the defendants has been voluminous, the review of such

evidence is not disabling.  The volume of records in this case does not warrant or justify a Bill of

Particulars.  The government has engaged in extraordinary efforts to provide the necessary

guidance to the defendants regarding these documents to aid them in identifying any documents

relevant to this narrow Indictment.

First, the government provided to the defendants most of the documents produced by

Serono via an electronic database which the defendants could then apply an optical character

reader or "OCR" so that they can word search the records provided.  Along with its initial

automatic disclosures, the government also provided to the defendants the Index produced by

Serono relating to that production. (Exhibits 1 and 2 attached hereto).

Second, the government segregated approximately 144 boxes of documents that

specifically related to this Indictment for the inspection of the defendants and an index thereto.

---

[4]  The government's use of the term "bad acts" in this opposition is not intended to be a
concession that offers or payments of other remunerations fall within the parameters of Rule
404(b).  Indeed, it may be the case that any evidence the government may offer will not come
within Rule 404(b) but is intrinsically intertwined with the conspiracy alleged in the Indictment.
*See United States v. Epstein,* 426 F.3d 431, 439 (1st Cir. 2005).

(Exhibit 3 attached hereto).  The defendants then inspected those records and determined which among them they would scan into their electronic database.

Third, after the Serono company settlement was made public, the government provided hard copies of documents concerning the relators in this case, which included early disclosure of Jencks Materials concerning the relators.

Later, after having discovered additional documents that may not have been included in the first production, the government provided those documents to the defendants both electronically (via CD's) and also by making available hard copies of any documents or items not available electronically to the defendants with an index thereto.  (Exhibits 6A and 7A hereto).

The cases relied upon by the defendants are inapposite because those cases do not include either the specificity in the Indictment as in the case at bar, nor did they include the road maps through the discovery that has been provided to the defendants in this case.  *United States v. Trie,* 21 F.Supp.2d 7, 21-22 (D.D.C. 1998); and *United States v. Pack*, 20 F.R.D. 209, 212 (D. Del. 1957).

Thus, although there have been voluminous materials made available to the defendants, the government has segregated Cannes specific documents, as well as provided several road maps through those documents.  These tools will provide the defendants with sufficient ability to review the documents and prepare their defense.  The defendants are not entitled to a Bill of Particulars on this ground.

Wherefore, for all the foregoing reasons, the United States requests the Court to deny the defendants Joint Motion for a Bill of Particulars.

                                    Respectfully submitted,

                                      MICHAEL J. SULLIVAN
                                      United States Attorney
                                      District of Massachusetts

By:     /s/ Mary Elizabeth Carmody
                                    _____
                                    MARY ELIZABETH CARMODY
                                    Assistant U.S. Attorney
                                    SUSAN M. POSWISTILO

DATED:  March 3, 2006         Assistant U.S. Attorney
                                    U. S. Attorney's Office
                                    John Joseph Moakley
                                       United States Courthouse
                                    1 Courthouse Way, Suite 9200
                                    Boston, MA  02210
                                    (617) 748-3290

### CERTIFICATE OF SERVICE

      I hereby certify that on a true copy of the above document was served upon the attorney of record for each other party by e-mail on March 3, 2006.

                                 /s/ Mary Elizabeth Carmody
                                 _____
                                 MARY ELIZABETH CARMODY
                                   Assistant U.S. Attorney

10

# INDEX

| No. | Exhibit | Date |
|---|---|---|

**1**   Automatic Discovery Letter.........................................................May 31, 2005

        1A   John Bruens
        1B   Mary Stewart
        1C   Melissa Vaughn
        1D   Mark Sirockman

**2**   Index of Serono Documents.......................................................May 31, 2005

**3**   FBI – Boston Inventory (Cannes Related Documents).............. May 27, 2005

**4**   Relator Discovery Letter...................................................November 14, 2005

        4A   John Bruens
        4B   Mary Stewart
        4C   Melissa Vaughn
        4D   Mark Sirockman

**5**   State Settlement Agreements Reproduction .................November 21, 2005 &
                                        December 5, 2005

        5A   John Bruens
        5B   Mary Stewart
        5C   Melissa Vaughn
        5D   Mark Sirockman

**6**   Government's Response per Local Rule 116.3(A)...............January 30, 2006

        6A   Index of Production That May Not Have Been Scanned

**7**   Government's Supplemental Discovery Letter.................. February 27, 2006

        7A   Index of Additional Discovery Provided



**U.S. Department of Justice**

*Michael J. Sullivan*
*United States Attorney*
*District of Massachusetts*

*Main Reception: (617) 748-3100*

*John Joseph Moakley United States Courthouse*
*1 Courthouse Way*
*Suite 9200*
*Boston, Massachusetts 02210*

May 31, 2005

## VIA FACSIMILE AND FEDERAL EXPRESS

Thomas McC. Souther, Esq.
Sidley, Austin, Brown & Wood, LLP
787 Seventh Avenue
New York, NY 10019

> **Re:** **United States v. John Bruens, et al.**
> **Criminal No. 05-10102-JLT**

Dear Mr. Souther:

Pursuant to Fed. R. Crim. P. 16 and Rules 116.1(C) and 116.2 of the Local Rules of the United States District Court for the District of Massachusetts, the government provides the following automatic discovery in the above-referenced case:

**A.    Rule 16 Materials**

1.    Statements of Defendant under Rule 16 (a)(1)(A) and (B)

    a.    Oral Statements

The government is unaware of any oral statements made by the defendant Bruens in response to interrogation by a person then known to the defendant to be a government agent which the government intends to use at trial.

    b.    Written Statements

The documentary evidence that is being produced herewith and/or which is available for inspection and copying as described below contain written statements of the defendant, including without limitation memoranda, handwritten notes, letters and e-mails.

    c.    Recorded Statements

There are no relevant recorded statements of the defendant John Bruens in the possession, custody or control of the government, which are known to the attorney for the government.

      d.      Grand Jury Testimony of the Defendant

The defendant John Bruens did not testify before a grand jury in relation to this case.

## 2.     Defendant's Prior Record under Rule 16 (a)(1)(D)

The government is unaware at this time of any prior criminal record of the defendant John Bruens.

## 3.     Documents and Tangible Objects under Rule 16(a)(1)(E)

Enclosed are indices/descriptions (and where noted, copies) of books, papers, documents, and tangible items, that are within the possession, custody or control of the government, and which are material to the preparation of the defendant's defense or are intended for use by the government as evidence in chief at the trial of this case, or were obtained from or belong to the defendant:

      a.      Documents, items and tangible objects, including originals, produced by Serono, Inc. (a copy of the Index of documents produced by the Serono is enclosed herewith as Exhibit A);

      b.      Documents, items and tangible objects relating to the allegations of this Indictment that were produced by companies and/or individuals other than Serono, including but not limited to documentary, financial, patient and other records relating to the Cannes conference and specifically including appointment books and records of patient appointments from Drs. Alexis Corazon and Howard Grossman, data from Dr. Grossman's palm pilot; and an electronic printout of patients for Dr. Joseph Piperato,

      c.      Documents, items and tangible objects relating to travel arrangements and financial payments to physicians obtained from companies and/or individuals other than Serono;

      d.      Data re: Serostim prescriptions and Medicaid claims paid from Serono, Medicaid agencies and third-party payors;

      e.      Records of patients of the doctors who were invited to the Cannes conference but did not attend, and those doctors who attended the Cannes conference;

      f.      Documents from pharmacies, wholesalers and data collection companies relating to Serostim prescriptions; and

      g.      Documents, items and tangible objects produced by Serono employees relating to their employment, including but not limited to mugs, masks, videos, pictures, and the like.

All of the documents, items and tangible objects identified above are available for review at the United States Attorney's Office in Boston. The originals may be inspected by contacting the undersigned Assistant U.S. Attorney and making an appointment to view the same at a mutually convenient time. Many, but not all, of the documents described will be made available in electronic format by providing the government with an external USB hard drive with 80 GB of storage capacity.

In addition, documents from the files of the U.S. Food and Drug Administration ("FDA") relating to the approval and promotion of Serostim, the Orphan Drug Status, and relating to the clearance of the Bioelectrical Impedence Analysis ("BIA") device and related software are located at various offices of the FDA in Maryland and Michigan. These documents are unrelated to this Indictment and are not being produced at this time.

4.    Reports of Examinations and Tests under Rule 16 (a)(1)(F)

Upon your request, and agreement to provide reciprocal discovery, we will provide you with copies of the following:

a.    Report of latent hand-writing analysis by the Federal Bureau of Investigation of the daily appointment book of Dr. Howard Grossman; and

b.    Report of the Polygraph Examination of Dr. Joseph Piperato.

These documents and related items and tangible objects are available for review at the United States Attorney's Office in Boston. The originals may be inspected by contacting the undersigned Assistant U.S. Attorney and making an appointment to view the same at a mutually convenient time.

**B.    Search Materials under Local Rule 116.1(C)(1)(b)**

No search warrants were obtained in connection with investigation of the charges contained in the indictment in this case.

**C.    Electronic Surveillance under Local Rule 116.1(C)(1)(c)**

No oral, wire, or electronic communications of the defendant as defined in 18 U.S.C. § 2510 were intercepted relating to the charges in the indictment.

**D.    Consensual Interceptions under Local Rule 116.1(C)(1)(d)**

Out of an excess of caution, because the government does not believe at this stage it will offer any such evidence at trial, below is a written description of interceptions (as the term "intercept" is defined in 18 U.S.C. § 2510(4)) of oral communications, relating to the charges contained in the indictment made with consent of one of the parties to the communication

3

("consensual interceptions"), which the government intends to offer as evidence in its case-in-chief is set forth below[1]:

June 6, 2003 tape of conversation between Dr. Ralph Liporace and Raymond Hudgens. A transcription of the tape is attached as Exhibit B. The tape recording is available for inspection at the United States Attorney's Office in Boston by making an appointment with the undersigned Assistant U.S. Attorney at a mutually convenient time.

The government is also in possession of a tape recording of an August 15, 2000 conference call between and among Serono Regional Directors including Adam Stupak, Melissa Vaughn, David Sawin, Angela Willis, David Flowers, Vance Dougherty, and Steve Richards. This conference call post-dates and is unrelated to any of the allegation in this Indictment and is not being produced at this time because it is not required by Local Rule 116.1(C)(1)(d)(i). Nevertheless, the original tape recording is available for inspection at the United States Attorney's Office in Boston by making an appointment with the undersigned Assistant U.S. Attorney at a mutually convenient time.

**E.    Unindicted Coconspirators under Local Rule 116.1(C)(1)(e)**

The following are unindicted co-conspirators as charged in the indictment.

Ellen Frank, Jeffrey Hart, Richard Azulay, Raymond Hudgens, Adam Whitehurst, Joseph Piperato, M.D., Jeffrey Aromando, Alexis Corazon, M.D., Konstantine Pinteris, Jeffrey Lynch, Howard Grossman, M.D., Jeffrey Wallach, M.D.(now deceased); Susan Womble and Norma Muurahainen, M.D.

**F.    Identifications under Local Rule 116.1(C)(1)(f)**

The government has no information indicating that the defendant John Bruens was the subject of an investigative identification procedure used with a witness the government anticipates calling in its case-in-chief involving a line-up, show-up, photo spread or other display of an image of the defendant. In the event that we become aware that such a procedure was used, I will advise you at that time and provide you with copies of any tangible evidence reflecting, used in or memorializing the identification procedure.

**G.    Exculpatory Evidence Under Local Rule 116.2(B)(1)**

With respect to the government's obligation under Local Rule 116.2(B)(1) to produce "exculpatory evidence" as that term is defined in Local Rule 116.2(A), the government states as follows:

---

[1] Production of these tapes is more in the nature of early Jencks production.

1.     The Government is producing the following items which you may perceive as tending directly to negate the defendant's guilt concerning certain counts in the indictment. *See* Local Rule 116.2(B)(1)(a): Attached as Exhibit C are interview reports from Alexis Corazon, M.D., Joseph Piperato, M.D., the polygraph report relating to Joseph Piperato as listed above, Elizabeth Elbert, M.D., and a report of interview and Grand Jury testimony of Howard Grossman, M.D.

2.     The government is unaware of any information that would cast doubt on the admissibility of evidence that the government anticipates offering in its case-in-chief and that could be subject to a motion to suppress or exclude. *See* Local Rule 116.2(B)(1)(b). Out of an abundance of caution, the government hereby produces the statements made by Mary Stewart and Marc Sirockman to government agents, and also a transcription of a voice mail left by Melissa Vaughn, attached as Exhibit D.

3.     Any cooperation/plea agreements, immunity orders, letters of immunity and proffer agreements are set forth below and produced in Exhibit E. *See* Local Rule 116.2(B)(c).

The government entered into a cooperation/plea agreement with Adam Stupak, a copy of which is enclosed.

The following persons were accorded immunity (by court order) in the course of this investigation:

a.     Carolyn Jordan;
b.     Todd Hudson;
c.     Jeff Lynch;
d.     Leslie Golemme;
e.     Raymond Hudgens; and
f.     Paul Furgal.

The following persons were accorded immunity (by letter) in the course of this investigation:

a.     Jeffrey Aromando;
b.     Miguel Catala;
c.     Shari Busboom Lendy;
d.     Seth Leverence;
e.     Heriberto "Ed" Parra;
f.     Konstantine Pinteris;
g.     Russell Reserva;
h.     Tara Strawbridge;
i.     Christine Wanke, M.D.

5

The following persons entered into proffer agreements with the United States Attorney:

a.  Hamilton Baiden;
b.  Nicholaos Bellos, M.D.;
c.  Daniel Berger, M.D.;
d.  Thomas Browning;
e.  Kathleen Canavan;
f.  Miguel Catala;
g.  Michael Hall;
h.  Lawrence Higgins, M.D.;
i.  Michael Hopkins;
j.  Todd Hudson;
k.  Howard Grossman, M.D.;
l.  Shari Busboom Lendy;
m.  Seth Leverence;
n.  Rudolph J. Liedtke;
o.  Michael Moynihan;
p.  Heriberto "Ed" Parra;
q.  Konstantine Pinteris;
r.  Joseph Piperato, M.D.; and
s.  Rick Schwalbert.

The government declines to disclose at this time promises to certain other witnesses and will file herewith a Motion for Protective Order with respect to any such promise, reward or inducement. *See* Local Rule 116.6.

4.    The government is unaware that any named case-in-chief witness has any criminal record, with the exception of Raymond Hudgens and Michael McKenna, whose records are attached as Exhibit F. *See* Local Rule 116.2(B)(1)(d).

5.    The government is presently unaware that any of its named case-in-chief witnesses has any criminal cases pending. *See* Local Rule 116.2(B)(1)(e).

6.    No identification procedure was used in this case. *See* Local Rule 116.2(B)(1)(f).

The government notes that it has made all of the information referred to in sections 1, 3 and 4, *supra*, available to the defendant, and to the extent it contains any exculpatory information, it has been produced. The government also notes that it is aware of evidence that certain physicians not named in the Indictment attended the Cannes conference at Serono's expense. The evidence indicates that the circumstances of these certain doctors are distinct from those doctors charged in the Indictment and does not view this evidence as exculpatory. The government notes its continuing obligation to supplement this discovery.

6

## H.    Other Matters

Some of the documents and information to be disclosed contains patient identifiable information. The government will file a motion for a protective order regarding use of this information, a copy of which will be served upon you.

**Rule 404(b) Notice:** The government may offer evidence that defendant engaged in a scheme to offer or pay kickbacks to physicians not specifically referred to in the Indictment. This evidence will include both testimony and documents (which have either been produced or will be made available per this letter to you). The government considers this evidence directly relevant to the conspiracy alleged in Count 1 of the Indictment. Should the Court disagree with the government, the government may offer this evidence pursuant to Fed. R. Evid. 404(b) in order to establish, among other things, intent, knowledge, plan, and absence of mistake or accident.

The government is aware of its continuing duty to disclose  newly discovered additional evidence or material that is subject to discovery or inspection under Local Rules 116.1 and 116.2(B)(1) and Rule 16 of the Federal Rules of Criminal Procedure.

The government requests reciprocal discovery pursuant to Rule 16(b) of the Federal Rules of Criminal Procedure and Local Rule 116.1(D).

Please call the undersigned Assistant U.S. Attorney at (617) 748-3290 if you have any questions.

Very truly yours,

MICHAEL J. SULLIVAN
United States Attorney

By:
MARY ELIZABETH CARMODY
Assistant U.S. Attorney

Enclosures

cc:    United States District Judge Joseph L. Tauro
(w/o enclosures)(Filed Under Seal)

United States Magistrate Judge Marianne B. Bowler
(w/o enclosures) (Filed Under Seal)

7



**U.S. Department of Justice**

*Michael J. Sullivan*
*United States Attorney*
*District of Massachusetts*

*Main Reception: (617) 748-3100*

*John Joseph Moakley United States Courthouse*
*1 Courthouse Way*
*Suite 9200*
*Boston, Massachusetts 02210*

May 31, 2005

## VIA FACSIMILE AND FEDERAL EXPRESS

Mark Berman, Esq.
Gibbons, Del Deo, Dolan, Griffinger & Vecchione
One Riverfront Plaza
Newark, NJ 07102-5496

> **Re:    United States v. Mary Stewart, et al.**
> **Criminal No. 05-10102-JLT**

Dear Mr. Berman:

Pursuant to Fed. R. Crim. P. 16 and Rules 116.1(C) and 116.2 of the Local Rules of the United States District Court for the District of Massachusetts, the government provides the following automatic discovery in the above-referenced case:

## A.    **Rule 16 Materials**

1.    Statements of Defendant under Rule 16 (a)(1)(A) and (B)

    a.    Oral Statements

Enclosed as Attachment 1 is a report of the oral statements made by the defendant Stewart in response to interrogation by a person then known to the defendant to be a government agent which the government intends to use at trial.

    b.    Written Statements

The documentary evidence that is being produced herewith and/or which is available for inspection and copying as described below contain written statements of the defendant, including without limitation memoranda, handwritten notes, letters and e-mails.

c.    Recorded Statements

There are no relevant recorded statements of the defendant Mary Stewart in the possession, custody or control of the government, which are known to the attorney for the government.

d.    Grand Jury Testimony of the Defendant

The defendant Mary Stewart did not testify before a grand jury in relation to this case.

2.    Defendant's Prior Record under Rule 16 (a)(1)(D)

The government is unaware at this time of any prior criminal record of the defendant Mary Stewart.

3.    Documents and Tangible Objects under Rule 16(a)(1)(E)

Enclosed are indices/descriptions (and where noted, copies) of books, papers, documents and tangible items, that are within the possession, custody or control of the government, and which are material to the preparation of the defendant's defense or are intended for use by the government as evidence in chief at the trial of this case, or were obtained from or belong to the defendant:

a.    Documents, items and tangible objects, including originals, produced by Serono, Inc. (a copy of the Index of documents produced by the Serono is enclosed herewith as Exhibit A);

b.    Documents, items and tangible objects relating to the allegations of this Indictment that were produced by companies and/or individuals other than Serono, including but not limited to documentary, financial, patient and other records relating to the Cannes conference and specifically including appointment books and records of patient appointments from Drs. Alexis Corazon and Howard Grossman, data from Dr. Grossman's palm pilot; and an electronic printout of patients for Dr. Joseph Piperato,

c.    Documents, items and tangible objects relating to travel arrangements and financial payments to physicians obtained from companies and/or individuals other than Serono;

d.    Data re: Serostim prescriptions and Medicaid claims paid from Serono, Medicaid agencies and third-party payors;

e.    Records of patients of the doctors who were invited to the Cannes conference but did not attend, and those doctors who attended the Cannes conference;

f.    Documents from pharmacies, wholesalers and data collection companies relating to Serostim prescriptions; and

g.    Documents, items and tangible objects produced by Serono employees relating to

2

their employment, including but not limited to mugs, masks, videos, pictures, and the like.

All of the documents, items and tangible objects identified above are available for review at the United States Attorney's Office in Boston. The originals may be inspected by contacting the undersigned Assistant U.S. Attorney and making an appointment to view the same at a mutually convenient time. Many, but not all, of the documents described will be made available in electronic format by providing the government with an external USB hard drive with 80 GB of storage capacity.

In addition, documents from the files of the U.S. Food and Drug Administration ("FDA") relating to the approval and promotion of Serostim, the Orphan Drug Status, and relating to the clearance of the Bioelectrical Impedance Analysis ("BIA") device and related software are located at various offices of the FDA in Maryland and Michigan. These documents are unrelated to this Indictment and are not being produced at this time.

4.    Reports of Examinations and Tests under Rule 16 (a)(1)(F)

Upon your request, and agreement to provide reciprocal discovery, we will provide you with copies of the following:

a.    Report of latent hand-writing analysis by the Federal Bureau of Investigation of the daily appointment book of Dr. Howard Grossman; and

b.    Report of the Polygraph Examination of Dr. Joseph Piperato.

These documents and related items and tangible objects are available for review at the United States Attorney's Office in Boston. The originals may be inspected by contacting the undersigned Assistant U.S. Attorney and making an appointment to view the same at a mutually convenient time.

**B.    Search Materials under Local Rule 116.1(C)(1)(b)**

No search warrants were obtained in connection with investigation of the charges contained in the indictment in this case.

**C.    Electronic Surveillance under Local Rule 116.1(C)(1)(c)**

No oral, wire, or electronic communications of the defendant as defined in 18 U.S.C. § 2510 were intercepted relating to the charges in the indictment.

**D.    Consensual Interceptions under Local Rule 116.1(C)(1)(d)**

Out of an excess of caution, because the government does not believe at this stage it will offer any such evidence at trial, below is a written description of interceptions (as the term "intercept" is defined in 18 U.S.C. § 2510(4)) of oral communications, relating to the charges contained in the indictment made with consent of one of the parties to the communication ("consensual interceptions"), which the government intends to offer as evidence in its case-in-chief is set forth below[1]:

June 6, 2003 tape of conversation between Dr. Ralph Liporace and Raymond Hudgens. A transcription of the tape is attached as Exhibit B. The tape recording is available for inspection at the United States Attorney's Office in Boston by making an appointment with the undersigned Assistant U.S. Attorney at a mutually convenient time.

The government is also in possession of a tape recording of an August 15, 2000 conference call between and among Serono Regional Directors including Adam Stupak, Melissa Vaughn, David Sawin, Angela Willis, David Flowers, Vance Dougherty, and Steve Richards. This conference call post-dates and is unrelated to any of the allegation in this Indictment and is not being produced at this time because it is not required by Local Rule 116.1(C)(1)(d)(i). Nevertheless, the original tape recording is available for inspection at the United States Attorney's Office in Boston by making an appointment with the undersigned Assistant U.S. Attorney at a mutually convenient time.

## E.   Unindicted Coconspirators under Local Rule 116.1(C)(1)(e)

The following are unindicted co-conspirators as charged in the indictment.

Ellen Frank, Jeffrey Hart, Richard Azulay, Raymond Hudgens, Adam Whitehurst, Joseph Piperato, M.D., Jeffrey Aromando, Alexis Corazon, M.D., Konstantine Pinteris, Jeffrey Lynch, Howard Grossman, M.D., Jeffrey Wallach, M.D.(now deceased); Susan Womble and Norma Muurahainen, M.D.

## F.   Identifications under Local Rule 116.1(C)(1)(f)

The government has no information indicating that the defendant John Bruens was the subject of an investigative identification procedure used with a witness the government anticipates calling in its case-in-chief involving a line-up, show-up, photo spread or other display of an image of the defendant. In the event that we become aware that such a procedure was used, I will advise you at that time and provide you with copies of any tangible evidence reflecting, used in or memorializing the identification procedure.

## G.   Exculpatory Evidence Under Local Rule 116.2(B)(1)

---

[1] Production of these tapes is more in the nature of early Jencks production.

4

With respect to the government's obligation under Local Rule 116.2(B)(1) to produce "exculpatory evidence" as that term is defined in Local Rule 116.2(A), the government states as follows:

1.    The Government is producing the following items which you may perceive as tending directly to negate the defendant's guilt concerning certain counts in the indictment. *See* Local Rule 116.2(B)(1)(a):  Attached as Exhibit C are interview reports from Alexis Corazon, M.D., Joseph Piperato, M.D., the polygraph report relating to Joseph Piperato as listed above, Elizabeth Elbert, M.D., and a report of interview and Grand Jury testimony of Howard Grossman, M.D.

2.    The government is unaware of any information that would cast doubt on the admissibility of evidence that the government anticipates offering in its case-in-chief and that could be subject to a motion to suppress or exclude. *See* Local Rule 116.2(B)(1)(b). Out of an abundance of caution, the government hereby produces the statements made by Mary Stewart and Marc Sirockman to government agents, and also a transcription of a voice mail left by Melissa Vaughn, attached as Exhibit D.

3.    Any cooperation/plea agreements, immunity orders, letters of immunity and proffer agreements are set forth below and produced in Exhibit E. *See* Local Rule 116.2(B)(c).

·    The government entered into a cooperation/plea agreement with Adam Stupak, a copy of which is enclosed.

The following persons were accorded immunity (by court order) in the course of this investigation:

a.    Carolyn Jordan;
b.    Todd Hudson;
c.    Jeff Lynch;
d.    Leslie Golemme;
e.    Raymond Hudgens; and
f.    Paul Furgal.

The following persons were accorded immunity (by letter) in the course of this investigation:

a.    Jeffrey Aromando;
b.    Miguel Catala;
c.    Shari Busboom Lendy;
d.    Seth Leverance;
e.    Heriberto "Ed" Parra;
f.    Konstantine Pinteris;
g.    Russell Reserva;
h.    Tara Strawbridge;

5

i.    Christine Wanke, M.D.

The following persons entered into proffer agreements with the United States Attorney:

a.    Hamilton Baiden;
b.    Nicholaos Bellos, M.D.;
c.    Daniel Berger, M.D.;
d.    Thomas Browning;
e.    Kathleen Canavan;
f.    Miguel Catala;
g.    Michael Hall;
h.    Lawrence Higgins, M.D.;
i.    Michael Hopkins;
j.    Todd Hudson;
k.    Howard Grossman, M.D.;
l.    Shari Busboom Lendy;
m.    Seth Leverance;
n.    Rudolph J. Liedtke;
o.    Michael Moynihan;
p.    Heriberto "Ed" Parra;
q.    Konstantine Pinteris;
r.    Joseph Piperato, M.D.; and
s.    Rick Schwalbert.

The government declines to disclose at this time promises to certain other witnesses and will file herewith a Motion for Protective Order with respect to any such promise, reward or inducement. *See* Local Rule 116.6.

4.    The government is unaware that any named case-in-chief witness has any criminal record, with the exception of Raymond Hudgens and Michael McKenna, whose records are attached as Exhibit F. *See* Local Rule 116.2(B)(1)(d).

5.    The government is presently unaware that any of its named case-in-chief witnesses has any criminal cases pending. *See* Local Rule 116.2(B)(1)(e).

6.    No identification procedure was used in this case. *See* Local Rule 116.2(B)(1)(f).

The government notes that it has made all of the information referred to in sections 1, 3 and 4, *supra*, available to the defendant, and to the extent it contains any exculpatory information, it has been produced. The government also notes that it is aware of evidence that certain physicians not named in the Indictment attended the Cannes conference at Serono's expense. The evidence indicates that the circumstances of these certain doctors are distinct from those doctors charged in the Indictment and does not view this evidence as exculpatory. The

6

government notes its continuing obligation to supplement this discovery.

## H.    Other Matters

Some of the documents and information to be disclosed contains patient identifiable information. The government will file a motion for a protective order regarding use of this information, a copy of which will be served upon you.

**Rule 404(b) Notice:** The government may offer evidence that defendant engaged in a scheme to offer or pay kickbacks to physicians not specifically referred to in the Indictment. This evidence will include both testimony and documents (which have either been produced or will be made available per this letter to you). The government considers this evidence directly relevant to the conspiracy alleged in Count 1 of the Indictment. Should the Court disagree with the government, the government may offer this evidence pursuant to Fed. R. Evid. 404(b) in order to establish, among other things, intent, knowledge, plan, and absence of mistake or accident.

The government is aware of its continuing duty to disclose newly discovered additional evidence or material that is subject to discovery or inspection under Local Rules 116.1 and 116.2(B)(1) and Rule 16 of the Federal Rules of Criminal Procedure.

The government requests reciprocal discovery pursuant to Rule 16(b) of the Federal Rules of Criminal Procedure and Local Rule 116.1(D).

Please call the undersigned Assistant U.S. Attorney at (617) 748-3290 if you have any questions.

Very truly yours,

MICHAEL J. SULLIVAN
United States Attorney

By:    MARY ELIZABETH CARMODY
Assistant U.S. Attorney

Enclosures

cc:    United States District Judge Joseph L. Tauro
(w/o enclosures)(Filed Under Seal)

United States Magistrate Judge Marianne B. Bowler
(w/o enclosures) (Filed Under Seal)

7



**U.S. Department of Justice**

*Michael J. Sullivan*
*United States Attorney*
*District of Massachusetts*

---

*Main Reception: (617) 748-3100*                    *John Joseph Moakley United States Courthouse*
*1 Courthouse Way*
*Suite 9200*
*Boston, Massachusetts 02210*

May 31, 2005

**VIA FACSIMILE AND FEDERAL EXPRESS**

Adam S. Hoffinger, Esq.
Piper Rudnick
1200 Nineteenth Street, NW
Washington, DC 20036-2430

      **Re:**   **United States v. Melissa Vaughn, et al.**
                **Criminal No. 05-10102-JLT**

Dear Mr. Hoffinger:

      Pursuant to Fed. R. Crim. P. 16 and Rules 116.1(C) and 116.2 of the Local Rules of the United States District Court for the District of Massachusetts, the government provides the following automatic discovery in the above-referenced case:

**A.**    **Rule 16 Materials**

1.    Statements of Defendant under Rule 16 (a)(1)(A) and (B)

      a.    Oral Statements

      The government is unaware of any oral statements made by the defendant Vaughn in response to interrogation by a person then known to the defendant to be a government agent which the government intends to use at trial.

      b.    Written Statements

      The documentary evidence that is being produced herewith and/or which is available for inspection and copying as described below contain written statements of the defendant, including without limitation memoranda, handwritten notes, letters and e-mails.

c.    Recorded Statements

There are no relevant recorded statements of the defendant Melissa Vaughn in the possession, custody or control of the government, which are known to the attorney for the government.  There is a recorded statement of the defendant that is described in section 4(D) below.

d.    Grand Jury Testimony of the Defendant

The defendant Melissa Vaughn did not testify before a grand jury in relation to this case.

2.    Defendant's Prior Record under Rule 16 (a)(1)(D)

The government is unaware at this time of any prior criminal record of the defendant Melissa Vaughn.

3.    Documents and Tangible Objects under Rule 16(a)(1)(E)

Enclosed are indices/descriptions (and where noted, copies) of books, papers, documents and tangible items, that are within the possession, custody or control of the government, and which are material to the preparation of the defendant's defense or are intended for use by the government as evidence in chief at the trial of this case, or were obtained from or belong to the defendant:

a.    Documents, items and tangible objects, including originals, produced by Serono, Inc. (a copy of the Index of documents produced by the Serono is enclosed herewith as Exhibit A);

b.    Documents, items and tangible objects relating to the allegations of this Indictment that were produced by companies and/or individuals other than Serono, including but not limited to documentary, financial, patient and other records relating to the Cannes conference and specifically including appointment books and records of patient appointments from Drs. Alexis Corazon and Howard Grossman, data from Dr. Grossman's palm pilot; and an electronic printout of patients for Dr. Joseph Piperato,

c.    Documents, items and tangible objects relating to travel arrangements and financial payments to physicians obtained from companies and/or individuals other than Serono;

d.    Data re: Serostim prescriptions and Medicaid claims paid from Serono, Medicaid agencies and third-party payors;

e.    Records of patients of the doctors who were invited to the Cannes conference but did not attend, and those doctors who attended the Cannes conference;

f.    Documents from pharmacies, wholesalers and data collection companies relating to Serostim prescriptions; and

2

g.      Documents, items and tangible objects produced by Serono employees relating to their employment, including but not limited to mugs, masks, videos, pictures, and the like.

All of the documents, items and tangible objects identified above are available for review at the United States Attorney's Office in Boston. The originals may be inspected by contacting the undersigned Assistant U.S. Attorney and making an appointment to view the same at a mutually convenient time. Many, but not all, of the documents described will be made available in electronic format by providing the government with an external USB hard drive with 80 GB of storage capacity.

In addition, documents from the files of the U.S. Food and Drug Administration ("FDA") relating to the approval and promotion of Serostim, the Orphan Drug Status, and relating to the clearance of the Bioelectrical Impedance Analysis ("BIA") device and related software are located at various offices of the FDA in Maryland and Michigan. These documents are unrelated to this Indictment and are not being produced at this time.

4.    Reports of Examinations and Tests under Rule 16 (a)(1)(F)

Upon your request, and agreement to provide reciprocal discovery, we will provide you with copies of the following:

a.      Report of latent hand-writing analysis by the Federal Bureau of Investigation of the daily appointment book of Dr. Howard Grossman; and

b.      Report of the Polygraph Examination of Dr. Joseph Piperato.

These documents and related items and tangible objects are available for review at the United States Attorney's Office in Boston. The originals may be inspected by contacting the undersigned Assistant U.S. Attorney and making an appointment to view the same at a mutually convenient time.

**B.    Search Materials under Local Rule 116.1(C)(1)(b)**

No search warrants were obtained in connection with investigation of the charges contained in the indictment in this case.

**C.    Electronic Surveillance under Local Rule 116.1(C)(1)(c)**

No oral, wire, or electronic communications of the defendant as defined in 18 U.S.C. § 2510 were intercepted relating to the charges in the indictment.

**D.    Consensual Interceptions under Local Rule 116.1(C)(1)(d)**

3

Out of an excess of caution, because the government does not believe at this stage it will offer any such evidence at trial, below is a written description of interceptions (as the term "intercept" is defined in 18 U.S.C. § 2510(4)) of oral communications, relating to the charges contained in the indictment made with consent of one of the parties to the communication ("consensual interceptions"), which the government intends to offer as evidence in its case-in-chief is set forth below[1]:

June 6, 2003 tape of conversation between Dr. Ralph Liporace and Raymond Hudgens. A transcription of the tape is attached as Exhibit B. The tape recording is available for inspection at the United States Attorney's Office in Boston by making an appointment with the undersigned Assistant U.S. Attorney at a mutually convenient time.

The government is also in possession of a tape recording of an August 15, 2000 conference call between and among Serono Regional Directors including Adam Stupak, Melissa Vaughn, David Sawin, Angela Willis, David Flowers, Vance Dougherty, and Steve Richards. This conference call post-dates and is unrelated to any of the allegation in this Indictment and is not being produced at this time because it is not required by Local Rule 116.1(C)(1)(d)(i). Nevertheless, the original tape recording is available for inspection at the United States Attorney's Office in Boston by making an appointment with the undersigned Assistant U.S. Attorney at a mutually convenient time.

**E.    Unindicted Coconspirators under Local Rule 116.1(C)(1)(e)**

The following are unindicted co-conspirators as charged in the indictment.

Ellen Frank, Jeffrey Hart, Richard Azulay, Raymond Hudgens, Adam Whitehurst, Joseph Piperato, M.D., Jeffrey Aromando, Alexis Corazon, M.D., Konstantine Pinteris, Jeffrey Lynch, Howard Grossman, M.D., Jeffrey Wallach, M.D.(now deceased); Susan Womble and Norma Muurahainen, M.D.

**F.    Identifications under Local Rule 116.1(C)(1)(f)**

The government has no information indicating that the defendant John Bruens was the subject of an investigative identification procedure used with a witness the government anticipates calling in its case-in-chief involving a line-up, show-up, photo spread or other display of an image of the defendant. In the event that we become aware that such a procedure was used, I will advise you at that time and provide you with copies of any tangible evidence reflecting, used in or memorializing the identification procedure.

**G.    Exculpatory Evidence Under Local Rule 116.2(B)(1)**

---

[1] Production of these tapes is more in the nature of early Jencks production.

4

With respect to the government's obligation under Local Rule 116.2(B)(1) to produce "exculpatory evidence" as that term is defined in Local Rule 116.2(A), the government states as follows:

1. The Government is producing the following items which you may perceive as tending directly to negate the defendant's guilt concerning certain counts in the indictment. *See* Local Rule 116.2(B)(1)(a): Attached as Exhibit C are interview reports from Alexis Corazon, M.D., Joseph Piperato, M.D., the polygraph report relating to Joseph Piperato as listed above, Elizabeth Elbert, M.D., and a report of interview and Grand Jury testimony of Howard Grossman, M.D.

2. The government is unaware of any information that would cast doubt on the admissibility of evidence that the government anticipates offering in its case-in-chief and that could be subject to a motion to suppress or exclude. *See* Local Rule 116.2(B)(1)(b). Out of an abundance of caution, the government hereby produces the statements made by Mary Stewart and Marc Sirockman to government agents, and also a transcription of a voice mail left by Melissa Vaughn, attached as Exhibit D.

3. Any plea agreements, immunity orders, letters of immunity and proffer agreements are set forth below and produced as Exhibit E. *See* Local Rule 116.2(B)(c).

The government entered into a cooperation/plea agreement with Adam Stupak, a copy of which is enclosed.

The following persons were accorded immunity (by court order) in the course of this investigation:

a. Carolyn Jordan;
b. Todd Hudson;
c. Jeff Lynch;
d. Leslie Golemme;
e. Raymond Hudgens; and
f. Paul Furgal.

The following persons were accorded immunity (by letter) in the course of this investigation:

a. Jeffrey Aromando;
b. Miguel Catala;
c. Shari Busboom Lendy;
d. Seth Leverance;
e. Heriberto "Ed" Parra;
f. Konstantine Pinteris;
g. Russell Reserva;
h. Tara Strawbridge;

5

i.    Christine Wanke, M.D.

The following persons entered into proffer agreements with the United States Attorney:

a.    Hamilton Baiden;
b.    Nicholaos Bellos, M.D.;
c.    Daniel Berger, M.D.;
d.    Thomas Browning;
e.    Kathleen Canavan;
f.    Miguel Catala;
g.    Michael Hall;
h.    Lawrence Higgins, M.D.;
i.    Michael Hopkins;
j.    Todd Hudson;
k.    Howard Grossman, M.D.;
l.    Shari Busboom Lendy;
m.    Seth Leverance;
n.    Rudolph J. Liedtke;
o.    Michael Moynihan;
p.    Heriberto "Ed" Parra;
q.    Konstantine Pinteris;
r.    Joseph Piperato, M.D.; and
s.    Rick Schwalbert.

The government declines to disclose at this time promises to certain other witnesses and will file herewith a Motion for Protective Order with respect to any such promise, reward or inducement. *See* Local Rule 116.6.

4.    The government is unaware that any named case-in-chief witness has any criminal record, with the exception of Raymond Hudgens and Michael McKenna, whose records are attached as Exhibit F. *See* Local Rule 116.2(B)(1)(d).

5.    The government is presently unaware that any of its named case-in-chief witnesses has any criminal cases pending. *See* Local Rule 116.2(B)(1)(e).

6.    No identification procedure was used in this case. *See* Local Rule 116.2(B)(1)(f).

The government notes that it has made all of the information referred to in sections 1, 3 and 4, *supra*, available to the defendant, and to the extent it contains any exculpatory information, it has been produced. The government also notes that it is aware of evidence that certain physicians not named in the Indictment attended the Cannes conference at Serono's expense. The evidence indicates that the circumstances of these certain doctors are distinct from those doctors charged in the Indictment and does not view this evidence as exculpatory. The

6

government notes its continuing obligation to supplement this discovery.

**H.** **Other Matters**

Some of the documents and information to be disclosed contains patient identifiable information. The government will file a motion for a protective order regarding use of this information, a copy of which will be served upon you.

**Rule 404(b) Notice:** The government may offer evidence that defendant engaged in a scheme to offer or pay kickbacks to physicians not specifically referred to in the Indictment. This evidence will include both testimony and documents (which have either been produced or will be made available per this letter to you). The government considers this evidence directly relevant to the conspiracy alleged in Count 1 of the Indictment. Should the Court disagree with the government, the government may offer this evidence pursuant to Fed. R. Evid. 404(b) in order to establish, among other things, intent, knowledge, plan, and absence of mistake or accident.

The government is aware of its continuing duty to disclose newly discovered additional evidence or material that is subject to discovery or inspection under Local Rules 116.1 and 116.2(B)(1) and Rule 16 of the Federal Rules of Criminal Procedure.

The government requests reciprocal discovery pursuant to Rule 16(b) of the Federal Rules of Criminal Procedure and Local Rule 116.1(D).

Please call the undersigned Assistant U.S. Attorney at (617) 748-3290 if you have any questions.

Very truly yours,

MICHAEL J. SULLIVAN
United States Attorney

By: _____
MARY ELIZABETH CARMODY
Assistant U.S. Attorney

Enclosures

cc:    United States District Judge Joseph L. Tauro
       (w/o enclosures)(Filed Under Seal)

       United States Magistrate Judge Marianne B. Bowler
       (w/o enclosures) (Filed Under Seal)

7



**U.S. Department of Justice**

*Michael J. Sullivan*
*United States Attorney*
*District of Massachusetts*

Main Reception: (617) 748-3100

*John Joseph Moakley United States Courthouse*
*1 Courthouse Way*
*Suite 9200*
*Boston, Massachusetts 02210*

May 31, 2005

## VIA FACSIMILE AND FEDERAL EXPRESS

Attorney Tracy A. Miner
Mintz, Levin, Cohn, Ferris, Glovsky & Popeo, LLP
One Financial Center
Boston, MA 02111

> **Re:    United States v. Mark Sirockman, et al.**
> **Criminal No. 05-10102-JLT**

Dear Ms. Miner:

Pursuant to Fed. R. Crim. P. 16 and Rules 116.1(C) and 116.2 of the Local Rules of the United States District Court for the District of Massachusetts, the government provides the following automatic discovery in the above-referenced case:

### A.    **Rule 16 Materials**

1.    Statements of Defendant under Rule 16 (a)(1)(A) and (B)

    a.    Oral Statements

Enclosed is a report of the oral statements made by the defendant Sirockman in response to interrogation by a person then known to the defendant to be a government agent (Investigators from the State of New Jersey) which the government intends to use at trial.

    b.    Written Statements

The documentary evidence that is being produced herewith and/or which is available for inspection and copying as described below contain written statements of the defendant, including without limitation memoranda, handwritten notes, letters and e-mails.

c.    Recorded Statements

There are no relevant recorded statements of the defendant Marc Sirockman in the possession, custody or control of the government, which are known to the attorney for the government.

d.    Grand Jury Testimony of the Defendant

The defendant Marc Sirockman did not testify before a grand jury in relation to this case.

2.    Defendant's Prior Record under Rule 16 (a)(1)(D)

The government is unaware at this time of any prior criminal record of the defendant Marc Sirockman.

3.    Documents and Tangible Objects under Rule 16(a)(1)(E)

Enclosed are indices/descriptions (and where noted, copies) of books, papers, documents and tangible items, that are within the possession, custody or control of the government, and which are material to the preparation of the defendant's defense or are intended for use by the government as evidence in chief at the trial of this case, or were obtained from or belong to the defendant:

a.    Documents, items and tangible objects, including originals, produced by Serono, Inc. (a copy of the Index of documents produced by the Serono is enclosed herewith as Exhibit A);

b.    Documents, items and tangible objects relating to the allegations of this Indictment that were produced by companies and/or individuals other than Serono, including but not limited to documentary, financial, patient and other records relating to the Cannes conference and specifically including appointment books and records of patient appointments from Drs. Alexis Corazon and Howard Grossman, data from Dr. Grossman's palm pilot; and an electronic printout of patients for Dr. Joseph Piperato,

c.    Documents, items and tangible objects relating to travel arrangements and financial payments to physicians obtained from companies and/or individuals other than Serono;

d.    Data re: Serostim prescriptions and Medicaid claims paid from Serono, Medicaid agencies and third-party payors;

e.    Records of patients of the doctors who were invited to the Cannes conference but did not attend, and those doctors who attended the Cannes conference;

f.    Documents from pharmacies, wholesalers and data collection companies relating to Serostim prescriptions; and

g.    Documents, items and tangible objects produced by Serono employees relating to

2

their employment, including but not limited to mugs, masks, videos, pictures, and the like.

All of the documents, items and tangible objects identified above are available for review at the United States Attorney's Office in Boston. The originals may be inspected by contacting the undersigned Assistant U.S. Attorney and making an appointment to view the same at a mutually convenient time. Many, but not all, of the documents described will be made available in electronic format by providing the government with an external USB hard drive with 80 GB of storage capacity.

In addition, documents from the files of the U.S. Food and Drug Administration ("FDA") relating to the approval and promotion of Serostim, the Orphan Drug Status, and relating to the clearance of the Bioelectrical Impedance Analysis ("BIA") device and related software are located at various offices of the FDA in Maryland and Michigan. These documents are unrelated to this Indictment and are not being produced at this time.

4.    Reports of Examinations and Tests under Rule 16 (a)(1)(F)

Upon your request, and agreement to provide reciprocal discovery, we will provide you with copies of the following:

a.    Report of latent hand-writing analysis by the Federal Bureau of Investigation of the daily appointment book of Dr. Howard Grossman; and

b.    Report of the Polygraph Examination of Dr. Joseph Piperato.

These documents and related items and tangible objects are available for review at the United States Attorney's Office in Boston. The originals may be inspected by contacting the undersigned Assistant U.S. Attorney and making an appointment to view the same at a mutually convenient time.

**B.    Search Materials under Local Rule 116.1(C)(1)(b)**

No search warrants were obtained in connection with investigation of the charges contained in the indictment in this case.

**C.    Electronic Surveillance under Local Rule 116.1(C)(1)(c)**

No oral, wire, or electronic communications of the defendant as defined in 18 U.S.C. § 2510 were intercepted relating to the charges in the indictment.

**D.    Consensual Interceptions under Local Rule 116.1(C)(1)(d)**

3

Out of an excess of caution, because the government does not believe at this stage it will offer any such evidence at trial, below is a written description of interceptions (as the term "intercept" is defined in 18 U.S.C. § 2510(4)) of oral communications, relating to the charges contained in the indictment made with consent of one of the parties to the communication ("consensual interceptions"), which the government intends to offer as evidence in its case-in-chief is set forth below[1]:

June 6, 2003 tape of conversation between Dr. Ralph Liporace and Raymond Hudgens. A transcription of the tape is attached as Exhibit B. The tape recording is available for inspection at the United States Attorney's Office in Boston by making an appointment with the undersigned Assistant U.S. Attorney at a mutually convenient time.

The government is also in possession of a tape recording of an August 15, 2000 conference call between and among Serono Regional Directors including Adam Stupak, Melissa Vaughn, David Sawin, Angela Willis, David Flowers, Vance Dougherty, and Steve Richards. This conference call post-dates and is unrelated to any of the allegation in this Indictment and is not being produced at this time because it is not required by Local Rule 116.1(C)(1)(d)(i). Nevertheless, the original tape recording is available for inspection at the United States Attorney's Office in Boston by making an appointment with the undersigned Assistant U.S. Attorney at a mutually convenient time.

### E.     Unindicted Coconspirators under Local Rule 116.1(C)(1)(e)

The following are unindicted co-conspirators as charged in the indictment.

Ellen Frank, Jeffrey Hart, Richard Azulay, Raymond Hudgens, Adam Whitehurst, Joseph Piperato, M.D., Jeffrey Aromando, Alexis Corazon, M.D., Konstantine Pinteris, Jeffrey Lynch, Howard Grossman, M.D., Jeffrey Wallach, M.D.(now deceased); Susan Womble and Norma Muurahainen, M.D.

### F.     Identifications under Local Rule 116.1(C)(1)(f)

The government has no information indicating that the defendant John Bruens was the subject of an investigative identification procedure used with a witness the government anticipates calling in its case-in-chief involving a line-up, show-up, photo spread or other display of an image of the defendant. In the event that we become aware that such a procedure was used, I will advise you at that time and provide you with copies of any tangible evidence reflecting, used in or memorializing the identification procedure.

### G.     Exculpatory Evidence Under Local Rule 116.2(B)(1)

---

[1] Production of these tapes is more in the nature of early Jencks production.

4

With respect to the government's obligation under Local Rule 116.2(B)(1) to produce "exculpatory evidence" as that term is defined in Local Rule 116.2(A), the government states as follows:

1.    The Government is producing the following items which you may perceive as tending directly to negate the defendant's guilt concerning certain counts in the indictment. *See* Local Rule 116.2(B)(1)(a): Attached as Exhibit C are interview reports from Alexis Corazon, M.D., Joseph Piperato, M.D., the polygraph report relating to Joseph Piperato as listed above, Elizabeth Elbert, M.D., and a report of interview and Grand Jury testimony of Howard Grossman, M.D.

2.    The government is unaware of any information that would cast doubt on the admissibility of evidence that the government anticipates offering in its case-in-chief and that could be subject to a motion to suppress or exclude. *See* Local Rule 116.2(B)(1)(b). Out of an abundance of caution, the government hereby produces the statements made by Mary Stewart and Marc Sirockman to government agents, and also a transcription of a voice mail left by Melissa Vaughn, attached as Exhibit D.

3.    Any cooperation/plea agreements, immunity orders, letters of immunity and proffer agreements are set forth below and produced in Exhibit E. *See* Local Rule 116.2(B)(c).

The government entered into a cooperation/plea agreement with Adam Stupak, a copy of which is enclosed.

The following persons were accorded immunity (by court order) in the course of this investigation:
  a.    Carolyn Jordan;
  b.    Todd Hudson;
  c.    Jeff Lynch;
  d.    Leslie Golemme;
  e.    Raymond Hudgens; and
  f.    Paul Furgal.

The following persons were accorded immunity (by letter) in the course of this investigation:
  a.    Jeffrey Aromando;
  b.    Miguel Catala;
  c.    Shari Busboom Lendy;
  d.    Seth Leverance;
  e.    Heriberto "Ed" Parra;
  f.    Konstantine Pinteris;
  g.    Russell Reserva;
  h.    Tara Strawbridge;

5

i.    Christine Wanke, M.D.

The following persons entered into proffer agreements with the United States Attorney:

a.    Hamilton Baiden;
b.    Nicholaos Bellos, M.D.;
c.    Daniel Berger, M.D.;
d.    Thomas Browning;
e.    Kathleen Canavan;
f.    Miguel Catala;
g.    Michael Hall;
h.    Lawrence Higgins, M.D.;
i.    Michael Hopkins;
j.    Todd Hudson;
k.    Howard Grossman, M.D.;
l.    Shari Busboom Lendy;
m.    Seth Leverance;
n.    Rudolph J. Liedtke;
o.    Michael Moynihan;
p.    Heriberto "Ed" Parra;
q.    Konstantine Pinteris;
r.    Joseph Piperato, M.D.; and
s.    Rick Schwalbert.

The government declines to disclose at this time promises to certain other witnesses and will file herewith a Motion for Protective Order with respect to any such promise, reward or inducement. *See* Local Rule 116.6.

4.    The government is unaware that any named case-in-chief witness has any criminal record, with the exception of Raymond Hudgens and Michael McKenna, whose records are attached as Exhibit F. *See* Local Rule 116.2(B)(1)(d).

5.    The government is presently unaware that any of its named case-in-chief witnesses has any criminal cases pending. *See* Local Rule 116.2(B)(1)(e).

6.    No identification procedure was used in this case. *See* Local Rule 116.2(B)(1)(f).

The government notes that it has made all of the information referred to in sections 1, 3 and 4, *supra*, available to the defendant, and to the extent it contains any exculpatory information, it has been produced. The government also notes that it is aware of evidence that certain physicians not named in the Indictment attended the Cannes conference at Serono's expense. The evidence indicates that the circumstances of these certain doctors are distinct from those doctors charged in the Indictment and does not view this evidence as exculpatory. The

6

government notes its continuing obligation to supplement this discovery.

## H.   Other Matters

Some of the documents and information to be disclosed contains patient identifiable information. The government will file a motion for a protective order regarding use of this information, a copy of which will be served upon you.

**Rule 404(b) Notice:** The government may offer evidence that defendant engaged in a scheme to offer or pay kickbacks to physicians not specifically referred to in the Indictment. This evidence will include both testimony and documents (which have either been produced or will be made available per this letter to you). The government considers this evidence directly relevant to the conspiracy alleged in Count 1 of the Indictment. Should the Court disagree with the government, the government may offer this evidence pursuant to Fed. R. Evid. 404(b) in order to establish, among other things, intent, knowledge, plan, and absence of mistake or accident.

The government is aware of its continuing duty to disclose newly discovered additional evidence or material that is subject to discovery or inspection under Local Rules 116.1 and 116.2(B)(1) and Rule 16 of the Federal Rules of Criminal Procedure.

The government requests reciprocal discovery pursuant to Rule 16(b) of the Federal Rules of Criminal Procedure and Local Rule 116.1(D).

Please call the undersigned Assistant U.S. Attorney at (617) 748-3290 if you have any questions.

Very truly yours,

MICHAEL J. SULLIVAN
United States Attorney

By: MARY ELIZABETH CARMODY
Assistant U.S. Attorney

Enclosures

cc:   United States District Judge Joseph L. Tauro
      (w/o enclosures)(Filed Under Seal)

      United States Magistrate Judge Marianne B. Bowler
      (w/o enclosures) (Filed Under Seal)

7

# Index of Serono Documents
### (last updated on May 31, 2005)

| Box | IKON Sticker Notes | Box Description |
|---|---|---|
| R-001 | Copy entire box | R-1 |
| R-002 | Copy binders tabbed | R-2 |
| R-003 | Copy entire box | R-3 |
| R-004 | Copy entire box | R-4 |
| R-005 | Copy entire box | R-5 |
| R-006 | | R-6 |
| R-007 | Copy entire box | R-7 |
| R-008 | Copy entire box<br><br>(5/20/04) Sharon Moorefield – copy all in color | R-8 |
| R-009 | Copy entire box | R-9 |
| R-010 | | R-10 |
| R-011 | | R-11 |
| R-012 | | R-12 |
| R-013 | | R-13 |
| R-015 | Copy all except those tabbed "Do Not Copy" | Jay Mohr 1 |
| R-016 | Copy entire box | Jay Mohr 2 |
| R-017 | Copy entire box | Jay Mohr 3 |
| R-018 | Copy all except what is tabbed "Do Not Copy" | Jay Mohr 4 |
| R-019 | Copy entire box | Jay Mohr 5 |
| R-020 | Copy entire box | Jay Mohr 6 |
| R-021 | Copy entire box with the exception of three items marked "Do Not Copy" | Jay Mohr 7 |
| R-022 | Copy entire box | J. Abel #1 |
| R-023 | Copy those binders tabbed only | J. Abel #2 |
| R-024 | Copy entire box | Larry Roth #2 |
| R-025 | Copy entire box | Larry Roth #1 |
| R-026 | Copy files where indicated within box<br><br>(5/20/04) Sharon Moorefield – copy all in color | 1995 PINK M & IT Promo Jackets Promo Services File |

| Box | IKON Sticker Notes | Box Description |
|---|---|---|
| R-027 | Copy entire box (do not want duplicates of any brochures/flyers in this box)<br><br>(5/20/04) Sharon Moorefield – copy all in color | Serostim Mktg. Cap. + NORD Programs Pink Promo Folders |
| R-028 | Copy files where indicated within box<br><br>(5/20/04) Sharon Moorefield – copy all in color | Serostim Mktg. Pink Promo Folders 3/96 – 8/96 |
| R-029 | Copy files where indicated<br><br>(5/20/04) Sharon Moorefield – copy all in color | Serostim Mktg Pink Promo Folders 8/96-9/96 8021-8050  Box 3 |
| R-030 | Copy documents where indicated<br><br>(5/20/04) Sharon Moorefield – copy all in color | Serostim Mktg. Pink Promo Folders #8038 – 8059 |
| R-031 | Copy those documents tabbed<br><br>(5/20/04) Sharon Moorefield – copy all in color | Serostim Mktg. Pink Promo Folders #8061 – 8094   4/97 – 9/97 |
| R-032 | Copy only what is tabbed<br><br>(5/20/04) Sharon Moorefield – copy all in color | Serostim Mktg. Pink Promo Folders #8096 – 8119 |
| R-033 | Copy entire box | K. Ogar #1 Serostim Signed Bonus Plans 96-00; Bonus Backup -99 |
| R-034 | Copy entire box | K. Ogar #2 |
| R-035 | Copy entire box | S. Wilson/R. Azulay FSS/IFF/VA Pricing Files Box #1 |

2

| Box | IKON Sticker Notes | Box Description |
|---|---|---|
| R-036 | Copy entire box | S. Wilson/R. Azulay<br>FSS/IFF/VA Pricing Files Box #2 |
| R-037 | Copy entire box | S. Wilson/R. Azulay<br>Medicaid Rebate Files Box #3 |
| R-038 | Copy entire box | S. Wilson/R. Azulay<br>Medicaid Rebate Files Box #4 |
| R-039 | Copy entire box | S. Wilson/R. Azulay<br>Medicaid Rebate/Charge Backs Box #5 |
| R-040 | Copy entire box | S. Wilson/R. Azulay<br>Medicaid Rebate Box #6 |
| R-041 | Copy entire box | S. Wilson/R. Azulay<br>Medicaid Rebates Box #7 |
| R-042 | Copy entire box (except those labeled "Do Not Copy") | Box #1<br>Bruens /Lundy |
| R-043 | Copy entire box | #2 Bruens/Lundy |
| R-044 | Copy all of the box except those tabbed "Do Not Copy" | Box #3 Bruens/Lundy file |
| R-045 | Copy entire box | #4 Bruens/Lundy |
| R-046 | Copy entire box | Box #5 Bruens/Lundy file |
| R-047 | Copy entire box | #6 Bruens/Lundy |
| R-048 | Copy entire box | Box #7 Bruens/Lundy |
| R-049 | Copy entire box | Box #8 Bruens/Lundy |
| R-050 | Copy entire box except where indicated on particular file | Box #9 Bruens And Lundy |
| R-051 | Copy three binders as marked | Joyce Finkelstein Box #1 |
| R-052 | Copy entire box | Joyce Finkelstein Box #2 |
| R-053 | Copy entire box | Joyce Finkelstein Box #3 |
| R-054 | Do Not Copy | Joyce Finkelstein Box #4 |
| R-055 | Do Not Copy | Joyce Finkelstein Box #5 |
| R-056 | Copy three tagged items, two binders and one bulletin with binding | Joyce Finkelstein Box #6 |
| R-057 | Copy one binder as marked | Joyce Finkelstein Box #7 |
| R-058 | Do Not Copy | Joyce Finkelstein Box #11 and #8 |
| R-059 | Copy entire box | Rick Azulay file  Box #6 |
| R-060 | Copy entire box | Rick Azulay Box #2 |

3

| Box | IKON Sticker Notes | Box Description |
|---|---|---|
| R-061 | Copy entire box | Rich Azulay Box #3 |
| R-062 | Copy one folder as marked | Rick Azulay Box #4 |
| R-063 | Copy entire box | R. Azulay #5 |
| R-064 | Copy entire box | Azulay Box #1 |
| R-065 | Copy entire box | SALSA, Box 1, Site Files A-1 |
| R-066 | Copy entire box | SALSA, Box 2, Site Files, K-2 |
| R-067 | | Dept. 6700 Salsa, Box 3 Veristat, Vol. 1-4 |
| R-068 | | SALSA Box 4 Veristat, Vol 5-8 Dept. #6700 |
| R-069 | | Dept. No. 6700; SALSA, Box 5, Veristat, Vol. 9-11 Dest. Date:  12/2008 |
| R-070 | | Dept. #6700 SALSA, Box 6  Veristat, C2-5 |
| R-071 | | Dept. #6700 Misc. SALSA Files/Forms (MK) |
| R-072 | Copy entire box | SALSA Development Files |
| R-074 | Copy one of each | Salsa Yellow Forms (45); Salsa Red Forms (25) |
| R-075 | Copy entire box | Dept. #6700, SeronAids Phase 1, Box 1 Site Files 001-034 |
| R-076 | Copy entire box | Dept. #6700 SeronAids Phase 1, Box 2 Site Files, 035-075 |
| R-077 | Copy entire box | Dept. #6700 SeronAids Phase 1, Box 3 Site Files 076-100+ |
| R-078 | Copy entire box | Seron Aids Phase I, Box 4, Site Files, 101-130 |
| R-079 | Copy entire box | Dept. #6700 SeronAids Phase 1, Box 5 Site Files 131-163 |
| R-080 | Copy entire box | Dept. 6700 SeronAids Phase 1, Box 6, Site Files 164-200 |
| R-081 | Copy entire box | Dept. 6700 SeronAids Phase 1, Box 7, Site Files 201-230 |
| R-082 | Copy entire box | Dept. 6700 SeronAids Phase 1, Box 8, Site Files 231-266 |
| R-083 | Copy entire box | SeronAids Phase I, Box 9, Site Files 267-308 |
| R-084 | | Quintiles SeronAids Reports 1997 – 2000 |
| R-085 | | Q4 2000 SeronAids CRFs |
| R-085A | | R-85A |
| R-086 | | Dept. 6700 SeronAids; Dr. Fisher Site Files |
| R-088 | Copy entire box | Dept. No. 6700, MENA/MA 2000, Box 1/3 Expenses (ALL) Dest. Date:  12/2004 |
| R-089 | Copy entire box | Dept. No. 6700, MENA/MA 2000, Box 2/3 Expenses (ALL) Des+. Date:  12/2004 |
| R-090 | Copy entire box | Dept. No. 6700, MENA/MA 2000, Box 3/3 Expenses (ALL) Dest. Date:  12/2008 |

4

BOS569767.37

| Box | IKON Sticker Notes | Box Description |
|---|---|---|
| R-091 | Copy entire box | Dept. No. 6700, MENA Miscellaneous Financial Files (BM) Dest. Date: 12/2008 |
| R-092 | | Cubicle/M. Kleintop |
| R-093 | Copy entire box | Dept. 6700; FY 2001 Working Files (MK) |
| R-094 | Copy entire box | ID Study 21020: Norma Muurahainen MD Phd Clinical Research Unactive Study Participants |
| R-096 | Copy entire box | Cubicle/M. Klientop #2 |
| R-098 | Copy two flagged documents | Cubicle/M. Klientop 12/31/01 #4 |
| R-099 | Copy entire box | Larry Roth Files Box 1 |
| R-101 | Copy entire box | Docs From Mohr/Bruens – files pulled from filing cabinet by S. Wilson |
| R-102 | Copy entire box | Larry Roth Files Box 2 |
| R-103 | Copy entire box | R. Azulay Box #7 |
| R-105 | Copy entire box | R. Azulay Dead Files |
| R-106 | Copy entire box | R. Azulay #10 |
| R-107 | Copy entire box | R. Azulay #13 |
| R-108 | Copy entire box | R. Azulay #9 |
| R-109 | Copy entire box | Serostim Mktg Trade Shows |
| R-110 | Do Not Copy (5/14/04) Sharon Moorefield – copy all in color | Serostim Mktg Pink Folders Box #9 8181-8199 |
| R-111 | Copy entire box | Serostim Mktg Trade Shows |
| R-112 | Copy entire box | Serostim Mktg Trade Shows |
| R-113 | Do Not Copy (5/14/04) Sharon Moorefield – copy all in color | PINK FOLDERS Box #10 99-8200-00-8247 Serostim MENA |
| R-114 | Do Not Copy (5/14/04) Sharon Moorefield – copy all in color | PINK FOLDERS Box #1 00-8250-00-8319 Serostim MENA |
| R-115 | Copy selected files as instructed (5/14/04) Sharon Moorefield – copy all in color | PINK FOLDERS Box #12 00-8320-01-8359 Serostim MENA |

5

| Box | IKON Sticker Notes | Box Description |
|---|---|---|
| R-116 | Copy tagged files with instructions<br><br>(5/20/04) Sharon Moorefield – copy all in color | PINK FOLDERS Box #13 00-8360-01-8388 Serostim MENA |
| R-117 | Copy tagged files<br><br>(5/20/04) Sharon Moorefield – copy all in color | PINK FOLDERS Box #14 01-8390-01-8419 Serostim MENA |
| R-118 | Copy one folder as marked<br><br>(5/20/04) Sharon Moorefield – copy all in color | Serostim Mktg Pink Folders 8161-8179 Box #8 |
| R-119 | Copy one folder as marked<br><br>(5/20/04) Sharon Moorefield – copy all in color | Serostim Mktg Pink Folders Misc Box #1A |
| R-120 | Do Not Copy<br><br>(5/20/04) Sharon Moorefield – copy all in color | MENA Mktg PINK FOLDERS M&IT SBU Bulletin Binder 10/99-12/99 |
| R-122 | Copy entire box | Karen Garvey Box #3 "Field directories" |
| R-123 | Copy entire box | C. Jordan Box #2 |
| R-124 | Copy entire box | Robin Galinsky Files |
| R-125 | Copy entire box | C. Jordan Box #5 |
| R-126 | Copy entire box | C. Jordon Box 4 |
| R-128 | Copy entire box | C. Jordon Box 5 12/17/01 |
| R-129 | Copy entire box | D. Kemp |
| R-130 | Copy entire box | Andy Scoular |
| R-131 | Copy entire box | C. Jordon 12/17/01 (Bookcase); Box #1 |
| R-132 | Copy entire box | C. Jordan Box #6 |
| R-133 | Copy entire box | S/ Wilson/R.Azulay Medicaid Correspondence Box #8 |
| R-134 | Copy entire box | S. Wilson/R. Azulay Medicaid Box #9 |
| R-135 | Do Not Copy | Ryan Whitecare Act |

6

BOS569767.37

| Box | IKON Sticker Notes | Box Description | |
|---|---|---|---|
| R-136 | | C. Jordan Box #9 | |
| R-137 | Copy entire box | C. Jordan Box #12 | |
| R-138 | | C. Jordan Box #8<br>Market Research | |
| R-139 | | C. Jordan Box #11<br>Market Research | |
| R-140 | Copy entire box | Galinsky 12/17/01 | |
| R-141 | Copy entire box | C. Jordan Box 10 | |
| R-142 | Copy entire box | C. Jordan MENA Docs | |
| R-143 | Do Not Copy<br><br>(5/14/04) Sharon Moorefield – copy all in color | D. Kemp<br>6700 Serostim Mtg. Pink Folders 8121-8159<br>Box #7 | |
| R-144 | | N. Muurahainen | |
| R-145 | Copy entire box | L. Golemme Box 2 | |
| R-146 | | L. Golemme Box 1 | |
| R-148 | Copy entire box | A. Civetti Box 2 Do not return | |
| R-149 | Copy entire box | N Muurahainen | |
| R-150 | Copy entire box | Karen Gaudey | |
| R-151 | Copy entire box | N Muurahainen | |
| R-152 | Copy entire box | D. Kemp<br>NORD Box 4 | |
| R-153 | Copy entire box | K. Wills | |
| R-154 | Copy entire box | N Muurahainen | |
| R-155 | Copy entire box | K. Wills | |
| R-156 | Copy entire box | C. Bell, | |
| R-157 | | Karen Garvey – BIA Consent Forms &<br>Practitioner Consent Forms Box 2 | |
| R-159 | | C. Brady | |
| R-160 | Copy entire box | S. Wilson/Sue Womble & John Bruens<br>Box 1 | |
| R-161 | | S. Wilson/S. Womble & J. Brueno<br>Box 2 | |
| R-162 | | D. Kemp<br>NORD | |
| R-163 | | R. Galinsky | |
| R-164 | Copy entire box | L. Golemme<br>Box 3 | |
| R-165 | | A. Venderese | |
| R-168 | | T. Golden<br>(File Cabinet)<br>Box 3 | |

7

BOS569767.37

| Box | IKON Sticker Notes | Box Description | |
|---|---|---|---|
| R-169 | | T. Golden (Bookcase) Box 5 | |
| R-170 | Do Not Copy | D. Kemp Order Forms | |
| R-171 | | T. Golden (2nd top file cabinet) Box 8 | |
| R-172 | | D. Kemp | |
| R-175 | | T. Golden Box 12 | |
| R-176 | | T. Golden Box 9 | |
| R-177 | | D. Kemp NORD Box 2 | |
| R-178 | | T. Golden | |
| R-179 | | T. Golden | |
| R-180 | Copy entire box | Norma Muurahainen GH References | |
| R-181 | | J. Mohr | |
| R-182 | Copy entire box | J. Castel Box 1 | |
| R-183 | | J. Bianco | |
| R-184 | | J. Bianco | |
| R-185 | | Norma Muurahainen | |
| R-186 | | Norma Muurahainen | |
| R-187 | | R. Monaghan | |
| R-188 | Copy entire box | J. Mohr MENA | |
| R-189 | | C. Castel | |
| R-190 | | R. Azulay | |
| R-191 | | Ellen Frank/M & IT | |
| R-194 | | Ellen Frank/M & IT | |
| R-195 | | Ellen Frank/M & IT | |
| R-196 | | Ellen Frank/M & IT | |
| R-197 | | Ellen Frank/M & IT | |
| R-198 | | Ellen Frank/M & IT | |
| R-199 | | Ellen Frank/M & IT | |
| R-200 | Copy entire box | D. Kemp Box 2/2 | |
| R-202 | | C. Jordan | |
| R-203 | | C. Jordan | |
| R-204 | | Ellen Frank/M & IT | |
| R-205 | | Ellen Frank/M & IT | |
| R-206 | | Ellen Frank/M & IT | |
| R-207 | | Ellen Frank/M & IT | |

8

| Box | IKON Sticker Notes | Box Description |
|---|---|---|
| R-208 | | Ellen Frank/M & IT |
| R-209 | | Ellen Frank/M & IT |
| R-210 | | Ellen Frank/M & IT |
| R-211 | | Ellen Frank/M & IT |
| R-212 | | Ellen Frank/M & IT |
| R-213 | | Ellen Frank/M & IT |
| R-214 | | Ellen Frank/M & IT |
| R-215 | | S. Womble |
| R-216 | | Ellen Frank/M & IT |
| R-217 | | Ellen Frank/M & IT |
| R-219 | | Ellen Frank/M & IT |
| R-218 | | Ellen Frank Miscellaneous Files |
| R-220 | | Ellen Frank/M & IT |
| R-221 | | Ellen Frank/M & IT |
| R-222 | | Mary Stewart |
| R-223 | | S. Womble |
| R-224 | | S. Womble |
| R-225 | | Sue Womble |
| R-226 | | Mary Stewart |
| R-227 | | Ellen Frank/M & IT |
| R-228 | | Ellen Frank/M & IT |
| R-229 | | Ellen Frank/M & IT |
| R-230 | | Ellen Frank/M & IT |
| R-231 | | Ellen Frank/M & IT |
| R-232 | | Ellen Frank/M & IT |
| R-233 | | M&IT 5769 |
| R-234 | | Ellen Frank/M & IT |
| R-235 | | Sue Womble |
| R-236 | | Sue Womble |
| R-237 | | Ellen Frank/M & IT |
| R-238 | | Ellen Frank/M & IT |
| R-239 | | M&IT 1997 |
| R-240 | | Ellen Frank/M & IT |
| R-241 | | Sue Womble |
| R-242 | | Ellen Frank/M & IT |
| R-243 | | Ellen Frank/M & IT |
| R-244 | | Ellen Frank/M & IT |
| R-245 | | Ellen Frank/M & IT |
| R-246 | | Ellen Frank/M & IT |
| R-247 | | Ellen Frank/M & IT |
| R-248 | | Ellen Frank/M & IT |
| R-249 | | Ellen Frank/M & IT |
| R-250 | | Ellen Frank/M & IT |

9

| Box | IKON Sticker Notes | Box Description | |
|---|---|---|---|
| R-251 | | Ellen Frank/M & IT | |
| R-252 | | Bill Dana | |
| R-253 | | Ellen Frank/M & IT | |
| R-254 | | Ellen Frank/M & IT | |
| R-261 | | Tom Lang | |
| R-262 | | Chris Cramer | |
| R-263 | | Chris Cramer | |
| R-264 | | Chris Cramer | |
| R-267 | | Anthony Verederse | |
| R-268 | | Anthony Verderese | |
| R-269 | | Anthony Veredese | |
| R-270 | | Anthony Veredese | |
| R-271 | | Anthony Veredese | |
| R-272 | | Anthony Veredese | |
| R-273 | | Anthony Veredese | |
| R-274 | | I. Stillinger | |
| R-275 | | C. Jordan | |
| R-276 | | Anthony Verderese | |
| R-277 | | I. Stillinger | |
| R-278 | | Ellen Frank | |
| R-279 | | B. Miller | |
| R-280 | | I. Stillinger/S. Wilson | |
| R-281 | | E. Frank | |
| R-282 | Copy entire box | C. Bell | |
| R-283 | | Anita Irizzary | |
| R-284 | | D. Kemp | |
| R-285 | Copy entire box | C. Bell | |
| R-286 | | R. Azulay | |
| R-287 | Copy entire box | C. Bell | |
| R-288 | | Ellen Frank/M & IT | |
| R-289 | | Sue Wilson | |
| R-290 | Copy entire box | C. Bell | |
| R-291 | | A. Civetti | |
| R-292 | | Ellen Frank/M & IT | |
| R-293 | | T. Lang | |
| R-294 | | I. Stillger | |
| R-295 | | J. Finkelstein | |
| R-296 | | Ellen Frank/M & IT | |
| R-297 | | T. Lang | |
| R-298 | | A. Cevitti | |
| R-299 | | T. Lang | |
| R-300 | | J. Ambrosio | |
| R-301 | | J. Abel | |

10

| Box | IKON Sticker Notes | Box Description | |
|---|---|---|---|
| R-302 | | J. Abel | |
| R-303 | | J. Abel | |
| R-304 | | J. Abel | |
| R-305 | | J. Abel | |
| R-306 | | J. Abel | |
| R-307 | | J. Abel | |
| R-308 | | J. Abel | |
| R-309 | | J. Abel | |
| R-310 | | J. Abel | |
| R-311 | | J. Abel | |
| R-312 | | J. Ambrosio | |
| R-313 | | M. Frachette | |
| R-314 | | M. Frachette | |
| R-315 | | M. Frachette | |
| R-316 | | M. Frachette | |
| R-317 | | M. Frachette | |
| R-318 | | M. Frachette | |
| R-319 | | Tim Golden | |
| R-320 | | Tim Golden | |
| R-321 | | Tim Golden | |
| R-322 | | Tim Golden | |
| R-323 | | N. Muurahainen | |
| R-324 | | M. Frachette | |
| R-333 | | Anne Civetti | |
| R-335 | | Anne Civetti | |
| R-336 | | Anne Civetti | |
| R-337 | | J. Ambrogio | |
| R-338 | | Mena Marketing | |
| R-339 | | MENA Mtg. | |
| R-340 | | N. Muurahainen | |
| R-341 | | M. Frachette | |
| R-342 | | R. Azulay | |
| R-343 | | R. Azulay | |
| R-344 | | N. Muurahainen | |
| R-345 | | N. Muurahainen | |
| R-346 | | N. Muurahainen | |
| R-348 | | D. Gruziano | |
| R-349 | | Serostim Study | |
| R-350 | | Serostim Study | |
| R-351 | | Serostim Study | |
| R-352 | | Serostim Study | |
| R-353 | | Serostim Study | |
| R-354 | | Serostim Study | |

11

BOS569767.37

| Box | IKON Sticker Notes | Box Description |
|---|---|---|
| R-355 | | Serostim Study |
| R-356 | | Serostim Study |
| R-357 | | Serostim Study |
| R-358 | | Serostim Study |
| R-359 | | Serostim Study |
| R-360 | | Serostim Study |
| R-361 | | Serostim Study |
| R-362 | | Serostim Study |
| R-363 | | Serostim Study |
| R-364 | | Serostim Study |
| R-365 | | Serostim Study |
| R-366 | | Serostim Study |
| R-367 | | Serostim Study |
| R-368 | | Serostim Study |
| R-369 | | Serostim Study |
| R-370 | | Serostim Study |
| R-371 | | Serostim Study |
| R-372 | | Serostim Study |
| R-373 | | Serostim Study |
| R-374 | | Carolyn Jordan |
| R-375 | | Carolyn Jordan |
| R-377 | | Carolyn Jordan |
| R-378 | | Carolyn Jordan |
| R-379 | | Carolyn Jordan |
| R-380 | | Carolyn Jordan |
| R-381 | | Carolyn Jordan |
| R-382 | | M & IT Library |
| R-384 | | M&IT Library |
| R-385 | | Carolyn Jordan |
| R-386 | | M&IT Library |
| R-387 | | M&IT/1998 Files/D. Greene |
| R-390 (2 boxes) | | M&IT Library |
| R-391 | | M&IT Library |
| R-392 | | M&IT Library |
| R-394 | | MIT-M. Carlson Files |
| R-395 | | D. Green |
| R-396 | | MIT-M. Carlson Files |
| R-397 | | MIT-M. Carlson |
| R-398 | | Metabolic TA August 2000 Distinction 2007 Various Reports |
| R-400 | | Metabolic TA - -AIDS, Immune, Lypodystrophy |
| R-401 | | M&IT Library |

12

BOS569767.37

| Box | IKON Sticker Notes | Box Description |
|---|---|---|
| R-402 | | Metabolic TA/AIDS/Immune/ Lypodystrophy |
| R-404 | | M&IT Library |
| R-405 | | Womble Carlson Files |
| R-409 | | M&IT plus Endocrine |
| R-410 | | MRS Team TIND PT FILES |
| R-411 | | MRS Team TIND PT FILES |
| R-412 | | TIN DPT FILES MRS TEAM |
| R-413 | | MRS TEAM TIND PT FILES |
| R-414 | | MRS TEAM TIND PT FILES |
| R-415 | | Reimbursement Serostim & TIND Patient files dropouts L-MA |
| R-416 | | Serostim TIND Files of Reim Svcs. Assoc. |
| R-417 | | Serostim TIND Files of Reim. Svcs. Assoc. |
| R-418 | | TIND files of Reim Svcs. Assoc. |
| R-419 | | Serostim Files of Reim Svcs. Assoc. |
| R-420 | | M&IT Library |
| R-421 | | M&IT Sales 98 files |
| R-422 | | Serostim Training Manual – 3/97 (1996) |
| R-423 | | Serostim TIND Files Reim. Svcs. Assoc. |
| R-424 | | Corp. Comm Serostim |
| R-428 | | Serostim TIND Files of Reim Svcs. Assoc. |
| R-429 | | Old Files, Medicare, Medicaid=By States A- |
| R-430 | | SEROSTIM TIND PT. FILES DROPOUTS N, O, PE |
| R-431 | | Serostim |
| R-432 | | Serostim Reimbursement Files |
| R-433 | | Reimbursement Serostim Pt. Files Dropouts R |
| R-434 | | Reimbursement Serostim Pt. Files Dropouts I, J, K |
| R-435 | | Reimbursement Dropouts Mc-My |
| R-436 | | Norma Muurahainen |
| R-437 | | R-437 |
| R-439 | | R-439 |
| R-440 | | C. Bell |
| R-441 | | Norma Muurahainen |
| R-442 | | Norma Muurahainen |
| R-443 | | Norma Muurahainen |
| R-444 | | Norma Muurahainen |
| R-445 | | Norma Muurahainen |
| R-446 | | Norma Muurahainen |
| R-447 | | Norma Muurahainen |
| R-448 | | Norma Muurahainen |

13

| Box | IKON Sticker Notes | Box Description |
|---|---|---|
| R-449 | | Norma Muurahainen |
| R-451 | | Karen Currie – Serostim Study |
| R-452 | | Karen Currie – Serostim Study |
| R-453 | | Karen Currie – Serostim Study |
| R-454 | | Karen Currie – Serostim Study |
| R-455 | | Karen Currie – Serostim Study |
| R-456 | | Karen Currie – Serostim Study |
| R-457 | | Karen Currie – Serostim Study |
| R-458 | | Karen Currie – Serostim Study |
| R-459 | | Karen Currie – Serostim Study |
| R-460 | | Karen Currie – Serostim Study |
| R-461 | | Karen Currie – Serostim Study |
| R-462 | | Karen Currie – Serostim Study |
| R-463 | | Karen Currie – Serostim Study |
| R-464 | | Karen Currie – Serostim Study |
| R-465 | | Karen Currie – Serostim Study |
| R-466 | | Karen Currie – Serostim Study |
| R-467 | | Karen Currie – Serostim Study |
| R-468 | | Karen Currie – Serostim Study |
| R-469 | | Karen Currie – Serostim Study |
| R-470 | | Karen Currie – Serostim Study |
| R-471 | | Karen Currie – Serostim Study |
| R-472 | | Karen Currie – Serostim Study |
| R-473 | | Karen Currie – Serostim Study |
| R-477 | | Karen Currie – Serostim Study |
| R-474 | | Karen Currie – Serostim Study |
| R-475 | | Karen Currie – Serostim Study |
| R-476 | | Karen Currie – Serostim Study |
| R-476A | | Pages left intentionally blank |
| R-480 | | Karen Currie – Serostim Study |
| R-481 | | Karen Currie – Serostim Study |
| R-482 | | Karen Currie – Serostim Study |
| R-483 | | Karen Currie – Serostim Study |
| R-484 | | Karen Currie – Serostim Study |
| R-485 | | Karen Currie – Serostim Study |
| R-486 | | Karen Currie – Serostim Study |
| R-487 | | Karen Currie – Serostim Study |
| R-488 | | Karen Currie – Serostim Study |
| R-489 | | Karen Currie – Serostim Study |
| R-490 | | Karen Currie – Serostim Study |
| R-491 | | Karen Currie – Serostim Study |
| R-492 | | Karen Currie – Serostim Study |
| R-493 | | Karen Currie – Serostim Study |

14

| Box | IKON Sticker Notes | Box Description |
|---|---|---|
| R-494 | | Karen Currie – Serostim Study |
| R-495 | | Karen Currie – Serostim Study |
| R-496 | | Karen Currie – Serostim Study |
| R-497 | | Karen Currie – Serostim Study |
| R-498 | | Karen Currie – Serostim Study |
| R-499 | | Karen Currie – Serostim Study |
| R-500 | | Karen Currie – Serostim Study |
| R-501 | | Karen Currie – Serostim Study |
| R-502 | | Karen Currie – Serostim Study |
| R-503 | | Karen Currie – Serostim Study |
| R-505 | | Serostim 5341, 5511, 7033 Correspondence, CRF copy, protocol, misc. |
| R-506 | | John Able files |
| R-508 | | Serostim NDA 5431, 5511, 7033 Outside Labs |
| R-510 | | Protocol 7623 |
| R-513 | | Serostim NDA 5341, 5511, 7033 Outside Labs |
| R-514 | | Karen Currie – Serostim Study |
| R-515 | | Karen Currie – Serostim Study |
| R-516 | | Karen Currie – Serostim Study |
| R-517 | | Karen Currie – Serostim Study |
| R-518 | | 99 A/P Paid Files Symposia A-L |
| R-519 | | No description |
| R-520 | | Serostim NDA 120 day update 5511, 7035, 7623 Misc Files 5341, 5511, 7033, 4795 Cofs |
| R-521 | | Symposia 97-98 files & SLI 98 Prepaids |
| R-523 | | Misc. Marketing Files 97-00 |
| R-524 | | Marty Joyce's Managed Care Files |
| R-525 | | Serostim NDA 5341, 5511, 7033 Audits |
| R-526 | | Serostim Treatment Form |
| R-527 | | John Haas MC Files |
| R-529 | | John Abel files |
| R-533 | | Serostim Study Dividers 7623 Case Rpt Forms |
| R-535 | | John Abel files |
| R-537 | | Medicaid Rebate 92-96 |
| R-538 | | Serono Symposia |
| R-539 | | 1998 Employee Expenses, A. Saverino- J. Schertz |
| R-540 | | 7623 Case Rpt. Forms, Serostim Life Status Forms |
| R-542 | | Serostim 6 Mg 98-99 PO's For Ares - Trading |
| R-543 | | Protocol 7623, 95-97 |
| R-548 | | Serostim Study Case Report Forms |

15

| Box | IKON Sticker Notes | Box Description |
|---|---|---|
| R-551 | | Marketing files |
| R-552 | | Protocol 7623, 95-97 |
| R-554 | | Serostim Study Cust. Box |
| R-558 | | Protocol 7623, 95-97 |
| R-560 | | No description |
| R-561 | | No description |
| R-565 | | Serostim NDA |
| R-566 | | Serostim NDA & Protocols 5431, 5511, 7033 |
| R-567 ✓ | | No description |
| R-568 | | No description |
| R-570 | | John Abel Files |
| R-571 | | HMI Serostim TIND Reports |
| R-573 | | HMI Serostom A/R Reports |
| R-576 | | SeronAIDS –Phase I Site Data |
| R-577 | | SeronAIDS – Phase I Site Data |
| R-578 | | Serostim TIND |
| R-579 | | M&IT |
| R-582 | | Original Contracts "C" |
| R-583 | | Bob Lederer |
| R-584 | | Original Contracts "P" & "Q" |
| R-586 | | SeronAIDS Phase I Site Data |
| R-588 | | SeronAIDS – Phase I Site Data |
| R-589 | | Bob Lederer |
| R-593 | | Contracts L-M |
| R-594 | | SeronAIDS Phase I Site Data |
| R-595 | | Bob Lederer |
| R-597 | | SeronAIDS Phase I Site Data |
| R-599 | | Original Contracts "R" |
| R-600 | | SeronAIDS Phase I Site Data |
| R-601 | | Bob Lederer |
| R-605 | | Original Contracts "A" |
| R-607 | | Contracts N-P |
| R-609 | | SeronAIDS Phase I Site Data |
| R-614 | | SeronAIDS Phase I Site Data |
| R-615 | | Growth Hormone Health Insurance |
| R-616 | | Original Contracts "J" and "K" |
| R-618 | | Original Contracts "G" |
| R-626 | | Original Contracts "T" |
| R-627 | | SeronAIDS Phase I Site Data |
| R-628 | | Original Contracts "L" |
| R-630 | • | No description |
| R-632 | | Original Contracts "B" |

16

| Box | IKON Sticker Notes | Box Description |
|---|---|---|
| R-638 | | Original Contracts "E" |
| R-641 | | SeronAIDS Phase I Data |
| R-643 | | Original Contracts "S" |
| R-670 | | Contracts E-H |
| R-671 | | Contracts Cons-D |
| R-674 | | Contracts R-S |
| R-675 | | Contracts CO |
| R-677 | | Contracts T-Z |
| R-679 | | Contracts A-C |
| R-683 | | Contract HRI |
| R-692 | | Karen Currie – Serostim Study |
| R-693 | | Karen Currie -- Serostim Study |
| R-694 | | Karen Currie -- Serostim Study |
| R-695 | | Karen Currie -- Serostim Study |
| R-696 | | Karen Currie – Serostim Study |
| R-697 | | Karen Currie -- Serostim Study |
| R-698 | | Karen Currie – Serostim Study |
| R-699 | | Karen Currie – Serostim Study |
| R-700 | | Karen Currie – Serostim Study |
| R-701 | | Karen Currie – Serostim Study |
| R-702 | | Karen Currie – Serostim Study |
| R-703 | | Personnel files |
| R-704 | | Personnel files |
| R-705 | | Personnel files |
| R-706 | | Personnel files |
| R-707 | | Personnel files |
| R-708 | | Serostim Study Files |
| R-709 | | Serostim Contracted Network Pharmacy Agreements (CNP) |
| R-710 | | J. Larson |
| R-711 | | J. Larson |
| R-712 | | J. Larson |
| R-713 | | J. Larson |
| R-714 | | J. Larson |
| R-715 | | J. Larson |
| R-716 | | J. Larson |
| R-717 | | J. Larson |
| R-718 | | J. Larson |
| R-719 | | J. Larson |
| R-720 | | MENA Account Payable |
| R-721 | | T. Lang |
| R-722 | | J. Abel |

17

| Box | IKON Sticker Notes | Box Description |
|---|---|---|
| R-723 | | J. Abel |
| R-724 | | T. Lang |
| R-725 | | J. Abel |
| R-726 | | K. Jones |
| R-727 | | M&IT Library |
| R-728 | | C. Cramer |
| R-729 | | C. Cramer |
| R-730 | | Anthony Verederse |
| R-731 | | Anthony Verederse |
| R-732 | | Anthony Verederse |
| R-733 | | Anthony Verederse |
| R-734 | | Anthony Verederse |
| R-735 | | C. Cramer |
| R-736 | | T. Lang |
| R-737 | | R. Azulay |
| R-738 | | Anita Irizzary, I. Stillger |
| R-739 | | J. Abel |
| R-751 | | K. Wills |
| R-740 | | Ellen Frank/M & IT |
| R-741 | | A. Civetti |
| R-742 | | J. Abel |
| R-743 | | I. Stillger |
| R-744 | | A. Cevitti |
| R-745 | | J. Abel |
| R-746 | | J. Ambrosio |
| R-747 | | J. Abel |
| R-748 | | J. Abel |
| R-749 | | M. Frachette |
| R-750 | | Tim Golden |
| R-751 | | K. Wills |
| R-752 | | K. Wills |
| R-753 | | K. Wills |
| R-755 | | K. Wills |
| R-756 | | K. Wills |
| R-757 | | K. Wills |
| R-758 | | J. Hart |
| R-759 | | J. Larson |
| R-760 | | Original Contracts W-Z |
| R-761 | | SeronAIDS Phase I Site Data |
| R-762 | | SeronAIDS Phase I Site Data |
| R-763 | | SeronAIDS Phase I Site Data |
| R-764 | | SeronAIDS Phase I Site Data |
| R-765 | | SeronAIDS Phase I Site Data |

18

| Box | IKON Sticker Notes | Box Description |
|---|---|---|
| R-766 | | J. Hart |
| R-767 | | Robert Lederer |
| R-768 | | Medical, Marketing, Contracts, MENA |
| R-769 | | Contracts |
| R-770 | | E. Frank |
| R-771 | | K. Ogar |
| R-772 | | I. Stillger |
| R-773 | | I. Stillger |
| R-774 | | I. Stillger/S. Wilson |
| R-775 | | MENA |
| R-776 | | C. Jordan/R. Azulay |
| R-777 | | MENA |
| R-778 | | Serostim Protocols |
| R-779 | | MENA Accounts Payable |
| R-780 | | SeronAIDS Phase I Site Data |
| R-781 | | SeronAIDS Phase I Site Data |
| R-782 | | M&IT, R. Azulay, E. Frank, N. Muurahainen |
| R-783 | | MENA |
| R-784 | | MENA Accounts Payable |
| R-785 | | Personnel Files |
| R-786 | | Personnel Files |
| R-787 | | Videos |
| R-788 | | MENA/SeronAIDS |
| R-790 | | MENA; M&IT Library |
| R-791 | | MENA, MRS, Symposia |
| R-792 | | C. Jordan, J. Mohr, E. Frank |
| R-793 | | GELCO Expense Reports |
| R-794 | | NDC Health Inc. Report on Wasting Market |
| R-795 | | GELCO Expense Reports |
| R-796 | | See Index Re: Documents Redacted For Privilege Produced on September 2, 2003 |
| R-797 | | See Index Re: Documents Redacted For Privilege Produced on September 2, 2003 |
| R-798 | | GELCO Expense Reports |
| R-799 | | GELCO Expense Reports |
| R-800 | | GELCO Expense Reports |
| R-801 | | GELCO Expense Reports |
| R-802 | | GELCO Expense Reports |
| R-803 | | M & IT |
| R-804 | | J. Abel |
| R-805 | | GELCO Expense Reports |
| R-806 | | GELCO Expense Reports |
| R-807 | | Personnel files |

19

| Box | IKON Sticker Notes | Box Description |
|---|---|---|
| R-808 | | GELCO Expense Reports |
| R-809 | | GELCO Expense Reports |
| R-810 | | GELCO Expense Reports |
| R-811 | | J. Bruens/S. Lundie/C. Jordan |
| R-812 | | Videos |
| R-813 | | GELCO Expense Reports |
| R-814 | | GELCO Expense Reports |
| R-815 | | J. Finklestein /R. Azulay/Marketing |
| R-816 | | Coopers & Lybrand Reports |
| R-817 | | GELCO Expense Reports |
| R-818 | | M & IT |
| R-819 | | E. Frank |
| R-820 | | M & IT |
| R-821 | | J. Abel/MENA |
| R-822 | | GELCO Expense Reports |
| R-823 | | GELCO Expense Reports |
| R-824 | | Lisa Constantino |
| R-825 | | Finance department |
| R-826 | | Eric Tisch |
| R-827 | | M & IT |
| R-828 | | E. Bertarelli |
| R-829 | | E. Bertarelli |
| R-830 | | E. Bertarelli |
| R-831 | | J. Theurillat |
| R-832 | | J. Theurillat |
| R-833 | | J. Theurillat |
| R-834 | | F. Rubio-Sandi |
| R-835 | | R. Baumann |
| R-836 | | R. Baumann |
| R-837 | | R. Baumann |
| R-838 | | R. Baumann |
| R-839 | | R. Baumann |
| R-840 | | J.P. Verhassel |
| R-841 | | J.P. Verhassel |
| R-842 | | J.P. Verhassel |
| R-843 | | M. Gehring |
| R-844 | | M. Gehring |
| R-845 | | M Gehring, J.P. Verhassel, F. Rubio-Sandi, J. Theurillat, E. Bertarelli, R. Baumann |
| R-846 | | See Index Re: Documents Redacted For Privilege Produced on October 17, 2003 |
| R-847 | | Tom Hallam |
| R-849 | | M & IT |

20

BOS569767.37

| Box | IKON Sticker Notes | Box Description |
|---|---|---|
| R-860 | | M&IT / Contracts |
| R-861 A&B | | GELCO Expense Reports |
| R-862 | | MENA E-mails & GELCO expense reports |
| R-864 | | See Index Re: Documents Redacted For Privilege Produced on January 16, 2004 |
| R-865 | | Employee List |
| R-866 | | R. Galinsky |
| R-867 | | L. Constantino |
| R-868 | | R. Galinsky |
| R-869 A&B | | GELCO Expense Reports |
| R-870 | | Human Resource |
| R-871 | | Human Resource |
| R-872 A&B | | GELCO Expense Reports |
| R-873 A&B | | GELCO Expense Reports |
| R-874 | | MRS Department |
| R-875 | | MRS Department |
| R-876 | | MRS Department |
| R-877 | | MRS Department |
| R-878 | | MRS Department |
| R-879 | | MRS Department |
| R-880 | | MRS Department |
| R-881 | | MRS Department |
| R-882 | | MRS Department |
| R-883 | | MRS Department |
| R-884 | | MRS Department |
| R-885 | | MRS Department |
| R-886 | | MRS Department |
| R-887 | | MRS Department |
| R-888 | | MRS Department |
| R-889 | | MRS Department |
| R-890 | | MRS Department |
| R-891 | | MRS Department |
| R-892 | | MRS Department |
| R-893 | | MRS Department |
| R-894 | | MRS Department |
| R-895 | | MRS Department |
| R-896 | | MRS Department |
| R-897 | | MRS Department |
| R-898 | | MRS Department |
| R-899 | | MRS Department |
| R-900 | | MRS Department |
| R-901 | | MRS Department |
| R-902 | | MRS Department |

21

| Box | IKON Sticker Notes | Box Description |
|---|---|---|
| R-903 | | MRS Department |
| R-904 | | MRS Department |
| R-905 | | MRS Department |
| R-906 | | MRS Department |
| R-907 | | MRS Department |
| R-908 | | MRS Department |
| R-909 | | MRS Department |
| R-910 | | MRS Department |
| R-911 | | MRS Department |
| R-912 | | MRS Department |
| R-913 | | MRS Department |
| R-914 | | MRS Department |
| R-915 | | MRS Department |
| R-916 | | MRS Department |
| R-917 | | MRS Department |
| R-918 | | MRS Department |
| R-919 | | MRS Department |
| R-920 | | MRS Department |
| R-921 | | MRS Department |
| R-922 | | MRS Department |
| R-923 | | MRS Department |
| R-924 | | MRS Department |
| R-925 | | MRS Department |
| R-927 | | Video Tapes |
| R-928 | | Audio Tapes |
| R-929 | | Human Resources |
| R-930 | | J. Abel |
| R-931 | | K. Wills |
| R-932 | | L. Constantino |
| R-933 | | K. Wills |
| R-934 | | D. Kemp |
| R-935 | | K. Wills |
| R-936 | | See Index Re: Documents Redacted For Privilege Produced on October 15, 2004 |
| R-937 | | R. Rhinehart |
| R-938 | | D. Kemp |
| R-940 | | PowerPoint Presentation Re Scope of Serostim Indication: AIDS Wasting |
| R-943 | | PowerPoint Presentation Re: Lipodystrophy |
| R-944 | | PowerPoint Presentation Re: BIA and Pharmacies |
| R-945 | | Employee List |

22

| Box | IKON Sticker Notes | Box Description |
|-----|--------------------|-----------------|
| R-946 | | Employee List and February 7, 2005 presentation |
| R-947 | | Human Resources (personnel files) |
| R-948 | | J. Hart |
| R-949 | | J. Hart |
| R-950 | | J. Hart |

23

| BOX | DESCRIPTION | SCANNED |
|---|---|---|
| Box 001 | Serono - Bank of Boston Statements/Check Lists/Reconciliation Reports 1997-2002 | NO |
| Box 002 | Serono - Bank of Boston Checks 1996 - 1997 | NO |
| Box 003 | Serono - Bank of Boston Checks 1998 | NO |
| Box 004 | Serono - Bank of Boston Checks 1999 | NO |
| Box 005 | Serono - Bank of Boston Checks 2000 - 2001 | NO |
| Box 006 | Serono - Bank of Boston Checks 2002 (January-March) | NO |
| Box 007 | Serono - Bank of Boston Checks 2002 (April-October) | NO |
| Box 008 | Serono - AMEX Accounts | NO |
| Box 009 | On The Go (Disk) | NO |
| Box 010 | Event Strategy Planners | YES |
| Box 011 | Event Strategy Planners | YES |
| Box 012 | Event Strategy Planners | YES |
| Box 013 | Event Strategy Planners | YES |
| Box 014 | Event Strategy Planners | YES |
| Box 015 | Event Strategy Planners (Financial) | NO |
| Box 016 | Event Strategy Planners (Financial) | NO |
| Box 017 | Quintiles (Financial) | NO |
| Box 018 | Quintiles (Financial) | NO |
| Box 019 | Quintiles (Financial) | NO |
| Box 020 | Quintiles (Financial) | NO |
| Box 021 | Quintiles (Financial) | NO |
| Box 022 | Quintiles (Financial) | NO |
| Box 023 | Quintiles (Financial) | NO |
| Box 024 | Quintiles (Financial) | NO |
| Box 025 | Quintiles (Financial) | NO |
| Box 026 | Quintiles (Financial) | NO |
| Box 027 | Quintiles (Financial) | NO |
| Box 028 | Quintiles (Financial) | NO |
| Box 029 | Quintiles (Financial) | NO |
| Box 030 | Quintiles (Financial) | NO |
| Box 031 | NDC | NO |
| Box 032 | Express Scripts | NO |
| Box 033 | Caremark | NO |
| Box 034 | Oxford Health Plans | NO |
| Box 035 | NHCAA | NO |
| Box 036 | Magellan Health Services | NO |
| Box 037 | Wellpoint | NO |
| Box 038 | Medco Health | NO |
| Box 039 | GEHA | NO |
| Box 040 | Blue Cross Blue Shield Florida | NO |
| Box 041 | OPM | NO |
| Box 042 | Redacted | NO |
| Box 043 | Blue Cross Blue Shield Federal Employees | NO |
| Box 044 | United Health | NO |
| Box 045 | Vista Health Plan | NO |
| Box 046 | Cigna | NO |

YES - DOCUMENTS SCANNED OR PART OF SERONO PRODUCTION
NO - DOCUMENTS NOT SCANNED
SOME - DOCUMENTS SCANNED OR PART OF SERONO PRODUCTION, EXCEPT FOR FINANCIALS,
PATIENT, PUBLIC AND TELEPHONE INFO.

**SERONO - DISCOVERY**
**FBI - BOSTON INVENTORY**

05/27/05

| BOX | DESCRIPTION | SCANNED |
|---|---|---|
| Box 047 | Physician Folders: (Serono & subp. documents, copies of Serono checks & subp. checks, subp. telephone subscriber info., patient listings, LexisNexis & ChoicePoint searches). | SOME |
| | Anderson, Roger | |
| | Bellos, Nicolaos | |
| | Berger, Daniel | |
| | Blick, Gary | |
| | Cantey, J. Robert | |
| | Cazen, Richard | |
| | Condoluci, David | |
| | Corazon, Alexis | |
| | Diaz, Leslie | |
| | Do, Kevin | |
| | Elbert, Elizabeth | |
| | Engelhard, Peter | |
| | Fisher, Alvan | |
| | Fisher, Kenneth | |
| | Frechette, Gervais | |
| | Glaser, Jordan | |
| | Gorensek, Margaret | |
| | Grossman, Howard | |
| | Higgins, Lawrence | |
| | Hudson, Richard | |
| Box 048 | Physician Folders: (Serono & subp. documents, copies of Serono checks & subp. checks, subp. telephone subscriber info., patient listings, LexisNexis & ChoicePoint searches). | SOME |
| | Jordan, Wilbert | |
| | Kotler, Donald | |
| | Liporace, Ralph | |
| | Liskey, Lee | |
| | Mitchell, Clark | |
| | Murphy, William | |
| | O'Halloran, James | |
| | Olmscheid, Bruce | |
| | Owen, William | |
| | Piperato, Joseph | |
| | Romeyn, Mary | |
| | Santos, Guillermo | |
| | Scheperle, Mark | |
| | Scolaro, Michael | |
| | Steinhart, Corklin | |
| | Strebel, Gregory | |
| | Torres, Ramon | |
| | Vanig, Thanes | |
| | Wallach, Jeffrey | |
| | Wanke, Christine | |
| | West, Timothy | |
| | Wiesinger, Herbert | |
| | Wiewora, Ronald | |
| Box 049 | Bellos, Nicolaos - documents provided by the physician | YES |
| Box 050 | Bellos, Nicolaos - SBC | NO |

YES - DOCUMENTS SCANNED OR PART OF SERONO PRODUCTION
NO - DOCUMENTS NOT SCANNED
SOME - DOCUMENTS SCANNED OR PART OF SERONO PRODUCTION, EXCEPT FOR FINANCIALS,
PATIENT, PUBLIC AND TELEPHONE INFO.

# SERONO - DISCOVERY
## FBI - BOSTON INVENTORY

05/27/05

| BOX | DESCRIPTION | SCANNED |
|---|---|---|
| Box 051 | Bellos, Nicolaos - Florida | NO |
| Box 052 | Bellos, Nicolaos - Florida | NO |
| Box 053 | Bellos, Nicolaos - Medicare | NO |
| Box 054 | Bellos, Nicolaos - AMEX | NO |
| Box 055 | Bellos, Nicolaos - Bank One | NO |
| Box 056 | Berger, Daniel - documents provided by the physician | YES |
| Box 057 | Berger, Daniel - Mid-America | NO |
| Box 058 | Berger, Daniel - AMEX | NO |
| Box 059 | Berger, Daniel - Union Planter | NO |
| Box 060 | Berger, Daniel - Mid-America | NO |
| Box 061 | Berger, Daniel - MBNA | NO |
| Box 062 | Berger, Daniel - La Salle Bank | NO |
| Box 063 | Berger, Daniel - Elan Financial Services | NO |
| Box 064 | Berger, Daniel - Discover Card | NO |
| Box 065 | Cazen, Richard - documents provided by the physician | YES |
| Box 066 | Cazen, Richard - Wells Fargo | NO |
| Box 067 | Cazen, Richard - Wells Fargo | NO |
| Box 068 | Cazen, Richard - Wells Fargo | NO |
| Box 069 | Cazen, Richard - Wells Fargo | NO |
| Box 070 | Cazen, Richard - Wells Fargo | NO |
| Box 071 | Cazen, Richard - Wells Fargo | NO |
| Box 072 | Cazen, Richard - Wells Fargo | NO |
| Box 073 | Corazon, Alexis - Greater Community | NO |
| Box 074 | Grossman, Howard - documents provided by the physician | YES |
| Box 075 | Grossman, Howard - Merck, Verizon, AT&T, OmniPoint Communications | NO |
| Box 076 | Higgins, Lawrence - Citibank, Verizon | NO |
| Box 077 | Higgins, Lawrence - Citibank | NO |
| Box 078 | Higgins, Lawrence - Citibank | NO |
| Box 079 | Higgins, Lawrence - Citibank | NO |
| Box 080 | Jordan, Wilbert - BOA | NO |
| Box 081 | Jordan, Wilbert - AMEX | NO |
| Box 082 | Liskey, Lee - BOA | NO |
| Box 083 | Liskey, Lee - BOA | NO |
| Box 084 | Liskey, Lee - AMEX | NO |
| Box 085 | Milano, Danielle - documents provided by the physician | YES |
| Box 086 | Piperato, Joseph - SunTrust | NO |
| Box 087 | Piperato, Joseph - documents provided by the physician | YES |
| Box 088 | Santos, Guillermo - Citibank | NO |
| Box 089 | Santos, Guillermo - Citibank | NO |
| Box 090 | Santos, Guillermo - Citibank | NO |
| Box 091 | Santos, Guillermo - Citibank | NO |
| Box 092 | Santos, Guillermo - Citibank | NO |
| Box 093 | Santos, Guillermo - Citibank | NO |
| Box 094 | Santos, Guillermo - Citibank | NO |
| Box 095 | Santos, Guillermo - Citibank | NO |
| Box 096 | Scolaro, Michael - AMEX | NO |
| Box 097 | Scolaro, Michael - Pacific Western | NO |
| Box 098 | Wanke, Christine - Fleet Bank | NO |
| Box 099 | Wanke, Christine - Fleet Bank | NO |

YES - DOCUMENTS SCANNED OR PART OF SERONO PRODUCTION
NO - DOCUMENTS NOT SCANNED
SOME - DOCUMENTS SCANNED OR PART OF SERONO PRODUCTION, EXCEPT FOR FINANCIALS,
PATIENT, PUBLIC AND TELEPHONE INFO.

## SERONO - DISCOVERY
## FBI - BOSTON INVENTORY

05/27/05

| BOX | DESCRIPTION | SCANNED |
|---|---|---|
| Box 100 | Serono Employee Folders: (Serono documents, copies of Serono checks, subp. for telephone subscriber info., AMEX, DMV, LexisNexis and ChoicePoint searches). | SOME |
| | Abel, John | |
| | Aromando, Jeffrey | |
| | Baaj, Abdullah | |
| | Baiden IV, A. Hamilton | |
| | Bell, Cindy | |
| | Bershad, Melissa | |
| | Black, Phillip | |
| | Blackwell, Michael | |
| | Boucher, Sandra | |
| | Browning, Thomas | |
| | Bruens, John | |
| Box 101 | Serono Employee Folders: (Serono documents, copies of Serono checks, subp. for telephone subscriber info., AMEX, DMV, LexisNexis and ChoicePoint searches). | SOME |
| | Canavan, Katie | |
| | Cast, Kevin | |
| | Cimino, Joseph | |
| | Driscoll, Christine | |
| | Englert, Christopher | |
| | Frank, Ellen | |
| | Frederick, Michele | |
| | Frye, William | |
| | Golemme, Leslie | |
| | Grech, Paul | |
| | Hart, Jeffrey | |
| Box 102 | Serono Employee Folders: (Serono documents, copies of Serono checks, subp. for telephone subscriber info., AMEX, DMV, LexisNexis and ChoicePoint searches). | SOME |
| | Hitchcock, Bryan | |
| | Hopkins, Michael | |
| | Hudgens, Ray | |
| | Hudson, Todd | |
| | Jackson, Kimberly | |
| | Jennings, Michael | |
| | Jordan, Carolyn | |
| | Joyce, Martin | |
| | Kahn, Doris | |
| | King, Donna | |

YES - DOCUMENTS SCANNED OR PART OF SERONO PRODUCTION
NO - DOCUMENTS NOT SCANNED
SOME - DOCUMENTS SCANNED OR PART OF SERONO PRODUCTION, EXCEPT FOR FINANCIALS, PATIENT, PUBLIC AND TELEPHONE INFO.

**SERONO - DISCOVERY**
**FBI - BOSTON INVENTORY**

05/27/05

| BOX | DESCRIPTION | SCANNED |
|---|---|---|
| Box 103 | Serono Employee Folders: (Serono documents, copies of Serono checks, subp. for telephone subscriber info., AMEX, DMV, LexisNexis and ChoicePoint searches). | SOME |
|  | Lanier, Tyree | |
|  | Lynch, Jeffrey | |
|  | Macaluso, MaryBeth | |
|  | Mikolajczyk, Todd | |
|  | Mohr, Joseph | |
|  | Moscardini, Caryl | |
|  | Moynihan, Michael | |
|  | Munson, Kurt | |
|  | Muurahainen, Norma | |
|  | Ogar, Kathleen | |
|  | Parra, Heriberto | |
|  | Pettit, Ross | |
| Box 104 | Serono Employee Folders: (Serono & subp. documents, copies of Serono checks, subp. for telephone subscriber info., AMEX, DMV, LexisNexis and ChoicePoint searches). | SOME |
|  | Piccuito, Marion | |
|  | Pinteris, Konstantine | |
|  | Reserva, D. Russell | |
|  | Richards, Steve | |
|  | Samra, Hisham | |
|  | Saverino, Angelo | |
|  | Sawin, David | |
|  | Schulz, Erik | |
|  | Schwalbert, Rick | |
|  | Segiet, Linda | |
| Box 105 | Serono Employee Folders: (Serono & subp. documents, copies of Serono checks, subp. for telephone subscriber info., AMEX, DMV, LexisNexis and ChoicePoint searches). | SOME |
|  | Sirockman, Marc | |
|  | Speights, Teresa | |
|  | Stewart, Mary | |
|  | Stupak, Adam | |
|  | Sullivan, R. Todd | |
|  | Tack, Kathy | |
|  | Vaughn, Melissa  (Folder 1) | |
| Box 106 | Serono Employee Folders: (Serono & subp. documents, copies of Serono checks, subp. for telephone subscriber info., AMEX, DMV, LexisNexis and ChoicePoint searches). | SOME |
|  | Vaughn, Melissa  (Folder 2) | |
|  | Weber-Vincins, Sophie | |
|  | White, Devon | |
|  | Whitehurst, Adam | |
|  | Willinder, Todd | |
|  | Willis, Angela | |
|  | Womble, Susan | |
| Box 107 | Abel, John - Verizon | NO |
| Box 108 | Pinteris, Konstantine - documents provided by Pinteris | NO |
| Box 109 | Sawin, David - Wells Fargo | NO |
| Box 110 | Sawin, David - First Technology Credit Union | NO |
| Box 111 | Sirockman, Marc - Fleet Bank | NO |
| Box 112 | Stupak, Adam - Greenpoint Bank | NO |

YES - DOCUMENTS SCANNED OR PART OF SERONO PRODUCTION
NO - DOCUMENTS NOT SCANNED
SOME - DOCUMENTS SCANNED OR PART OF SERONO PRODUCTION, EXCEPT FOR FINANCIALS,
PATIENT, PUBLIC AND TELEPHONE INFO.

| BOX | DESCRIPTION | SCANNED |
|---|---|---|
| Box 113 | Interview/Briefing Notebooks: (Serono & subp. documents, copies of Serono checks, LexisNexis and ChoicePoint searches). | SOME |
|  | Aromando, Jeffrey | |
|  | Bellos, Nicolaos | |
|  | Berger, Daniel | |
|  | Canavan, Katie | |
|  | Cantey, J. Robert | |
|  | Cazen, Richard | |
|  | Concorde (marketing plans) | |
|  | Condoluci, David | |
|  | Corazon, Alexis | |
|  | Do, Kevin | |
|  | Driscoll, Christine | |
|  | Elbert, Elizabeth | |
| Box 114 | Interview/Briefing Notebooks: (Serono & subp. documents, copies of Serono checks, LexisNexis and ChoicePoint searches). | SOME |
|  | Gorensek, Margaret | |
|  | Grossman, Howard | |
|  | Gutowski, John | |
|  | Higgins, Lawrence | |
|  | Hudson, Todd | |
|  | Jordan, Wilbert | |
|  | Leverence, Seth | |
|  | Liskey, Lee | |
|  | Lynch, Jeffrey | |
|  | McKenna, Michael | |
|  | Milano, Danielle | |
|  | Moscardini, Caryl | |
|  | Olmscheid, Bruce | |
| Box 115 | Interview/Briefing Notebooks: (Serono & subp. documents, copies of Serono checks, LexisNexis and ChoicePoint searches). | SOME |
|  | Parra, Heriberto | |
|  | Pinteris, Konstantine (I & II) | |
|  | Piperato, Joseph | |
|  | Romeyn, Mary | |
|  | Sawin, David | |
|  | Scolaro, Michael | |
|  | Sirockman, Marc (I & II) | |
|  | Whitehurst, Adam | |
|  | Womble, Susan | |

YES - DOCUMENTS SCANNED OR PART OF SERONO PRODUCTION
NO - DOCUMENTS NOT SCANNED
SOME - DOCUMENTS SCANNED OR PART OF SERONO PRODUCTION, EXCEPT FOR FINANCIALS, PATIENT, PUBLIC AND TELEPHONE INFO.

**SERONO - DISCOVERY**
**FBI - BOSTON INVENTORY**

05/27/05

| BOX | DESCRIPTION | SCANNED |
|---|---|---|
| Box 116 | Pharmacy Folders: (Serono & subp. documents, copies of Serono checks & subp. checks, AMEX, LexisNexis & ChoicePoint searches). | SOME |
| | Advocate Rx | |
| | Ancillary Technologies | |
| | APP | |
| | Beverly Hills/Rx Unlimited (2 Folders) | |
| | Bob's Pharmacy | |
| | Capitol Drugs | |
| | Chronimed | |
| | Commcare Pharmacy | |
| | Coram Healthcare | |
| | Curascript | |
| | CVS Procare | |
| Box 117 | Pharmacy Folders: (Serono & subp. documents, copies of Serono checks & subp. checks, AMEX, LexisNexis & ChoicePoint searches). | SOME |
| | Direct Script | |
| | Discount Medical | |
| | Echo Drug | |
| | Get Well Pharmacy & Medical Services | |
| | Holly Hill Pharmacy | |
| | Home Medical Supply | |
| | Home Patient Care (HPC) | |
| | Humana Pasco Center Pharmacy | |
| | Infustat Home Infusion Services | |
| | Innovative Nursing Management | |
| | Lincourt Pharmacy | |
| | Long's Pharmacy | |
| | McCord - Sweeney | |
| | Nations Health | |
| | NMC Homecare | |
| | Ocean Breeze Pharmacy | |
| Box 118 | Pharmacy Folders: (Serono & subp. documents, copies of Serono checks & subp. checks, AMEX, LexisNexis & ChoicePoint searches). | SOME |
| | Patient's Pharmacy | |
| | Pharma Infusion | |
| | Pharmacy Plus Resources | |
| | Portland Professional Pharmacy | |
| | Prairie Pharmacy | |
| | Priority Pharmacy | |
| | PSA, Inc. | |
| | Sterling Pharmacy | |
| | Thrift Drug | |
| | Total Remedy/Good Samaritan | |
| | Stadtlanders | |
| | Statscript | |
| | TDI | |
| Box 119 | Serono Training | YES |
| Box 120 | Accent Rx - Scripting Data | NO |

YES - DOCUMENTS SCANNED OR PART OF SERONO PRODUCTION
NO - DOCUMENTS NOT SCANNED
SOME - DOCUMENTS SCANNED OR PART OF SERONO PRODUCTION, EXCEPT FOR FINANCIALS,
PATIENT, PUBLIC AND TELEPHONE INFO.

## SERONO - DISCOVERY
## FBI - BOSTON INVENTORY

05/27/05

| BOX | DESCRIPTION | SCANNED |
|---|---|---|
| Box 121 | Beverly Hills - BOA & Scripting Data | SOME |
| Box 122 | Chronimed - Scripting Data | NO |
| Box 123 | Coram Healthcare - Scripting Data | NO |
| Box 124 | Discount Medical - Scripting Data | NO |
| Box 125 | Eckerd - Scripting Data | NO |
| Box 126 | Good Samaritan/Total Remedy - Scripting Data | NO |
| Box 127 | Nova Factor - Scripting Data | NO |
| Box 128 | Prairie Pharmacy - Scripting Data | NO |
| Box 129 | Priority Pharmacy - Scripting Data | NO |
| Box 130 | Rx Unlimited - Scripting Data | NO |
| Box 131 | Rx Unlimited - BOA | NO |
| Box 132 | Statscript - Scripting Data | NO |
| Box 133 | The Medicine Shoppe - PNC | NO |
| Box 134 | The Medicine Shoppe - PNC | NO |
| Box 135 | The Medicine Shoppe - PNC | NO |
| Box 136 | The Medicine Shoppe - PNC | NO |
| Box 137 | The Medicine Shoppe - PNC | NO |
| Box 138 | Vons/Safeway | NO |
| Box 139 | PriceWaterhouseCoopers | NO |
| Box 140 | Associate Folders: (Serono documents, copies of Serono checks, AMEX, D&B, LexisNexis, and ChoicePoint searches).<br><br>Al Farouk, Bil Quis<br>Bertarelli Foundation<br>Boughton, Billy B.<br>Bruton, Gwen<br>Call Activity Report Key<br>Coulson, Scarlett<br>Jackson, Carolyn<br>Konkol, Todd<br>Luck, Susan<br>Mooney, Michael<br>Pleasants, Chrystin Pollack<br>Ramsur, Edric<br>RJL<br>Serono Diagnostics, Inc./Boston SDI, Inc.<br>Serono Holdings, Ins.<br>Serono Investments Corp.<br>Serono Symposia, Inc.<br>Serono (LexisNexis - Massachusetts & Delaware) | SOME |
| Box 141 | SeronAIDS | SOME |
| Box 142 | Serono Back-up Computer Server Tapes  (BIA) | NO |
| Box 143 | Serono Copies of Audio Tapes (01-30) | NO |
| Box 144 | Serono Back-up Computer Server Tapes  (Email) | NO |
| Box 145 | Serono Copies of Video Tapes (01-37) | NO |
| Box 146 | Verizon Computer Disk - New York | NO |

YES - DOCUMENTS SCANNED OR PART OF SERONO PRODUCTION
NO - DOCUMENTS NOT SCANNED
SOME - DOCUMENTS SCANNED OR PART OF SERONO PRODUCTION, EXCEPT FOR FINANCIALS,
PATIENT, PUBLIC AND TELEPHONE INFO.

U.S. Department of Justice

*Michael J. Sullivan*
*United States Attorney*
*District of Massachusetts*

*Main Reception: (617) 748-3100*

*John Joseph Moakley United States Courthouse*
*1 Courthouse Way*
*Suite 9200*
*Boston, Massachusetts 02210*

November 14, 2005

### VIA FACSIMILE AND FEDERAL EXPRESS

Thomas McC. Souther, Esq.
Sidley, Austin, Brown & Wood, LLP
787 Seventh Avenue
New York, NY 10019

> **Re:    United States v. John Bruens, et al.**
> **Criminal No. 05-10102-JLT**

Dear Mr. Souther:

Pursuant to a previous conversation with Assistant U.S. Attorney Mary Elizabeth Carmody, the government provides the following electronic copy of all Serono, Inc. relator documents as an addendum to the automatic discovery produced on May 31, 2005.

Enclosed is a DVD containing documents numbered JB 000307 - JB 009705 and various physical evidence numbered JB 009706 - JB 009715, as itemized below:

| DOCUMENT | CONTENTS | BATES RANGE |
|---|---|---|
| Relator Qui Tam & Disclosure Statements | Sandra Boucher / William Frye / Kimberly Jackson Qui tam | JB 000307 - JB 000320 |
| | Boucher / Frye / Jackson Disclosure Statement | JB 000321 - JB 000330 |
| | Jackson Disclosure Exhibits 1-24 | JB 000331 - JB 000482 |
| | Boucher Disclosure Exhibits 25-64 | JB 000483 - JB 000972 |
| | Frye Disclosure Exhibits 65-95 | JB 000973 - JB 001847 |

November 14, 2005
Page 2

| | | |
|---|---|---|
| | Christine Driscoll / Frank Garcia Qui tam - 5.13.05 | JB 001848 - JB 001900 |
| | Driscoll Disclosure Statement & Exhibits* | JB 001901 - JB 002467 |
| | Driscoll First Supplemental Disclosure Statement & Exhibits | JB 002468 - JB 002499 |
| | Frank Garcia / Christine Driscoll Qui tam - 10.6.03 | JB 002500 - JB 002552 |
| | Garcia Disclosure Statement & Exhibits | JB 002553 - JB 002627 |
| | Aids Healthcare Foundation Qui tam | JB 002628 - JB 002635 |
| Grand Jury Testimony & Exhibits | Boucher Grand Jury Testimony & Exhibits | JB 002636 - JB 002801** |
| | Driscoll Grand Jury Testimony & Exhibits | JB 002802 - JB 004824 |
| | Frye Grand Jury Testimony & Exhibits | JB 004825 - JB 004986 |
| | Garcia Grand Jury Testimony & Exhibits | JB 004987 - JB 005224 |
| | Jackson Grand Jury Testimony & Exhibits | JB 005225 - JB 005879 |
| Kimberly Jackson's Franklin Planners | 1997 Franklin Planner | JB 005880 - JB 006684 |
| | 1998 Franklin Planner | JB 006685 - JB 007631 |
| | 1999 Franklin Planner | JB 007632 - JB 008556 |
| Federal Civil Settlement | - | JB 008557 - JB 008617 |
| State Medicaid Agreements*** | - | JB 008618 - JB 009175 |
| Memoranda of Interview | Boucher Memoranda of Interview | JB 009176 - JB 009203 |

November 14, 2005
Page 3

| | Driscoll Memoranda of Interview | JB 009204 - JB 009248 |
|---|---|---|
| | Frye Memoranda of Interview | JB 009249 - JB 009354 |
| | Garcia Memoranda of Interview | JB 009355 - JB 009673 |
| | Jackson Memoranda of Interview | JB 009674 - JB 009705 |

*I am currently not in possession of the Driscoll Disclosure Statement Exhibit E but will produce it as soon as it is available.

**Please note that JB 002698 has been intentionally left blank

***The government is waiting for executed agreements from Connecticut, Ohio, Indiana, Pennsylvania and Texas

The following physical evidence is also enclosed:

| DOCUMENT | CONTENTS | BATES RANGE |
|---|---|---|
| Exhibit 3(t) to Driscoll 1.11.05 GJ Testimony | CDs (4) and DVD Video | JB 009706 - JB 009710 |
| Exhibit 10 to Driscoll 1.11.05 GJ Testimony | CD | JB 009711 |
| Exhibit 14 to Garcia 4.27.04 GJ Testimony | DVD Video | JB 009712 |
| Exhibit 19 to Garcia 4.27.04 GJ Testimony | DVD Video | JB 009713 |
| Exhibit 1 to Jackson 11.18.03 GJ Testimony | DVD Video | JB 009714 |

Please note that the May 13, 2005, Christine Driscoll / Frank Garcia qui tam submission, December 5, 2000, Driscoll Disclosure Statement and January 23, 2001, Driscoll Supplemental Disclosure Statement have been redacted to protect an ongoing sealed investigation. Relator memoranda of interview also have been redacted for case and person identifiers.

If you have any questions or comments, please do not hesitate to contact me at 617-748-3646.

November 14, 2005
Page 4

Very truly yours,

MICHAEL J. SULLIVAN
United States Attorney

By:

MATTHEW S. STAVRIS
Healthcare Fraud Paralegal



U.S. Department of Justice

*Michael J. Sullivan*
*United States Attorney*
*District of Massachusetts*

*Main Reception: (617) 748-3100*

*John Joseph Moakley United States Courthouse*
*1 Courthouse Way*
*Suite 9200*
*Boston, Massachusetts 02210*

November 14, 2005

## VIA FACSIMILE AND FEDERAL EXPRESS

Mark Berman, Esq.
Gibbons, Del Deo, Dolan, Griffinger & Vecchione
One Riverfront Plaza
Newark, NJ 07102-5496

### Re: United States v. Mary Stewart, et al.
### Criminal No. 05-10102-JLT

Dear Mr. Berman:

Pursuant to a previous conversation with Assistant U.S. Attorney Mary Elizabeth Carmody, the government provides the following electronic copy of all Serono, Inc. relator documents as an addendum to the automatic discovery produced on May 31, 2005.

Enclosed is a DVD containing documents numbered JB 000307 - JB 009705 and various physical evidence numbered JB 009706 - JB 009715, as itemized below:

| DOCUMENT | CONTENTS | BATES RANGE |
|---|---|---|
| Relator Qui Tam & Disclosure Statements | Sandra Boucher / William Frye / Kimberly Jackson Qui tam | JB 000307 - JB 000320 |
| | Boucher / Frye / Jackson Disclosure Statement | JB 000321 - JB 000330 |
| | Jackson Disclosure Exhibits 1-24 | JB 000331 - JB 000482 |
| | Boucher Disclosure Exhibits 25-64 | JB 000483 - JB 000972 |
| | Frye Disclosure Exhibits 65-95 | JB 000973 - JB 001847 |

November 14, 2005
Page 2

| | | |
|---|---|---|
| | Christine Driscoll / Frank Garcia Qui tam - 5.13.05 | JB 001848 - JB 001900 |
| | Driscoll Disclosure Statement & Exhibits* | JB 001901 - JB 002467 |
| | Driscoll First Supplemental Disclosure Statement & Exhibits | JB 002468 - JB 002499 |
| | Frank Garcia / Christine Driscoll Qui tam - 10.6.03 | JB 002500 - JB 002552 |
| | Garcia Disclosure Statement & Exhibits | JB 002553 - JB 002627 |
| | Aids Healthcare Foundation Qui tam | JB 002628 - JB 002635 |
| Grand Jury Testimony & Exhibits | Boucher Grand Jury Testimony & Exhibits | JB 002636 - JB 002801** |
| | Driscoll Grand Jury Testimony & Exhibits | JB 002802 - JB 004824 |
| | Frye Grand Jury Testimony & Exhibits | JB 004825 - JB 004986 |
| | Garcia Grand Jury Testimony & Exhibits | JB 004987 - JB 005224 |
| | Jackson Grand Jury Testimony & Exhibits | JB 005225 - JB 005879 |
| Kimberly Jackson's Franklin Planners | 1997 Franklin Planner | JB 005880 - JB 006684 |
| | 1998 Franklin Planner | JB 006685 - JB 007631 |
| | 1999 Franklin Planner | JB 007632 - JB 008556 |
| Federal Civil Settlement | - | JB 008557 - JB 008617 |
| State Medicaid Agreements*** | - | JB 008618 - JB 009175 |
| Memoranda of Interview | Boucher Memoranda of Interview | JB 009176 - JB 009203 |

November 14, 2005
Page 3

|  | Driscoll Memoranda of Interview | JB 009204 - JB 009248 |
|--|--------------------------------|------------------------|
|  | Frye Memoranda of Interview | JB 009249 - JB 009354 |
|  | Garcia Memoranda of Interview | JB 009355 - JB 009673 |
|  | Jackson Memoranda of Interview | JB 009674 - JB 009705 |

*I am currently not in possession of the Driscoll Disclosure Statement Exhibit E but will produce it as soon as it is available.
**Please note that JB 002698 has been intentionally left blank
***The government is waiting for executed agreements from Connecticut, Ohio, Indiana, Pennsylvania and Texas

The following physical evidence is also enclosed:

| DOCUMENT | CONTENTS | BATES RANGE |
|----------|----------|-------------|
| Exhibit 3(t) to Driscoll 1.11.05 GJ Testimony | CDs (4) and DVD Video | JB 009706 - JB 009710 |
| Exhibit 10 to Driscoll 1.11.05 GJ Testimony | CD | JB 009711 |
| Exhibit 14 to Garcia 4.27.04 GJ Testimony | DVD Video | JB 009712 |
| Exhibit 19 to Garcia 4.27.04 GJ Testimony | DVD Video | JB 009713 |
| Exhibit 1 to Jackson 11.18.03 GJ Testimony | DVD Video | JB 009714 |

Please note that the May 13, 2005, Christine Driscoll / Frank Garcia qui tam submission, December 5, 2000, Driscoll Disclosure Statement and January 23, 2001, Driscoll Supplemental Disclosure Statement have been redacted to protect an ongoing sealed investigation. Relator memoranda of interview also have been redacted for case and person identifiers.

If you have any questions or comments, please do not hesitate to contact me at 617-748-3646.

November 14, 2005
Page 4

Very truly yours,

MICHAEL J. SULLIVAN
United States Attorney

By:

MATTHEW S. STAVRIS
Healthcare Fraud Paralegal



U.S. Department of Justice

*Michael J. Sullivan*
*United States Attorney*
*District of Massachusetts*

---

*Main Reception: (617) 748-3100*

*John Joseph Moakley United States Courthouse*
*1 Courthouse Way*
*Suite 9200*
*Boston, Massachusetts 02210*

November 14, 2005

## VIA FACSIMILE AND FEDERAL EXPRESS

Adam S. Hoffinger, Esq.
Piper Rudnick
1200 Nineteenth Street, N.W.
Washington, DC 20036-2430

> **Re:    United States v. Melissa Vaughn, et al.**
> **Criminal No. 05-10102-JLT**

Dear Mr. Hoffinger:

Pursuant to a previous conversation with Assistant U.S. Attorney Mary Elizabeth Carmody, the government provides the following electronic copy of all Serono, Inc. relator documents as an addendum to the automatic discovery produced on May 31, 2005.

Enclosed is a DVD containing documents numbered JB 000307 - JB 009705 and various physical evidence numbered JB 009706 - JB 009715, as itemized below:

| DOCUMENT | CONTENTS | BATES RANGE |
|---|---|---|
| Relator Qui Tam & Disclosure Statements | Sandra Boucher / William Frye / Kimberly Jackson Qui tam | JB 000307 - JB 000320 |
| | Boucher / Frye / Jackson Disclosure Statement | JB 000321 - JB 000330 |
| | Jackson Disclosure Exhibits 1-24 | JB 000331 - JB 000482 |
| | Boucher Disclosure Exhibits 25-64 | JB 000483 - JB 000972 |
| | Frye Disclosure Exhibits 65-95 | JB 000973 - JB 001847 |

November 14, 2005
Page 2

|  |  |  |
|---|---|---|
|  | Christine Driscoll / Frank Garcia Qui tam - 5.13.05 | JB 001848 - JB 001900 |
|  | Driscoll Disclosure Statement & Exhibits* | JB 001901 - JB 002467 |
|  | Driscoll First Supplemental Disclosure Statement & Exhibits | JB 002468 - JB 002499 |
|  | Frank Garcia / Christine Driscoll Qui tam - 10.6.03 | JB 002500 - JB 002552 |
|  | Garcia Disclosure Statement & Exhibits | JB 002553 - JB 002627 |
|  | Aids Healthcare Foundation Qui tam | JB 002628 - JB 002635 |
| Grand Jury Testimony & Exhibits | Boucher Grand Jury Testimony & Exhibits | JB 002636 - JB 002801** |
|  | Driscoll Grand Jury Testimony & Exhibits | JB 002802 - JB 004824 |
|  | Frye Grand Jury Testimony & Exhibits | JB 004825 - JB 004986 |
|  | Garcia Grand Jury Testimony & Exhibits | JB 004987 - JB 005224 |
|  | Jackson Grand Jury Testimony & Exhibits | JB 005225 - JB 005879 |
| Kimberly Jackson's Franklin Planners | 1997 Franklin Planner | JB 005880 - JB 006684 |
|  | 1998 Franklin Planner | JB 006685 - JB 007631 |
|  | 1999 Franklin Planner | JB 007632 - JB 008556 |
| Federal Civil Settlement | - | JB 008557 - JB 008617 |
| State Medicaid Agreements*** | - | JB 008618 - JB 009175 |
| Memoranda of Interview | Boucher Memoranda of Interview | JB 009176 - JB 009203 |

| | | |
|---|---|---|
| | Driscoll Memoranda of Interview | JB 009204 - JB 009248 |
| | Frye Memoranda of Interview | JB 009249 - JB 009354 |
| | Garcia Memoranda of Interview | JB 009355 - JB 009673 |
| | Jackson Memoranda of Interview | JB 009674 - JB 009705 |

*I am currently not in possession of the Driscoll Disclosure Statement Exhibit E but will produce it as soon as it is available.
**Please note that JB 002698 has been intentionally left blank
***The government is waiting for executed agreements from Connecticut, Ohio, Indiana, Pennsylvania and Texas

The following physical evidence is also enclosed:

| DOCUMENT | CONTENTS | BATES RANGE |
|---|---|---|
| Exhibit 3(t) to Driscoll 1.11.05 GJ Testimony | CDs (4) and DVD Video | JB 009706 - JB 009710 |
| Exhibit 10 to Driscoll 1.11.05 GJ Testimony | CD | JB 009711 |
| Exhibit 14 to Garcia 4.27.04 GJ Testimony | DVD Video | JB 009712 |
| Exhibit 19 to Garcia 4.27.04 GJ Testimony | DVD Video | JB 009713 |
| Exhibit 1 to Jackson 11.18.03 GJ Testimony | DVD Video | JB 009714 |

Please note that the May 13, 2005, Christine Driscoll / Frank Garcia qui tam submission, December 5, 2000, Driscoll Disclosure Statement and January 23, 2001, Driscoll Supplemental Disclosure Statement have been redacted to protect an ongoing sealed investigation. Relator memoranda of interview also have been redacted for case and person identifiers.

If you have any questions or comments, please do not hesitate to contact me at 617-748-3646.

November 14, 2005
Page 4

Very truly yours,

MICHAEL J. SULLIVAN
United States Attorney

By:

MATTHEW S. STAVRIS
Healthcare Fraud Paralegal



U.S. Department of Justice

*Michael J. Sullivan*
*United States Attorney*
*District of Massachusetts*

---

*Main Reception: (617) 748-3100*

*John Joseph Moakley United States Courthouse*
*1 Courthouse Way*
*Suite 9200*
*Boston, Massachusetts 02210*

November 14, 2005

## VIA FACSIMILE AND FEDERAL EXPRESS

Tracy A. Miner, Esq.
Mintz, Levin, Cohn, Ferris, Glovsky & Popeo, LLP
One Financial Center
Boston, MA 02111

> Re:    **United States v. Mark Sirockman, et al.**
>        **Criminal No. 05-10102-JLT**

Dear Ms. Miner:

Pursuant to a previous conversation with Assistant U.S. Attorney Mary Elizabeth Carmody, the government provides the following electronic copy of all Serono, Inc. relator documents as an addendum to the automatic discovery produced on May 31, 2005.

Enclosed is a DVD containing documents numbered JB 000307 - JB 009705 and various physical evidence numbered JB 009706 - JB 009715, as itemized below:

| DOCUMENT | CONTENTS | BATES RANGE |
|---|---|---|
| Relator Qui Tam & Disclosure Statements | Sandra Boucher / William Frye / Kimberly Jackson Qui tam | JB 000307 - JB 000320 |
| | Boucher / Frye / Jackson Disclosure Statement | JB 000321 - JB 000330 |
| | Jackson Disclosure Exhibits 1-24 | JB 000331 - JB 000482 |
| | Boucher Disclosure Exhibits 25-64 | JB 000483 - JB 000972 |
| | Frye Disclosure Exhibits 65-95 | JB 000973 - JB 001847 |

November 14, 2005
Page 2

| | | |
|---|---|---|
| | Christine Driscoll / Frank Garcia Qui tam - 5.13.05 | JB 001848 - JB 001900 |
| | Driscoll Disclosure Statement & Exhibits* | JB 001901 - JB 002467 |
| | Driscoll First Supplemental Disclosure Statement & Exhibits | JB 002468 - JB 002499 |
| | Frank Garcia / Christine Driscoll Qui tam - 10.6.03 | JB 002500 - JB 002552 |
| | Garcia Disclosure Statement & Exhibits | JB 002553 - JB 002627 |
| | Aids Healthcare Foundation Qui tam | JB 002628 - JB 002635 |
| Grand Jury Testimony & Exhibits | Boucher Grand Jury Testimony & Exhibits | JB 002636 - JB 002801** |
| | Driscoll Grand Jury Testimony & Exhibits | JB 002802 - JB 004824 |
| | Frye Grand Jury Testimony & Exhibits | JB 004825 - JB 004986 |
| | Garcia Grand Jury Testimony & Exhibits | JB 004987 - JB 005224 |
| | Jackson Grand Jury Testimony & Exhibits | JB 005225 - JB 005879 |
| Kimberly Jackson's Franklin Planners | 1997 Franklin Planner | JB 005880 - JB 006684 |
| | 1998 Franklin Planner | JB 006685 - JB 007631 |
| | 1999 Franklin Planner | JB 007632 - JB 008556 |
| Federal Civil Settlement | - | JB 008557 - JB 008617 |
| State Medicaid Agreements*** | - | JB 008618 - JB 009175 |
| Memoranda of Interview | Boucher Memoranda of Interview | JB 009176 - JB 009203 |

November 14, 2005
Page 3

|  | Driscoll Memoranda of Interview | JB 009204 - JB 009248 |
|  | Frye Memoranda of Interview | JB 009249 - JB 009354 |
|  | Garcia Memoranda of Interview | JB 009355 - JB 009673 |
|  | Jackson Memoranda of Interview | JB 009674 - JB 009705 |

*I am currently not in possession of the Driscoll Disclosure Statement Exhibit E but will produce it as soon as it is available.
**Please note that JB 002698 has been intentionally left blank
***The government is waiting for executed agreements from Connecticut, Ohio, Indiana, Pennsylvania and Texas

The following physical evidence is also enclosed:

| DOCUMENT | CONTENTS | BATES RANGE |
|---|---|---|
| Exhibit 3(t) to Driscoll 1.11.05 GJ Testimony | CDs (4) and DVD Video | JB 009706 - JB 009710 |
| Exhibit 10 to Driscoll 1.11.05 GJ Testimony | CD | JB 009711 |
| Exhibit 14 to Garcia 4.27.04 GJ Testimony | DVD Video | JB 009712 |
| Exhibit 19 to Garcia 4.27.04 GJ Testimony | DVD Video | JB 009713 |
| Exhibit 1 to Jackson 11.18.03 GJ Testimony | DVD Video | JB 009714 |

Please note that the May 13, 2005, Christine Driscoll / Frank Garcia qui tam submission, December 5, 2000, Driscoll Disclosure Statement and January 23, 2001, Driscoll Supplemental Disclosure Statement have been redacted to protect an ongoing sealed investigation. Relator memoranda of interview also have been redacted for case and person identifiers.

If you have any questions or comments, please do not hesitate to contact me at 617-748-3646.

November 14, 2005
Page 4

Very truly yours,

MICHAEL J. SULLIVAN
United States Attorney

By:

MATTHEW S. STAVRIS
Healthcare Fraud Paralegal



**U.S. Department of Justice**

*Michael J. Sullivan*
*United States Attorney*
*District of Massachusetts*

Main Reception: (617) 748-3100

*John Joseph Moakley United States Courthouse*
*1 Courthouse Way*
*Suite 9200*
*Boston, Massachusetts 02210*

December 5, 2005

**VIA FEDERAL EXPRESS**
Thomas McC. Souther, Esq.
Sidley, Austin, Brown & Wood, LLP
787 Seventh Ave.
New York, NY 10019

      **Re:   United States v. John Bruens, et al.**
            **Criminal No. 05-10102-JLT**

Dear Mr. Souther:

      It has been brought to our attention that the State Settlement Agreements, bates numbered JB 008618 - JB 009175, produced electronically on November 14, 2005 were largely illegible. Enclosed is a reproduction of those State Settlement Agreements.

      Also enclosed is a reproduction of the compact disc labeled "Data Disk 1-7, Lipo-CRF, C:\DATA\DOC #1," bates numbered JB 009709, included in the November 14, 2005 production as part of exhibit 3(t) to Christine Driscoll's January 11, 2005 testimony. The zip file contained on the disc had previously produced an error but now has been expanded and should be viewable. Please note that the disc is a mirror image of the files used as part of exhibit 3(t).

      Should you have any questions or problems, do not hesitate to contact me at 617-748-3646.

                    Very truly yours,

                    MICHAEL J. SULLIVAN
                    United States Attorney

            By:

                    MATTHEW S. STAVRIS
                    Healthcare Fraud Paralegal



**U.S. Department of Justice**

*Michael J. Sullivan*
*United States Attorney*
*District of Massachusetts*

*Main Reception: (617) 748-3100*                    *John Joseph Moakley United States Courthouse*
*1 Courthouse Way*
*Suite 9200*
*Boston, Massachusetts 02210*

December 5, 2005

**VIA FEDERAL EXPRESS**
Mark A. Berman, Esq.
Gibbons, Del Deo, Dolan, Griffinger & Vecchione
One Riverfront Plaza
Newark, NJ 07102-5496

> **Re:    United States v. Mary Stewart, et al.**
> **Criminal No. 05-10102-JLT**

Dear Mr. Berman:

It has been brought to our attention that the State Settlement Agreements, bates numbered JB 008618 - JB 009175, produced electronically on November 14, 2005 were largely illegible. Enclosed is a reproduction of those State Settlement Agreements.

Also enclosed is a reproduction of the compact disc labeled "Data Disk 1-7, Lipo-CRF, C:\DATA\DOC #1," bates numbered JB 009709, included in the November 14, 2005 production as part of exhibit 3(t) to Christine Driscoll's January 11, 2005 testimony. The zip file contained on the disc had previously produced an error but now has been expanded and should be viewable. Please note that the disc is a mirror image of the files used as part of exhibit 3(t).

Should you have any questions or problems, do not hesitate to contact me at 617-748-3646.

Very truly yours,

MICHAEL J. SULLIVAN
United States Attorney

By:

MATTHEW S. STAVRIS
Healthcare Fraud Paralegal



**U.S. Department of Justice**

*Michael J. Sullivan*
*United States Attorney*
*District of Massachusetts*

---

*Main Reception: (617) 748-3100*

*John Joseph Moakley United States Courthouse*
*1 Courthouse Way*
*Suite 9200*
*Boston, Massachusetts 02210*

November 21, 2005

**VIA FEDERAL EXPRESS**
James M. Sullivan, Esq.
DLA Piper Rudnick Gray Cary
1200 Nineteenth Street, N.W.
7th Floor
Washington, DC 20036-2430

> Re:   **United States v. Melissa Vaughn, et al.**
>        **Criminal No. 05-10102-JLT**

Dear Mr. Sullivan:

Pursuant to our conversation last week, enclosed is a reproduction of the State Settlement Agreements, bates numbered JB 008618 - JB 009175, that were produced electronically on November 14, 2005 but were largely illegible.

Also enclosed is a reproduction of the compact disc labeled "Data Disk 1-7, Lipo-CRF, C:\DATA\DOC #1," bates numbered JB 009709, included in the November 14, 2005 production as part of exhibit 3(t) to Christine Driscoll's January 11, 2005 testimony. The zip file contained on the disc has been expanded and should be viewable. Please note that the disc is a mirror image of the files used as part of exhibit 3(t) and has not been manipulated.

Should you have any questions or problems, do not hesitate to contact me at 617-748-3646.

Very truly yours,

MICHAEL J. SULLIVAN
United States Attorney

By:    MATTHEW S. STAVRIS
       Healthcare Fraud Paralegal

November 20, 2005
Page 2

cc:     Adam S. Hoffinger, Esq. (w/o enclosures)

 

**U.S. Department of Justice**

*Michael J. Sullivan*
*United States Attorney*
*District of Massachusetts*

*Main Reception: (617) 748-3100*

*John Joseph Moakley United States Courthouse*
*1 Courthouse Way*
*Suite 9200*
*Boston, Massachusetts 02210*

January 30, 2006

**VIA FEDERAL EXPRESS**

Thomas McC. Souther, Esq.
Sidley, Austin, Brown & Wood, LLP
787 Seventh Avenue
New York, NY 10019

Mark Berman, Esq.
Gibbons, Del Deo, Dolan, Griffinger & Vecchione
One Riverfront Plaza
Newark, NJ 07102-5496

Adam S. Hoffinger, Esq.
Piper Rudnick
1200 Nineteenth Street, NW
Washington, DC 20036-2430

Attorney Tracy A. Miner
Mintz, Levin, Cohn, Ferris, Glovsky & Popeo, LLP
One Financial Center
Boston, MA 02111

> Re:   United States v. John Bruens, et al.
>        Criminal No. 05-10102-JLT

Dear Counsel:

Pursuant to Local Rule of Criminal Procedure 116.3(A), this letter responds to your letter dated January 13, 2006 requesting discovery on behalf of your respective clients.

**General Responses and/or Objections:**

The United States asserts these general responses and/or objections:

First, please be advised that the United States has complied with its obligations pursuant to Fed. R. Crim. P.16 and L.R. 116.1 and 116.2 and understands its continuing obligation. As you know, the government has provided each of you with a copy of Serono's Index of documents produced by the company; an electronic database that contains a significant portion of documents that were produced by Serono, individuals, and entities doing business with Serono; access to



approximately 1000 boxes of documents and information obtained during the investigation of Serono (most of which are included in the electronic database), and approximately 144 boxes of documents (with an Index) that are more specifically related to this Indictment. Most of these documents have been scanned and copied by the defendants. These documents continue to be available for your review from 9:00 a.m. to 5:00 p.m. five days a week. In addition, in an abundance of caution, we are enclosing an index of boxes produced by Serono that are among the 1000 boxes previously made available but which may not have been scanned into the electronic database. There are also miscellaneous boxes of documents produced by various witnesses that are available to be reviewed, copied and scanned. If you identify additional materials you wish to have scanned and copied, please let us know and we will make arrangements for you to do so.

Second, many of the requests in your January 13, 2006 letter ask for documents that are subject to the attorney work product privilege. As noted above, the government has previously produced voluminous documents and records to you to be reviewed, scanned and/or copied. Thus, many documents requested have been previously produced and made available to the defense. Many of the documents that are now specifically requested necessarily include documents that are or may be subject to the attorney work product privilege. Please be advised that the United States is not waiving the attorney work product privilege, or any other privilege, therefore, any documents that may be subject to any such privilege(s) will be withheld on that basis.

Third, many of the requests in your January 13, 2006 letter ask for production of agent notes. The United States will produce any agent notes of a statement by a defendant in accordance with the interpretation of Fed. R. Crim. P. 16 (a)(1)(B)(ii) as set forth in *United States v. Vallee*, 380 F.Supp.2d 11 (D. Mass. 2005). The remainder of the requests for agent notes are beyond the obligations of the United States and will not be produced, also in accordance with *United States v. Vallee*, 380 F.Supp. 2d at 14-15.

Fourth, the United States understands and continues to comply with its on-going discovery obligations as additional records or documents are obtained and come within its possession, custody and control.

**Specific Responses and/or Objections:**

In response to your additional specific requests for discovery, we respond seriatim as follows:

**A.    Discovery**

At the outset, the government advised that since the prior production, additional documents have been requested and are in the process of being produced by Serono. When received, these documents will be made available to be reviewed, copied and/or scanned by the defendants.

2

The government responds to your specific discovery requests as follows:

1.    All documents and materials in the possession of the United States Department of Health and Human Services, Food and Drug Administration, or any other relevant federal agency, that relate to any of the Defendants or physicians referred to in the indictment.

**Response:**

This request is overbroad as it requests documents and objects that are not material to the defense, or documents or objects that the government intends to use at trial or any other category of disclosures that come within Fed. R. Crim. P. 16 and L. R. 116.1 and 116.2. For example, documents that may be in the possession of the U.S. Department of Health and Human Services will include Medicaid and Medicare billings for services rendered by physicians referred to in the Indictment concerning patients who were never prescribed Serostim or who do not have a diagnosis of HIV or AIDS and therefore are not relevant to any issue presented in this Indictment. On the other hand, this request could also include patient records and/or other documents that relate to patients who suffer from HIV and/or AIDS, but who never were prescribed Serostim. This request may also contain documents that are subject to the protections of HIPAA and various state statutes that protect patient information relating to patients with HIV or AIDS and which are subject to the Protective Order previously entered by the Court in this case.

In order to appropriately respond to this request and determine the relevance or materiality of the records requests, if the defendants are able to further and more specifically identify documents or materials that come within the disclosure requirements of Rule 16 and L.R. 116.1 and 116.2, the government will review those specific requests for documents within the custody or control of the named agencies and respond accordingly.

2.    Any and all notes of any state or federal agents who interviewed any of the Defendants, including, but not limited to, any notes authored by agents Michael J. English, Gregory Pringle, Cathy Plesha, and Kimberly Vagos.

Response:

Michael J. English and Gregory Pringle are investigators for the State of New Jersey who, unbeknownst to the United States, interviewed Marc Sirockman in a separate and unrelated investigation. We are advised that the notes of these agents are no longer in existence. At the time that the interview of Marc Sirockman was conducted, there was an informal policy and regular practice in their agency not to keep agent's notes, which was in accordance with case law in the State of New Jersey.

The interview notes of FBI Agents who interviewed the defendant Mary Stewart on

3

3/06/02 are attached in accordance with *United States v. Vallee*, 307 F.Supp.2d **at 11.**

   3.     An identification of all those physicians that were attendees **at the Cannes** conference at Serono's expense and that the government **characterizes as** "distinct" (see section G(6)of the May 31,2005 discovery letter **from AUSA** Mary Elizabeth Carmody to Tracy A. Miner) from those physicians **named in the** indictment. Further, please provide all documents, materials, **or other evidence on** which the government bases its distinction or which support **its statement that "the** circumstances of those doctors are distinct from those doctors **charged in the** Indictment." Id.

### Response:

All documents relevant to this request has been previously produced **to the defendants in** accordance with the requirements of Fed. R. Crim. P. 16 and L.R. 116.1 and **116.2. The United** States declines to outline its theory of the case to the defendants.

   4.     Any and all documents, communications, or notes of communication **between the** qui tam plaintiffs, or the lawyers for the qui tam plaintiffs, and the **government,** concerning the settlements which they were offered or received, **the allegations in** the indictment, or related matters. Additionally, please produce **any and all** checks, wire transfers, or other evidence of the settlement payments **paid out to** the qui tam plaintiffs.

### Response:

The United States has complied with its requirements under Fed. R. **Crim. P. 16 and L.R.** 116.1 and 116.2 by producing to the defendants documents relating to the qui **tam actions,** including but not limited to the complaints and settlement agreements; the **statements of the qui** tam relators; and copies of the Grand Jury transcripts of the qui tam plaintiffs. **In addition, the** government will make available to the defendants evidence of the settlement **payments paid out** to the qui tam plaintiffs which were not available at the time of the last disclosure. **As set forth** generally above, the United States objects to producing any documents that are subject **to the** attorney work product privilege. Documents reflecting any additional communications **that come** within the requirements under Fed. R. Crim. P. 16 and L.R. 116.1 and 116.2 will be **produced to** the defendants. The government is aware of its continuing obligations.

   5.     All documents or other materials relating to any other suits filed **by any of the qui** tam plaintiffs, including, but not limited to, the tape of qui tam **plaintiff Frank** Garcia's EEOC mediation with Serono.

4

**Response:**

This request is overbroad and well beyond the obligations of the United States under Rule 16 and the local rules. Moreover, the United States does not intend to introduce any such documents or materials in its case-in-chief, other than any documents previously produced. The government is aware of its continuing obligation should additional documents become available that are subject to disclosure obligations.

6.    All documents quantifying the loss alleged to have been caused by the Defendants' conduct.

**Response:**

This request is also overbroad and well beyond the obligations of the United States under Rule 16 and the local rules. Nevertheless, the United States has already provided documents relevant to this request in the electronic database and boxes of documents made available to the defendants. Non-patient identifiable Serostim Medicaid State Drug Utilization Data is available to the general public at http://www.cms.hhs.gov/MedicaidDrugRebateProgram/SDUD/list.asp. . In addition, if not already produced, the United States will make available to the defendants patient identifiable Medicaid billings to CMS to the extent available and subject to the protective order, as well as Serono's electronic databases containing information tangentially relevant to this request. The United States attaches hereto a copy of the final damage calculation relating to Serono (which is a confidential document not to be disclosed publically), as well as an index of electronic databases produced by Serono. At this time it is unclear whether all of these databases were included in the electronic database previously made available. Copies of the CDs can be made available at this time. Please advise which, if any, of these electronic databases you wish to have reproduced. The United States declines to provide any documents subject to the attorney work product privilege, other than the above damage calculation. Please contact the undersigned to arrange to view these records or obtain a copy of these databases.

7.    All documents concerning the pricing of Serostim during the relevant time period (1997-1999).

Response:

This request is overbroad and well beyond the obligations of the United States under Rule 16 and the local rules. Nevertheless, the United States has already provided documents relevant to this request in the electronic database and boxes of documents already made available to the defendants. Non-patient identifiable Serostim Medicaid State Drug Utilization Data is available publically at http://www.cms.hhs.gov/MedicaidDrugRebateProgram/SDUD/list.asp. In addition, the United States will make available to the defendants the patient identifiable raw data of the Medicaid billings to CMS to the extent available and subject to the protective order, as well as Serono's electronic databases containing information tangentially relevant to this request as listed



in an index of electronic databases. These databases may include "best price" information, but that information is completely unrelated to any issue in this investigation. If the defendants wish to obtain "best price" information, please contact the undersigned. The United States declines to provide any documents subject to the attorney work product privilege. Please contact the undersigned to arrange to view the records listed above or to obtain a copy of the databases set forth above.

8.  All documents quantifying the payments made by the federal government for Serostim for the relevant time period (1997-1999).

**Response:**

This request is overbroad and well beyond the obligations of the United States under Rule 16 and the local rules. Nevertheless, the United States has already provided documents relevant to this request in the electronic database and boxes of documents made available to the defendants. The Serostim Medicaid State Drug Utilization Data is available to the general public at http://www.cms.hhs.gov/MedicaidDrugRebateProgram/SDUD/list.asp. Nevertheless, as set forth above, the United States will make available to the defendants the patient identifiable raw data of the Medicaid billings, subject to the protective order. The United States declines to provide any documents subject to the attorney work product privilege. Please contact the undersigned to arrange to view these records.



9.  All documents quantifying payments made by any states or their Medicaid programs, including New York, New Jersey and Florida, for Serostim for the relevant time period (1997- 1999).

**Response:**

This request is overbroad and well beyond the obligations of the United States under Rule 16 and the local rules. Nevertheless, the United States has already provided documents relevant to this request in the electronic database and boxes of documents made available to the defendants. As set forth above, non-identifiable patient Medicaid data is publically available; the United States will make the patient-identifiable Medicaid data available to the defendants subject to the protective order. The United States declines to provide any documents subject to the attorney work product privilege. Please contact the undersigned to arrange to view these records.

10. All documents concerning Federal and State (including Medicaid) reimbursement for Serostim prescribed for the patients of Drs. RL, P, DC, AC, O, G and W, as identified in ¶17 of the indictment, for the relevant time period (1997-1999), including, but not limited to, all documents evidencing reimbursement sought, as well as reimbursement obtained.

6

**Response:**

The United States has already provided documents relevant to this request in the electronic database and boxes of documents made available to the defendants. Again, as above, non-patient identifiable Medicaid data is publically available; the United States will make patient identifiable Medicaid data available to the defendants, the Serocare Database and patient records to the extent that they are presently in the custody of the United States -- all subject to the protective order. The United States declines to provide any documents subject to the attorney work product privilege. Please contact the undersigned to arrange to view these records.

11.    All documents evidencing the amount of Serostim prescribed individually by Drs. RL, P, DC, AC, O, G and W during the relevant time period (1997-1999).

**Response:**

The United States is not in possession of all records that may be responsive to this request, but will provide any records that are in its possession, custody or control. Please contact the undersigned to arrange to view these records.

12.    All patient records for the patients who were prescribed Serostim by Drs. RL, P, DC, AC, O, G and W during that relevant time period (1997-1999) that evidence:

    a.    Medical diagnoses;

    b.    The date the drug was prescribed;

    c.    The dosing and dosage prescribed; and

    d.    Whether the prescription was filled, and if so, the date it was filled.

**Response:**

The United States is not in possession of all documents responsive to 12 (a)-(d), but has or will continue to make available to the defendants all records responsive to this request that are in its possession, custody or control. The United States has already provided such information as part of the electronic database, in the NDC data and Box 31 that was scanned by the defendants. Please contact the undersigned to arrange to view any patient records in our possession.

13.    All documents evidencing the alleged daily reports of prescriptions obtained, as alleged in ¶27 of the indictment.

7

**Response:**

Any records that are in the possession, custody or control of the United States have been provided to the defendants, including but not limited to the records of Drs. Corazon and Piperato that have been scanned by the defendants.

14. All documents concerning the "promises to certain other witnesses" that the government has thus far declined to produce, as referenced in section G(3) of the May 31, 2005 discovery letter from AUSA Mary Elizabeth Carmody to Tracy A. Miner.

**Response:**

Any records that are in the possession, custody or control of the United States were provided to the defendants in its supplemental production on November 14, 2005. The United States is also making available additional materials in response to request no. 4.

15. The document titled, "Serono AIDS Investigator Survey Agreement," as referenced in the 01/30/2003 (date of investigation) 302 Report concerning Alexis Corazon.

**Response:**

This was provided to the defendants in Box 47.

16. The interview notes, business card of Irene Delgado, and ChoicePoint results and accompanying paperwork, as referenced in the 02/04/2003 (date of investigation) 302 Report concerning Joseph Piperato.

**Response:**

The business card of Irene Delgado and the Choice Point results are attached. The United States is not obligated to and declines to produce "interview notes" of witnesses.

17. The following documents referenced in the 03/16/2003 (date of investigation) 302 Report concerning Joseph Piperato:

a. Two BIA print outs;

b. E-mail dated February 9, 1998;

c. Two checks from Serono, dated December 3, 1998 and February 11,1999, and all documents relating to those checks;

8

d.    E-mail dated February 26, 1999;

e.    Whitehurst expense report dated April 18, 1999;

f.    American Express statement of Womble; and

g.    List of "Dinner Invitees and Responses."

**Response:**

With the exception of subpart a (which is attached), these documents were produced as part of the electronic database or other production:

b.    E-mail dated February 9, 1998;
      -- at S Elec 0070766;
c.    Two checks from Serono, dated December 3, 1998 and February 11, 1999,
      and all documents relating to those checks;
      -- in Box 47
d.    E-mail dated February 26, 1999;
      --at S Elec 0698599
e.    Whitehurst expense report dated April 18, 1999;
      --S0710433; S0710436;
f.    American Express statement of Womble; and
      --Box 106
g.    List of "Dinner Invitees and Responses."
      --Box 106

18.   The following documents referenced in the 02/12/2003 (date of investigation) 302
      Report concerning Howard Alan Grossman, M.D.:

      a.    Letter from Sue Womble dated "March 31, 199" (sic); and

      b.    Document indicating that Grossman committed to conducting "two
            regional speaking programs."

**Response:**

These documents were produced in Box 113.

19.   The following documents and exhibits referenced in the transcript of the March
      16, 2004 grand jury transcript of Howard Alan Grossman, M.D.:

      a.    Medicaid patient listing, first referenced at Page 44;

9

b.     1999 appointment book, first referenced at Page 47;

c.     Power Point Presentation, first referenced at Page 86;

d.     E-mail dated April 4, 1999, first referenced at Page 81;

e.     The facsimile first referenced at Page 64 of the transcript;

f.     The "Transmission Report" first referenced at Page 67 of the transcript;

g.     The document/note first referenced at Page 70 of the transcript;

h.     The account profile first referenced at Page 72 of the transcript; and

i.     The document first referenced at Page 79 of the transcript.

### Response:

These documents were produced as part of the electronic database or other production except for the appointment book, which can be viewed by contacting the undersigned Assistant U.S. Attorney. In order to facilitate your review, duplicate copies of items a, c-i are attached.

20.    The 1999 calendars or appointment books (hard copy and electronic copy, including any such information on a personal digital assistant) for Drs. RL, P, DC, AC, O, G and W.

### Response:

The documents that are in the custody of the United States have been previously produced. The documents relating to Dr. Piperato are in Box 87; the documents relating to Dr. Corazon are in Box 47; the original of Dr. Grossman's book can be viewed at the United States Attorney's Office. We are not in possession of any appointment books of Drs. Condolucci, Liporace, Olmsheid or Wallack.

21.    The documents reviewed by the FBI Questioned Documents Unit, as identified in reports dated October 7, 2004 and May 5, 2004.

### Response:

Please contact the undersigned to arrange a time and date to view any such documents in the possession, custody and control of the United States.

22.    The following documents referenced in the 03/06/2002 (date of investigation) 302

10

Report concerning Mary Kathleen Stewart:

a.    Document titled, "Serostim Preferred Partner Program, Preferred Provider
      Impact";

b.    Document titled, "BIA Fluid -Nutrition Assessment";

c.    Document titled, "Metabolic Immune Therapy, Mary Stewart, Vice
      President, Sales";

d.    Document titled, "Open Label Study to Determine the Effect of Low Dose
      Growth Hormone on Visceral Fat Accumulation in HIV-Infected
      Patients"; and

e.    Document titled, "Serono, Notice of Compliance."

**Response:**

The government has attached all documents referred to in the report of Mary Stewart's
interview, which include documents in addition to those listed in subparagraphs a-e above.

23.    All documents which evidence how the memorandum purporting to set forth the
       contents of Melissa Vaughn's voice-mail to John Bruens on March 3, 1999, (bates
       no. MMS 00213) was created.

**Response:**

The Grand Jury testimony of Kimberly Jackson was previously produced. The United
States declines to produce any notes that are subject to attorney work-product privilege or agent
notes of witness interviews, except as they may otherwise be required to be disclosed pursuant to
Rule 16 and L.R. 116.1 and 116.2.

24.    A tape recording of what has been described as the March 3, 1999 voicemail from
       Melissa Vaughn to John Bruens.

**Response:**

To the government's knowledge, no such tape recording exists.

11

25.     Any and all testimony which purports to recount any statements made by a Defendant.

**Response:**

This request is overbroad and goes well beyond any requirements of Rule 16. In addition, the United States is not required to produce any Jencks Acts materials at this time.

26.     Any documents relating to Priority Pharmacy.

**Response:**

Documents responsive to this request were previously provided in the electronic database and the boxes of materials produced by the United States, including but not limited to Box 118 and Box 129. Additional materials may be contained in electonic databases that are being made available to the defendants. A copy of a power point presentation is attached.

27.     Grand jury exhibits relating to all grand jury testimony that has been produced by you to date.

**Response:**

To the extent that such materials were not already produced, they are attached in response to this and other requests.

28.     All documents relating to Ellen Frank.

This request is overbroad and well beyond the requirements of Rule 16 and L.R. 116.1 and 116.2. Nevertheless, any responsive documents were provided as part of the electronic database and other hard copy production, including but not limited to Box 101 and R-782.

**Response:**

29.     All documents relating to the following individuals who were cited in grand jury testimony and interview notes provided by the government: Chris Englert, Ken Staffey, Jeff Hart, Rebecca Savage, Dr. David Wheeler, Dr. Joel Gallant, Dr. Bruce Rashbaum, Jim Raymond, Cindy Bell, Russell Reserve, and Mary Sziemplinski.

**Response:**

This request is overbroad and well beyond the requirements of Rule 16 and L.R. 116.1 and 116.2. Nevertheless, any responsive documents, save for Grand Jury testimony that is not



required to be produced at this time, were provided as part of the electronic database and other hard copy production, including but not limited to Box 100-101 and 104.

30. All documents relating to Roger Anderson.

**Response:**

This request is overbroad and well beyond the requirements of Rule 16 and L.R. 116.1 and 116.2. Nevertheless, any responsive documents, save for Grand Jury testimony that is not required to be produced at this time, were provided as part of the electronic database and other hard copy production, including but not limited to Box 47.

31. All documents relating to other conferences for which Serono sponsored physicians.

**Response:**

This request is overbroad and well beyond the requirements of Rule 16 and L.R. 116.1 and 116.2. Nevertheless, any responsive documents, save for Grand Jury testimony that is not required to be produced at this time, were provided as part of the electronic database and other hard copy production. Documents relating to payments can be found in the accounts payable database which has been and is again being made available to the defendants.

32. All documents relating to HIV-AIDS-related speaking engagements by Drs. RL, P, DC, AC, O, G and W, including records of any honorarium payments made in connection therewith.

**Response:**

This request is overbroad and well beyond the requirements of Rule 16 and L.R. 116.1 and 116.2. Nevertheless, any responsive documents, save for Grand Jury testimony that is not required to be produced at this time, were provided as part of the electronic database and other hard copy production. Documents relating to payments can be found in the accounts payable database which has been and is again being made available to the defendants.

**B. Bill of Particulars**

In addition, and as more fully described below, Defendants request a bill of particulars as to certain of the allegations in the indictment returned on April 14, 2005. Specifically, Defendants request a bill of particulars setting forth the following:

1. The identification of all persons and/or entities referred to in the indictment by

13

description, title, or code. Specifically, Defendants ask that you identify the following:

    a.    Executive X, first referenced in ¶4 of the indictment; and

    b.    Drs. RL, P, DC, AC, O, G and W, first referenced in ¶17 of the indictment.

**Response:**

    a.    Executive X is Ellen Frank;

    b.    RL is Ralph Liporace; P is Joseph Piperato; DC is David Condolucci; AC is Alexis Corazon; O is Bruce Olmsheid; G is Howard Grossman; W is Jeffrey Wallach.

2.    The particular alleged conduct, other than the offer to physicians to attend the Cannes conference as alleged and described in ¶¶24-52 of the indictment, that the government considers to be part of the alleged scheme to offer or pay kickbacks to physicians, as referenced in section H of the May 31, 2005 discovery letter from AUSA Mary Elizabeth Carmody to Tracy A. Miner ("the government may offer evidence that defendant engaged in a scheme to offer or pay kickbacks to physicians not specifically referred to in the Indictment"), including:

    a.    When, where, and in what manner each individual defendant engaged in such conduct; and

    b.    Each person with whom the defendant engaged in such conduct with.

**Response:**

The United States declines to respond to these questions as beyond the scope of its discovery obligations. Given the detailed Indictment in this case, a bill of particulars is not warranted.

3.    The particular manner and means by which each unindicted co-conspirator is alleged to have:

    a.    joined the alleged conspiracy to knowingly and willfully offer and pay to attend the conference in Cannes, France in exchange for writing additional prescriptions of Serostim, including when each co-conspirator joined the conspiracy, each person with whom they agreed to commit any offense listed in the indictment, and how such agreement occurred (orally, in

writing, or by non-verbal communication); and

b.    carried out the alleged conspiracy, including when and where such acts occurred, and whether such acts involved one of the Defendants.

### Response:

The United States declines to respond to these questions as beyond the scope of its discovery obligations. Given the detailed Indictment in this case, a bill of particulars is not warranted.

### C.    Fed. R Evid. 404(b) Discovery

Finally, pursuant to Fed. R. Evid. 404(b), Defendants request that the government identify the other alleged crimes, wrongs, or acts it intends to offer with respect to each Defendant, by Defendant, "to establish, among other things, intent, knowledge, plan and absence of mistake or accident under Fed. R. Evid. 404(b)," and produce any supporting documents or materials. In light of the approaching trial date and the review of millions of pages of documents the Defendants must undertake, it is critical (and thus eminently "reasonable" under Fed. R. Evid. 404(b)'s "reasonable notice" standard) that the government now identify the "evidence that defendant engaged in a scheme to offer or pay kickbacks to physicians not specifically referred to in the indictment" (see section H section G(3) of the May 31, 2005 discovery letter from AUSA Mary Elizabeth Carmody to Tracy A. Miner), and other 404(b) material that it intends to offer. As identification of 404(b) evidence is relevant to severance decisions, Defendants will request that any severance motions not be required to be filed until receipt of the list of this evidence with respect to each Defendant.

### Response:

Local Rule 117.1(A)(4)(b) requires that the government produce a general description including date, time, and place of any crime, wrong or act the government intends to offer pursuant to Fed. R. Evid. 404(b) no later than 21 days before trial. Recognizing that there are voluminous documents in this case, the Government has previously provided notice that it may seek to introduce evidence that may be admitted pursuant to Fed. R. Evid. 404(b). The United States may offer evidence that the defendants engaged in schemes to offer or pay kickbacks to physicians not specifically referred to in the Indictment or schemes not specifically referred to in the Indictment. This evidence will include both testimony and documents (which have either been produced or will be made available to you). The government considers this evidence directly relevant to the conspiracy alleged in Count 1 of the Indictment. Should the Court disagree with the government, the government may offer this evidence pursuant to Fed. R. Evid. 404(b) in order to establish, among other things, intent, knowledge, plan, and absence of mistake or accident.

15

**Government's Second Request for Reciprocal Discovery:**

The government has previously requested reciprocal discovery pursuant to Rule 16(b) of the Federal Rules of Criminal Procedure and Local Rule 116.1(D). Please provide any such discovery on or before February 15, 2006.

**Additional Production:**

The following items are enclosed: Immunity Order for Adam Whitehurst; and signed copies of the proffer letters for Lawrence Higgins, M.D. and Jeffery Lynch. These letters were either not available or were inadvertently omitted from our last production.

Copies of e-mail CDs S Elec 108-110, which we have discovered were not included in the electronic database, will be made available to each of the defendants.

Please call the undersigned Assistant U.S. Attorney at (617) 748-3290 if you have any questions regarding any of these matters.

Very truly yours,

MICHAEL J. SULLIVAN
United States Attorney

By:

MARY ELIZABETH CARMODY
Assistant U.S. Attorney

Enclosures

cc:     United States District Judge Joseph L. Tauro
        (w/o enclosures)(Filed Under Seal)

        United States Magistrate Judge Marianne B. Bowler
        (w/o enclosures) (Filed Under Seal)

16

**SERONO: BOXES THAT MAY NOT HAVE BEEN SCANNED**

| Origin | Box | Contents |
|---|---|---|
| Serono, Inc. | R-58 | Joyce Finkelstein Box #11 and #8 |
| | R-110 | Serostim Mktg Pink Folders Box #9 8181-8199 |
| | R-113 | Pink Folders Box #10 99-8200-00-8247 Serostim MENA |
| | R-114 | Pink Folders Box #1 00-8250-00-8319 Serostim MENA |
| | R-120 | MENA Mktg Pink Folders M&IT SBU Bulletin Binder 10/99 - 12/99 |
| | R-135 | Ryan Whitecare Act |
| | R-143 | D. Kemp 6700 Serostim Mtg. Pink Folders 8121-8159 Box #7 |
| | R-313 - R-318 | M. Frachette Documents |
| | R-324 | M. Frachette Documents |
| | R-341 | M. Frachette Documents |
| | R-349 - R-350 | Serostim Study |
| | R-352 - R-373 | Serostim Study |
| | R-382 | M&IT Library |
| | R-384 | M&IT Library |
| | R-390 - R-392 | M&IT Library |
| | R-397 | MIT - M. Carlson |
| | R-401 | M&IT Library |
| | R-404 | M&IT Library |
| | R-410 | MRS Team TIND PT Files |
| | R-411 | MRS Team TIND PT Files |
| | R-412 | TIN DPT Files MRS Team |
| | R-413 | MRS Team TIND PT Files |
| | R-415 | Reimbursement Serostim & TIND Patient files dropouts L-MA |

| | |
|---|---|
| R-418 | TIND Files of Reimbursement Services Association |
| R-419 | Serostim Files of Reimbursement Services Association |
| R-420 | M&IT Library |
| R-423 | Serostim TIND Files Reimbursement Services Association |
| R-428 | Serostim TIND Files Reimbursement Services Association |
| R-430 | Serostim TIND Patient Files Dropouts N, O, PE |
| R-431 | Serostim |
| R-432 | Serostim Reimbursement Files |
| R-433 | Reimbursement Serostim Pt. Files Dropouts R |
| R-434 | Reimbursement Serostim Pt. Files Dropouts I, J, K |
| R-435 | Reimbursement Dropouts Mc-My |
| R-436 | Norma Muurahainen |
| R-441 - R-442 | Norma Muurahainen |
| R-444 - R-445 | Norma Muurahainen |
| R-452 - R-476 | Karen Currie - Serostim Study |
| R-476A | Pages left intentionally blank |
| R-477 - R-494 | Karen Currie - Serostim Study |
| R-496 | Karen Currie - Serostim Study |
| R-498 | Karen Currie - Serostim Study |
| R-501 | Karen Currie - Serostim Study |
| R-503 | Karen Currie - Serostim Study |
| R-505 | Serostim 5341, 5511, 7033 Correspondence, CRF copy, protocol, misc. |
| R-506 | John Able Files |
| R-508 | Serostim NDA 5431, 5511, 7033 Outside Labs |
| R-510 | Protocol 7623 |
| R-513 | Serostim NDA 5341, 5511, 7033 Outside Labs |

| | |
|---|---|
| R-514 | Karen Currie - Serostim Study |
| R-515 | Karen Currie - Serostim Study |
| R-516 | Karen Currie - Serostim Study |
| R-517 | Karen Currie - Serostim Study |
| R-520 | Serostim NDA 120 day update 5511, 7035, 7623 Misc. Files 5341, 5511, 7033, 4795 Cofs |
| R-525 | Serostim NDA 5341, 5511, 7033 Audits |
| R-526 | Serostim Treatment Form |
| R-529 | John Able Files |
| R-533 | Serostim Study Dividers 7623 Case Rpt Forms |
| R-537 | Medicaid Rebate 92-96 |
| R-538 | Serono Symposia |
| R-540 | 7623 Case Report Forms, Serostim Life Status Forms |
| R-543 | Protocol 7623, 95-97 |
| R-552 | Protocol 7623, 95-97 |
| R-554 | Serostim Study Cust. Box |
| R-558 | Protocol 7623, 95-97 |
| R-560 | Serostim TIND |
| R-561 | Serostim TIND |
| R-567 | AIDS Healthcare & Foundation Information |
| R-577 | SeronAIDS - Phase I Site Data |
| R-578 | Serostim TIND |
| R-579 | M&IT |
| R-582 | Original Contracts "C" |
| R-583 | Bob Lederer |
| R-584 | Original Contracts "P" & "Q" |
| R-586 | SeronAIDS - Phase I Site Data |

| | |
|---|---|
| R-589 | Bob Lederer |
| R-593 | Contracts L-M |
| R-594 | SeronAIDS - Phase I Site Data |
| R-595 | Bob Lederer |
| R-597 | SeronAIDS - Phase I Site Data |
| R-600 | SeronAIDS - Phase I Site Data |
| R-601 | Bob Lederer |
| R-605 | Original Contracts "A" |
| R-607 | Contracts N-P |
| R-609 | SeronAIDS - Phase I Site Data |
| R-615 | Growth Hormone Health Insurance |
| R-616 | Original Contracts "J" and "K" |
| R-630 | "Project Inform" Documents |
| R-638 | Original Contracts "E" |
| R-641 | SeronAIDS - Phase I Data |
| R-643 | Original Contracts "S" |
| R-670 | Contracts E-H |
| R-671 | Contract Cons-D |
| R-675 | Contracts CO |
| R-677 | Contracts T-Z |
| R-683 | Contract HRI |
| R-692 | Karen Currie - Serostim Study |
| R-692A | Serostim Preferred Partner Program Agreement Sample Documents |
| R-693 | Karen Currie - Serostim Study |
| R-694 | Karen Currie - Serostim Study |
| R-695 | Karen Currie - Serostim Study |

| R-696 | Karen Currie - Serostim Study |
| R-697 | Karen Currie - Serostim Study |
| R-698 | Karen Currie - Serostim Study |
| R-699 | Karen Currie - Serostim Study |
| R-700 | Karen Currie - Serostim Study |
| R-701 | Karen Currie - Serostim Study |
| R-702 | Karen Currie - Serostim Study |
| R-703 | Personnel files |
| R-704 | Personnel files |
| R-705 | Personnel files |
| R-706 | Personnel files |
| R-707 | Personnel files |
| R-710 | J. Larson |
| R-712 | J. Larson |
| R-713 | J. Larson |
| R-714 | J. Larson |
| R-715 | J. Larson |
| R-716 | J. Larson |
| R-717 | J. Larson |
| R-720 | MENA Account Payable |
| R-741 | A. Civetti |
| R-744 | A. Civetti |
| R-748 | John Abel |
| R-760 | Original Contracts W-Z |
| R-766 | Jeff Hart |
| R-781 | SeronAIDS - Phase I Site Data |

| | |
|---|---|
| R-782 | M&IT, R. Azulay, E. Frank, N. Muurahainen |
| R-783 | MENA |
| R-785 | Personnel files |
| R-787 | Videos |
| R-798 | GELCO Expense Reports |
| R-800 | GELCO Expense Reports |
| R-801 | GELCO Expense Reports |
| R-806 | GELCO Expense Reports |
| R-807 | Personnel files |
| R-812 | Videos |
| R-817 | GELCO Expense Reports |
| R-825 | Finance Department |
| R-826 | Eric Tisch |
| R-827 | M&IT |
| R-828 | Ernesto Bertarelli |
| R-829 | Ernesto Bertarelli |
| R-830 | Ernesto Bertarelli |
| R-831 | J. Theurillat |
| R-832 | J. Theurillat |
| R-833 | J. Theurillat |
| R-834 | F. Rubio-Sandi |
| R-840 | J.P. Verhassel |
| R-841 | J.P. Verhassel |
| R-842 | J.P. Verhassel |
| R-843 | M. Gehring |
| R-844 | M. Gehring |

| | | |
|---|---|---|
| R-846 | See Index Re: Document Redacted For Privilege Produced on October 17, 2003 | |
| R-847 | Tom Hallam | |
| R-849 | M&IT | |
| R-861 A&B | GELCO Expense Reports | |
| R-866 | R. Galinsky | |
| R-867 | L. Constantino | |
| R-868 | R. Galinksy | |
| R-869 A&B | GELCO Expense Reports | |
| R-870 | Human Resource | |
| R-871 | Human Resource | |
| R-872 A&B | GELCO Expense Reports | |
| R-873 A&B | GELCO Expense Reports | |
| R-874 - R-925 | MRS Department | |
| R-927 | Video Tapes | |
| R-928 | Audio Tapes | |
| R-929 | Human Resources | |
| R-932 | L. Constantino | |
| R-933 | K. Wills | |
| R-934 | D. Kemp | |
| R-935 | K. Wills | |
| R-936 | See Index Re: Document Redacted For Privilege Produced on October 15, 2004 | |
| R-937 | R. Rhinehart | |
| R-938 | D. Kemp | |
| R-940 | PowerPoint Presentation Re: Scope of Serostim Indication: AIDS Wasting | |
| R-943 | PowerPoint Presentation RE: Lipodystrophy | |
| R-944 | PowerPoint Presentation Re: BIA and Pharmacies | |

| | |
|---|---|
| R-945 | Employee List |
| R-946 | Employee List and February 7, 2005 Presentation |
| R-947 | Personnel files |
| R-948 | J. Hart |
| R-949 | J. Hart |
| R-950 | J. Hart |
| R-951 | |
| R-952 | Previously Withheld Documents |
| R-953 | Previously Withheld Documents |



**U.S. Department of Justice**

*Michael J. Sullivan*
*United States Attorney*
*District of Massachusetts*

*Main Reception: (617) 748-3100*

*John Joseph Moakley United States Courthouse*
*1 Courthouse Way*
*Suite 9200*
*Boston, Massachusetts 02210*

February 27, 2006

## VIA E-MAIL AND FEDERAL EXPRESS

Thomas McC. Souther, Esq.
Sidley, Austin, Brown & Wood, LLP
787 Seventh Avenue
New York, NY 10019

Mark Berman, Esq.
Gibbons, Del Deo, Dolan, Griffinger & Vecchione
One Riverfront Plaza
Newark, NJ 07102-5496

Adam S. Hoffinger, Esq.
Piper Rudnick
1200 Nineteenth Street, NW
Washington, DC 20036-2430

Attorney Tracy A. Miner
Mintz, Levin, Cohn, Ferris, Glovsky & Popeo, LLP
One Financial Center
Boston, MA 02111

### Re:    United States v. John Bruens, et al.
#### Criminal No. 05-10102-JLT

Dear Counsel:

This letter follows our conference call and various telephone calls regarding the defendant's discovery issues in this case, responds to your letter dated February 8, 2006, and, encloses additional production of discovery to the defendants:

1.    The revised and narrowed discovery request regarding "investigation materials related to the investigation of any defendant or physician referred to in the Indictment, that are in the possession of the United States Department of Health and Human Services, Food and Drug Administration, or any other relevant federal agency."

**Response:**

To date, and after appropriate inquiries, the government has not discovered any such materials. The government is aware of its continuing obligations and reserves the

objections previously set forth in its January 31, 2006 letter.

2.      As previously discussed, copies of the CD's containing the electronic databases SCD
        0000001-14, SCD 0000016-17, and SCD 0000020-22, are enclosed with a copy for each
        defense counsel.

3.      Also as previously discussed, enclosed are 62 CD's that contain "tif images" of 248 of the
        approximately 313 boxes that may not have been included in the initial discovery
        database.[1]  Four of the remaining boxes contain video and audio tapes. Copies of the
        video and audio tapes have either already been disclosed or will shortly be disclosed. The
        government is in the process of verifying which videos were already produced and will
        provide copies of any that may not have been previously disclosed.

        The remaining 61 boxes, a majority of which are unrelated to the instant Indictment, are
        available for you to review at the office of the United States Attorney. An index is
        enclosed for your information and to aid you in determining which boxes you wish to
        review. These documents continue to be available for your review from 9:00 a.m. to 5:00
        p.m. five days a week. Please contact the undersigned to arrange a convenient time for
        inspection of these documents.

4.      Supplemental response to request no. 5, requesting: "[a]ll documents or other materials
        relating to any other suits filed by any of the qui tam plaintiffs, including, but not limited
        to, the tape of qui tam plaintiff Frank Garcia's EEOC mediation with Serono."

**Response:**

        Enclosed is the docket report in *United States ex. rel. Driscoll*, C.A. No. 94-11491-RWZ,
        which directs you to records that are publicly available. As stated previously, the
        remainder of this request is overbroad and well beyond the obligations of the United
        States under Rule 16 and the local rules. Moreover, the United States does not intend to
        introduce any such documents or materials in its case-in-chief, other than any documents
        previously produced. In addition, this request asks for documents that are subject to the
        attorney work product privilege. Please be advised once again that the United States is
        not waiving the attorney work product privilege, or any other privilege, therefore, any
        documents that may be subject to any such privilege(s) will be withheld on that basis.
        Finally, this request may necessarily encompass agent notes. The United States will not
        produce any agent notes beyond the obligations set forth in *United States v. Vallee*, 380

---

[1]  As time is of the essence and the United States does not presently have the personnel to
upload the 62 CD's into individual databases, it is more time efficient for all parties for the
United States to disclose one set of these 62 CD's to the defense, Attorney Tracy Miner, on
behalf of each of the defendants. Attorney Miner can then coordinate distribution of the CD's to
add to the database for each defendant.

2

F.Supp. 2d at 14-15.

5.    **Supplemental response to your requests nos. 6, 7, 7, 9 and 10:**

     **Response:**

     In addition to its previous disclosures, enclosed are 4 CDs containing the Medicaid Data
     for Serostim.

6.    As we advised in our January 31, 2006 letter and during our conference call, copies of e-
     mail CDs S Elec 108 and 109 are enclosed for each of the defendants. In our last letter
     we mentioned an S Elec 110 -- we have confirmed with the company that there is no 110.

7.    Also enclosed are documents from Florida Medicaid relating to CommCare Pharmacy,
     which we just received from the State of Florida.

     Please do not hesitate to telephone the undersigned at (617) 748-3290 if you have any
questions regarding any of these matters.

                              Very truly yours,

                              MICHAEL J. SULLIVAN
                              United States Attorney

                              By:

                              MARY ELIZABETH CARMODY
                              Assistant U.S. Attorney

Enclosures

3

| Origin | Box | Contents | USAO Bates Number |
|--------|-----|----------|-------------------|
| Serono, Inc. | R-58 | Joyce Finkelstein Box #11 and #8 | Available for review |
| | R-110 | Serostim Mktg Pink Folders Box #9 8181-8199 | Available for review |
| | R-113 | Pink Folders Box #10 99-8200-00-8247 Serostim MENA | Available for review |
| | R-114 | Pink Folders Box #1 00-8250-00-8319 Serostim MENA | Available for review |
| | R-120 | MENA Mktg Pink Folders M&IT SBU Bulletin Binder 10/99 - 12/99 | Available for review |
| | R-135 | Ryan Whitecare Act | Available for review |
| | R-143 | D. Kemp 6700 Serostim Mtg. Pink Folders 8121-8159 Box #7 | Available for review |
| | R-313 | M. Frachette Documents | Available for review |
| | R-314 | M. Frachette Documents | Available for review |
| | R-315 | M. Frachette Documents | Available for review |
| | R-316 | M. Frachette Documents | Available for review |
| | R-317 | M. Frachette Documents | Available for review |
| | R-318 | M. Frachette Documents | Available for review |
| | R-324 | M. Frachette Documents | JB 010241 |
| | R-341 | M. Frachette Documents | JB 010241 |
| | R-349 | Serostim Study | Available for review |
| | R-350 | Serostim Study | Available for review |
| | R-352 | Serostim Study | Available for review |
| | R-353 | Serostim Study | JB 010238 |
| | R-354 | Serostim Study | Available for review |
| | R-355 | Serostim Study | JB 010236 |
| | R-356 | Serostim Study | JB 010236 |
| | R-357 | Serostim Study | JB 010236 |
| | R-358 | Serostim Study | JB 010236 |
| | R-359 | Serostim Study | JB 010236 |
| | R-360 | Serostim Study | JB 010237 |
| | R-361 | Serostim Study | JB 010238 |
| | R-362 | Serostim Study | JB 010238 |
| | R-363 | Serostim Study | JB 010238 |
| | R-364 | Serostim Study | JB 010237 |
| | R-365 | Serostim Study | JB 010237 |
| | R-366 | Serostim Study | JB 010238 |
| | R-367 | Serostim Study | JB 010238 |
| | R-368 | Serostim Study | JB 010238 |
| | R-369 | Serostim Study | JB 010237 |

| R-370 | Serostim Study | JB 010238 |
|---|---|---|
| R-371 | Serostim Study | JB 010238 |
| R-372 | Serostim Study | JB 010237 |
| R-373 | Serostim Study | JB 010237 |
| R-382 | M&IT Library | Available for review |
| R-384 | M&IT Library | JB 010242 |
| R-390 | M&IT Library | JB 010239 |
| R-390 B | M&IT Library | JB 010241 |
| R-391 | M&IT Library | JB 010240 |
| R-392 | M&IT Library | JB 010241 |
| R-397 | MIT - M. Carlson | JB 010243 |
| R-401 | M&IT Library | JB 010241 |
| R-404 | M&IT Library | JB 010241 |
| R-410 | MRS Team TIND PT Files | JB 010244 |
| R-411 | MRS Team TIND PT Files | JB 010243 |
| R-412 | TIN DPT Files MRS Team | JB 010243 |
| R-413 | MRS Team TIND PT Files | JB 010242 |
| R-415 | Reimbursement Serostim & TIND Patient files dropouts L-MA | JB 010242 |
| R-418 | TIND Files of Reimbursement Services Association | Available for review |
| R-419 | Serostim Files of Reimbursement Services Association | JB 010245 |
| R-420 | M&IT Library | JB 010243 |
| R-423 | Serostim TIND Files Reimbursement Services Association | JB 010264 |
| R-428 | Serostim TIND Files Reimbursement Services Association | JB 010244 |
| R-430 | Serostim TIND Patient Files Dropouts N, O, PE | JB 010246 |
| R-431 | Serostim | JB 010246 |
| R-432 | Serostim Reimbursement Files | JB 010247 |
| R-433 | Reimbursement Serostim Pt. Files Dropouts R | JB 010246 |
| R-434 | Reimbursement Serostim Pt. Files Dropouts I, J, K | JB 010247 |
| R-435 | Reimbursement Dropouts Mc-My | JB 010244 |
| R-436 | Norma Muurahainen | JB 010247 |
| R-441 | Norma Muurahainen | JB 010248 |
| R-442 | Norma Muurahainen | JB 010249 |
| R-444 | Norma Muurahainen | JB 010250 |
| R-445 | Norma Muurahainen | JB 010249 |
| R-452 | Karen Currie - Serostim Study | JB 010246 |
| R-453 | Karen Currie - Serostim Study | JB 010246 |
| R-454 | Karen Currie - Serostim Study | JB 010255 |

| R-455 | Karen Currie - Serostim Study | JB 010251 |
| R-456 | Karen Currie - Serostim Study | JB 010268 |
| R-457 | Karen Currie - Serostim Study | JB 010279 |
| R-458 | Karen Currie - Serostim Study | JB 010249 |
| R-459 | Karen Currie - Serostim Study | JB 010249 |
| R-460 | Karen Currie - Serostim Study | JB 010242, JB 010259 |
| R-461 | Karen Currie - Serostim Study | JB 010250 |
| R-462 | Karen Currie - Serostim Study | JB 010249 |
| R-463 | Karen Currie - Serostim Study | JB 010258 |
| R-464 | Karen Currie - Serostim Study | Available for review |
| R-465 | Karen Currie - Serostim Study | JB 010252 |
| R-466 | Karen Currie - Serostim Study | JB 010253 |
| R-467 | Karen Currie - Serostim Study | JB 010253 |
| R-468 | Karen Currie - Serostim Study | JB 010254 |
| R-469 | Karen Currie - Serostim Study | JB 010251 |
| R-470 | Karen Currie - Serostim Study | JB 010254 |
| R-471 | Karen Currie - Serostim Study | JB 010249 |
| R-472 | Karen Currie - Serostim Study | JB 010255 |
| R-473 | Karen Currie - Serostim Study | JB 010255 |
| R-474 | Karen Currie - Serostim Study | JB 010253 |
| R-475 | Karen Currie - Serostim Study | JB 010256 |
| R-476 | Karen Currie - Serostim Study | JB 010265 |
| R-476A | Pages left intentionally blank | JB 010257 |
| R-477 | Karen Currie - Serostim Study | JB 010254 |
| R-478 | Karen Currie - Serostim Study | JB 010255 |
| R-479 | Karen Currie - Serostim Study | JB 010264 |
| R-480 | Karen Currie - Serostim Study | JB 010258 |
| R-481 | Karen Currie - Serostim Study | JB 010259 |
| R-482 | Karen Currie - Serostim Study | JB 010259 |
| R-483 | Karen Currie - Serostim Study | JB 010264 |
| R-484 | Karen Currie - Serostim Study | JB 010261 |
| R-485 | Karen Currie - Serostim Study | JB 010261 |
| R-486 | Karen Currie - Serostim Study | JB 010260 |
| R-487 | Karen Currie - Serostim Study | JB 010264 |
| R-488 | Karen Currie - Serostim Study | JB 010247 |
| R-489 | Karen Currie - Serostim Study | JB 010261 |
| R-490 | Karen Currie - Serostim Study | JB 010261 |

| R-491 | Karen Currie - Serostim Study | JB 010269 |
| R-492 | Karen Currie - Serostim Study | JB 010265 |
| R-493 | Karen Currie - Serostim Study | JB 010255 |
| R-494 | Karen Currie - Serostim Study | JB 010259 |
| R-496 | Karen Currie - Serostim Study | JB 010262, JB 010263 |
| R-498 | Karen Currie - Serostim Study | JB 010262, JB 010263 |
| R-501 | Karen Currie - Serostim Study | JB 010263 |
| R-503 | Karen Currie - Serostim Study | JB 010264 |
| R-505 | Serostim 5341, 5511, 7033 Correspondence, CRF copy, protocol, misc. | JB 010279 |
| R-506 | John Able Files | JB 010265 |
| R-508 | Serostim NDA 5431, 5511, 7033 Outside Labs | Available for review |
| R-510 | Protocol 7623 | JB 010266 |
| R-513 | Serostim NDA 5341, 5511, 7033 Outside Labs | JB 010251 |
| R-514 | Karen Currie - Serostim Study | JB 010265 |
| R-515 | Karen Currie - Serostim Study | JB 010247 |
| R-516 | Karen Currie - Serostim Study | JB 010269 |
| R-517 | Karen Currie - Serostim Study | JB 010247 |
| R-520 | 4795 Cofs | JB 010267 |
| R-525 | Serostim NDA 5341, 5511, 7033 Audits | JB 010266 |
| R-526 | Serostim Treatment Form | JB 010268 |
| R-529 | John Able Files | JB 010268 |
| R-533 | Serostim Study Dividers 7623 Case Rpt Forms | JB 010269 |
| R-537 | Medicaid Rebate 92-96 | JB 010271 |
| R-538 | Serono Symposia | JB 010283 |
| R-540 | 7623 Case Report Forms, Serostim Life Status Forms | JB 010270 |
| R-543 | Protocol 7623, 95-97 | JB 010254 |
| R-552 | Protocol 7623, 95-97 | JB 010269 |
| R-554 | Serostim Study Cust. Box | JB 010270 |
| R-558 | Protocol 7623, 95-97 | JB 010248 |
| R-560 | Serostim TIND | JB 010269 |
| R-561 | Serostim TIND | JB 010248 |
| R-567 | AIDS Healthcare & Foundation Information | JB 010277 |
| R-577 | SeronAIDS - Phase I Site Data | Available for review |
| R-578 | Serostim TIND | JB 010271 |
| R-579 | M&IT | JB 010275 |
| R-582 | Original Contracts "C" | JB 010270 |
| R-583 | Bob Lederer | JB 010271 |

| R-584 | Original Contracts "P" & "Q" | JB 010275 |
|---|---|---|
| R-586 | SeronAIDS - Phase I Site Data | Available for review |
| R-589 | Bob Lederer | JB 010271 |
| R-593 | Contracts L-M | JB 010273 |
| R-594 | SeronAIDS - Phase I Site Data | JB 010271 |
| R-595 | Bob Lederer | JB 010272 |
| R-597 | SeronAIDS - Phase I Site Data | JB 010272 |
| R-600 | SeronAIDS - Phase I Site Data | Available for review |
| R-601 | Bob Lederer | Available for review |
| R-605 | Original Contracts "A" | JB 010273 |
| R-607 | Contracts N-P | JB 010296 |
| R-609 | SeronAIDS - Phase I Site Data | Available for review |
| R-615 | Growth Hormone Health Insurance | Available for review |
| R-616 | Original Contracts "J" and "K" | JB 010273 |
| R-630 | "Project Inform" Documents | Available for review |
| R-638 | Original Contracts "E" | JB 010275 |
| R-641 | SeronAIDS - Phase I Data | JB 010274 |
| R-643 | Original Contracts "S" | JB 010275 |
| R-670 | Contracts E-H | JB 010273 |
| R-671 | Contract Cons-D | JB 010275 |
| R-675 | Contracts CO | JB 010273 |
| R-677 | Contracts T-Z | JB 010296 |
| R-683 | Contract HRI | JB 010273 |
| R-692 | Karen Currie - Serostim Study | JB 010266 |
| R-692A | Serostim Preferred Partner Program Agreement Sample Documents | JB 010252 |
| R-693 | Karen Currie - Serostim Study | JB 010276 |
| R-694 | Karen Currie - Serostim Study | JB 010277 |
| R-695 | Karen Currie - Serostim Study | JB 010277 |
| R-696 | Karen Currie - Serostim Study | JB 010265 |
| R-697 | Karen Currie - Serostim Study | JB 010267 |
| R-698 | Karen Currie - Serostim Study | JB 010278 |
| R-699 | Karen Currie - Serostim Study | JB 010279 |
| R-700 | Karen Currie - Serostim Study | JB 010270 |
| R-701 | Karen Currie - Serostim Study | JB 010269 |
| R-702 | Karen Currie - Serostim Study | JB 010279 |
| R-703 | Personnel files | JB 010273 |
| R-704 | Personnel files | JB 010275 |

| | | |
|---|---|---|
| R-705 | Personnel files | JB 010273 |
| R-706 | Personnel files | JB 010273 |
| R-707 | Personnel files | JB 010280 |
| R-710 | J. Larson | Available for review |
| R-712 | J. Larson | Available for review |
| R-713 | J. Larson | JB 010281 |
| R-714 | J. Larson | JB 010281 |
| R-715 | J. Larson | JB 010281 |
| R-716 | J. Larson | Available for review |
| R-717 | J. Larson | Available for review |
| R-720 | MENA Account Payable | JB 010275 |
| R-741 | A. Civetti | JB 010296 |
| R-744 | A. Civetti | JB 010296 |
| R-748 | John Abel | JB 010296 |
| R-760 | Original Contracts W-Z | JB 010282 |
| R-766 | Jeff Hart | JB 010282 |
| R-781 | SeronAIDS - Phase I Site Data | Available for review |
| R-782 | M&IT, R. Azulay, E. Frank, N. Muurahainen | Available for review |
| R-783 | MENA | Available for review |
| R-785 | Personnel files | JB 010283 |
| R-787 | Videos | Video tapes -- to be duplicated |
| R-798 | GELCO Expense Reports | JB 010283 |
| R-800 | GELCO Expense Reports | JB 010286 |
| R-801 | GELCO Expense Reports | JB 010284 |
| R-806 | GELCO Expense Reports | JB 010284 |
| R-807 | Personnel files | JB 010284 |
| R-812 | Videos | Video tapes -- to be duplicated |
| R-817 | GELCO Expense Reports | JB 010284 |
| R-825 | Finance Department | JB 010285 |
| R-826 | Eric Tisch | JB 010285 |
| R-827 | M&IT | JB 010242 |
| R-828 | Ernesto Bertarelli | JB 010285 |
| R-829 | Ernesto Bertarelli | JB 010285 |
| R-830 | Ernesto Bertarelli | JB 010285 |
| R-831 | J. Theurillat | JB 010286 |
| R-832 | J. Theurillat | JB 010286 |
| R-833 | J. Theurillat | JB 010286 |

| | | |
|---|---|---|
| R-834 | F. Rubio-Sandi | JB 010285 |
| R-840 | J.P. Verhassel | JB 010285 |
| R-841 | J.P. Verhassel | JB 010285 |
| R-842 | J.P. Verhassel | JB 010285 |
| R-843 | M. Gehring | JB 010285 |
| R-844 | M. Gehring | JB 010285 |
| R-846 | See Index Re: Document Redacted For Privilege Produced on October 17, 2003 | JB 010286 |
| R-847 | Tom Hallam | JB 010285 |
| R-849 | M&IT | JB 010285 |
| R-861 A&B | GELCO Expense Reports | Available for review |
| R-866 | R. Galinsky | Available for review |
| R-867 | L. Constantino | Available for review |
| R-868 | R. Galinksy | Available for review |
| R-869 A&B | GELCO Expense Reports | Available for review |
| R-870 | Human Resource | Available for review |
| R-871 | Human Resource | Available for review |
| R-872 A&B | GELCO Expense Reports | Available for review |
| R-873 A&B | GELCO Expense Reports | Available for review |
| R-874 | MRS Department | JB 010287, JB 010297 |
| R-875 | MRS Department | JB 010283, JB 010287 |
| R-876 | MRS Department | JB 010283, JB 010287 |
| R-877 | MRS Department | JB 010287 |
| R-878 | MRS Department | JB 010287 |
| R-879 | MRS Department | JB 010288 |
| R-880 | MRS Department | JB 010288 |
| R-881 | MRS Department | JB 010288 |
| R-882 | MRS Department | JB 010288 |
| R-883 | MRS Department | JB 010289 |
| R-884 | MRS Department | JB 010289 |
| R-885 | MRS Department | JB 010289 |
| R-886 | MRS Department | JB 010289 |
| R-887 | MRS Department | JB 010289 |
| R-888 | MRS Department | JB 010290 |
| R-889 | MRS Department | JB 010290 |
| R-890 | MRS Department | JB 010290 |
| R-891 | MRS Department | JB 010290 |
| R-892 | MRS Department | JB 010291 |

| R-893 | MRS Department | JB 010291 |
|---|---|---|
| R-894 | MRS Department | JB 010291 |
| R-895 | MRS Department | JB 010291 |
| R-896 | MRS Department | JB 010291 |
| R-897 | MRS Department | Available for review |
| R-898 | MRS Department | Available for review |
| R-899 | MRS Department | Available for review |
| R-900 | MRS Department | Available for review |
| R-901 | MRS Department | Available for review |
| R-902 | MRS Department | JB 010292 |
| R-903 | MRS Department | JB 010292 |
| R-904 | MRS Department | JB 010292 |
| R-905 | MRS Department | JB 010292 |
| R-906 | MRS Department | JB 010292 |
| R-907 | MRS Department | JB 010293 |
| R-908 | MRS Department | JB 010293 |
| R-909 | MRS Department | JB 010293 |
| R-910 | MRS Department | JB 010293 |
| R-911 | MRS Department | JB 010293 |
| R-912 | MRS Department | JB 010294 |
| R-913 | MRS Department | JB 010294 |
| R-914 | MRS Department | JB 010294 |
| R-915 | MRS Department | JB 010294 |
| R-916 | MRS Department | JB 010295 |
| R-917 | MRS Department | JB 010295 |
| R-918 | MRS Department | JB 010295 |
| R-919 | MRS Department | JB 010295 |
| R-920 | MRS Department | JB 010263 |
| R-921 | MRS Department | JB 010296 |
| R-922 | MRS Department | JB 010296 |
| R-923 | MRS Department | JB 010296 |
| R-924 | MRS Department | JB 010296 |
| R-925 | MRS Department | JB 010297 |
| R-927 | Video Tapes | Video tapes -- to be duplicated |
| R-928 | Audio Tapes | Audio tapes -- to be duplicated |
| R-929 | Human Resources | Available for review |
| R-932 | L. Constantino | JB 010297 |

| R-933 | K. Wills | Available for review |
| R-934 | D. Kemp | Available for review |
| R-935 | K. Wills | Available for review |
| R-936 | See Index Re: Document Redacted For Privilege Produced on October 15, 2004 | Available for review |
| R-937 | R. Rhinehart | Available for review |
| R-938 | D. Kemp | JB 010297 |
| R-940 | PowerPoint Presentation Re: Scope of Serostim Indication: AIDS Wasting | Available for review |
| R-943 | PowerPoint Presentation RE: Lipodystrophy | Available for review |
| R-944 | PowerPoint Presentation Re: BIA and Pharmacies | Available for review |
| R-945 | Employee List | Available for review |
| R-946 | Employee List and February 7, 2005 Presentation | Available for review |
| R-947 | Personnel files | JB 010285 |
| R-948 | J. Hart | JB 010285 |
| R-949 | J. Hart | JB 010286 |
| R-949B | | JB 010286 |
| R-950 | J. Hart | JB 010285 |
| R-951 | | Available for review |
| R-952 | Previously Withheld Documents | JB 010285 |
| R-953 | Previously Withheld Documents | JB 010285 |



**U.S. Department of Justice**

*Michael J. Sullivan*
*United States Attorney*
*District of Massachusetts*

*Main Reception: (617) 748-3100*                    *John Joseph Moakley United States Courthouse*
*1 Courthouse Way*
*Suite 9200*
*Boston, Massachusetts 02210*

December 5, 2005

**VIA FEDERAL EXPRESS**
Tracy Miner, Esq.
Mintz, Levin, Cohn, Ferris, Glovsky & Popeo LLP
One Financial Center
Boston, MA 02111

      **Re:**   **United States v. Marc Sirockman, et al.**
           **Criminal No. 05-10102-JLT**

Dear Ms. Miner:

      It has been brought to our attention that the State Settlement Agreements, bates numbered JB 008618 - JB 009175, produced electronically on November 14, 2005 were largely illegible. Enclosed is a reproduction of those State Settlement Agreements.

      Also enclosed is a reproduction of the compact disc labeled "Data Disk 1-7, Lipo-CRF, C:\DATA\DOC #1," bates numbered JB 009709, included in the November 14, 2005 production as part of exhibit 3(t) to Christine Driscoll's January 11, 2005 testimony. The zip file contained on the disc had previously produced an error but now has been expanded and should be viewable. Please note that the disc is a mirror image of the files used as part of exhibit 3(t).

      Should you have any questions or problems, do not hesitate to contact me at 617-748-3646.

                       Very truly yours,

                       MICHAEL J. SULLIVAN
                       United States Attorney

            By:

                       MATTHEW S. STAVRIS
                       Healthcare Fraud Paralegal