UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA )
)
)
v. )          Criminal No. 05-10102-JLT
)
)
JOHN BRUENS, MARY STEWART, )
MELISSA VAUGHN AND )
MARK SIROCKMAN, )
)
    Defendants. )

**GOVERNMENT'S OPPOSITION TO THE DEFENDANTS'
JOINT MOTION FOR IMMEDIATE DISCLOSURE
OF FED. R. CRIM. P. 404(b) EVIDENCE**

The Government herewith opposes the motion of the Defendants, John Bruens, Mary

Stewart, Melissa Vaughn and Mark Sirockman for Immediate Disclosure of Fed. R. Crim. P.

404(b) Evidence and requests the Court to deny the Motion for the reason that it is extremely

premature, and there is no cause to require such disclosure at this juncture in the proceedings.

**Argument:**

The defendants assert that they are "*entitled* to **immediate** notice of what Rule 404(b)

evidence, if any, the government intends to introduce at trial and the purpose for which it seeks

to admit that evidence." The defendants refer to the fact that the government's investigation of

Serono was broad and took five years to complete. They cite other Indictments that have come

from the same overall investigation, yet assert that they have "only" been provided "with notice

that they will have to defend against the Cannes allegation." It is unclear why the defendants

would be entitled to **immediate** disclosure of the government's Rule 404(b) evidence simply due

to the fact that two separate cases involving quite different allegations and different statutory

violations arose out of the same investigation.  This mere fact does not merit early disclosure of

the government's Rule 404(b) evidence in this case.

The defendants do seem to understand that this evidence normally comes within the

twenty-one (21) day disclosure required by L.R. 116.1(B)(2).  However, they assert that twenty-

one (21) days before trial will not be enough notice in advance of trial to prepare for any such

evidence to be admitted..  The defendants note in their Memorandum, they are still receiving and

reviewing discovery produced by the government.  Based upon the volume of discovery, the fact

that discovery is still on-going, the parties have not yet filed any substantive motions, and there

is no trial date yet, this motion is entirely premature and should be denied.[1]  As the First Circuit

noted in *United States v. Tuesta-Toro*, Rule 404(b) comes within "the *mainstream* with notice

and disclosure provisions in *other rules of evidence* but was not intended to impose on

government a greater disclosure burden than currently required by Fed. R. Crim. P. 16." *United*

*States v. Tuesta-Toro*, 29 F.3d 771, 775 (1ˢᵗ Cir. 1994)(Emphasis in original)(internal citations

omitted).

The defendants assert that the need for the government's Rule 404(b) evidence is

"particularly pressing" at this time because the government investigated this case for five years.

At the same time, however, they acknowledge that the conspiracy count in the instant Indictment

---

[1]  As the government described in its Opposition to the Motion for a Bill of Particulars, it
has engaged in extraordinary efforts to provide the necessary guidance to the defendants
regarding these documents to aid them in identifying any documents relevant to this narrow
Indictment.  The defendants have many aids, both electronic searching tools, as well as several
indexes to allow them to identify any relevant evidence.  Based upon all these facts it is not
necessary to place the burden on the government to relieve defense counsel of the need to review
the documents produced by the government, nor is it appropriate.

is "relatively narrowly" framed.  The defendants also characterize the amount of discovery

provided by the government in this case as "unfortunate" and acknowledge, as the government

had previously advised them, that much of the disclosure does not address the narrow conspiracy

in the instant case.[2]   The defendants request for such disclosure at this time is unreasonable and

unnecessary.

        At this time the government has not yet decided what, if any, "bad acts" evidence it will

seek to admit in its case in chief or whether any such evidence exists.  The government is only

required to notify the defendants of Rule 404(b) "evidence which [it] presently intends, *as of the*

*time the government responds to the request,* to introduce at trial."  *United States v. Tuesta-Toro*,

29 F.3d at 775 n. 1.  At this time there is no such evidence to report.

        Simply because the government advised that it may introduce such evidence at trial in its

May 31, 2005 disclosure letter does not require the disclosure of the evidence at this early stage

in the litigation.  Moreover, the government's use of the term "bad acts" in this opposition is not

intended to be a concession that offers or payments of other remunerations fall within the

parameters of Rule 404(b).  Indeed, it may be the case that any evidence the government may

offer will not come within Rule 404(b) but is intrinsically intertwined with the conspiracy

alleged in the Indictment. *See United States v. Epstein,* 426 F.3d 431, 439 (1st Cir. 2005).  This

was the intent of the statement in the May 31, 2005 letter.

        The government acknowledges that the usual 21 day disclosure deadline before the trial

date may not be appropriate in this case.  As a result, the government will, agreement, provide

---

[2]   The conspiracy to offer or pay illegal remunerations or kickbacks to physicians, that is
an all expenses paid trip to Cannes, France in return for writing additional prescriptions of
Serostim.

the defendants any Rule 404(b) evidence thirty (30) days prior to the trial date, which has not yet been set.  Thirty days has been found reasonable in other cases in which there is no threat to the safety of prospective witnesses and such evidence is important to the action.  *See, United States v. Butler,* 351 F.Supp2d 121, 133 (S.D.N.Y. 2004); *United States v. Nachamie,* 91 F.Supp.2d 565, 577 (S.D.N.Y. 2000).  The government therefore agrees to disclose any evidence it intends to introduce in its case in chief at least thirty (30) days prior to trial.

Wherefore, the government requests that the court deny the defendants Joint Motion for Immediate Disclosure of Fed. R. Crim. P. 404(b) Evidence.

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney
District of Massachusetts

By:    /s/ Mary Elizabeth Carmody

_____
MARY ELIZABETH CARMODY
Assistant U.S. Attorney
SUSAN M. POSWISTILO
Assistant U.S. Attorney
U. S. Attorney's Office
John Joseph Moakley
   United States Courthouse
1 Courthouse Way, Suite 9200
Boston, MA  02210
(617) 748-3290

DATED:   March 3, 2006

### CERTIFICATE OF SERVICE

I hereby certify that on a true copy of the above document was served upon the attorney of record for each other party by e-mail on March 3, 2006.

/s/ Mary Elizabeth Carmody

_____
MARY ELIZABETH CARMODY
Assistant U.S. Attorney