```
                UNITED STATES DISTRICT COURT
                 DISTRICT OF MASSACHUSETTS
```

Criminal No. 05-10102-JLT


```
                UNITED STATES OF AMERICA

                           v.

                     JOHN BRUENS,
                    MARY STEWART,
                 MELISSA VAUGHN and
                   MARC SIROCKMAN

               MEMORANDUM AND ORDER RE:
     DEFENDANTS' JOINT MOTION FOR BILL OF PARTICULARS
       (DOCKET ENTRY # 34); DEFENDANTS' JOINT MOTION
      FOR IMMEDIATE DISCLOSURE OF FED. R. CRIM. P.
                     404(b) EVIDENCE
                   (DOCKET ENTRY # 36)

                     March 8, 2006
```

**BOWLER, U.S.M.J.**

After conducting a hearing on March 6, 2006, this court took the motion for a bill of particulars (Docket Entry # 34) and the motion for Rule 404(b), Fed. R. Crim. P. ("Rule 404(b)"), evidence (Docket Entry # 36) under advisement.  Taking the motions seriatim, defendants are not entitled to relief.

Addressing the motion for a bill of particulars, such a bill serves to "give the accused details concerning the charges against him, enabling him to prepare a defense; to prevent double jeopardy; and to avoid surprise at trial."  United States v. Hallock, 941 F.2d 36, 40 (1st Cir. 1991); accord United States v. Abreu, 952 F.2d 1458, 1469 (1st Cir. 1992) (same).  Bills are

therefore required only "if the accused, in the absence of a more
detailed specification, will be disabled from preparing a
defense, caught by unfair surprise at trial, or hampered in
seeking the shelter of the Double Jeopardy Clause." United States
v. Sepulveda, 15 F.3d 1161, 1192 (1st Cir. 1993) (further noting
that such bills "are seldom employed in modern federal
practice").

     The Indictment as a whole conveys sufficient information to
properly identify the unlawful conduct.  See United States v.
Hallock, 941 F.2d at 40 (relevant question is whether
"'indictment as a whole conveys sufficient information to
properly identify' the allegedly unlawful conduct").  For reasons
amply and accurately set forth in the government's opposition
(Docket Entry # 41), the Indictment meets the foregoing
requirements.

     Thus, while the bill requested by the defendants may be
helpful in preparing a defense, it is not necessary particularly
in light of the organizational assistance and optical character
guidance given by the government in producing much of the
requested discovery.  Moreover, the defendants fail to adequately
demonstrate that their own investigation based on the evidence
available to them would not be sufficient to prepare an adequate
defense, see United States v. Belardo-Quinones, 71 F.3d 941, 943-
944 (1st Cir. 1995) (upholding denial of bill of particulars
while noting that indictment contained enough information for the

defendant to prepare a defense and the record showed no attempts

by the defendant to obtain the requested information

independently), or to protect them from prejudicial surprise at

trial.  Finally, the government is not required to provide the

defendants with the details of the evidence it intends to

introduce or the purposes for which it intends to introduce the

evidence.  United States v. Finley, 705 F. Supp. 1272, 1278 (N.D.

Ill. 1988).

Turning to the Rule 404(b) motion, the defendants are not

entitled to production at this point in time.  There is no trial

date at this time and the filing of any dispositive motions is

not imminent.  Moreover, under the local rules, the district

judge customarily orders the government to produce Rule 404(b)

evidence no later than 21 days before the trial date at the

initial pretrial conference.  See LR. 117.1(A)(4)(b).

The government also represents that it "has not yet decided

what, if any, 'bad acts' evidence it will seek to admit in its

case in chief."  (Docket Entry # 42).  Thus, the government does

not presently intend to offer any specific bad acts evidence at

the time of the defendants' present request.  See United States

v. Tuesta-Toro, 29 F.3d 771, 775 n. 1 (1st Cir. 1994) (noting

"that Rule 404(b) seemingly requires pretrial notification only

of 'other wrongful acts' evidence which the government presently

intends, *as of the time the government responds to the request*,

to introduce at trial").  Finally, even though the request is
premature, the government nonetheless agrees to provide the
defendants with any Rule 404(b) evidence 30 days prior to the
trial date.


<u>CONCLUSION</u>

In accordance with the foregoing discussion, the motion for
a bill of particulars (Docket Entry # 34) is **DENIED** and the
motion for Rule 404(b) evidence (Docket Entry # 36) is **DENIED**
without prejudice at this time.


   /s/ Marianne B. Bowler
**MARIANNE B. BOWLER**
United States Magistrate Judge