UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | Criminal No. 05-10102-JLT |
| v. | ) | |
| | ) | |
| | ) | |
| JOHN BRUENS, MARY STEWART, | ) | |
| MELISSA VAUGHN AND | ) | |
| MARK SIROCKMAN, | ) | |
|     Defendants. | ) | |

**UNITED STATES' MOTION FOR AN ORDER EXCLUDING
TIME FROM MAY 8, 2006 UNTIL JULY 13, 2006
<u>PURSUANT TO THE SPEEDY TRIAL ACT</u>
(ASSENTED TO)**

    Comes now the United States, by and through its attorney, Michael J. Sullivan, United States Attorney for the District of Massachusetts and Assistant United States Attorney Mary Elizabeth Carmody, and move this Court to enter an order excluding time in this case from May 8, 2006 until July 13, 2006. In support of this motion, the government states the following:

    (1)    On April 14, 2005, the grand jury returned an 8 count indictment, charging the defendants with one count of conspiracy to defraud the United States in violation of Title 18 United States Code, Section 371, and seven counts of offering or paying illegal remunerations in connection with their employment at Serono, Inc., in order to induce physicians to prescribe the drug Serostim, which is approved for the treatment of AIDS wasting, in violation of Title 42, United States Code, Section 1320a-7b(b)(2)(A), and Title 18, United States Code, Section 2. This is a complex health care fraud case.

    (2)    The defendants appeared before the Court jointly on May 2, 2005 for their initial

appearances and arraignments in this case. The defendants were released from custody pending trial. An initial status conference was held on June 7, 2005. Thereafter, interim status conferences have been held on September 13, 2005, December 19, 2005 and March 6, 2006. By prior orders of the Court and pursuant to the agreement of counsel for each of the defendants, the time period from June 7, 2005 until March 6, 2006 has been excluded for Speedy Trial purposes.

(3)   The parties agree that this case is complex, in that the government's proof consists of a large number of documents and witnesses. Discovery involves numerous documents contained in over 1000 boxes and several electronic databases, which the government provided to the defendants' counsel to assist them in reviewing the documents disclosed.

(4)   On March 6, 2006, the parties appeared before Magistrate Judge Bowler for an interim status conference, during which the Court heard argument on the discovery motions filed by the defendants. After argument, the Court took the motions under advisement. In addition, at the conference defense counsel advised that the government provided 63 additional CD's to add to their electronic database, as well as approximately 200 boxes of documents which they need sufficient time to examine and, if appropriate, scan into their database. They advised the Court that an additional six weeks would be needed. The Court scheduled a status conference on May 8, 2006.

(5) On May 8, 2006, the parties appeared before Magistrate Judge Bowler for an interim status conference, during which the Court was advised of the on-going discovery between the parties. The defendants' counsel advised the Court that an additional two months would be needed to complete the discovery. The Court scheduled a status conference on July 13, 2006. A trial date has not yet been established.

(6) The parties are in agreement that the ends of justice would be served by this delay and that the delay is necessary to avoid a miscarriage of justice, and that the denial of this motion would, despite the exercise of due diligence, deny the parties the reasonable time necessary for effective pre-trial and trial preparation. At the May 8, 2006 status conference defendants' counsel agreed that the time period until the July 13, 2006 status conference should be excluded for Speedy Trial purposes.

Wherefore, the United States files this assented to motion for the entry of an order excluding time from May 8, 2006 until the date of the Status Conference on July 13, 2006, pursuant to the Speedy Trial Act, 18 U.S.C. §§ 3161(h)(8)(A), 3161(h)(8)(B)(I), 3161(h)(8)(B)(ii), and 3161(h)(8)(B)(iv). A proposed order is attached.

        Respectfully submitted,

        UNITED STATES OF AMERICA

        MICHAEL J. SULLIVAN
        United States Attorney

By:   /s/ Mary Elizabeth Carmody
        _____
        MARY ELIZABETH CARMODY
        SUSAN M. POSWISTILO
        Assistant United States Attorneys
        John Joseph Moakley United States Courthouse
        One Courthouse Way, Suite 9200
        Boston, MA 02210
        (617) 748-3290

**Certificate of Service and Local Rule 7.1 Certification**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF). All counsel or record for the defendants have indicated their assent to this motion.

/s/ Mary Elizabeth Carmody
_____
MARY ELIZABETH CARMODY
Assistant United States Attorney

Date: May 9, 2006

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | Criminal No. 05-10102-JLT |
| v. | ) | |
| | ) | |
| JOHN BRUENS, MARY STEWART, | ) | |
| MELISSA VAUGHN AND | ) | |
| MARK SIROCKMAN, | ) | |
|     Defendants. | ) | |

**ORDER**

This matter is before the Court on the Assented to Motion of the United States to exclude time pursuant to the Speedy Trial Act, 18 U.S.C. § 3161. Having reviewed the matter, the Court finds as follows:

(1) On April 14, 2005, the grand jury returned an 8 count indictment, charging the defendants with one count of conspiracy to defraud the United States in violation of Title 18 United States Code, Section 371, and seven counts of offering or paying illegal remunerations in connection with their employment at Serono, Inc., allegedly to induce physicians to prescribe the drug Serostim, which is approved for the treatment of AIDS wasting, in violation of Title 42, United States Code, Section 1320a-7b(b)(2)(A), and Title 18, United States Code, Section 2. This is a complex health care fraud case.

(2) The defendants appeared jointly on May 2, 2005 for their initial appearances and arraignments. The defendants were released pending trial.

(3) At the initial status conference on June 7, 2005, the parties agreed that the case is complex, in that the government's proof consists of a large number of documents and witnesses.

Discovery involves numerous documents contained in approximately 1000 boxes. Defense counsel required sufficient time to examine discovery and prepare for filing motions and thereafter to prepare for trial. The time period from June 7, 2005 until May 8, 2006 has been excluded for Speedy Trial purposes by prior Orders of this Court.

(4)    At the interim Status Conference on May 8, 2006, counsel for the defendants assented to the exclusion of time from May 8, 2006 until the date for the Status Conference on July 13, 2006.

(5)  The ends of justice warrants the exclusion of this period of time and outweigh the best interest of the public and the defendant in a speedy trial.

THEREFORE, IT IS HEREBY ORDERED that for the reasons set forth above, that for purpose of computing the time under the Speedy Trial Act of 1974 within which the trial must commence, the period from May 8, 2006 until July 13, 2006, inclusive, shall be deemed an excludable period pursuant to 18 U.S.C. §§ 3161(h)(8)(A), 3161(h)(8)(B)(I), 3161(h)(8)(B)(ii), and 3161(h)(8)(B)(iv).


Dated: _____              _____
                                    MARIANNE B. BOWLER
                                    UNITED STATES MAGISTRATE JUDGE