UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | |
| v. | ) | Criminal No. 05-10102-JLT |
| | ) | |
| | ) | |
| JOHN BRUENS, MARY STEWART, | ) | |
| MELISSA VAUGHN AND | ) | |
| MARK SIROCKMAN, | ) | |
| | ) | |
| Defendants. | ) | |

**GOVERNMENT'S MOTION FOR RECONSIDERATION AND
OPPOSITION TO THE DEFENDANT MARK SIROCKMAN'S
MOTION FOR MODIFICATION OF ORDER SETTING
CONDITIONS OF RELEASE**

The Government requests the Court to reconsider its ruling allowing the Motion of the Defendant Mark Sirockman to Modify the Court's Order Setting Conditions of Release so as to allow the defendant Sirockman to travel to the Grand Cayman Islands from November 18-25, 2006 for a family vacation and further requests that the Court deny the motion for the following reasons:

**REQUEST FOR RECONSIDERATION:**

The defendant Sirockman filed his motion on August 10, 2006. The Court allowed the motion on August 11, 2006. As a result, the Government did not have an opportunity to file its Opposition to the Motion. Therefore, the Government requests to Court to reconsider its ruling in light of the reasons for its opposition set forth below.

**OPPOSITION:**

The Government opposes the defendant Sirockman's Motion for the following reasons:

1. This case has progressed significantly since the Order Setting Conditions was originally entered by the Court. The case in its present posture provides more concern regarding the defendant's present request to leave the United States and travel to Grand Cayman Island.

    a. Discovery is essentially complete and the case has been referred back to the District Court. The case is now expected to be trial ready by January, 2007. The defendant's request to leave the United States in mid-November is therefore, only a short six weeks before trial could be expected. This posture may well increase the defendant's risk of flight.

    b. The defendants, including Sirockman, have received copies of the voluminous disclosure by the United States of the potential evidence against them, including early disclosure of *Jencks* materials. As a result, the defendant Sirockman now has a much clearer view of the strength of the government's evidence against him. This again increases his risk of flight.

    c. The defendant has also been advise by the government that he, as well as the other defendants in this case, may face additional charges in a related investigation. Should he face and be convicted of additional charges, again his risk of flight increases.

    d. The defendant is or should be aware that, if convicted, he faces a certain term of imprisonment. Although this was true in the past, the First Circuit's recent opinion in *United States v. Thurston,* ___ F.3d___, 2006 WL 2065404 (1st Cir. July 26, 2006) eliminates any possibility of a probationary sentence in this case should the defendant Sirockman and the other defendants in this case, be convicted after trial.

Thurston was convicted after trial in a health care fraud case and faced a sentencing guideline range of 63-78 months based upon an intended fraud loss of over $5 million and an

2

offense level of 26 months. Due to the statutory maximum, the defendant faced a sentence of no more than 60 months. The District Court, although recognizing the seriousness of the offense, imposed a sentence of three months imprisonment, a 95% reduction from the guideline range. The First Circuit vacated that sentence and remanded the case for re-sentencing. Due to the lengthy history of appeals in that case and to avoid additional protracted appeals, the First Circuit further instructed the district court that any sentence less than 36 months imprisonment would be considered *per se* unreasonable. The First Circuit indicated that it was of the view that a sentence closer to the 60 month guideline range would be appropriate in that case.

In the instant case, the intended fraud loss attributable to the kickback scheme alleged in the Indictment is over $12 million. The defendants face a potential offense level of 28, resulting in a guideline range of 78-97 months in this case. Therefore, if convicted after trial they each face a significant time in prison, including the defendant Sirockman.

Therefore, the risks attendant to the defendant Sirockman's travel to Grand Cayman Island in November – shortly before this case is trial ready – pose an increased risk of flight. The present request now differs significantly from his request more than one year ago to take his family on vacation to Canada. There is no reason to permit the defendant to travel internationally at such a significant moment in this prosecution.

Wherefore, for all the foregoing reasons, the government requests that the court reconsider its prior ruling on this motion and deny the defendant Sirockman's Motion to Modify the Court's Order Setting Conditions of Release so as to allow the defendant Sirockman to travel

to the Grand Cayman Islands from November 18-25, 2006 for a family vacation.

                Respectfully submitted,

                MICHAEL J. SULLIVAN

                United States Attorney
                District of Massachusetts

        By:    /s/ Mary Elizabeth Carmody
                _____
                MARY ELIZABETH CARMODY
                Assistant U.S. Attorney
                SUSAN M. POSWISTILO

DATED: August 14, 2006      Assistant U.S. Attorney
                U. S. Attorney's Office
                John Joseph Moakley
                   United States Courthouse
                1 Courthouse Way, Suite 9200
                Boston, MA  02210
                (617) 748-3290

## CERTIFICATE OF SERVICE

     I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

                /s/ Mary Elizabeth Carmody
                _____
                MARY ELIZABETH CARMODY
                Assistant U.S. Attorney