UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

_____
                                            )
UNITED STATES OF AMERICA    )
                                            )
                                            )
v.                                          )        Criminal No. 05-10102-JLT
                                            )
                                            )
JOHN BRUENS, MARY STEWART, MARC )
SIROCKMAN, MELISSA VAUGHN    )
                                            )
          Defendants.                )
_____)

**DEFENDANT MARC SIROCKMAN'S OPPOSITION TO THE GOVERNMENT'S
MOTION FOR RECONSIDERATION AND OPPOSITION TO SIROCKMAN'S
MOTION FOR MODIFICATION OF ORDER SETTING CONDITIONS OF RELEASE**

This Court should not reconsider its ruling to allow Mr. Sirockman to travel on his family vacation, because the government has not demonstrated, and cannot demonstrate, that Mr. Sirockman is any type of flight risk. In vain efforts to convince this Court otherwise, the government has had to resort to (1) speculation about the possibility of future charges, and (2) reciting old, tired facts and circumstances that haven't significantly changed since the case began, and thus would not cause Mr. Sirockman to be any more of a flight risk now than he was at any other time in which he has traveled internationally over the past year and a half.

Quite simply, the government cannot point to any evidence Mr. Sirockman poses a flight risk because there is no such evidence. In fact, this was obviously the Court's position for the past year and a half, as it allowed Mr. Sirockman to retain his passport and travel internationally on business at his discretion, only requiring Mr. Sirockman to file an itinerary with pre-trial services. Accordingly, Mr. Sirockman has regularly traveled internationally since the time he was indicted, he has properly reported all of his travel to pre-trial services, and had always

returned without incident. There has *never* been an incident or even a suggestion that Mr. Sirockman might flee, and the government's current baseless arguments to the contrary belie his proven track record.

The government offers essentially three tenuous justifications for denying Mr. Sirockman the ability to travel with his family on vacation.

(a) First, the government claims that there is an increased risk of flight (1) because Mr. Sirockman has received voluminous discovery allegedly supporting the government's case and (2) because there is an impending trial date. However, none of this is new information to Mr. Sirockman. From the beginning of discovery, the defense was provided with arguably the most damming evidence, the grand jury testimony of the relators, and a Fall 2006 or Winter 2007 trial date was always anticipated. If Mr. Sirockman were inclined to flee the country to escape prosecution, he would be gone already as he has been in possession of his passport since he was indicted. Its plainly nonsensical that if he were intending to flee (with passport already in hand), he would first petition the court for leave and lay out the details of where he was fleeing and when he was intending to do it.

(b) Second, the government asserts that the Mr. Sirockman's flight risk has increased since he has been advised that he may face additional charges in a related investigation. As an initial matter, the defense does not understand how the government intends to bring additional charges against Mr. Sirockman as any statute of limitations concerning his tenure at Serono would have run several years ago (he has not worked at Serono since 1999). Moreover, even if the government were to bring such charges relating to the pending indictment, the defense would immediately move to dismiss and/or move to consolidate such allegations with the pending indictment, thus significantly postponing the impending trial at issue here. Either way, the

government informed Mr. Sirockman of these alleged additional charges months ago, yet, with his passport still in his pocket, he remains in the country today.

(c)  Finally, the government claims that Mr. Sirockman might suddenly flee because he faces a term of imprisonment if he is convicted.  Again, this is old news.  Mr. Sirockman has always understood that he faces a possible term of imprisonment, has been in possession of his passport during this entire period (including in the last month since the <u>United States v. Thurston</u>, __ F.3d __, 2006 case reference in the government's motion was published), and yet Mr. Sirockman remains in New Jersey preparing to defend himself at trial.

The government's vain attempts to characterize Mr. Sirockman as a flight risk simply fall flat.  The government has offered no new evidence or rationale for elevating the potential for Mr. Sirockman's risk of flight, and the fact remains that, with passport in hand, Mr. Sirockman could have easily fled at any point up to now, and hasn't.  As he did last year with the government's assent and without incident, Mr. Sirockman simply wishes to take a Thanksgiving holiday family vacation.

Accordingly, Mr. Sirockman requests that this Court deny the government's request for reconsideration and allow him to travel with his family to the Grand Cayman Islands.

4

Respectfully submitted,

**MARC SIROCKMAN,**

By his attorneys,

   /s/  McKenzie E Webster
Tracy A. Miner, BBO # 547137
McKenzie E. Webster BBO #651204
Mintz, Levin, Cohn, Ferris,
 Glovsky & Popeo, P.C.
One Financial Center
Boston, Massachusetts 02110
(617) 542-6000 (phone)
(617) 542-2241 (fax)

**Dated:**  August 18, 2006

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing motion was filed electronically in compliance with ECF procedures on this 18th day of August 2006.

   /s/   McKenzie E Webster
       McKenzie E Webster

LIT 1583801v.1