UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) ) ) ) |  |
| v. | ) ) ) | Criminal No. 05-10102-JLT |
| JOHN BRUENS, MARY STEWART, MARC SIROCKMAN, MELISSA VAUGHN | ) ) ) ) |  |
| Defendants. | ) ) |  |

**DEFENDANTS' MEMORANDUM IN SUPPORT OF THEIR MOTION
FOR SEVERANCE OF THE COUNTS UNDER RULE 14**

Pursuant to Federal Rule of Criminal Procedure 14, defendants John Bruens, Mary Stewart, Marc Sirockman, and Melissa Vaughn ("the defendants") hereby move this Court to sever Count 1 (the "conspiracy count") from Counts 2 through 8 (the "substantive counts") of the Indictment for separate trial. Count 1 of the Indictment charges the defendants with conspiracy to offer and pay remuneration to physicians to induce them to prescribe Serostim, while Counts 2 through 8 charge the defendants with specific offenses underlying the conspiracy. Indictment, ¶¶22-52, 53-66  Significantly, the defendants' review of the discovery produced to date reveals that the government has little to no documentary or non-coconspirator evidence of the integral *quid pro quo* element of the anti-kickback charge in the many substantive counts. Rather, the bulk of the evidence of the alleged *quid pro quo* is statements made by unindicted coconspirators. Because these statements would not be admissible at a trial limited to the substantive counts, the defendants will be unduly prejudiced by their admission in a joint trial.

For this and the reasons stated below, the defendants therefore respectfully request that this Court sever Count 1 of the Indictment for separate trial from the substantive counts.

## ARGUMENT

Rule 8 of the Federal Rules of Criminal Procedure allows multiple offenses to be charged together if they "are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan." However, Rule 14(a) of the Federal Rules of Criminal Procedure permits severance in situations where the joint trial of offenses properly joined under Rule 8 would cause undue prejudice to a defendant. "If the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires." Fed. R. Crim. P. 14(a). It is precisely this unavoidable risk of undue prejudice that the defendants seek to avoid in this motion.

I.   Legal Standard For Severance Under Fed. R. Crim. P. 14(a)

The First Circuit has recognized three general types of prejudice that may occur when a defendant is tried for several offenses at one trial:

> (1) the defendant may become embarrassed, or confounded in presenting separate defenses; (2) proof that defendant is guilty of one offense, may be used to convict him of a second offense, even though such proof would be inadmissible in a separate trial for the second offense; and (3) a defendant may wish to testify in his own behalf on one of the offenses but not another, forcing him to choose the unwanted alternative of testifying as to both or testifying to neither.

United States v. Scivola, 766 F.2d 37, 41-42 (1st Cir. 1985) (internal citations omitted). Even when multiple offenses are permissibly joined under Rule 8, severance may be required under Rule 14(a) if the joinder unduly prejudices the defendant by allowing evidence that would be inadmissible in a separate trial to be admitted in the joint trial. See Drew v. United States, 331

F.2d 85, 87 (D.C. Cir. 1964) (reversing a conviction where the district court's failure to grant separate trials created confusion between the separate crimes).  Trial courts are granted wide latitude in determining whether to sever charges if the charges are properly joined.  See United States v. Daniels, 770 F.2d 1111, 1115 (D.C. Cir. 1985) ("[D]istrict judges are ordinarily allowed wide latitude in determining whether to grant severance or other relief.").

In deciding a motion to sever counts in an indictment, a court must balance the risk of prejudice to the defendant against the competing interests of judicial economy in having one trial.  See, e.g., King v. United States, 355 F.2d 700, 703 (1st Cir. 1996) (holding that the benefits of joinder must be weighed against the possibility of prejudice to the defendant). A strong risk of substantial prejudice to the defendant caused by the joinder of offenses may outweigh the interest of judicial economy and expediency.  See United States v. Gray, 173 F. Supp. 2d 1, 6 (D.D.C. 2001) (noting that while the interest of judicial economy is important, it must be carefully balanced against any potentially prejudicial effects of joinder).

## II. The Defendants Will Be Substantially Prejudiced by Joinder of the Conspiracy and Substantive Counts

The defendants will be substantially prejudiced by the joinder of the conspiracy and substantive counts because the evidence which will likely be offered against the defendants on the conspiracy count would be inadmissible against the defendants in a trial on the substantive charges alone.  The First Circuit has held that substantial prejudice may arise where evidence that the defendant is guilty of one offense may be used to convict him of a second offense, even though such evidence would be inadmissible in a separate trial for the second offense.  See Scivola, 766 F.2d at 41-42.[1/]

---

[1/] See also United States v. Bronco, 597 F.2d 1300, 1303 (9th Cir. 1979) (severance should have been granted where extensive evidence of conspiracy and the defendant's alleged violent conduct was admitted at the joint trial, but would not have been admitted if the substantive counts had been severed); United

3

In this case, severance of the conspiracy count from the substantive counts is required because the evidence that the government will offer on the conspiracy charge would be not be independently admissible in a trial limited to the substantive charges. A review of the charges contained in the Indictment, and the likely evidence that would follow, supports this contention. The conspiracy count (Count 1) of the Indictment charges the defendants with conspiracy to commit an offense against the United States, 42 U.S.C. § 1320a-7b(b)(2)(A), by offering and paying remuneration to physicians to induce them to refer individuals to pharmacies for the furnishing of the drug Serostim. Indictment, ¶¶ 22-52. The remainder of the charges in the Indictment are limited to the substantive offenses underlying the purported conspiracy, charging the defendants with offering and paying illegal remuneration to several physicians in violation of 42 U.S.C. § 1320a-7b(b)(2)(A) and 18 U.S.C. § 2. Indictment, ¶¶ 54, 56, 58, 60, 62, 64, and 66. The government makes no additional allegations in Counts 2 through 8 of the Indictment apart from realleging and incorporating by reference the allegations underlying the conspiracy count. Indictment, ¶¶ 53, 55, 57, 59, 61, 63, and 65. Additionally, the conspiracy charged is limited to the subject matter of the substantive courts making the distinction between evidence even more problematic.

Defendants' review of the discovery provided to date by the government reveals that the bulk of the evidence the government can hope to produce in support of the substantive counts will be testimony by unindicted coconspirators relating to statements made in furtherance of the alleged conspiracy. Notably, with respect to many of the substantive counts the government has not produced documentary evidence, or non-coconspirator evidence, which could convince a jury beyond a reasonable doubt that defendants offered the Cannes trip as a *quid pro quo* for an

---

States v. Buchanan, 930 F. Supp. 657, 668 (D. Mass. 1996) (severance was required where evidence of the defendant's alleged other bad acts would not be cross-admissible in separate trials if the groups of offenses had been properly severed).

increase in Serostim prescriptions. While the government not surprisingly has evidence (checks, check requests, receipts, etc.) that Serono paid for several doctors to attend the International Conference on Nutrition and HIV Infection in Cannes, there is little to no evidence to support the government's theory that the paid conference was only offered or given in exchange for additional Serostim prescriptions. Rather, the only evidence the government has to support this theory is co-conspirator statements. These statements, however, would not be independently admissible at a trial on the substantive charges alone. Under Federal Rule of Evidence 801(d)(2)(E), the statements of coconspirators are not hearsay if the declarant and the defendant against whom the statement is offered are members of a single conspiracy, and the statement was made during and in furtherance of the conspiracy. See United States v. Saccoccia, 58 F.3d 754, 778-79 (1st Cir. 1995) (discussing the requirements for admission of a statement into evidence under Rule 801(d)(2)(E)). As a threshold matter, then, for statements to be admitted under Rule 801(d)(2)(E), the government must be able to show that there exists a conspiracy. The government would be unable to carry this burden in a trial of the substantive counts.

Statements of unindicted coconspirators would not be admissible in a separate trial of the substantive charges because the government lacks any evidence of a conspiracy or joint venture independent of the statements of the coconspirators. As the court in Scivola made clear, a defendant may be prejudiced where "proof that [the] defendant is guilty of one offense may be used to convict him of a second offense, even though such proof would be inadmissible in a separate trial for the second offense." 766 F.2d 41-42 (citing Baker v. United States, 401 F.2d 958, 974 (D.C. Cir. 1968)). Here, the defendants will certainly be prejudiced by a joint trial of the conspiracy and substantive offenses because the jury will hear voluminous statements that would be inadmissible in a trial of the substantive offenses alone. The risk is that the jury will

5

impermissibly and unfairly cumulate the evidence to infer guilt on all charged offenses when acquittal might result in a trial on only the substantive counts. Further, a limiting instruction will be ineffective to cure the risk of prejudice to the defendants because the coconspirators' statements are the only evidence the government will be able to marshal to prove the substantive offenses—evidence that cannot be admitted unless and until a conspiracy is established. See United States v. Daniels, 770 F.2d 1111, 1118 (D.C. Cir. 1978) (noting the difficulty of effectively executing the "'mental gymnastic' required by limiting instructions"). Unlike the typical situation where a limiting instruction is employed to direct the jury to consider discrete evidence for one purpose, but not another, in this case the limiting instruction would encompass the vast majority of the government's evidence. It is at best unrealistic, and more likely impossible, for a jury to disregard for one purpose the vast majority of the evidence that has been presented. Severance of the conspiracy count is therefore warranted to protect the defendants' right to a fair trial by a jury untainted by exposure to highly prejudicial inadmissible evidence.

### III. The Substantial Prejudice Caused by Joinder Outweighs the Interest of Judicial Economy

In considering a motion to sever under Rule 14, a court must consider whether the interest in judicial efficiency is outweighed by the risk of substantial prejudice to the defendant. See United States v. Dirden, 38 F.3d 1131, 1140 (10th Cir. 1994). As discussed above, there is a high risk of undue prejudice to the defendants resulting from the joinder of the conspiracy and substantive counts. The defendants will be highly prejudiced in a single trial on all charges by the introduction of out-of-court coconspirators' statements which would be inadmissible as hearsay at a separate trial of the substantive charges alone. Allowing the government to inject into the minds of jurors evidence of an alleged conspiracy of which the substantive offenses are

6

part would create a substantial risk that the jury would be "lure[d] . . . into declaring guilt on a ground different from proof specific to the offense charged." Old Chief v. United States, 519 U.S. 172, 180 (1997). Consequently, severance is an appropriate measure necessary to adequately protect the defendants' right to a fair trial.

## CONCLUSION

For these reasons, the defendants respectfully request that the Court grant this motion to sever the conspiracy count from the substantive counts in the Indictment.

Respectfully submitted,

**JOHN BRUENS, MARY STEWART,**
**MELISSA VAUGH, and MARC SIROCKMAN,**

By their undersigned attorneys.

| | |
|---|---|
| __/s/ McKenzie E. Webster_ | __/s/ Thomas McC. Souther_____ |
| Tracy A. Miner | Thomas McC. Souther |
| McKenzie E. Webster | Counsel for John Bruens |
| Counsel for Marc Sirockman | |
| | |
| _/s/_ Mark A. Berman_____ | __/s/ Adam. S. Hoffinger_____ |
| Mark A. Berman | Adam S. Hoffinger |
| Counsel for Mary Stewart | Counsel for Melissa Vaughn |

**Dated:** September 19, 2006

LIT 1585555v.2