```
                    UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF MASSACHUSETTS
_____
                              )
UNITED STATES OF AMERICA      )
                              )
                              )
v.                            )   Criminal No. 05-10102-JLT
                              )
                              )
JOHN BRUENS, MARY STEWART, MARC )
SIROCKMAN, and MELISSA VAUGHN, )
                              )
            Defendants.       )
                              )
_____)
```

**UNITED STATES' OPPOSITION TO THE DEFENDANTS' JOINT
MOTION FOR SEVERANCE OF COUNTS UNDER RULE 14**

Now comes the United States of America, by its attorney, Michael J. Sullivan, United States Attorney for the District of Massachusetts, and files this Opposition to the Defendants Joint Motion for Severance of Counts under Rule 14 and requests that the Court deny this motion. The grounds for its opposition are set forth below.

**STATEMENT OF THE CASE**

1.  **Introduction**

On April 14, 2005, an eight-count indictment was returned against the defendants, John Bruens ("Bruens"), Mary Stewart ("Stewart"), Melissa Vaughn ("Vaughn"), and Marc Sirockman (Sirockman), (collectively "the defendants"). Count One of the Indictment charged the defendants with conspiracy to offer and pay illegal remunerations to physicians, in violation of 18

U.S.C. § 371 and Counts Two through Eight charged the respective defendants with substantive counts of illegally making offers and payments of remuneration to physicians, in violation of 42 U.S.C. § 1320a-7b(b)(2)(A).  Stewart and Bruens are charged in all 8 counts of the indictment.  Vaughn is charged in Counts 1, 2 and 3; Sirockman is charged in Counts 1, 4 and 5.

**2.    Statement of Facts**

The indictment in this case alleges the following facts:

In March, 1999, each of the defendants was a high-level employee of Serono Laboratories, Inc. ("Serono"), a biotechnology and pharmaceutical company based in Norwell, Massachusetts. Bruens was the Vice-President of Marketing and Stewart was the Vice-President of Sales in a business unit known as Metabolic and Immune Therapy ("M&IT").  Vaughn and Sirockman were Regional Directors - Vaughn was in charge of the Southeast Region and Sirockman was in charge of the Northeast Region.

M&IT was responsible for marketing and selling the drug Serostim, a drug that in August of 1996 received accelerated approval from the U.S. Food and Drug Administration ("FDA") only to treat a condition known as AIDS wasting.  By February, 1999, Bruens, Stewart and other executives were aware that sales of Serostim were falling significantly short of their sales goals. In order to rectify the situation, Bruens, Stewart and others called an emergency meeting at the Boston Harbor Hotel for March

1, 1999, and summoned Defendants Sirockman, Vaughn and other Regional Directors to attend.  During the meeting, Bruens and Stewart informed the Regional Directors that they needed to "dig their way out" of the fiscal crisis, and proposed a program by which Serostim would reach a sales goal of "$6 million in 6 days."

    As part of the plan to achieve this sales goal, the defendants, and others, implemented a plan in which they asked certain doctors to write up to 30 prescriptions of Serostim in exchange for an all-expense paid trip to Cannes, France (paid for by Serono) to attend the 3rd Annual Conference on Nutrition and HIV Infection ("the Cannes Conference").  Defendants Vaughn and Sirockman, as Regional Directors, made the offer to individual doctors in their region to write the prescriptions in return for the trip to Cannes, or caused their sales representatives to extend the offer.  Bruens and Stewart required the Regional Directors to report back to them on a daily basis as to the number of prescriptions obtained from the targeted doctors, among others.  As part of the conspiracy, the Defendants caused Serono to pay for the travel expenses of the physicians and their guest(s) who actually attended the Cannes Conference.

## Argument

### Defendants' Request is Not Proper under Fed. R. Crim. P. 14(a)

The defendants' Joint Motion For Severance of the Counts under Rule 14 is without merit and should be denied. The defendants' motion is based upon a mistaken review of the facts, as well as misplaced reliance on the cases cited in their motion.

The defendants seek to sever the conspiracy count from the substantive counts.  However, the First Circuit has held that "it is axiomatic that a defendant can be charged with both the conspiracy and the substantive counts arising from it" in the same indictment.  United States v. Yefsky, 994 F.2d 885, 895 (1st Cir. 1993), *citing*, United States v. Boylan, 898 F.2d 230, 245 (1st Cir. 1990) and United States v. Arruda, 715 F.2d 671, 678 (1st Cir. 1983).  Further, in United States v. Taylor, 54 F.3d 967,973 (1st Cir. 1995), the First Circuit held that when the counts charge violations of the same statute, similar victims, same locations, modes of operation and time frames, the counts should not be severed.

There is absolutely no reason to sever the conspiracy count from the substantive counts in this case.  First, in this case, the substantive counts in the indictment are identified as overt acts in the conspiracy count.  The evidence as to the substantive counts as to those particular acts will be the same as that

offered in the conspiracy count.  There is no prejudice to the defendants for the counts to be tried together.  In fact, the rules require that result.  Fed. R. Crim. P. 14(a).

The defendants' reliance upon the case of <u>United States v. Scivola</u>, 766 F.2d 37, 41-42 (1st Cir. 1985) is misplaced.  It is within the sound discretion of the district court to deny a motion to sever under Rule 14.  <u>Scivola</u> stands for the proposition that in order to successfully challenge the district court's refusal to sever counts, a defendant must make a strong showing of prejudice at trial.  The <u>Scivola</u> court identified three types of possible prejudices to consider in these circumstances.  <u>Scivola</u>, 766 F.2d at 41-42.  In this case, the defendants have not, and will not, suffer any prejudice at all.

The defendants rely upon the second type of possible prejudice identified in <u>Scivola</u>, *i.e.*, proof that defendant is guilty of one offense may be used to convict of a second offense even though it would be inadmissible in a separate trial for that offense.  <u>Id</u>., 766 F.2d at 41.  In support of this claim, the defendants assert that the government will only introduce the testimony of unindicted co-conspirators to prove the substantive counts and that the co-conspirator evidence is not admissible on those counts.  Not only is that an incorrect statement of law, it is irrelevant to this analysis.

The government will seek to introduce both testimonial and

documentary evidence on each count of the indictment.  Moreover, the First Circuit has long held that co-conspirator statements are admissible, whether or not a conspiracy is part of the charged conduct, as long as the requirements of Fed.R.Evid. 801(d)(2)(E) are met.  *See*, *e.g.*, United States v. Washington, 434 F.3d 7, 13 (1st Cir. 2006) (co-conspirator statements admissible in substantive counts); United States v. Carroll, 860 F.2d 500, 506 (1st Cir. 1988) (the conspiracy in which a co-conspirator statement is made need not even be charged in the indictment); United States v. Campa, 679 F.2d 1006, 1011 (1st Cir. 1982) ("appellant's substantive argument that, because a conspiracy was not charged, statements of a co-conspirator made outside the presence of the defendant are not admissible is simply not the law.").

Finally, in the instant case – different from each of the cases cited by the defendants – the substantive counts are overt acts set forth in the conspiracy counts, *i.e.*, Counts 2-3 are the same as the overt acts alleged in  ¶¶ 37-42; Counts 4-5 are the same as the overt acts alleged in ¶¶ 43-46; Counts 6-8 are the same as the overt acts alleged in ¶¶ 47-50.  The evidence is overlapping, but not prejudicial.

The other cases relied upon by the defendants are likewise distinguishable from the instant indictment.  United States v. Bronco, 597 F.2d 1300, 1303 (9th Cir. 1979) involved two entirely

independent sets of events and the substantive counts were not at all related to the conspiracy. <u>King v. United States</u>, 355 F.2d 700, 703 (1st Cir. 1966) is a case where two indictments were consolidated for trial. The second indictment did not even name the defendant/appellant. As such, the fact that he was tried together with an indictment in which he was not named was found to be prejudicial. This is entirely different from the case at bar. <u>United States v. Gray</u>, 173 F. Supp. 2d 1, 6 (D.D.C. 2001), was a RICO case charging 18 defendants with 158 counts. All of the defendants were charged in a conspiracy counts; two of the defendants faced the death penalty on other counts; and the other defendants faced some, but not, all of the remaining counts. The district court held that severance was not warranted based upon evidentiary disparities. Finally, in <u>United States v. Buchanan</u>, 930 F.Supp. 657, 668 (D. Mass. 1996), the defendant was charged in two different capacities in separate counts of the same indictment. In one count he was charged in his role as a bank president; in another count he was charged in his role as the principal in a real estate partnership. The two roles and schemes were not related. Thus, they were not to be tried together. <u>Id.</u>

    In this indictment, there is absolutely no basis, factually or legally, to sever the conspiracy count from the substantive counts. The cases cited by the defendants do not suggest

otherwise.  As such, the defendants' motion should be denied.

## CONCLUSION

Based upon the foregoing, the United States requests the Court to deny the Defendants' Joint Motion for Severance of Counts under Fed. R. Crim. P. 14 (a).

>Respectfully submitted,
>
>MICHAEL J. SULLIVAN
>United States Attorney
>
>By:   /s/ Mary Elizabeth Carmody
>      MARY ELIZABETH CARMODY
>      SUSAN M. POSWISTILO
>      Assistant U.S. Attorneys

## CERTIFICATE OF SERVICE

I hereby certify that these documents filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

Dated: October 17, 2006       /S/Mary Elizabeth Carmody
                              MARY ELIZABETH CARMODY
                              Assistant United States Attorney