UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) ) ) | NO. 05-CR-10102 JLT |
| v. | ) ) ) | **Request for Oral Argument** |
| JOHN BRUENS, MARY STEWART, MELISSA VAUGHN, and MARC SIROCKMAN | ) ) ) ) | **Leave to File Granted on November 1, 2006** |
| Defendants. | ) ) ) |  |

**DEFENDANTS' JOINT[1] REPLY MEMORANDUM OF LAW
IN FURTHER SUPPORT OF MOTION FOR SEPARATE TRIAL**

Defendant Mary Stewart has moved for a severance under Federal Rule of Criminal Procedure 14 because her right to a fair trial under the Due Process Clause of the Fifth Amendment, and her right to cross-examine the witnesses against her under the Confrontation Clause of the Sixth Amendment, will be significantly prejudiced if she is tried together with her co-defendants. Defendant Marc Sirockman has also moved for a severance for similar reasons.[2] As reflected in the government's effort to propose ultimately inadequate redactions to the defendants' various statements, the government agrees that, were the Court to find that redaction of certain statements would not suffice, Ms. Stewart should be granted a separate trial. See Gov't Consol. Opp'n at 5 note 1. Indeed, the government's proposed remedy would aggravate, and not alleviate, the inevitable prejudice to the defendants were Ms. Stewart tried jointly with

---

[1] With the exception of Melissa Vaughn, all other defendants, i.e., John Bruens, Mary Stewart and Marc Sirockman, join in submitting this memorandum. John Bruens joins this memorandum to the extent that it responds to the government's consolidated opposition to, *inter alia*, John Bruens' Motion to Preclude the Admission of Mary Stewart's Statements.

[2] Defendant Sirockman agrees that if Mary Stewart's motion for severance is granted, his separate motion for severance becomes moot.

John Bruens, Melissa Vaughn, and Marc Sirockman. Accordingly, Ms. Stewart's motion for a separate trial should be granted.

## ARGUMENT

## MARY STEWART SHOULD BE GRANTED A SEPARATE TRIAL.

The parties have briefed the relevant legal standard for severance in their respective briefs. Recognizing that its desire to introduce at trial statements made by the various defendants causes serious problems under Bruton v. United States, 391 U.S. 123, 126 (1968), the government has proposed some redactions which it claims would cure any prejudice. They would not.

First, in response to Ms. Stewart's severance motion, the government has acknowledged that it intends to introduce a post-offense statement by defendant Marc Sirockman that directly implicates Ms. Stewart and others in the charged offense. Specifically, Mr. Sirockman is reported to have told New Jersey law enforcement officers:

> Serono also ran a program called "Con France" which focused on a 1999 conference held in Cannes, France (Third International Conference on Nutrition and HIV Infection). Only doctors who exceeded their normal prescription rate by a certain percentage were considered for attendance[.] Sirockman did not know the specific figure but thought it might have been ten percent. Mary Stewart (Vice President of Sales) and other corporate officers selected the doctors who attended the "Con France." Serono paid for all expenses (air fare, hotel, and meals), and also provided the doctors with spending money. Dr. Corazon attended the conference, and maybe Dr. Belt. Corazon also attended another conference, either in Arizona or Colorado.

MS 00199 (emphasis added). The government proposes to Brutonize part of the emphasized language by making it more general: "Corporate officers at Serono selected the doctors who

attended the 'Con France.'" See Gov't Consol. Opp'n at 14. This proposed redaction, however, does not solve the constitutional problem.³

As Ms. Stewart explained in her moving papers, only a statement that has been "redacted to eliminate not only the defendant's name, but any reference to his or her existence," has been deemed sufficiently non-prejudicial to satisfy the Confrontation Clause. Richardson v. Marsh, 481 U.S. 200, 211 (1987); accord United States v. Vega Molina, 407 F.3d 511, 519 (1st Cir. 2005). Thus, where a statement even implies the existence of another person in the offense, i.e., makes direct or indirect reference to his or her existence, the statement has been held to be inadmissible. See United States v. Al-Muqsit, 191 F.3d 928, 942-43 (8th Cir. 1999) (holding that introduction of redacted co-defendant statement that he had committed offense "with another individual" violated appellant's right to confrontation because redaction failed to comply with "Richardson's requirement that all references to the existence of the defendant be eliminated"); United States v. Mayfield, 189 F.3d 895, 901-02 (9th Cir. 1992) (holding that admission of co-defendant's redacted statement that he sold drugs for "another individual" violated Confrontation Clause because "impermissible inference ... was unavoidable" that appellant was individual referenced); United States v. Gonzalez, 183 F.3d 1315, 1321-22 (11th Cir. 1999) (holding that introduction of co-defendant's statement violated Confrontation Clause where "the jury in this case could readily infer that the two others referred to in the confession were seated at the defense table"). Moreover, notwithstanding the government's assertion to the contrary, see Gov't Consol. Opp'n at 4-5, 23, this type of prejudice cannot be offset through the use of limiting instructions to the jury. Richardson, 481 U.S. at 207 ("[A] defendant is deprived of his

---

³ Although not directly relevant to the instant severance motion, it goes without saying that New Jersey law enforcement agent's apparently intentional misspelling of the name of the famous French seaside town in the phrase "Con France" should be corrected to the proper spelling, "Cannes France," to avoid obvious prejudice to the defendants.

Sixth Amendment right of confrontation when the facially incriminating confession of a nontestifying co-defendant is introduced at their joint trial, even if the jury is instructed to consider the confession only against the co-defendant.").

The prejudicial impact of the statement is undiminished even with the government's proposed redaction: Ms. Stewart remains readily identifiable because of her position as a "corporate officer at Serono." See United States v. Smith, 46 F.3d 1223, 1229 n.1 (1st Cir. 1995) ("A Bruton problem is, of course, not necessarily avoided merely by deleting names.") (citing United States v. Cleveland, 590 F.2d 24, 28 n.4 (1st Cir. 1978)); see also Gray v. Maryland, 523 U.S. 185 (1998) (holding that redactions, such as an obvious blank or the use of the word "delete," which replace the name in such a way as to notify the jury that the name has been deleted, violate the Confrontation Clause). Even this indirect reference to Ms. Stewart's existence is prejudicial, Richardson, 481 U.S. at 211; United States v. Vega Molina, 407 F.3d at 519, as it "leaves little doubt in the listener's mind about the identity" of the corporate officers at issue; it can only be the Serono corporate officers sitting at the defense table. United States v. Vega Molina, 407 F.3d at 519-20 (citation omitted). Thus, whether the statement is introduced in its original or proposed Brutonized form, it directly and impermissibly implicates Ms. Stewart.

Second, in response to Mr. Sirockman's severance motion, the government has acknowledged that it intends to introduce a Brutonized version of a post-offense statement by Ms. Stewart which, in its original form, is self-exculpatory. Specifically, when asked about the conference in Cannes, Ms. Stewart is reported to have responded as follows:

> STEWART remembers this incident and called it a "momentary lapse of judgement [sic] by JOHN BRUENS. STEWART stated, the real intention was not to trade business for a trip to France. According to STEWART, VAUGHN got upset over this whole idea. Even though STEWART did not travel on this trip, she was aware that ALEXIS CORAZON, M.D., had

> traveled to France. STEWART added, that ALEXIS CORAZON, M.D. was the only physician to accept this offer from SERONO.

Gov't Consol. Opp'n at 7. The government proposes to eliminate the reference to John Bruens as follows:

> STEWART remembers this incident **[*i.e.*, the offer to pay for high prescribing physicians' flight and hotel in Cannes, France in April in exchange for 30 patient RXs during the 6 day sales blitz]** and called it **[someone's]** "momentary lapse of judgement [sic]. STEWART stated, the real intention was not to trade business for a trip to France. According to STEWART, MELISSA VAUGHN got upset over this whole idea. Even though STEWART did not travel on this trip, she was aware that ALEXIS CORAZON, M.D., had traveled to France. STEWART added, that ALEXIS CORAZON, M.D. was the only physician to accept this offer from SERONO.

Gov't Consol. Opp'n at 7 (emphasis in original). The proposed Brutonized statement exacerbates the prejudice to Ms. Stewart's trial rights because a jury might well conclude that Stewart herself was the "someone" who had a "momentary lapse of judgement," a conclusion that is diametrically opposed to Ms. Stewart's true intent. Thus, the government's "solution" to transform a statement that is self-exculpatory into a statement that the jury might well interpret as an admission of guilt is insufficient to resolve its <u>Bruton</u> problem.

More generally for the defendants, much of what the government proposes to offer in its "redacted" versions of statements made by Ms. Stewart or Mr. Sirockman consists of factual narratives that in no way implicate the declarant and which, despite the government's statements to the contrary, are clearly meant to apply to all defendants, not just the declarant. For example, Ms. Stewart is quoted as saying that Serono received "hundreds" of requests from physicians for money, not just from "high writing" physicians, and that these physicians always wanted "something for nothing." Gov't Consol. Opp'n at 9. Certainly, the government cannot intend that this "admission" should be considered only against Ms. Stewart and no other defendant.

This offer of background facts having nothing whatsoever to do with Cannes is meant to implicate all defendants.

The government's proposed "redacted" versions of Ms. Stewart's statement that she was "aware" that Alexis Corazon M.D. had traveled to France is another example of the government's improper attempts to introduce background evidence against all defendants, not just the declarant. Gov't Consol. Opp'n at 7. When, during the course of her interview, Ms. Stewart was told that Howard Grossman, M.D., was also invited to Cannes, she is quoted as saying that "obviously she was wrong and other physicians had traveled to France." This is pure hearsay with respect to facts of which Ms. Stewart had no personal knowledge. It does not remotely implicate Ms. Stewart and evidently is being offered as background against all defendants.

Similarly, the government claims that the voice mail message that Melissa Vaughn allegedly sent, as transcribed by Kim Jackson "is not hearsay" and "will not be offered for the truth of the matter asserted." Gov't Consol. Opp'n at 26. The government's own brief, however, makes clear that this is not so. It states that "Vaughn sets forth in great detail the extremely adverse reaction that two Florida physicians who had received the *quid pro quo* offer of the Cannes trip, had given to the sales representatives who made the pitch." Gov't Consol. Opp'n at 16-17. The voice mail message is seen by the government as evidence of the hearsay imbedded in that message; namely, that two Florida physicians in fact had an "extremely adverse reaction" to the offer of a trip to Cannes. Even if proposed unredacted portions were relevant and admissible, moreover, they should be excluded under Rule 403 on the ground that the probative value of these statements is substantially outweighed by the danger of unfair prejudice, confusion of the issues and misleading of the jury.

In sum, the proposed redactions aggravate rather than ameliorate any problems with the various statements attributed to Ms. Stewart and Mr. Sirockman that the government will seek to introduce. The government, despite its arguments to the contrary, recognizes that, under the circumstances of this case, the competing demands of the defendants' privileges against self-incrimination and their individual rights to confrontation are genuine and may not be redressed through limiting jury instructions. Indeed, the government acknowledges that if these statements cannot be adequately redacted to avoid prejudice to the co-defendants, "the Court should grant co-defendant Mary Stewart's request for a separate trial." See Gov't Consol. Opp'n at 5 note 1. As a severance is the only remedy that will ensure a fair trial and will alleviate concerns with the proposed redactions, the defendants, jointly, respectfully request that Ms. Stewart's motion for a separate trial be granted.

## CONCLUSION

For the reasons set forth above, defendants respectfully submit that the Court should enter an order granting Ms. Stewart a separate trial. The Court should separately determine the order in which the separate trials should be held.

Respectfully submitted,

JOHN BRUENS, MARY STEWART,
and MARC SIROCKMAN,
by their undersigned attorneys:


  /s/ Tracy A. Miner                                  /s/ Thomas McC. Souther
Tracy A. Miner                                      Thomas McC. Souther
Counsel for Mark Sirockman                          Counsel for John Bruens


  /s/ Mark A. Berman
Mark A. Berman
Counsel for Mary Stewart

-8-

## **CERTIFICATE OF SERVICE**

      I hereby certify that Defendants' Motion for Leave to File a Reply Brief filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on November 2, 2006.

                                                 __/s/ Tracy A. Miner__