UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | |
| | * | |
| v. | * | Criminal No. 05-10102-JLT |
| | * | |
| JOHN BRUENS, MARY STEWART, | * | |
| MELISSA VAUGHN, and | * | |
| MARC SIROCKMAN, | * | |
| | * | |
| Defendants. | * | |

ORDER

January 16, 2007

TAURO, J.

After a Motion Hearing held on January 16, 2007, this court hereby orders that:

1. Defendants' Joint MOTION to Strike the Surplusage in the Indictment Pursuant to Rule 7(d) [#62] is DENIED.

2. Defendants' Joint MOTION to Sever Counts as to John Bruens, Mary Stewart, Melissa Vaughn, Marc Sirockman.[#66] is DENIED.

3. Defendant Sirockman's MOTION to Sever Defendant Sirockman from Trial [#61] is DENIED.

4. Defendant Mary Stewart's Motion for Separate Trial [#70] is DENIED.

5. Defendant Bruens's and Defendant Vaughn's Joint MOTION to Preclude Statements Made by Co-Defendant Mary Stewart [#68] is DENIED.

6. In accordance with the First Circuit Court of Appeals's decision in Vega Molina,[1]

---

[1] United States v. Vega Molina, 407 F.3d 511 (1st Cir. 2005).

Marc Sirockman's December 13, 2001, statement and Mary Stewart's March 6, 2002, statement shall be redacted as proposed by the Government in its Consolidated Opposition [#74], with the following modifications.

<u>Marc Sirockman's December 13, 2001, statement to investigators of the State of New Jersey</u>:

> Only doctors who exceeded their normal prescription rate by a certain percentage were considered for attendance. Sirockman did not know the specific figure but thought that it might have been ten percent. . . . **[Other individuals]** selected the doctors who attended "Con France." Serono paid for all expenses (air fare, hotel, and meals), and also provided the doctors with spending money.

<u>Mary Stewart's March 6, 2002, statement to the FBI</u>:

> STEWART remembers this incident [**i.e., the offer to pay for certain high writing physicians' flight and hotel in Cannes, France in April to attend an HIV Nutrition/Wasting program in exchange for 30 patient RXs during the 6 day sales blitz**] and called it [**another individual's**] 'momentary lapse of judgement.' Stewart stated, the real intention was not to trade business for a trip to France. According to STEWART, MELISSA VAUGHN got upset over this whole idea. Even though STEWART did not travel on this trip, she was aware that ALEXIS CORAZON, M.D., had traveled to France. STEWART added, that ALEXIS CORAZON, M.D. was the only physician to accept this offer from SERONO.

This court will not redact Mary Stewart's statement about Alexis Corazon because that statement alone does not incriminate other co-defendants.[2]

---

[2] <u>See</u> <u>id.</u> at 520 (citing <u>Richardson v. Marsh</u>, 481 U.S. 200, 208, (1987)) ("Statements that are incriminating only when linked to other evidence in the case do not trigger application of Bruton's preclusionary rule.").

7.   A trial order will issue.

IT IS SO ORDERED.


                                                              /s/ Joseph L. Tauro
                                              United States District Judge