UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JOHN BRUENS, MARY STEWART,<br>MELISSA VAUGHN, and<br>MARC SIROCKMAN,<br><br>Defendants. | No. 05-CR-10102 JLT |

### MELISSA VAUGHN'S MOTION *IN LIMINE* TO REDACT VOICEMAIL

A government witness, Kimberly Jackson, is expected to testify at trial that she transcribed a voicemail message ("voicemail") sent on March 3, 1999 by Melissa Vaughn to other employees of Serono Laboratories, Inc. ("Serono"). In the event that the voicemail, or testimony about its contents, is admitted in evidence, Ms. Vaughn moves to redact the transcription in the manner set forth below. These redactions are necessary to avoid unfair prejudice, inadmissible multiple layers of hearsay and information that is inaccurate and unreliable.

I.  **THE FIRST AND LAST PARAGRAPHS OF THE VOICEMAIL SHOULD BE REDACTED IN THEIR ENTIRETY**

The voicemail (Exhibit A attached hereto) that the government is expected to offer in evidence consists of four paragraphs. The second and third paragraphs, which are surrounded by quotation marks, purport to be what Ms. Jackson heard Ms. Vaughn say on the voicemail, which she then transcribed.[1] The first and last paragraphs, which have no quotation marks, appear to be editorial statements by Ms. Jackson, presumably to explain and interpret what she will testify she heard.

The first and last paragraphs are not statements of the supposed declarant, Ms. Vaughn, and we are aware of no evidentiary basis upon which to admit them. Accordingly, in the event that the transcription of the voicemail is admitted in evidence at trial, the first and fourth paragraphs should be redacted in their entirety.

II. **PORTIONS OF THE THIRD PARAGRAPH OF THE VOICEMAIL, WHICH PURPORT TO RECOUNT WHAT THE DOCTORS SAID TO THE CLINICAL CONSULTANTS, SHOULD BE REDACTED**

The third paragraph of Ms. Jackson's transcription of the voicemail includes what purports to be an account of what two clinical consultants separately told Ms. Vaughn in two separate telephone calls, about what two separate doctors told each of them on separate occasions, about a medical conference in Cannes, France ("Cannes Conference"):

> These individuals each called me within five minutes of each other and could not express to me the horrible experience they went through and the things that were said to them by their doctors about this program: <u>That it was unethical, that this is the very thing that the FDA looks for, that our drug is too good, our reputation is too good, our clinical consultants work too hard and the reputation</u>

---

[1] At this time, it is not entirely clear on what basis and in what form the Government will seek to offer the voicemail at trial. Accordingly, Ms. Vaughn reserves the right to reply to the Government's Opposition to any and all motions *in limine* addressed to the admissibility of the voicemail, filed by the defendants in this case.

> is too positive to be stooping to such levels – why is Serono doing this?

See Exhibit A.

The underlined portions of Ms. Jackson's transcription of the voicemail should be redacted because (1) the statements contain multiple levels of inadmissible hearsay, and (2) the statements are not accurate or reliable.

### A.   The Statements Contain Multiple Levels Of Hearsay

The portion of Ms. Jackson's transcription that this motion seeks to redact contains statements made by two separate doctors to two separate clinical consultants, each of whom separately recounted something to Ms. Vaughn, who then said something over the telephone to other Serono employees, including Ms. Jackson, who says that she wrote down what she heard Ms. Vaughn say.

As such, Ms. Jackson's statement contains multiple levels of hearsay, each of which must satisfy one of the hearsay exceptions in order to be admitted. *See* Fed. R. Evid. 805; *see also Vazquez v. Lopez-Rosario*, 134 F. 3d 28, 34 (1st Cir. 1998) (each link in a hearsay-within-hearsay chain must be admissible, either because it is not hearsay or under some other hearsay exception). We are aware of no hearsay exception that would permit the admission of the doctors' statements as they appear in Ms. Jackson's transcription. The statements should therefore be redacted from Ms. Jackson's transcription or testimony.

### B.   The Statements Are Not Accurate or Reliable

It is our understanding that the portion of Ms. Jackson's transcription that we request this court to redact contains what purport to be statements made by two doctors, Ralph Liporace, M.D. and Joseph Piperato, M.D., to two clinical consultants, Raymond Hudgens and Adam Whitehurst, regarding the doctors' supposed concerns about attending the Cannes Conference.

3

What is represented in Ms. Jackson's transcription, however, does not accurately reflect what the doctors themselves testified about the Cannes Conference in their grand jury testimony and sworn statements.

For example, nowhere in Dr. Liporace's sworn statement of April 9, 2003, or in his interviews of February 6, 2003 or February 13, 2003, did he ever say that "this is the very thing that the FDA looks for," as set forth in Ms. Jackson's transcription. To the contrary, Dr. Liporace made clear that "it was never said to me, if you prescribe this many, you get this." *See* Liporace Sworn Statement dated April 9, 2003 at 59.

Similarly, Dr. Piperato told the FBI that "he never discussed writing prescriptions in exchange for this trip." *See* FBI 302 Report of Interview of Piperato dated February 4, 2003 at 1. He also said that he never even spoke with the clinical consultant, Mr. Whitehurst, about any such exchange. *See* FBI 302 Report of Interview of Piperato dated March 16, 2005 at 8-9. In any event, Dr. Piperato attended the Cannes Conference.

The doctors' alleged statements within the transcribed voicemail are inaccurate and unreliable, and they should be excluded. *See United States v. Tavaras*, 380 F.3d 532, 537 (1st Cir. 2004) (hearsay testimony that was neither written nor sworn without other indicia of reliability or corroborating evidence held unreliable). To allow such unreliable evidence would frustrate the primary purpose of the hearsay rule, namely, to keep out statements that do not have a guarantee of "trustworthiness." *See* Advisory Committee Notes to Fed. R. Evid. 803(1) and (2).

Our proposed redaction of the doctors' alleged statements causes little prejudice, if any, to the government, as it is free to call the doctors to testify. Indeed, the government stated at a previous hearing that it does intend to call doctors to testify and specifically identified Dr.

4

Liporace as one of the doctors it plans to call. *See* Transcript of Pretrial Conference on December 18, 2006 at 27 ("[t]here will be doctors testifying in this case . . . Dr. Liporace will be testifying."). Under these circumstances, it appears unnecessarily prejudicial to admit the unreliable, inaccurate, multiple hearsay statements contained in Ms. Jackson's transcription and those portions should be redacted.

Respectfully submitted,

MELISSA P. VAUGHN
By her undersigned attorneys.
  /s/ Adam S. Hoffinger
Adam S. Hoffinger, Esq.
    (admitted *pro hac vice*)
James M. Sullivan, Esq.
    (admitted *pro hac vice*)
MORRISON & FOERSTER LLP
2000 Pennsylvania Avenue, N.W.
Washington, D.C. 20008-1888
(202) 887-1500

MARY STEWART
By her undersigned attorneys
  /s/ Mark Berman
Mark A. Berman, Esq.
Hartmann Doherty Rosa & Berman, LLC
126 State Street
Hackensack, NJ 07601
(201) 441-9056

MARC SIROCKMAN,
By his undersigned attorneys,
  /s/ McKenzie E. Webster
Tracy A. Miner
McKenzie E. Webster
MINTZ, LEVIN, COHN, FERRIS, GLOVSKY
  AND POPEO, P.C.
One Financial Center
Boston, MA 02111

## REQUEST FOR ORAL ARGUMENT

Defendant respectfully requests oral argument within ten (10) days to assist the Court in reaching its decision on this motion.

                                                     /s/ Adam S. Hoffinger
                                                     Adam S. Hoffinger, Esq.

Dated:  March 22, 2007

**CERTIFICATE OF SERVICE**

This is to certify that a copy of the foregoing motion was filed electronically in compliance with ECF procedures on this 22nd day of March 2007.

                                                    /s/ James M. Sullivan
                                                      James M. Sullivan

# EXHIBIT A

# TO DEFENDANT MELISSA VAUGHN'S MOTION *IN LIMINE* TO REDACT VOICEMAIL

Case 1:05-cr-10102-JLT    Document 95-2    Filed 03/22/2007    Page 1 of 2

Voicemail sent by Melissa Vaughn Wednesday, March 3, 1999 regarding John Bruens offer to pay for certain high writing MDs flight and hotel in Cannes, France in April to attend an HIV Nutrition/Wasting program in exchange for 30 patient Rxs during our 6 day sales blitz

"Hey guys - This message is going to the RDs and I'm going to copy Mary Stewart and John Bruens on this. I just had a couple of very sobering phone calls from two of my CCs who presented the Cannes, France program and I can tell you that they presented it in one of the best ways we could possibly present it. They presented it to doctors with whom they have excellent relationships and rapport, who are also top doctors and who had the potential to bring in 30 scripts for the next week or so, and who also would have been perfect for speaking, and so we had everything laid out perfectly – it was the perfect scenario.

"These individuals each called me literally within five minutes of each other and could not express to me the horrible experience they went through and the things that were said to them by their doctors about this program: that it was unethical, that this is the very thing that the FDA looks for, that our drug is too good, our reputation is too good, our clinical consultants work too hard and the reputation is too positive to be stooping to such levels – why is Serono doing this? It just wasn't good – it was not good. I can't express it enough. I just wanted to let you know that we will not be doing this program in the south. We will get business, we will do what we need to do, but we won't go to desperate means that will compromise who we are as a company and who we are as individuals because I'm very proud of who we are and our product and essentially everything we represent as a company and as a product. I thought I'd pass this on to you just to give you some feedback and let you make your own decisions, but it was important enough for me to send it to the group."

Ray Hudgens and Adam Whitehurst were the CCs who asked the physicians. One MD was Dr. Piperato.

Jeff Aramondo called Cangi Moscardini to tell of how upset Dr. Condoluci in NJ became when he presented the Cannes program/offer to him. He said that he uses Serostim because/if it is the best drug for that patient – no other reason.

MV 00213