UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

_____
                                    )
**UNITED STATES OF AMERICA**        )
                                    )
                                    )
v.                                  )   Criminal No. 05-10102-JLT
                                    )
                                    )
**JOHN BRUENS, MARY STEWART, MARC** )
**SIROCKMAN, MELISSA VAUGHN**       )
                                    )
        **Defendants.**              )
_____ )

**GOVERNMENT'S OPPOSITION TO DEFENDANT
MARC SIROCKMAN'S MOTION *IN LIMINE***

The United States of America, by its attorney, Michael J. Sullivan, United States Attorney for the District of Massachusetts, opposes the motion *in limine* filed by defendant Marc Sirockman ("Sirockman") and submits this memorandum in support thereof.

At the outset, the government advises that it may not be necessary for the Court to decide this motion. The government advised defendant of its intention to offer into evidence certain specific statements made by defendant Sirockman, as well as evidence of payments made to Dr. Corazon, one of the top Serostim writers in the country, and Sirockman's main account, in an abundance of caution. The government has not made a final decision as to whether it will offer this evidence. In fact, for two of the three statements at issue, as well as for the payments to Dr. Corazon, it does not yet know if the witnesses to whom the

statements have been attributed are available to testify. Of course, if the knowledgeable witnesses are not available, there is no issue here. If they become available, and the government decides to offer the statements, it will notify Sirockman and the court immediately. Thus, it appears to the government that a decision on whether or not to exclude this evidence is premature, because the issue may never come to fruition. Accordingly, the government requests that the Court not rule on these issues until when, and if, necessary.[1]

In addition, the government has evidence that, while he was a Regional Director, Sirockman advised his team that they should do "whatever it takes" to obtain sales. The statement was made at a break out session for his team at a National Sales Meeting. At the outset, as with the other statements, the government has not yet made a final decision as to whether it will offer this evidence in its case-in-chief.

Nonetheless, if, as suggested by Sirockman, this statement

---

[1] In the event the Court declines to delay its decision, it is the government's position that the evidence is in fact proof of knowledge, intent and motive for the following reason: If, in the past, Sirockman had used selling techniques such as buying a doctor a digital camera to increase sales, he has knowledge as to whether or not such a tactic was an effective sales tool. Thus, when faced with the urgent sales pressure with which he was faced in March 1999, and faced with the proposition of offering doctors a trip to Cannes in exchange for more prescriptions, Sirockman's past knowledge that such tactics may work provides the knowledge that such a tactic may work this time too. If so, this is evidence of motive and the intent, and, as such, admissible.

can be inferred to be nothing more than a motivational platitude to his sales force, it is not 404(b) evidence at all. The evidence is clearly admissible as a statement by the defendant, and is relevant to this case as it is descriptive of the atmosphere within Serono and the pressure faced by the sales force to sell Serostim.

Further, the evidence is not so highly prejudicial as to warrant it inadmissible pursuant to Rule 403. Sirockman leaps to the conclusion that by hearing this statement, the jury will conclude that Sirockman has a criminal propensity. However, as Sirockman admits, the statement can be taken in many different ways. Indeed, even if taken in the worst case – that Sirockman was advising his team to do whatever it takes, including illegal actions, to make sales – this interpretation does not lead to a criminal propensity argument. It instead leads to the legitimate argument that he had the motivation and intention of joining the Cannes conspiracy, as that, too, could be considered as doing whatever it takes to get the job done. This is not inflammatory evidence, and is certainly not so unfairly prejudicial that it is inadmissible pursuant to Rule 403.

## CONCLUSION

Based upon the foregoing, the government requests that with respect to the "whatever it takes" evidence, the Court find this evidence is admissible, should the government elect to put it on

in its case-in-chief. The government requests that the Court not issue an order with respect to the admissibility of the other identified evidence until, and if, it is determined that the witnesses to whom this evidence has been attributed is available to testify.

                                MICHAEL J. SULLIVAN
                                United States Attorney


                   By:   /s/ Susan M. Poswistilo
                          MARY ELIZABETH CARMODY
                          SUSAN M. POSWISTILO
                          Assistant U.S. Attorneys


### CERTIFICATE OF SERVICE

I hereby certify that these documents filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

Dated: 04/02/2007              /s/ Susan M. Poswistilo
                                     SUSAN M. POSWISTILO
                                     Assistant United States Attorney