UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

_____
                                   )
**UNITED STATES OF AMERICA**       )
                                   )
                                   )
**v.**                             )   Criminal No. 05-10102-JLT
                                   )
                                   )
**JOHN BRUENS, MARY STEWART, MARC**)
**SIROCKMAN, MELISSA VAUGHN**      )
                                   )
           **Defendants.**         )
_____)


**GOVERNMENT'S RESPONSE TO DEFENDANTS' JOINT
MOTION *IN LIMINE* TO ADMIT THE GRAND JURY TESTIMONY OF
DR. HOWARD GROSSMAN PURSUANT TO RULE OF EVIDENCE 804(B)(1)**

Now comes the United States of America, by its attorney, Michael J. Sullivan, United States Attorney for the District of Massachusetts, and opposes the Defendants' Joint Motion *In Limine* to Admit the Grand Jury Testimony of Dr. Howard Grossman pursuant to Rule of Evidence 804(B)(1), and submits this memorandum in support thereof.

I.   INTRODUCTION:

Defendants seek to introduce the Grand Jury testimony of Howard Grossman, M.D., who testified before the Grand Jury in this investigation on March 16, 2004. The defendants argue that Dr. Grossman's Grand Jury testimony may be admitted under Fed. R.

Evid. 804(b)(1) because Dr. Grossman is unavailable.[1]  This is not the case.  Dr. Grossman is and remains available for testimony in this case for the following reasons.

A.  Dr. Grossman's Testimony Is Not Unavailable Because He Does Not Have a Valid Fifth Amendment Claim

The defendants state that, "[t]he issue for trial in this case is whether *quid pro quo* offers of a trip to Cannes in exchange for writing prescriptions were made to doctors," including Dr. Howard Grossman.  The defense seeks to introduce Dr. Grossman's Grand Jury testimony in order to elicit what they describe as Grossman's allegedly exculpatory testimony that "refuted" the Government's claim that he was offered the trip to Cannes.  If, as the defendants suggest, Dr. Grossman denied that he was offered the trip to Cannes, there is no way that this testimony could be even remotely inculpate Dr. Grossman.[2]  He cannot validly assert this privilege in the face of the factual nature of his testimony.

---

[1] Counsel for the defense represents to the Court that the Government is not going to call Dr. Grossman as a witness.  It is important to note at the outset that counsel for the defense has never even asked the Government whether it intends to call Dr. Grossman as a witness.  No Witness Lists have yet been filed in this case.  Counsel for the defendants have assumed, without further inquiry, that the Government is not going to call Dr. Grossman.  Therefore, this motion is, at the very least, premature.

[2] The Government does not agree with this characterization of Dr. Grossman's testimony but will assume *arguendo* for the purposes of this motion that this is the case.

The First Circuit in *United States v. Castro*, 129 F.3d 226, 229-230 (1st Cir. 1997), *cert. denied,* 523 U.S. 1100 (1998), recognized that the Fifth Amendment privilege against self-incrimination "is an essential constitutional protection that is widely regarded as a cornerstone of our adversarial system of criminal justice." 129 F.3d at 229; citing *Michigan v. Tucker*, 417 U.S. 433, 439 (1974).  The First Circuit also recognized, however, that,

> Withal, the Fifth Amendment's prophylaxis is not available to all comers in all circumstances merely because they have the presence of mind to chant the accepted constitutional liturgy. To the contrary, the prospective witness must show at the very least that he is faced with some authentic danger of incrimination.[citing cases] This is not a particularly onerous burden.  While chimerical fears will not suffice, the prospective witness need only limn some reasonable possibility that, by testifying, he may open himself to prosecution.

129 F.3d at 229; *See, Hoffman v. United States*, 341 U.S. 479, 485-486 (1951)*; In Re Kave,* 760 F.2d 343, 354 (1st Cir. 1985).

The United States Supreme Court in *Hoffman* held that "this protection must be confined to instances where the witness has reasonable cause to apprehend danger from a direct answer." *Id*. The Court stated:

> The witness is not exonerated from answering merely because he declares that in so doing he would incriminate himself-his say-so does not of itself establish the hazard of incrimination.  It is for the court to say whether his silence is justified, . . . and

3

> to require him to answer if "it clearly appears to the court that he is mistaken."

*Id*. at 486.  Thus, the First Circuit in *Castro* held that when evaluating a witness' Fifth Amendment claim, the privilege cannot be invoked on a blanket basis.  *Castro*, 129 F.3d at 229, citing, *In Re Grand Jury Matters*, 751 F.2d 13, 17, n.4 (1st Cir. 1984).  The First Circuit held that the privilege "operates on a question by question" basis.  Therefore, it requires that the district court conduct a "particularized inquiry."  *Castro*, 129 F.3d at 229, citing, *United States v. Pratt*, 913 F.2d 982, 990 (1st Cir. 1990).  When so doing, the questions and answers need not be directly incriminating but can be "a rung in the ladder of evidence leading to prosecution."  *Castro*, 129 F.3d at 229.  However, in order to validly claim the privilege, the testimony must somehow lead to evidence that might be used in a future prosecution for a federal crime.  *Id.; see Hoffman*, 341 U.S. at 486.

    The testimony of Dr. Grossman that the defendants seek to introduce is Dr. Grossman's apparent denial that he ever received any offer of the trip to Cannes by representatives of Serono.  That testimony, if true, could not possibly lead to the federal prosecution of Dr. Grossman.  Moreover, the events which are the subject matter of this testimony took place in March and April of 1999, well beyond any statute of limitations.  18 U.S.C. § 3282.  This testimony could in no way lead to a federal prosecution of

Dr. Grossman for the events about which he is anticipated to testify. Thus, Dr. Grossman does not have a valid Fifth Amendment claim regarding the testimony sought to be introduced by the defendants.

For that reason, Dr. Grossman is not unavailable and this motion should be denied.

B.  The Court Must Conduct A Particularized Inquiry:

If necessary, in order to fully assess whether the testimony sought to be introduced could lead to Dr. Grossman's prosecution, this Court must conduct a "particularized inquiry." This Court cannot merely sustain Dr. Grossman's blanket assertion of his claim of privilege. In *Castro*, the First Circuit endorsed the following procedure utilized by Judge Hornby:

The district court convened a voir dire hearing outside the presence of the jury. The court required the parties to proceed in a question and answer format. Each witness was represented by an attorney. Defense counsel was allowed to put their questions to the witness so that the court could assess, on a question by question basis, whether the witness was asserting a valid Fifth Amendment claim. *See Castro*, 129 F.2d at 228.

In the case at bar, this court should, if necessary, follow the same procedure before concluding that Dr. Grossman has any valid Fifth Amendment claim.

5

C.  Conclusion

Based upon the foregoing, the defendants' Joint Motion to Admit the Grand Jury Testimony of Dr. Howard Grossman should be denied.

                                      Respectfully submitted,

                                      MICHAEL J. SULLIVAN
                                    United States Attorney


                        By:   /s/ Mary Elizabeth Carmody
                            MARY ELIZABETH CARMODY
                            SUSAN M. POSWISTILO
                            Assistant U.S. Attorneys


CERTIFICATE OF SERVICE

I hereby certify that these documents filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).


Dated: 04/03/2007                    /s/ Mary Elizabeth Carmody
                                           MARY ELIZABETH CARMODY
                                           Assistant United States Attorney