UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) ) ) | NO. 05-CR-10102 JLT |
| v. | ) ) ) |  |
| JOHN BRUENS, MARY STEWART, MELISSA VAUGHN, and MARC SIROCKMAN | ) ) ) ) |  |
| Defendants. | ) ) ) |  |

**DEFENDANTS' MOTION FOR PROPOSED VOIR DIRE QUESTIONS**

Defendants John Bruens, Mary Stewart, Melissa Vaughn, and Marc Sirockman (the "Defendants") hereby request, pursuant to Rule 24(a) of the Federal Rules of Criminal Procedure, that the Court use each of the proposed questions attached at **Exhibit A** in conducting *voir dire* of prospective jurors during the empanelment of the jury in the above-captioned case. Defendants respectfully request that this Court ask each of the proposed questions in order that the defendants may determine the impartiality of the jury venire, develop challenges for cause, and wisely utilize the peremptory challenges to which they are entitled pursuant to Rule 24(b) of the Federal Rules of Criminal Procedure. Defendants reserve their right to supplement these requests up to and during jury selection.

Defendants submit that the proposed questions are necessary to conduct the *voir dire* in a manner that will thoroughly probe crucial areas of potential juror bias. An adequate inquiry into potential juror bias is necessary to protect Defendants' right to the selection of an impartial jury. "In essence, the right to jury trial guarantees to the criminally accused a fair trial by a panel of

1

impartial, 'indifferent' jurors. The failure to accord an accused a fair hearing violates even the minimal standards of due process." Irvin v. Dowd, 366 U.S. 717, 722 (1961).

Furthermore, if the Defendants are not permitted to have potential jurors questions as to the following topics, it will be impossible for Defendants' counsel to make reasoned, intelligent decisions on how best to utilize both their peremptory and for cause challenges. "[E]ffective *voir dire* must expose potential bias and prejudice in order to enable litigants to facilitate the impanelment of an impartial jury through the efficient exercise of their challenges." United States v. Noone, 913 F.2d 20, 32 (1st Cir. 1990).

WHEREFORE, Defendants respectfully request that this Court use each of the proposed questions attached at **Exhibit A** in conducting *voir dire* of prospective jurors during the empanelment of the jury.

Respectfully submitted,

**JOHN BRUENS, MARY STEWART,
MELISSA VAUGHN, and MARC SIROCKMAN,**

By their undersigned attorneys.

| | |
|---|---|
| /s/ McKenzie E. Webster | /s/ Thomas McC. Souther |
| Tracy A. Miner | Thomas McC. Souther |
| McKenzie E. Webster | Counsel for John Bruens |
| Counsel for Marc Sirockman | |
| | |
| /s/ Mark. A. Berman | /s/Adam S. Hoffinger |
| Mark A. Berman | Adam S. Hoffinger |
| Counsel for Mary Stewart | Counsel for Melissa Vaughn |

**Dated:** April 5, 2007

2

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing motion was filed electronically in compliance with ECF procedures on this 5th day of April 2007.

    /s/ McKenzie E. Webster

4010791v.1

**EXHIBIT A**

**DEFENDANTS' PROPOSED VOIR DIRE QUESTIONS**

1. Question: Do you have any negative feelings about the pharmaceutical industry?

2. Question: Do you believe it is wrong for a pharmaceutical company to send doctors who prescribe the company's medication on trips to medical conferences?

3. Question: Do you have any negative feelings about same sex partnerships or the lifestyles of persons who contract HIV or AIDS?

4. Question: Do you believe that if a defendant chooses not to testify, it likely means that the defendant is guilty?

5. Question: Have you, any member of your family, or anyone close to you been treated with Serostim or any other prescription medication manufactured by Serono?

6. Question: Have you ever been a party to any dispute or legal action involving a physician or a pharmaceutical company?

7. Question: Do you believe it is wrong for pharmaceutical companies to have sales goals like other businesses?

8. Question: Have you, any member of your family, or anyone close to you ever filed a whistleblower lawsuit or formally reported wrongdoing by his or her employer?

4011008v.1