**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

```
----------------------------------------------------------- X
                                                            :
UNITED STATES OF AMERICA,                                   :
                                                            :
                                                            :
                 vs.                                        :   Criminal No. 05-10102-JLT
                                                            :
JOHN BRUENS, ET AL.                                         :
                                                            :
                          Defendants.                       :
                                                            :
----------------------------------------------------------- X
```

## DEFENDANTS' MOTION FOR LEAVE TO FILE A REPLY BRIEF

Defendants John Bruens, Mary Stewart, and Marc Sirockman ("Defendants") move this Court for permission to file a reply brief in response to the Government's opposition contained in its Response To Joint Motion Of Defendants Bruens, Stewart And Sirockman's *In Limine* To Exclude Voice Mail. In support of this motion, the Defendants state as follows:

1. On March 22, 2007, Defendants filed their Joint Motion *In Limine* To Exclude Voicemail seeking an order from this Court excluding of the contents of an alleged voicemail message and a purported transcription of the same.

2. On April 2, 2007, the Government filed its opposition to this motion.

3. The Government's opposition raised factual and legal issues that compel the Defendants to respond.

4. Defendants move for leave to file a reply brief in order to address the arguments contained in the Government's opposition. Defendants' proposed reply brief is attached as Exhibit A.

WHEREFORE, Defendants hereby move this Court for leave to file a reply brief in order to respond to the Government's opposition.

Respectfully submitted,

JOHN BRUENS, MARY STEWART,
MELISSA VAUGHN, and MARC SIROCKMAN
by their undersigned attorneys:

| | |
|---|---|
| /s/ Thomas McC. Souther | /s/ Mark Berman |
| Thomas McC. Souther, Esq. | Mark A. Berman, Esq. |
| (admitted *pro hac vice*) | (admitted *pro hac vice*) |
| Roger J. Hawke, Esq. | HARTMANN, DOHERTY, |
| (admitted *pro hac vice*) | ROSA & BERMAN, P.C. |
| SIDLEY AUSTIN LLP | 126 State Street |
| 787 Seventh Avenue | Hackensack, New Jersey 07601 |
| New York, New York 10019 | (201) 441-9056 |
| (212) 839-5300 | |
| | *Counsel for Mary Stewart* |
| *Counsel for John Bruens* | |

 /s/ Tracy A. Miner
Tracy A. Miner, Esq.  BBO # 547137
McKenzie E. Webster, Esq.  BBO #651204
MINTZ, LEVIN, COHN, FERRIS,
 GLOVSKY & POPEO, P.C.
One Financial Center
Boston, Massachusetts 02110
(617) 542-6000

*Counsel for Marc Sirockman*

Dated:  4/5/2007

2

3

**CERTIFICATE OF SERVICE**

      This is to certify that a copy of the foregoing motion and reply brief, attached hereto as Exhibit A, was filed electronically in compliance with ECF procedures on this 5th day of April 2007.

                                                  /s/ Patricia C. Fratto

NY1 6145753v.1

# EXHIBIT A

# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

---------------------------------------------------------------- X
                                                                 :
UNITED STATES OF AMERICA,                                        :
                                                                 :
                                                                 :
            vs.                                                  :  Criminal No. 05-10102-JLT
                                                                 :
JOHN BRUENS, ET AL.                                              :
                                                                 :
                        Defendants.                              :
                                                                 :
---------------------------------------------------------------- X

### PROPOSED
### REPLY MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS JOHN BRUENS, MARY STEWART AND MARC SIROCKMAN'S MOTION *IN LIMINE* TO EXCLUDE VOICEMAIL TRANSCRIPT AND MESSAGE

| | |
|---|---|
| SIDLEY AUSTIN LLP | HARTMANN, DOHERTY, |
| Thomas McC. Souther, Esq. | ROSA & BERMAN, P.C. |
| (admitted *pro hac vice*) | Mark A. Berman, Esq. |
| Roger J. Hawke, Esq. | (admitted *pro hac vice*) |
| (admitted *pro hac vice*) | 126 State Street |
| 787 Seventh Avenue | Hackensack, New Jersey 07601 |
| New York, New York 10019 | (201) 441-9056 |
| (212) 839-5300 | |
| | |
| *Counsel for John Bruens* | *Counsel for Mary Stewart* |

MINTZ, LEVIN, COHN, FERRIS,
 GLOVSKY & POPEO, P.C.
Tracy A. Miner, Esq.  BBO # 547137
McKenzie E. Webster, Esq.  BBO #651204
One Financial Center
Boston, Massachusetts 02110
(617) 542-6000

*Counsel for Marc Sirockman*

1. **Recorded Recollection Exception Under FRE 803(5)**

    The Government claims that should Kim Jackson be "unable to recall the events surrounding the voicemail" the voicemail message would be admissible under FRE 803(5). That rule specifically provides that the transcript of the alleged message may <u>not</u> be introduced in evidence by the proponent. It strains credulity, moreover, for the Government to suggest in its brief that Jackson might suddenly be unable to recall the "events surrounding the voicemail." Jackson testified in the Grand Jury that she transcribed the voicemail because she felt it was "important to record it . . . so I put my speakerphone on and kept rewinding so I could get every word. It was concerning to me." (Tr. of Grand Jury Test. of Kimberly Jackson on Dec. 9, 2003, at 82.)

2. **The Best Evidence Rule**

    The Government claims its offer of the alleged transcript of the voicemail satisfies FRE 1004 of the Best Evidence Rule because the Government "has never been in possession of the actual voicemail" and because "counsel for Serono has advised that Serono is not in possession of the actual voicemail." These unsupported statements of purported fact fall far short of justifying an offer of secondary evidence of the voicemail. The proponent of secondary evidence must first show that it conducted a "reasonable and diligent search" for the original. See, e.g., <u>Sylvania Elec. Prods., Inc. v. Flanagan</u>, 352 F.2d 1005, 1008 (1st Cir. 1965) ("secondary evidence of the content of the original is not admissible unless the proponent of the testimony shows that a reasonable and diligent search has been made for the original without success." (citation omitted)). Here, Kim Jackson, the alleged transcriber, was interviewed by seven Federal attorneys or law enforcement agents on December 11, 2000. The Government fails to provide any details as to whether these Federal officials ever made any effort to retrieve the original voicemail either then or after March 2001, when the Government claims that the

2

transcription of the voicemail, embellished by Jackson's extraneous comments, was officially "served on the United States Attorney's Office in Maryland." The mere statement that today – more than six years after the Government learned of the existence of the recording – the recording is no longer available does not establish that the Government made a "reasonable and diligent" search for it.

### 3. The Voicemail Is Clearly Offered For The Truth Of Its Contents

The Government repeatedly protests that it is not offering the contents of the voicemail for the truth of what it contains. This is simply not true. For example, the Government states as fact that the purported voicemail message "was sent to the Regional Directors, including co-defendant Sirockman, as well as co-defendants Bruens and Stewart." Yet, the sole "proof" of this is the voicemail itself. The Government states that the voicemail put defendants "on notice" that "doctors . . . recognized the illegality of the scheme." It is perfectly obvious that this statement about what doctors supposedly "recognized" – which happens to be a misrepresentation of what the voicemail actually states – is being offered for the truth of it. It is disingenuous to argue that the only purpose of the offer is to show what Vaughn, rather than the doctors, said.

### 4. The Co-Conspirator Exception To The Hearsay Rule Is Inapplicable

The Government contends that the purported voicemail message is "not hearsay because it is a statement of a co-conspirator, made during the course of the conspiracy and in furtherance thereof." First, the statement in question is Jackson's out-of-court statement about what Vaughn supposedly said. Secondly, even assuming Vaughn made the statements Jackson attributes to her, they served either to frustrate or withdraw from the alleged conspiracy. See, e.g., United States v. Piper, 298 F.3d 47, 55 (1st Cir. 2002) ("Statements that are designed to frustrate rather than to further the goals of a conspiracy are not admissible under the aegis of Rule

3

801(d)(2)(E)." (citation omitted)); id. at 53 (withdrawal may be effected through "a communication by the accused to his co-conspirators that he has abandoned the enterprise and its goals" (citation omitted)).  That this is the overall objective of the voicemail is illustrated by Vaughn's purported statement:  "I just wanted to let you know we will not be doing this program in the south."

## CONCLUSION

The transcript of the alleged voicemail recording and its contents should be excluded from evidence.

Respectfully submitted,

JOHN BRUENS, MARY STEWART,
MELISSA VAUGHN, and MARC SIROCKMAN
by their undersigned attorneys:

| | |
|---|---|
| /s/ Thomas McC. Souther | /s/ Mark Berman |
| Thomas McC. Souther, Esq. | Mark A. Berman, Esq. |
| (admitted *pro hac vice*) | (admitted *pro hac vice*) |
| Roger J. Hawke, Esq. | HARTMANN, DOHERTY, |
| (admitted *pro hac vice*) | ROSA & BERMAN, P.C. |
| SIDLEY AUSTIN LLP | 126 State Street |
| 787 Seventh Avenue | Hackensack, New Jersey 07601 |
| New York, New York 10019 | (201) 441-9056 |
| (212) 839-5300 | |
| | *Counsel for Mary Stewart* |
| *Counsel for John Bruens* | |

  /s/ Tracy A. Miner
Tracy A. Miner, Esq.  BBO # 547137
McKenzie E. Webster, Esq.  BBO #651204
MINTZ, LEVIN, COHN, FERRIS,
  GLOVSKY & POPEO, P.C.
One Financial Center
Boston, Massachusetts 02110
(617) 542-6000

*Counsel for Marc Sirockman*

Dated:  4/5/2007

4