UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA | ) )   NO. 05-CR-10102 JLT |
| v. | ) ) ) |
| JOHN BRUENS, MARY STEWART, MELISSA VAUGHN, and MARC SIROCKMAN | ) ) ) ) |
| Defendants. | ) ) |

**DEFENDANTS' MOTION TO INSPECT, REPRODUCE, AND COPY
ALL RECORDS AND PAPERS USED BY THE JURY COMMISSION
OR CLERK IN CONNECTION WITH THE JURY SELECTION PROCESS
PURSUANT TO 28 U.S.C. § 1867(f)**

Defendants John Bruens, Mary Stewart, Melissa Vaughn, and Marc Sirockman (the "Defendants") hereby move, pursuant to Section 1867(f) of Title 28 of the United States Code, that the Court permit them to immediately inspect, reproduce, and copy all of the records and papers used by the jury commission or the clerk in connection with the selection process for the petit jury. These records are necessary for the possible preparation and presentation of a motion under subsection (a) of Section 1867. As the clerk's office is already in possession of the majority of these papers, Defendants request immediate access to be able to copy and evaluate the papers.

**ARGUMENT**

Under 28 U.S.C. § 1867(f), a party has an absolute right to inspect jury records. In <u>Test v. United States</u>, 420 U.S. 28, 30 (1975), the United States Supreme Court held that defendants have "essentially an unqualified right" to obtain such documents. <u>See also</u> <u>United States v.</u>

1

Royal, 100 F.3d 1019, 1025 (1st Cir. 1996) (a defendant "challenging the jury selection procedures has an unqualified right to inspect jury records . . . . A district court may not premise the grant or denial of a motion to inspect upon a showing of probable success on the merits of a challenge to the jury selection provisions."). "Pursuant to 28 U.S.C. § 1867(a), a defendant may file a motion to stay proceedings premised upon a challenge to the jury selection procedures before the voir dire examination begins . . . ." See United States v. Orlando-Figueroa, 229 F.3d 33, 42 (1st Cir. 2000) ("[A] defendant has the right to inspect *before* he or she makes a motion to challenge the jury-selection procedures under § 1867(a)" (citing United States v. Alden, 776 F.2d 771, 773-74 (8th Cir. 1985))).

Defendants require immediate access to the records and papers used by the jury commission or clerk in order to properly evaluate compliance with the jury selection procedures of Title 28, and if necessary to prepare a challenge to those procedures pursuant to 28 U.S.C. § 1867(a). It is not necessary that this motion be accompanied by any statement of facts establishing the basis of a motion to strike the jury. See United States v. Marcano-Garcia, 622 F.2d 12, 18 (1st Cir. 1980). As the Supreme Court stated in Test, supra, without such an unqualified right, a party would otherwise "be unable to determined whether he has a potentially meritorious jury challenge." 420 U.S. at 29.

This court has recently granted similar requests on identical grounds. See, e.g., Order of Feb. 8, 2007, United States v. Landers, No. 05-cr-10265, (D. Mass.) (O'Toole, J.). Notably, in Landers, the government conceded that defendants had such rights and thus did not oppose the defendants' motion on those grounds.[1] Working with the jury administrator, defense counsel

---

[1] In Landers, the government did request that the Court both (1) enter a protective order that covered the parties in the case and (2) set a deadline by which defendants were required to file any motion challenging the jury selection in order to ensure that the trial date would not be delayed. See "Government's Response to Defendants' Motion To Inspect, Reproduce and Copy Documents Concerning the Jury Selection Process," document number 64, filed

2

was then allowed to copy (though not to remove from the courthouse) the jury papers, including the returned jury questionnaires. Here, Defendants request the same access that was accorded to the defendants in United States v. Landers.

## CONCLUSION

WHEREFORE, Defendants respectfully submit that they should be permitted to inspect, reproduce and copy all of the records and papers used by the jury commission or clerk in connection with the selection process for the petit jury.

Respectfully submitted,

**JOHN BRUENS, MARY STEWART,**
**MELISSA VAUGHN, and MARC SIROCKMAN,**

By their undersigned attorneys.

| | |
|---|---|
| /s/ McKenzie E. Webster | /s/ Thomas McC. Souther |
| Tracy A. Miner | Thomas McC. Souther |
| McKenzie E. Webster | Counsel for John Bruens |
| Counsel for Marc Sirockman | |
| | |
| /s/ Mark. A. Berman | /s/Adam S. Hoffinger |
| Mark A. Berman | Adam S. Hoffinger |
| Counsel for Mary Stewart | Counsel for Melissa Vaughn |

**Dated:** April 6, 2007

---

February 5, 2007 in United States v. Landers, No. 05-cr-10263. Defendants in this case would agree to both of these conditions.

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing motion was filed electronically in compliance with ECF procedures on this 6th day of April 2007.

/s/ McKenzie E. Webster

4001029v.2