UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

_____
                                    )
**UNITED STATES OF AMERICA**        )
                                    )
                                    )
**v.**                              )Criminal No. 05-10102-JLT
                                    )
                                    )
**JOHN BRUENS, MARY STEWART, MARC** )
**SIROCKMAN, MELISSA VAUGHN,**      )
                                    )
            **Defendants.**         )
_____)

**GOVERNMENT'S OPPOSITION TO DEFENDANTS' JOINT
MOTION TO INSPECT, REPRODUCE AND COPY
RECORDS AND PAPERS USED BY THE JURY COMMISSION**

The United States of America, by its attorney, Michael J. Sullivan, United States Attorney for the District of Massachusetts, opposes the joint motion of the defendants to inspect, reproduce and copy all records and papers used by the jury commission or clerk in connection with the jury selection process pursuant to 28 U.S.C. § 1867(f).

On January 16, 2007, this Court set April 17, 2007 as the date for trial in this case.  The defendants have waited until ten days prior to trial to request that they be permitted to inspect all records and papers used by the jury commission in the jury selection process, presumably including the hundreds, if not thousands, of juror questionnaires filled out by the prospective jurors.  The defendants ostensibly claim that "these records are necessary for the possible preparation and presentation of a motion under subsection (a) of Section 1867."  They give no hint

whatsoever of any grounds upon which they would file such a motion, and, significantly, make no allegations that they are in fact even preparing such a motion.  For these reasons, the motion should be denied.

   Section 1867(f),(28 U.S.C.), provides that:

> The contents of paper and records used by the jury commission or clerk . . . shall not be disclosed, except pursuant to the district court plan or as may be necessary in the preparation or presentation of a motion under subsection (a), (b) or (c) of this section.

   Thus, under the statute, a right of inspection exists "for the preparation or the presentation" of a motion.  Most courts, including the Supreme Court, that have addressed this statute have recognized this unqualified right to inspect this information.  The courts have recognized the right, however, where the defendants actually were challenging the jury selection process, unlike the instant case. Test v. United States, 420 U.S. 28 (1975)(absolute right to inspect jury lists where petitioner claimed that master lists excluded disproportionate numbers of Hispanics, students and blacks); United States v. Orlando-Figueroa, 229 F.3d 33, 41 (1st Cir. 2000) (absolute right to inspect where defendants sought to challenge a requirement that jurors understand English, even when First Circuit denied such a challenge in an earlier case); United States v. Royal, 100 F.3d 1019, (1st Cir. 1996) (unqualified right to inspect where defendant sought to challenge alleged systematic exclusion of

blacks, regardless of the merits of anticipated challenge). Indeed, the First Circuit has stated that "to avail himself of the right of access to jury selection records, a litigant need only allege that he is preparing a motion to challenge the jury selection process." United States v. Royal, 100 F.3d 1019, 1025 (1st Cir. 1996), *citing*, United States v. Alden, 776 F.2d 771, 773-75 (8th Cir. 1985).

This is not the case here. The defendants have not alleged that they are preparing or presenting a motion to challenge the jury selection plan in effect in the District of Massachusetts. Rather, they allege that the inspection is necessary for the "possible preparation" of such a motion. They do not state any basis for the "possible preparation" of such a motion. Indeed, since none of the defendants fall within the minority or other categories cited above as a basis for challenging the selection of the venire, there does not appear to be any identifiable basis for such a challenge in this case.

Furthermore, the plan under which the District of Massachusetts operates has been found to be constitutional and not violative of the Jury Selection and Service Act, 28 U.S.C. §§ 1861 et. seq. In re United States, 426 F.3d 1, 8 (1st Cir. 2005); United States v. Royal, 174 F.3d 1, 10-11 (1st Cir. 1999). The defendants allege that they need the records and papers "in order to properly evaluate compliance with the jury selection

procedures;" however, there is no reason to believe that the jury pool from which the jury in the instant case will be drawn will be selected in any manner other than the plan implemented by the District of Massachusetts, and approved by the First Circuit. Certainly, if the defendants believe otherwise, they could advise the court and their statutory right to inspect the records and papers should be granted.

    This motion is nothing but a veiled attempt to gain access to the make up of the jury panel prior to the beginning of trial and jury selection on April 17, 2007, or, an attempt to create a ground for a continuance of the April 17 trial date. Surely, neither of these reasons were contemplated by the statute, and just as surely, they should not be endorsed by this Court.

    Accordingly, based upon the foregoing, the defendants motion to inspect, reproduce and copy all records and papers used by the jury commission or clerk should be denied.

                                      MICHAEL J. SULLIVAN
                                      United States Attorney

                      By:  /s/ Susan M. Poswistilo
                          MARY ELIZABETH CARMODY
                          SUSAN M. POSWISTILO
                          Assistant U.S. Attorneys

CERTIFICATE OF SERVICE

    I hereby certify that these documents filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

Dated: 04/09/2007                      /s/ Susan M. Poswistilo
                                              SUSAN M. POSWISTILO
                                              Assistant United States Attorney