UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

_____
                                    )
**UNITED STATES OF AMERICA**        )
                                    )
                                    )
**v.**                              )     Criminal No. 05-10102-JLT
                                    )
                                    )
**JOHN BRUENS, MARY STEWART, MARC** )
**SIROCKMAN, MELISSA VAUGHN**       )
                                    )
           **Defendants.**          )
_____)


**GOVERNMENT'S MOTION TO STRIKE DOCKET NO. 127,
LETTER OF DEFENSE COUNSEL TO THE COURT, BECAUSE IT
WAS FILED IN VIOLATION OF FED. R. CRIM. P. 12(B)(1),
<u>FED. R. CRIM. P. 47 AND L.R. 112.1 and 7.1</u>**

Now comes the United States of America, by its attorney, Michael J. Sullivan, United States Attorney for the District of Massachusetts, and moves the Court to strike Docket No. 127, a letter from defense counsel to the Court, because it was filed in violation of Fed. R. Crim. P. 12(b), Fed. R. Crim. P. 47 and L.R. 112.1 and 7.1.

The letter from defense counsel was filed with the Court and without notice or any conference with the Government. The letter represents certain facts[1] to the Court and asks the Court for relief. In essence, this letter is a motion. Fed. R. Crim. P. 12(b)(1) provides that Fed. R. Crim. P. 47 applies to pretrial motions. Rule 47 sets forth the requirements of motions,

---

[1] Most of the facts set forth in the letter are inaccurate.

including form and content and the timing of a motion. The letter filed by counsel meets none of the requirements of motion practice set forth in those rules. Thus, this letter should be stricken from the record in this case.

In addition, Local Rule 112.1 specifically states that motion practice in criminal cases shall be subject to L.R. 7.1. Local Rule 7.1 requires, among other things, that the parties confer before filing any motions. Defense counsel did not confer before filing this letter/motion with the Court. Thus, this letter should be stricken from the record in this case.

Moreover, the Pre-trial conference in this case is set for Thursday, April 12, 2007. The letter by defense counsel is a blatant attempt by counsel to present their position on issues that are usually reserved for the Pre-trial conference prematurely and without conferring with Government counsel. For this reason also, this letter should be stricken from the record in this case.

Finally, this letter misrepresents much about the facts and the Government's case.[2] The Government will not respond to those factual allegations at this time because that discussion is more properly reserved for the Pre-trial conference.

---

[2] It should be noted that from inception, the Government has always represented that this case will take 4 weeks to try -- not only because of the length of time to present the government's case but in view of the fact that there are four defendants in the case.

Accordingly, based on the foregoing, the government requests that the Court strike Docket No, 127, a letter from defense counsel to the Court because it was filed in violation of Fed. R. Crim. P. 12(b), Fed. R. Crim. P. 47 and L.R. 112.1 and 7.1.

                            Respectfully submitted,

                            MICHAEL J. SULLIVAN
                            United States Attorney

                  By:   /s/ Mary Elizabeth Carmody
                       MARY ELIZABETH CARMODY
                       SUSAN M. POSWISTILO
                       Assistant U.S. Attorneys

CERTIFICATE OF SERVICE

I hereby certify that these documents filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

Dated: 04/09/2007              /s/ Mary Elizabeth Carmody
                                   SUSAN M. POSWISTILO
                                   Assistant United States Attorney