UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | No. 05-CR-10102 JLT |
| | ) | |
| Plaintiff, | ) | Motion for Leave Granted |
| | ) | on April 11, 2007 |
| v. | ) | |
| | ) | |
| | ) | |
| JOHN BRUENS, MARY STEWART, | ) | |
| MELISSA VAUGHN, and | ) | |
| MARC SIROCKMAN, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**DEFENDANT MELISSA VAUGHN'S REPLY MEMORANDUM
IN SUPPORT OF MOTION *IN LIMINE* TO REDACT VOICEMAIL**

In the "Government's Opposition To Defendant Melissa Vaughn's Motion *In Limine* To Redact Voicemail" (hereafter "Opposition"), the Government contends that the voicemail is not hearsay because it will not be offered for the truth of the matters asserted therein. The Government's own arguments belie its claim.

The Government intends to use the voicemail to establish "the knowledge of the defendants." *See* Opposition at 3. While the Government does not clearly explain what "knowledge" the substance of the voicemail proves, it appears that the Government will seek to use the voicemail to establish that the defendants had knowledge "that doctors who were made the Cannes offer had recognized the illegality of the scheme to offer the trip in return for writing additional prescriptions of Serostim." *See* Opposition at 3-4. To do so, however, the

Government would have to offer statements in the voicemail for the truth of the matter asserted—namely, that the Cannes program "was unethical . . . the very thing that the FDA looks for."  *See* Exhibit A to Melissa Vaughn's Motion *In Limine* To Redact Voicemail.  It is disingenuous for the Government to suggest that it will not offer the voicemail "to prove the doctors' actual statements."  *See* Opposition at 4.  The truth of these statements in the voicemail—which we seek to redact—is precisely what the Government wants to prove at trial.

If the Government is truly prepared to forego offering and using the voicemail statements for their truth, then we request that (1) the Government stipulate that these statements—*i.e.*, that the Cannes program was unethical, what the FDA looks for, etc.—are not true; (2) the Court so order; and (3) the stipulation and order be read to the jury when the voicemail is offered.  If the Government refuses to stipulate, it will it be clear that the Government does, in fact, want the voicemail statements to be considered by the jury for the truth and that its claim to the contrary is nothing more than an attempt to slip through the back door what the rules of evidence will not allow to enter through the front door.

Respectfully submitted,

MELISSA P. VAUGHN
By her undersigned attorneys
  /s/ Adam S. Hoffinger
Adam S. Hoffinger, Esq.
   (admitted *pro hac vice*)
James M. Sullivan, Esq.
   (admitted *pro hac vice*)
MORRISON & FOERSTER LLP
2000 Pennsylvania Avenue, N.W.
Washington, D.C.  20008-1888
(202) 887-1500

        MARY STEWART
        By her undersigned attorneys
          /s/ Mark Berman
        Mark A. Berman, Esq.
        Hartmann Doherty Rosa & Berman, LLC
        126 State Street
        Hackensack, NJ 07601
        (201) 441-9056

        MARC SIROCKMAN,
        By his undersigned attorneys,
          /s/ Tracy A. Miner
        Tracy A. Miner
        McKenzie E. Webster
        MINTZ, LEVIN, COHN, FERRIS, GLOVSKY
         AND POPEO, P.C.
        One Financial Center
        Boston, MA  02111

Dated:  April 12, 2007

## **CERTIFICATE OF SERVICE**

This is to certify that a copy of the foregoing motion was filed electronically in compliance with ECF procedures on this 12th day of April 2007.

    /s/   James M. Sullivan