UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **v.** | ) | **Crim. No. 05-10102-JLT** |
| | ) | |
| **JOHN BRUENS,** | ) | |
| **MARY STEWART,** | ) | |
| **MELISSA VAUGHN,** and | ) | |
| **MARC SIROCKMAN,** | ) | |
| Defendants | ) | |

## United States' Requests for Jury Instructions

Pursuant to Fed. R. Crim. P. 30 and Local Rule 117.1(A)(7), the United States hereby

requests the Court instruct the jury in accordance with the attached requested instructions.

The United States reserves the right to supplement, modify, or withdraw these requests for

instructions in light of the instructions filed by the defendants, affirmative defenses that may be

raised by the defendants, and the evidence presented at trial.

UNITED STATES OF AMERICA

MICHAEL J. SULLIVAN
United States Attorney


/s/ Susan M. Poswistilo
MARY BETH CARMODY
SUSAN M. POSWISTILO
Assistant U.S. Attorneys

April 12, 2007


## CERTIFICATE OF SERVICE

I hereby certify that these documents filed through the ECF system will be sent
electronically to the registered participants as identified on the Notice of Electronic Filing
(NEF).

Dated: 04/12/2007             /s/ Susan M. Poswistilo
                              SUSAN M. POSWISTILO
                              Assistant United States Attorney

# INDEX

TOPIC                                                                    INSTRUCTION NO.

**General:**

Duty of Jury to Find Facts and Follow Law ............................................... 1

Presumption of Innocence; Proof Beyond a Reasonable Doubt ................................. 2

Defendants' Constitutional Right Not to Testify ......................................... 3

What is Evidence; Inferences ........................................................... 4

Direct and Circumstantial Evidence .................................................... 5

Credibility of Witnesses .............................................................. 6

Cautionary and Limiting Instructions on Particular Evidence ........................... 7

What is Not Evidence .................................................................. 8

**Evidentiary Issues**

Impeachment by Prior Inconsistent Statement ........................................... 9

Caution as to Cooperating Witnesses ................................................... 10

Compelled Witness Testimony ........................................................... 11

Stipulations .......................................................................... 12

Summaries - Admitted as Evidence ...................................................... 13

On or About Dates ..................................................................... 14

Expert Witnesses ...................................................................... 15

**Conspiracy (General and Defraud Objective)**

Definition of Knowingly ................................................................ 16

Willfull Blindness as a Way to Satisfy "Knowingly" .......................... 17

Willfullness .............................................................................. 18

Conspiracy - The Indictment and the Statute ................................... 19

Conspiracy - Purpose of Statute ..................................................... 20

Conspiracy - Elements of Conspiracy ............................................. 21

Conspiracy - Agreement .............................................................. 22

Conspiracy - Multiple Objectives (Lawful and Unlawful) ................... 23

Conspiracy - Membership ............................................................. 24

Conspiracy - Overt Act ................................................................ 25

Conspiracy - Overt Act Need Not be Unlawful .................................. 26

Conspiracy - Overt Act Through Use of Innocent Third Parties ............ 27

Conspiracy - Success Not Required ................................................. 28

Co-Conspirator Acts and Statements ............................................... 29

Others Not Charged ..................................................................... 30

**Anti-Kickback Act  (Objective of Conspiracy and Substantive Counts)**

Unlawful Objective - Violation of Anti-Kickback Act .......................... 31

Elements of Violation of Anti-Kickback Act ..................................... 32

Kickback - Offer or Pay Remuneration ............................................ 33

Kickback - One Purpose to Induce Referrals ..................................... 34

Kickback - Payment for Services by Medicaid ................................... 35

Kickback - Loss Not Required ....................................................... 36

Substantive Offenses - AKA - John Bruens, Mary Stewart and

Melissa Vaughn ............................................................................................. 37

Substantive Offenses - AKA - John Bruens, Mary Stewart and
Marc Sirockman ............................................................................................. 38

Substantive Offenses - AKA - John Bruens and Mary Stewart ..................... 39

Aiding and Abetting  - All Defendants ........................................................... 40

## Closing Instructions

Not to Consider Punishment  ......................................................................... 41

Consideration of Evidence  ............................................................................ 42

Reaching Agreement  ...................................................................................... 43

Return of Verdict Form  .................................................................................. 44

Communication with Court  ............................................................................ 45

INSTRUCTION NO. 1

<u>Duty of the Jury to Find Facts and Follow Law</u>

Ladies and gentlemen: You now are the jury in this case, and I want to take a few minutes to tell you something about your duties as jurors and to give you some instructions. At the end of the trial I will give you more detailed instructions. Those instructions will control your deliberations.

It will be your duty to decide from the evidence what the facts are. You, and you alone, are the judges of the facts. You will hear the evidence, decide what the facts are, and then apply those facts to the law I give to you. That is how you will reach your verdict. In doing so you must follow that law whether you agree with it or not. The evidence will consist of the testimony of witnesses, documents and other things received into evidence as exhibits, and any facts on which the lawyers agree or which I may instruct you to accept.

You should not take anything I may say or do during the trial as indicating what I think of the believability or significance of the evidence or what your verdict should be.

<u>First Circuit Pattern Jury Instructions</u> 3.01, Committee on Pattern Criminal Jury Instructions, First Circuit (2003).

1

INSTRUCTION NO. 2

Presumption Of Innocence; Proof Beyond A Reasonable Doubt

As I have said, the burden is upon the Government to prove beyond a reasonable doubt that a defendant is guilty of the charge made against the defendant. It is a strict and heavy burden, but it does not mean that a defendant's guilt must be proved beyond all possible doubt. It does require that the evidence exclude any reasonable doubt concerning a defendant's guilt.

A reasonable doubt may arise not only from the evidence produced but also from a lack of evidence. Reasonable doubt exists when, after weighing and considering all the evidence, using reason and common sense, jurors cannot say that they have a settled conviction of the truth of the charge.

Of course, a defendant is never to be convicted on suspicion or conjecture. If, for example, you view the evidence in the case as reasonably permitting either of two conclusions—one that a defendant is guilty as charged, the other that the defendant is not guilty— you will find the defendant not guilty.

It is not sufficient for the Government to establish a probability, though a strong one, that a fact charged is more likely to be true than not true. That is not enough to meet the burden of proof beyond reasonable doubt. On the other hand, there are very few things in this world that we know with absolute certainty, and in criminal cases the law does not require proof that overcomes every possible doubt.

Concluding my instructions on the burden, then, I instruct you that what the Government must do to meet its heavy burden is to establish the truth of each part of each offense charged by proof that convinces you and leaves you with no reasonable doubt, and thus satisfies you that you can, consistently with your oath as jurors, base your verdict upon it. If you so find as to a

2

particular charge against a defendant, you will return a verdict of guilty on that charge. If, on the other hand, you think there is a reasonable doubt about whether the defendant is guilty of a particular offense, you must give the defendant the benefit of the doubt and find the defendant not guilty of that offense.

United States v. Cleveland, 106 F.3d 1056, 1062-63 (1st Cir. 1997), aff'd sub nom. Muscarello v. United States, 524 U.S. 125 (1998), recognized as abrogated on other grounds by Brache v. United States, 165 F.3d 99 (1st Cir. 1999).

INSTRUCTION NO. 3
Defendants' Constitutional Right Not to Testify

Each of the defendants has a constitutional right not to testify and no inference of guilt,

or of anything else, may be drawn from the fact that  did not testify. For any of you to draw such

an inference would be wrong; indeed, it would be a violation of your oath as a juror.

First Circuit Pattern Jury Instructions 3.03, Committee on Pattern Criminal Jury Instructions,
First Circuit (2003).

INSTRUCTION NO. 4
<u>What is Evidence; Inferences</u>

The evidence from which you are to decide what the facts are consists of sworn testimony of witnesses, both on direct and cross-examination, regardless of who called the witness; the exhibits that have been received into evidence; and any facts to which the lawyers have agreed or stipulated. A stipulation means simply that the government and [defendant] accept the truth of a particular proposition or fact. Since there is no disagreement, there is no need for evidence apart from the stipulation. You must accept the stipulation as fact to be given whatever weight you choose.

Although you may consider only the evidence presented in the case, you are not limited in considering that evidence to the bald statements made by the witnesses or contained in the documents. In other words, you are not limited solely to what you see and hear as the witnesses testify. You are permitted to draw from facts that you find to have been proven such reasonable inferences as you believe are justified in the light of common sense and personal experience.

<u>First Circuit Pattern Jury Instructions</u> 3.04, Committee on Pattern Criminal Jury Instructions, First Circuit (2003).

5

INSTRUCTION NO. 5
Direct and Circumstantial Evidence

There are two kinds of evidence: direct and circumstantial. Direct evidence is direct proof of a

fact, such as testimony of an eyewitness that the witness saw something. Circumstantial evidence

is indirect evidence, that is proof of a fact or facts from which you could draw the inference, by

reason and common sense, that another fact exists, even though it has not been proven directly.

You are entitled to consider both kinds of evidence. The law permits you to give equal weight to

both, but it is for you to decide how much weight to give to any evidence.

First Circuit Pattern Jury Instructions 3.05, Committee on Pattern Criminal Jury Instructions,
First Circuit (2003).

INSTRUCTION NO. 6
Credibility of Witnesses

Whether the government has sustained its burden of proof does not depend upon the number of witnesses it has called or upon the number of exhibits it has offered, but instead upon the nature and quality of the evidence presented. You do not have to accept the testimony of any witness if you find the witness not credible. You must decide which witnesses to believe and which facts are true. To do this, you must look at all the evidence, drawing upon your common sense and personal experience.

You may want to take into consideration such factors as the witnesses' conduct and demeanor while testifying; their apparent fairness or any bias they may have displayed; any interest you may discern that they may have in the outcome of the case; any prejudice they may have shown; their opportunities for seeing and knowing the things about which they have testified; the reasonableness or unreasonableness of the events that they have related to you in their testimony; and any other facts or circumstances disclosed by the evidence that tend to corroborate or contradict their versions of the events.

First Circuit Pattern Jury Instructions 3.06, Committee on Pattern Criminal Jury Instructions, First Circuit (2003).

INSTRUCTION NO. 7
Cautionary and Limiting
Instructions as to Particular Kinds of Evidence

A particular item of evidence is sometimes received for a limited purpose only. That is, it can be

used by you only for one particular purpose, and not for any other purpose. I have told you when

that occurred, and instructed you on the purposes for which the item can and cannot be used.

First Circuit Pattern Jury Instructions 3.07, Committee on Pattern Criminal Jury Instructions,
First Circuit (2003).

INSTRUCTION NO. 8
<u>What is Not Evidence</u>

Certain things are not evidence. I will list them for you:

(1) Arguments and statements by lawyers are not evidence. The lawyers are not

witnesses. What they say in their opening statements, closing arguments and at other times is

intended to help you interpret the evidence, but it is not evidence. If the facts as you remember

them from the evidence differ from the way the lawyers have stated them, your memory of them

controls.

(2) Questions and objections by lawyers are not evidence. Lawyers have a duty to their

clients to object when they believe a question is improper under the rules of evidence. You

should not be influenced by the objection or by my ruling on it.

(3) Anything that I have excluded from evidence or ordered stricken and instructed you

to disregard is not evidence. You must not consider such items.

(4) Anything you may have seen or heard when the court was not in session is not

evidence. You are to decide the case solely on the evidence received at trial.

(5) The indictment is not evidence. This case, like most criminal cases, began with an

indictment.  That indictment was returned by a grand jury, which heard only the government's

side of the case. I caution you, as I have before, that the fact that [defendant] has had an

indictment filed against [him/her] is no evidence whatsoever of [his/her] guilt. The indictment is

simply an accusation. It is the means by which the allegations and charges of the government are

brought before this court. The indictment proves nothing.


<u>First Circuit Pattern Jury Instructions</u> 3.08, Committee on Pattern Criminal Jury Instructions,
First Circuit (2003).

9

INSTRUCTION NO. 9
Impeachment by Prior Inconsistent Statement

You have heard evidence that before testifying at this trial, certain witnesses made a

statement concerning the same subject matter as his or her testimony in this trial. You may

consider that earlier statement to help you decide how much of the testimony to believe. If you

find that the prior statement was not consistent with the testimony at this trial, then you should

decide whether that affects the believability of the witness's testimony at this trial.

First Circuit Pattern Jury Instructions 2.03, Committee on Pattern Criminal Jury Instructions,
First Circuit (2003).

10

INSTRUCTION NO. 10

<u>Caution as to Cooperating Witnesses</u>

You have heard the testimony of Adam Stupak.  He provided evidence under an

agreement with the government and that he participated in a crime similar to that charged against

these defendants.  Some people in this position are entirely truthful when testifying. Still, you

should consider the testimony of Mr. Stupak with particular caution. He may have had reason to

make up stories or exaggerate what others did because he wanted to help himself.  You may

consider his guilty plea in assessing his credibility, but you are not to consider his guilty plea as

evidence against these defendants in any way.

<u>First Circuit Pattern Jury Instructions</u> 2.08, Committee on Pattern Criminal Jury Instructions,
First Circuit (2003).

11

INSTRUCTION NO. 11

Compelled Witness Testimony

You have heard the testimony of various witnesses, who testified under a compulsion orders.  A compulsion order means that this court has ordered that the testimony of the witness may not be used against him or her in any criminal case, except a prosecution for perjury, giving a false statement, or otherwise failing to comply with the compulsion order of this court.

You are instructed that the government is entitled to call, as a witness, a person who has been compelled to testify by order of this court.  It is up to you to decide whether you believe the testimony and what weight you believe it deserves.

Adapted from 18 U.S.C. §§ 6002 and 6003.

INSTRUCTION NO. 12

<u>Stipulations</u>

The evidence in this case includes facts to which the lawyers have agreed or stipulated. A stipulation means simply that the government and the defendant accept the truth of a particular proposition or fact. Since there is no disagreement, there is no need for evidence apart from the stipulation. You must accept the stipulation as fact to be given whatever weight you choose.

<u>First Circuit Pattern Jury Instructions</u> 2.01, Committee on Pattern Criminal Jury Instructions, First Circuit (2003).

13

INSTRUCTION NO.  13

Summaries - Admitted As Evidence

The government has presented exhibits in the form of summaries.  These summaries have been admitted in place of the underlying documents that they represent in order to save time and avoid unnecessary inconvenience.  You should consider these summaries as you would any other evidence.

Adapted from 2 L.Sand, et al., Modern Federal Jury Instructions, ¶5.05, Instruction 5-13, p. 5-34 (2001).

INSTRUCTION NO. 14

<u>On or About Dates</u>

The superseding indictment alleges that certain acts occurred "on or about" certain dates.

It does not matter if the indictment charges that a specific act occurred on or about a certain date

and the evidence indicates that, in fact, it was on another date.  The law only requires a

substantial similarity between the dates alleged in the indictment and the dates established by the

testimony or exhibits.


<u>United States v. Morris</u>, 700 F.2d 427, 429 (1st Cir. 1983); Adapted from 2 L. Sand, et al.,
<u>Modern Federal Jury Instructions</u>, ¶3.01, Instruction 3-12, p. 3-27 (2001); <u>see</u>, <u>United States v.
Escobar-de Jesus</u>, 187 F.3d 148, 168 (1st Cir. P.R. 1999)("[w]here a particular date is not a
substantive element of a crime charged, strict chronological specificity or accuracy is not
required.").

INSTRUCTION NO. 15

<u>Expert Testimony</u>

You have heard testimony from Dr. Saul Malozowski who provided testimony as an expert witness. An expert witness has special knowledge or experience that allows the witness to give an opinion.

You may accept or reject such testimony. In weighing the testimony, you should consider the factors that generally bear upon the credibility of a witness as well as the expert witness's education and experience, the soundness of the reasons given for the opinion and all other evidence in the case.

Remember that you alone decide how much of a witness's testimony to believe, and how much weight it should be given.

<u>First Circuit Pattern Jury Instructions</u> 2.07, Committee on Pattern Criminal Jury Instructions, First Circuit (2003)

INSTRUCTION NO. 16

<u>Definition of Knowingly</u>

The word "knowingly," as that term has been used from time to time in these instructions,

means that the act was done voluntarily and intentionally and not because of mistake or accident.

<u>First Circuit Pattern Jury Instructions</u> 2.14, Committee on Pattern Criminal Jury Instructions, First Circuit (2003).

INSTRUCTION NO. 17

Willful Blindness as a Way of Satisfying "Knowingly"

In deciding whether a defendant acted knowingly, you may infer that a defendant had knowledge of a fact if you find that he or she deliberately closed his or her eyes to a fact that otherwise would have been obvious to him or her. In order to infer knowledge, you must find that two things have been established. First, that a defendant was aware of a high probability of the particular fact. Second, that a defendant consciously and deliberately avoided learning of that fact. That is to say, the defendant willfully made himself or herself blind to that fact. A person who goes "perilously close to an area of proscribed or prohibited conduct" bears the risk that his or her conduct crosses the line.

It is entirely up to you to determine whether he or she deliberately closed his or her eyes to the fact and, if so, what inference, if any, should be drawn. However, it is important to bear in mind that mere negligence or mistake in failing to learn the fact is not sufficient. There must be a deliberate effort to remain ignorant of the fact.

First Circuit Pattern Jury Instructions 2.15, Committee on Pattern Criminal Jury Instructions, First Circuit (2003). Last sentence of first paragraph adapted from Boyce Motor Lines v. United States, 342 U.S. 337, 340 (1950).

18

INSTRUCTION NO. 18

<u>Willfulness</u>

The word willfully will be used from time to time in these instructions. An act or a failure to act is "willfully" done, if a defendant acts unlawfully and wrongfully and knew that his or her conduct should be so characterized. In other words, the term "willfully" means a defendant committed an act voluntarily and purposely, with the specific intent to do something the law forbids, that is, with a bad purpose, either to disobey or disregard the law. However, a defendant need not be aware of the specific law or rule that his conduct may be violating. You are instructed that ignorance of the law is no defense to a criminal charge.

Adapted from <u>Bryan v. United States</u>, 118 S.Ct. 1939, 1944-45 (1998).

INSTRUCTION NO. 19

<u>Conspiracy – The Indictment and the Statute</u>

The defendants are charged in the Indictment with conspiracy to commit an offense against the United States.  The Indictment reads that the defendants, together with others conspired to offer and pay remuneration, directly and indirectly, overtly and covertly, in cash and in kind, to physicians to induce them to refer individuals, including Medicaid patients, to pharmacies for the furnishing of the drug Serostim, for which payments were made in whole and in part under state Medicaid programs, in violation of  42 U.S.C. § 42 U.S.C. § 1320a-7b(b)(2)(A).

The relevant statute on this subject is 18 U.S.C. § 371.  It provides:

> If  two or more persons conspire either to commit any offense against the United States, or to defraud the United States, or to defraud any agency thereof in any manner or for any purpose, and one or more of such persons do any act to effect the object of the conspiracy, each . . . [shall be guilty of a crime].

2 L. Sand, et al., <u>Modern Federal Jury Instructions</u>, ¶3.01, Instruction 3-2, p. 3-5 (2001).

INSTRUCTION NO. 20

Conspiracy – Purpose of the Statute

In this case, the defendants are accused of having been members of a conspiracy to violate a certain federal law.  A conspiracy is a kind of criminal partnership – a combination or agreement of two or more persons who join together to accomplish some unlawful purpose. The crime of conspiracy to violate a federal law is an independent offense.  It is separate and distinct from the actual violation of any specific federal laws, which the law refers to as "substantive crimes."

Indeed, you may find the defendant guilty of the crime of conspiracy to commit an offense against the United States even though the substantive crime which was the object of the conspiracy was not actually committed.

Congress has deemed it appropriate to make a conspiracy, standing alone, a separate crime, even if it is not successful.  That is because collective criminal activity poses a greater potential threat to the public's safety and welfare than individual conduct and increases the likelihood of a success of a particular criminal venture.

2 L. Sand, et al., Modern Federal Jury Instructions, ¶ 19.01 INSTRUCTION 19-02, p. 19-4 (2001).

21

INSTRUCTION NO. 21

Conspiracy – Elements of Conspiracy

For you to find a defendant guilty of conspiracy, you must be convinced that the

government has proven each of the following things beyond a reasonable doubt:

**First**:          that the agreement specified in the indictment, and not some other
                 agreement or agreements, existed between at least two people to defraud
                 the United States or to violate the Anti-Kickback Act; and

**Second**,     that the particular defendant willfully joined in that agreement; and

**Third**,        that one of the conspirators committed an overt act in an effort to further
                 the purpose of the conspiracy.


Let me discuss each element in turn.



Adapted from First Circuit Pattern Jury Instructions 4.18.371(1), Committee on Pattern Criminal
Jury Instructions, First Circuit (2003).

INSTRUCTION NO. 22

Conspiracy -- Agreement

The first element which the government must prove beyond a reasonable doubt to establish the offense of conspiracy is that two or more persons entered the unlawful agreement charged in the indictment.

In order for the government to satisfy this element, you need not find that the alleged members of the conspiracy met together and entered into any express or formal agreement. Similarly, you need not find that the alleged conspirators stated, in words or writing, what the scheme was, its object or purpose, or every precise detail of the scheme or the means by which its object or purpose was accomplished. What the government must prove is that there was a mutual understanding, either spoken or unspoken, between two or more people to cooperate with each other to accomplish the unlawful act.

You may, of course, find that the existence of an agreement to disobey or disregard the law has been established by direct proof. However, since conspiracy is, by its very nature, characterized by secrecy, you may also infer its existence from the circumstances of the case and the conduct of the parties involved.

In a very real sense, then, in the context of conspiracy cases, actions often speak louder than words. In this regard, you may, in determining whether an agreement existed here, consider the actions and statements of all of those you find to be participants as proof that a common

23

design existed on the part of the persons charged to act together to accomplish an unlawful

purpose.

2 L. Sand, et al., <u>Modern Federal Jury Instructions</u>, ¶ 19.01 INSTRUCTION 19-4, p. 19-12 (2001); <u>United States v. Tobin</u>, 480 F.3d 53 (1st Cir. March 21, 2007)("But to comprise a conspiracy, a scheme need not be fleshed out. A drug distribution conspiracy exists once two persons agree to obtain cocaine and distribute it, even if the amount, timing, supplier, price and distribution method are all left open. [citation omitted].  Nor need the agreement be explicit; the understanding that comprises the agreement can be inferred from the consolidation of efforts [citation omitted].")

INSTRUCTION NO. 23

Conspiracy – Multiple Objectives (Lawful and Unlawful)

While the government must prove that there was an unlawful object to the conspiracy to

violate a federal law, the government need not prove that the conspiracy had only a criminal

purpose.  In other words, it is not a defense to the conspiracy charge that a defendant may have

had one or more legal objectives as well as an illegal objective.  Even if the  purpose to violate a

federal law was incidental or secondary to the main purpose of the conspiracy, as long as the

violation of federal law was not a deminimus or insignificant purpose, then the conspiracy was

unlawful.


United States v. Woodward, 149 F.3d 46, 71 (1st Cir. 1998)(deprivation of honest services, citing
Greber with approval);
United States v. Greber, 760 F.2d 68, 71 (3rd Cir. 1985)(Medicare Anti-Kickback Act);
Anderson v. United States, 417 U.S. 211, 226 (1974)(conspiracy)

INSTRUCTION NO. 24

Conspiracy – Membership

The second element which the government must prove beyond a reasonable doubt to establish the offense of conspiracy is that each defendant knowingly, willfully and voluntarily became a member of the conspiracy.

If you are satisfied that the conspiracy charged in the indictment existed, you must next ask yourselves who the members of that conspiracy were.  In deciding whether a particular defendant was, in fact, a member of the conspiracy, you should consider whether the defendant knowingly and willfully joined the conspiracy.  Did that defendant participate in it with knowledge of its unlawful purpose and with the specific intention of furthering its business or objective as an associate or worker?

In that regard, it has been said that in order for a defendant to be deemed a participant in a conspiracy, he must have had a stake in the venture or its outcome.  You are instructed that, while proof of a financial interest in the outcome of a scheme is not essential, if you find that the defendant had such an interest, that is a factor which you may properly consider in determining whether or not the defendant was a member of a conspiracy charged in the indictment. As I mentioned a moment ago, before a particular defendant can be found to have been a conspirator, you must first find that the defendant knowingly joined in the unlawful agreement or plan.  The key question, therefore, is whether the defendant joined the conspiracy with an awareness of at least some of the basic aims and purposes of the unlawful agreement.

It is important for you to note that the defendant's participation in the conspiracy must be established by independent evidence of his own acts or statements, as well as those of the other alleged co-conspirators, and reasonable inference which may be drawn from them.

26

The defendant's knowledge is a matter of inference from the facts proved. In that connection, I instruct you that to become a member of the conspiracy, the defendant need not have known the identities of each and every other member, nor need the defendant have been apprized of all of their activities. Moreover, the defendant need not have been fully informed as to all of the details, or the scope, of the conspiracy in order to justify an inference of knowledge on her part. Furthermore, the defendant need not have joined in all of the conspiracy's unlawful objectives. The extent of a defendant's participation has no bearing on the issue of a defendant's guilt. A conspirator's liability is not measured by the extent or duration of his participation. Indeed, each member may perform separate and distinct acts and may perform them at different times. Some conspirators play major roles, while others play minor parts in the scheme. An equal role is not what the law requires. In fact, even a single act may be sufficient to draw the defendant within the ambit of the conspiracy.

I want to caution you, however, that a defendant's mere presence during the commission of the alleged crime does not, by itself, make that defendant a member of the conspiracy. Similarly, mere association with one or more members of the conspiracy does not automatically make the defendant a member. A person may know, or be friendly with, a criminal, without being a criminal himself. Mere similarity of conduct or the fact that they may have assembled together and discussed common aims and interests does not necessarily establish proof of conspiracy.

I also want to caution you that mere knowledge or acquiescence, without participation, in the unlawful plan, is not sufficient. Moreover, the fact that the acts of a defendant, without knowledge, merely happen to further the purposes or objectives of the conspiracy, does not make the defendant a member. More is required under the law. What is necessary is that the

27

defendant must have participated with knowledge of at least some of the purposes and objectives

of the conspiracy and with the intention of aiding in the accomplishment of those unlawful ends.

In sum, the defendant, with an understanding of the unlawful character of the conspiracy, must

have intentionally engaged, advised or assisted in it for the purpose of furthering the illegal

undertaking.  That defendant thereby becomes a knowing and willing participant in the unlawful

agreement – that is to say, a conspirator.


2 L. Sand, et al., Modern Federal Jury Instructions, ¶ 19.01 INSTRUCTION 19-6, p. 19-33-34
(2001).  United States v. Tobin, 480 F.3d 53 (1ˢᵗ Cir. March 27, 2007), citing, United States v.
Ortiz, 447 F.3d 28, 32-33 (1st Cir. 2006)("the government must p rove both the intent to agree
and the intent to commit the substantive offense").

INSTRUCTION NO. 25

Conspiracy – Overt Act

Finally, the third element that the government must prove beyond a reasonable doubt is that one of the conspirators committed an overt act in furtherance of the conspiracy.

An overt act is any act knowingly committed by one or more of the conspirators in an effort to accomplish some purpose of the conspiracy. Only one overt act has to be proven. The government is not required to prove that a particular defendant personally committed or knew about the overt act. It is sufficient if one conspirator committed one overt act at some time during the period of the conspiracy.

Adapted from a portion of First Circuit Pattern Jury Instructions 4.18.371(1), Committee on Pattern Criminal Jury Instructions, First Circuit (2003).

INSTRUCTION NO. 26

Conspiracy: Overt Act Need Not be Unlawful

As I have said, the government must prove that at least one overt act was committed for the purpose of carrying out the unlawful agreement. In this regard, you should bear in mind that the overt act, standing alone, may be an innocent lawful act. Frequently, however, an apparently innocent act sheds its harmless character if it is a step in carrying out, promoting, aiding or assisting the conspiratorial scheme. You are therefore instructed that the overt act does not have to be an act which, in and of itself, is criminal or constitutes an object of the conspiracy.

Adapted from 2 L. Sand, et al., Modern Federal Jury Instructions, ¶ 19.01 INSTRUCTION 19-8, p. 19-54 (2001); see also, United States v. Barker Steel, 985 F.2d 1123, 1131 (1st Cir. 1992); United States v. Hurley, 957 F.2d 1 (1st Cir. 1992).

INSTRUCTION NO.  27

Conspiracy: Overt Act Through Use of Innocent Third Parties

As long as the target of the conspiracy is the United States or its agency, a conspiracy can be effectuated through the use of innocent third parties.  That is to say, an overt act may be accomplished through persons who are not co-conspirators, if that third party was manipulated by members of the conspiracy to take steps to effectuate the purpose of the conspiracy.


Tanner v. United States, 483 U.S. 107, 129-30 (1987); United States v. Barker Steel, 985 F.2d 1123, 1135 (1st Cir. 1993).

INSTRUCTION NO. 28
Conspiracy - Success Not Required

The government does not have to prove that the conspiracy succeeded or was achieved.

The crime of conspiracy is complete upon the agreement to commit the underlying crime and the

commission of one overt act.  While not required to be proved, if proved, the success of a

conspiracy may be considered by you as evidence of the conspiracy.


Adapted from First Circuit Pattern Jury Instructions 4.03, Committee on Pattern Criminal Jury
Instructions, First Circuit (1998).

INSTRUCTION NO. 29
Co-Conspirator Acts and Statements

You will recall that I have admitted into evidence against the defendants the acts and statements of others because these acts and statements were committed by persons who, the government contends, were also confederates or co-conspirators of the defendants on trial.

The reason for allowing this evidence to be received against the defendants has to do with the nature of the crime of conspiracy. A conspiracy is often referred to as a partnership in crime. Thus, as in other types of partnerships, when people enter into a conspiracy to accomplish an unlawful end, each and every member becomes an agent for the other conspirators in carrying out the conspiracy.

Accordingly, the reasonably foreseeable acts, declarations, statements and omissions of any member of the conspiracy and in furtherance of the common purpose of the conspiracy, are deemed, under the law, to be the acts of all of the members, and all of the members are responsible for such acts, declarations, statements and omissions.

If you find, beyond a reasonable doubt, that the defendant whose guilt you are considering was a member of the conspiracy charged in the indictment, then, any acts done or statements made in furtherance of the conspiracy by persons also found by you to have been members of that conspiracy, may be considered against that defendant. This is so even if such acts were done and statements were made in the defendant's absence and without her knowledge.

However, before you consider the statements or acts of a co-conspirator in deciding the issue of a defendant's guilt, you must first determine that the acts and statements were made during the existence, and in furtherance of, the unlawful scheme. If the acts were done or the

statements made by someone whom you do not find to have been a member of the conspiracy, or

if they were not done or said in furtherance of the conspiracy, they may be considered by you as

evidence only against the member who did or said them

United States v. Petrozziello, 548 F.2d 20, 23 (1st Cir. 1977);
L.B. Sand, Modern Federal Jury Instructions: Criminal, §19-9, p. 19-57 (2001);
United States v. Angiulo, 847 F. 2d 956, 969 (1st Cir. 1988) ("As long as it is shown that a party,
having joined a conspiracy, is aware of the conspiracy's features and general aims, statements
pertaining to the details of plans to further the conspiracy can be admitted against the party even
if the party does not have specific knowledge of the acts spoken of.").

INSTRUCTION NO. 30

<u>Others Not Charged</u>

Some of the people who may have been involved in the events described in the

indictment are not on trial.  This does not matter.  There is no requirement that all members of a

conspiracy be charged and prosecuted, or tried together in one proceeding.

You may not draw any inferences, favorable or unfavorable, towards the government or

the defendant on trial, from the fact that certain persons were not named as defendants in the

indictment or that certain persons were named as co-conspirators and not indicted.  The

circumstances that these persons were not indicted must play no part in your deliberations and

you may not consider it in any way in reaching your verdict as to the defendant on trial.

Adapted from 2 L. Sand, et al., <u>Modern Federal Jury Instructions</u>, ¶3.01, Instruction 3-4, p. 3-8
(2001).

INSTRUCTION NO. 31

Unlawful Objective of the Conspiracy
Violation of Anti-Kickback Act


One of the unlawful purposes of the conspiracy with which the defendants are charged is

the violation of a federal law, Section 1320a-7b(b)(2) of Title 42 of the United States Code,

commonly known as the Medicare Anti-Kickback Statute, which provides, in pertinent part, that:

(2)     Whoever knowingly and willfully offers or pays any remuneration (including any kickback, bribe or rebate) directly or indirectly, overtly or covertly, in cash or in kind to any person to induce such person

(A)     to refer an individual to a person for the furnishing or arranging for the furnishing of any item or service for which payment may be made in whole or in part under [Medicaid], or

(B)     to purchase, lease, order, or arrange for or recommend purchasing, leasing, or ordering any good, facility, service, or item for which payment may be made in whole or in part under [Medicaid],

shall be guilty of an offense against the United States.


42 U.S.C. § 1320a-7b(b)(2).

36

INSTRUCTION NO. 32

Elements of a Violation of Anti-Kickback Act

While the government need not prove that the conspiracy was successful and resulted in violations of the Medicare Anti-Kickback Act, it is important for you to understand what the Medicare Anti-Kickback Statute prohibits to understand the alleged unlawful purpose of this conspiracy.  As applicable here, a violation of the Medicare Anti-Kickback law requires three elements:

First:    That the defendant knowingly and willfully offered or pay, or caused to be offered or paid, remuneration (including any kickback, bribe or rebate);

Second:    That one purpose of the remuneration offered, paid, or caused to be offered or paid, was to obtain orders or arrangements for ordering, or was in return for the orders or for arrangements for the ordering of drugs;

Third:    That the drugs were paid for in whole or in part by Medicaid.

United States v. Bay State Ambulance & Hospital Rental, 874 F.2d 20, 30-34 (1st Cir. 1989);
United States v. Greber, 760 F.2d 63, 71-72 (3d Cir. 1985);
United States v. Kats, 871 F.2d 105, 108 (9th Cir. 1989).

INSTRUCTION NO. 33

Kickback - Offer or Pay Remuneration

The first element that the government must prove beyond a reasonable doubt is that a particular defendant knowingly and willfully offered or pay, or caused to be offered or paid, remuneration to induce or in return for prescriptions or orders for drugs.

The term "willfully" used in this context means the same as I previously told you - that is a defendant committed an act voluntarily and purposely, with the specific intent to do something the law forbids, that is, with a bad purpose, either to disobey or disregard the law. However, a defendant need not be aware of the specific law or rule that his conduct may be violating.

"Remuneration" means something of value in whatever form. Remuneration may be paid in cash or in kind, such as through giving or exchanging property or services. Remuneration includes the payment of a kickback, bribe, or rebate.

Remuneration may be offered or paid overtly, that is openly, or covertly, that is secretly; it may be offered or paid directly to the recipient, or offered or paid indirectly, through another.

42 U.S.C. § 1320a-7b(b)(2);
United States v. Starks, 157 F.3d 833, 839 (11th Cir. 1998);
United States v. Bay State Ambulance & Hospital Rental, 874 F.2d 20, 30 (1st Cir. 1989);
United States v. Greber, 760 F.2d 68, 71 (3d Cir. 1985).

INSTRUCTION NO. 34

<u>Kickback - One Purpose to Induce Referrals</u>

The second element that the government must prove beyond a reasonable doubt is that the remuneration was offered or paid, or caused to be offered or paid, with intent to gain influence over the reason or judgment of a person making decisions to order or arrange for ordering drugs. The intent to gain such influence must, at least in part, have been the reason the remuneration was offered or paid. Even if a payment or offer of payment had other purposes, if one purpose of the remuneration was to induce referrals or orders or arrangements for ordering a service, and that purpose was not an insignificant or deminimus purpose, the payment was unlawful.

<u>United States v. Woodward</u>, 149 F3d 46, 71-72 (1st Cir. 1998)(deprivation of honest services, citing <u>Greber</u> with approval);

<u>United States v. Bay State Ambulance & Hospital Rental</u>, 874 F.2d 20, 30 (1st Cir. 1989)(declined to decide whether the "primary purpose" or "one purpose" test was appropriate in a Medicare Anti-Kickback Act case because the defendants had been convicted under the more stringent "primary purpose" standard, but cited with approval the reasoning employed by the Third Circuit which adopted the "one purpose" test in  <u>Greber</u>);

<u>United States v. Lahue,</u> 254 F.3d 900, 911 (10th Cir. 2001);
<u>United States v. McClatchey,</u> 217 F.3d 823, 835 (10th Cir. 2000);
<u>United States v. Davis,</u> 132 F.3d 1092, 1094 (5th Cir.1998);
<u>United States v. Kats</u>, 871 F.2d 105, 108 (9th Cir. 1989);
<u>United States v. Greber</u>, 760 F.2d 68, 71-72 (3d Cir. 1985).

INSTRUCTION NO. 35

<u>Kickback -  Payment for Services by Medicaid</u>

The final element that the government must prove beyond a reasonable doubt is that the drugs for which the remuneration was offered or paid were paid for in whole or in part by a Federal Health Care program, such as the Medicaid program.

42 U.S.C. § 1320a-7b(b)(2).

INSTRUCTION NO. 36

Kickback - Loss Not Required

A violation of the Medicare Anti-Kickback Act, 42 U.S.C. § 1320a-7b(b)(2), does not require the government to prove that money or funds used to pay the remuneration came from federal funds or that the government lost any money as a result of the misconduct.  The government need not show that the illegal payments increased costs to the government.   The Medicare Anti-Kickback Act is designed to ensure that health care providers make choices regarding patient care based upon quality, or service, or the patient's best interest, rather than their own financial interest.

Congress has deemed it appropriate to make it a crime to offer or pay remuneration to induce referrals or orders of a service paid for through Medicaid, without requiring the government to show that the illegal payment increased costs to the Medicaid program or hurt individual patients.  That is because Congress recognized that such illegal payments corrupt our health care programs because they "can freeze competing suppliers from the system, can mask the possibility of government price reductions, can misdirect program funds, and, where proportional, can erect strong temptations to order more drugs and supplies than needed."

United States v. Ruttenberg, 625 F.2d 173, 177, FN 9 (7th Cir. 1980)(quotation from FN 9);

United States v. Greber, 760 F.2d 68, 71-72 (3d Cir. 1985);

United States v. Bay State Ambulance & Hospital Rental, 874 F.2d 20, 34 (1st Cir. 1989).

41

INSTRUCTION NO.  37
Substantive Offenses
Violation of Anti-Kickback Act: John Bruens, Mary Stewart and Melissa Vaughn

Counts 2 and 3 of the Indictment charge that defendants John Bruens, Mary Stewart and Melissa Vaughn committed, and aided and abetted the commission of violations of the anti-kickback statute. These counts allege in part that these defendants did knowingly and willfully offer remuneration, including kickbacks, bribes and rebates, directly and indirectly, overtly and covertly, in cash and in kind, between on or around March 1 and 3, 1999 to "Dr. RL," i.e., Dr. Ralph Liporace, and between on or about March 1, 1999 and December 1999, to "Dr. P," i.e. Dr. Joseph Piperato, to induce them to refer individuals, including Medicaid patients, to pharmacies for the furnishing of the drug Serostim, for which payments were made in whole and in part under the state Medicaid program, a federal health care program, and did aid and abet such conduct.

42

INSTRUCTION NO. 38
Substantive Offenses
Violation of Anti-Kickback Act: John Bruens, Mary Stewart and Marc Sirockman

Counts 4 and 5 of the Indictment charge that defendants John Bruens, Mary Stewart and Marc Sirockman committed, and aided and abetted the commission of violations of the anti-kickback statute. These counts allege in part that these defendants did knowingly and willfully offer remuneration, including kickbacks, bribes and rebates, directly and indirectly, overtly and covertly, in cash and in kind, in or about March of 1999, the exact dates being unknown, to "Dr DC," i.e., Dr. David Condoluci,  and between on or about March 1, 1999 and December, 1999, to "Dr. AC," i.e., Dr. Alexis Corazon, to induce them to refer individuals, including Medicaid patients, to pharmacies for the furnishing of the drug Serostim, for which payments were made in whole and in part under the state Medicaid program, a federal health care program, and did aid and abet such conduct.

INSTRUCTION NO. 39
<u>Substantive Offenses</u>
<u>Violation of Anti-Kickback Act: John Bruens and Mary Stewart</u>

Counts 6, 7 and 8 of the Indictment charge that defendants John Bruens and Mary Stewart committed, and aided and abetted the commission of violations of the anti-kickback statute.  These counts allege in part that these defendants did knowingly and willfully offer remuneration, including kickbacks, bribes and rebates, directly and indirectly, overtly and covertly, in cash and in kind, in or about March 1 and 4, 1999, to "Dr. O," i.e., Dr. Bruce Olmsheid, and to Dr. G, i.e., Dr. Howard Grossman, and between in or about March 1, 1999 and April 15, 1999, to "Dr. W," i.e., Dr. Jeffrey Wallach, to induce them to refer individuals, including Medicaid patients, to pharmacies for the furnishing of the drug Serostim, for which payments were made in whole and in part under the state Medicaid program, a federal health care program, and did aid and abet such conduct.

INSTRUCTION NO. 40
Aiding and Abetting Regarding Substantive Offenses
(John Bruens, Mary Stewart, Melissa Vaughn and Marc Sirockman)


To "aid and abet" means intentionally to help someone else commit the charged crime. To

establish aiding and abetting, the government must prove beyond a reasonable doubt:

| | |
|---|---|
| First, | that someone else committed the kickback violation; and |
| Second, | that John Bruens, Mary Stewart, Melissa Vaughn or Marc Sirockman consciously shared another person's knowledge of the illegal kickback, intended to help offer or pay the remuneration to induce referrals or purchases or prescriptions of Serostim, and willfully took part in the endeavor, seeking to make it succeed. |

These defendants need not have performed the particular kickback violation, be present when

it is performed, or be aware of the details of its execution to be guilty of aiding and abetting. But a

general suspicion that an unlawful act may occur or that something criminal is happening is not

enough. Mere presence at the scene of a kickback violation and knowledge that the kickback is

being offered or paid is are also not sufficient to establish aiding and abetting.




Adapted from First Circuit Pattern Jury Instructions 4.18.02, Committee on Pattern Criminal Jury
Instructions, First Circuit (2003).

INSTRUCTION NO. 41

Not to Consider Punishment

The question of possible punishment of the defendants is of no concern to the jury and should not, in any sense, enter into or influence your deliberations. The duty of imposing sentence rests exclusively upon the court. Your function is to weigh the evidence in the case and to determine whether or not the defendant is guilty beyond a reasonable doubt, solely on the basis of the evidence. Under your oath as jurors, you cannot allow a consideration of the punishment which may be imposed on the defendant, if he is convicted, to influence your verdict, in any way, or, in any sense, enter into your discussions.

2 L. Sand, et al., Modern Federal Jury Instructions, ¶9.01 Instruction 9-1, p. 9-3 (2001).

INSTRUCTION NO. 42
Consideration of Evidence

Your verdict must be based solely on the evidence and on the law as I have given it to you in these instructions. However, nothing that I have said or done is intended to suggest what your verdict should be—that is entirely for you to decide.

First Circuit Pattern Jury Instructions 6.02, Committee on Pattern Criminal Jury Instructions, First Circuit (2003).

INSTRUCTION NO. 43

<u>Reaching Agreement</u>

Each of you must decide the case for yourself, but you should do so only after considering all the evidence, discussing it fully with the other jurors, and listening to the views of the other jurors.

Do not be afraid to change your opinion if you think you are wrong. But do not come to a decision simply because other jurors think it is right.

This case has taken time and effort to prepare and try. There is no reason to think it could be better tried or that another jury is better qualified to decide it. It is important therefore that you reach a verdict if you can do so conscientiously. If it looks at some point as if you may have difficulty in reaching a unanimous verdict, and if the greater number of you are agreed on a verdict, the jurors in both the majority and the minority should reexamine their positions to see whether they have given careful consideration and sufficient weight to the evidence that has favorably impressed the jurors who disagree with them. You should not hesitate to reconsider your views from time to time and to change them if you are persuaded that this is appropriate.

It is important that you attempt to return a verdict, but, of course, only if each of you can do so after having made your own conscientious determination. Do not surrender an honest conviction as to the weight and effect of the evidence simply to reach a verdict.

<u>First Circuit Pattern Jury Instructions</u> 6.03, Committee on Pattern Criminal Jury Instructions, First Circuit (2003).

INSTRUCTION NO. 44
Return of Verdict Form

I want to read to you now what is called the verdict form. This is simply the written notice of the decision you will reach in this case.

[Read form.]

After you have reached unanimous agreement on a verdict, your foreperson will fill in the form that has been given to you, sign and date it, and advise the jury officer outside your door that you are ready to return to the courtroom.

After you return to the courtroom, your foreperson will deliver the completed verdict form as directed in open court.


First Circuit Pattern Jury Instructions 6.04, Committee on Pattern Criminal Jury Instructions, First Circuit (2003).

INSTRUCTION NO. 45

<u>Communication with the Court</u>

If it becomes necessary during your deliberations to communicate with me, you may send a note through the jury officer signed by your foreperson or by one or more members of the jury. No member of the jury should ever attempt to communicate with me on anything concerning the case except by a signed writing, and I will communicate with any member of the jury on anything concerning the case only in writing, or orally here in open court. If you send out a question, I will consult with the parties as promptly as possible before answering it, which may take some time. You may continue with your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged.

<u>First Circuit Pattern Jury Instructions</u> 6.05, Committee on Pattern Criminal Jury Instructions, First Circuit (2003).

50