UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) NO. 05-CR-10102 JLT |
| v. | ) |
| | ) |
| JOHN BRUENS, MARY STEWART, | ) |
| MELISSA VAUGHN, and | ) |
| MARC SIROCKMAN | ) |
| | ) |
| Defendants. | ) |

**SUPPLEMENTAL AUTHORITY FOR DEFENDANTS'
PROPOSED JURY INSTRUCTION NO. 30**

Pursuant to Fed. R. Crim. P. 30, the Defendants respectfully submit this Supplemental Authority for Proposed Jury Instruction No. 30.

Respectfully submitted,

**JOHN BRUENS, MARY STEWART,
MELISSA VAUGHN, and MARC SIROCKMAN,**

By their undersigned attorneys.

| | |
|---|---|
| /s/ McKenzie E. Webster | /s/ Thomas McC. Souther |
| Tracy A. Miner | Thomas McC. Souther |
| Matthew Levitt | Counsel for John Bruens |
| Counsel for Marc Sirockman | |
| | |
| /s/ Mark. A. Berman | /s/Adam S. Hoffinger |
| Mark A. Berman | Adam S. Hoffinger |
| Counsel for Mary Stewart | Counsel for Melissa Vaughn |

**Dated:** April 16, 2007

## DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 30

### Knowing and Willful Conduct

Supplemental Authority:

*See United States v. MacKenzie, et al.*, CR-01-10350 (D. Mass. 2004) (instructions given to jury) ("The government has to prove beyond a reasonable doubt that defendant was aware of the legal duties imposed by the anti-kickback statute, even if the defendant did not know the specific statute involved, that the defendant knew the conduct was prohibited, and despite that awareness, the defendant nevertheless engaged in conduct with the specific intent to disobey or disregard the known legal duties") (relevant excerpt attached hereto as Exhibit A); *United States v. Weinbaum, et al.*, No. 03-CR-1587-L (S.D. Cal. 2005) (instructions given to jury) ("In the context of the Anti-Kickback Statute, to establish that a defendant acted knowingly and willfully, the government must prove that the defendant (1) knew that the Anti-Kickback Statute prohibited the offering or paying of remuneration to induce referrals, and (2) engaged in prohibited conduct with the specific intent to disobey the law.") (relevant excerpt attached hereto as Exhibit B).

NY1 6179829v.1

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | No. 03-CR-1587-L |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| BARRY WEINBAUM; TENET | ) | |
| HEALTHSYSTEM HOSPITALS, INC.; | ) | |
| and ALVARADO HOSPITAL MEDICAL | ) | |
| CENTER, INC., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

JURY INSTRUCTIONS

The Government must prove that each defendant acted "knowingly" and "willfully." An act is done knowingly if the defendant is aware of the act and does not act through ignorance, mistake, or accident. You may consider evidence of the defendant's words, acts, or omissions, along with all the other evidence, in deciding whether the defendant acted knowingly.

An act is done willfully if done voluntarily and intentionally with the purpose of violating a known legal duty.

In the context of the Anti-Kickback Statute, to establish that a defendant acted knowingly and willfully, the government must prove that the defendant (1) knew that the Anti-Kickback Statute prohibited the offering or paying of remuneration to induce referrals, and (2) engaged in prohibited conduct with the specific intent to disobey the law.

```
                                    mack 49whole
0001
  1                    UNITED STATES DISTRICT COURT
  2                      DISTRICT OF MASSACHUSETTS
  3
  4    * * * * * * * * * * * * * * * *
                                      *
  5    UNITED STATES,                 *
                       Plaintiff      *
  6                                   *
            VERSUS                    *        CR-01-10350-DPW
  7                                   *
       ALAN MACKENZIE, HENRY VAN      *
  8    MOURIK, DONNA TOM, DONALD PATTON*
       ERIC OTTERBEIN, RITA JOKIAHO,  *
  9    CAREY SMITH, MARK SMITH,       *
                       Defendants     *
 10                                   *
       * * * * * * * * * * * * * * * *
 11
 12              BEFORE THE HONORABLE DOUGLAS P. WOODLOCK
 13                   UNITED STATES DISTRICT COURT JUDGE
 14                          JURY TRIAL - DAY 49
 15                            July 9, 2004
 16
 17                       Courtroom No. 1 - 3rd Floor
 18                           1 Courthouse Way
                            Boston, Massachusetts 02210,
 19                         9:00 A.M. - 11:45 A.M.
 20
                              Debra M. Joyce
 21                        Official Court Reporter
                  John Joseph Moakley District Courthouse
 22                   1 Courthouse Way - Suite 3204
                         Boston, Massachusetts  02210
 23
           Method of Reporting:   Computer-Aided Transcription
 24
 25
0002
  1    APPEARANCES:
  2    MICHAEL K. LOUCKS, ESQ., Chief, Health Care Fraud Unit,
       GEORGE W. VIEN, ESQ., and SUSAN G. WINKLER, ESQ.,
  3    Assistant United States Attorneys, U.S. Attorney's Office,
       1 Courthouse Way, Suite  9200, Boston, Massachusetts
  4    02210, on behalf of the United States.
  5    DAVID. J. STETLER, ESQ. and WILLIAM P. ZIEGELMUELLER,
       ESQ., Stetler & Duffy, Ltd., 11 South LaSalle Street,
  6    Suite 1200, Chicago, Illinois  60603, on behalf of Alan
       MacKenzie, Defendant
  7
       ROBERT L. ULLMANN, ESQ., and CHRISTA VON DER LUFT, Nutter,
  8    McClennan & Fish, LLP, World Trade Center West, 155
       Seaport Blvd., Boston, Massachusetts  02210-2699, on
  9    behalf of Henry Van Mourik, Defendant
 10    ROBERT P. SHERMAN, ESQ., ROBERT L. KIRBY, JR., and
       MARISA L. JAFFE, ESQ., Nixon, Peabody, LLP, 101 Federal
 11    Street, Boston, Massachusetts, 02110, on behalf of
       Donna Tom, Defendant
 12
       WILLIAM H. KETTLEWELL, ESQ., DANIEL J. CLOHERTY, ESQ., and
 13    SARA E. NOONAN, ESQ., Dwyer & Collora, LLP, 600 Atlantic
       Avenue, Boston, Massachusetts  02210-2211, on behalf of
 14    Donald Patton, Defendant.
```

```
                             mack 49whole
15   in charge of a pharmacy and they say we'll support your team if
16   you buy more drug, then we're not talking about cultivating a
17   general business relationship. we're then talking about a quid
18   pro quo within the heartland of the anti-kickback statute.
19              So if you find as to any particular transaction
20   there was an effort to cultivate a business relationship, then
21   you must still consider whether the effort to cultivate that
22   business relationship was also an effort to induce a specific
23   drug transaction through the offer of a quid pro quo.  If it
24   was, you may find the effort to be an inducement within the
25   second element.
0056
 1              The third element is one in which you should
 2   understand that the government does not have to suffer a loss
 3   in connection with the use of remuneration as a quid pro quo.
 4   This instruction arises as a way of explaining the third
 5   element of the statutory violation.
 6              The government must prove beyond a reasonable doubt
 7   that the drugs for which remuneration was offered or paid were
 8   in turn to be reimbursed in whole or in part from a federal
 9   health care program.  As I've said, this is Medicare and
10   Medicaid that we're talking about in this case.  But the
11   government does not have to prove that the programs actually
12   lost money as a result of the offer or payment of
13   remuneration.  The statute does not require the government to
14   prove the payment of remuneration -- strike the word
15   "federal" -- caused an increase in the case of the cost of the
16   government administering a federal health care program.
17              The final element focuses on what we sometimes call
18   the state of mind requirements: the knowingly, willfully, and
19   intentionally aspects of the charge that the government must
20   prove.
21              To demonstrate that a defendant acted knowingly,
22   the government must prove beyond a reasonable doubt as to that
23   defendant that the defendant had knowledge of the facts which
24   made his or her conduct illegal; that is, that the defendant
25   acted voluntarily and intentionally and not because of some
0057
 1   mistake or accident or misunderstanding.  In connection with
 2   the anti-kickback statute, it's not sufficient for the
 3   government to prove that a defendant should have knowledge of
 4   particular facts simply because that defendant held a
 5   particular position within TAP.  The government must prove
 6   beyond a reasonable doubt as to each defendant that the
 7   defendant had actual knowledge of the facts that made his or
 8   her conduct illegal.
 9              To demonstrate that a defendant acted willfully,
10   the government must prove beyond a reasonable doubt as to each
11   defendant that the defendant acted voluntarily and
12   intelligently and with the specific intent that the underlying
13   crime be committed; that is to say, with bad purpose, either to
14   disobey or disregard the law, and not by some act of ignorance
15   or accident or mistake.
16              To demonstrate that a defendant acted intentionally
17   to violate the anti-kickback statute, the government must prove
18   beyond a reasonable doubt that the defendant was aware of the
19   legal duties that were imposed by the anti-kickback statute.
20   That does not mean that the defendant had to know there is a
21   specific statute that was called the anti-kickback statute and
22   found in some place in the United States Code.  But the
23   defendant must be shown to have known that there are legal
24   duties of the type that are embodied in that statute and to
25   have specific intent to violate those duties.
```