UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>- vs -<br><br>JOHN BRUENS, et al.<br><br>Defendants. | Case No. 05-cr-10102-JLT<br><br>**Filed Electronically** |

### DEFENDANTS' JOINT MOTION TO STRIKE CERTAIN EXHIBITS

Defendants John Bruens, Mary Stewart, Melissa Vaughn and Marc Sirockman (collectively, "Defendants") jointly move to strike the admission of the following Government Exhibits: 122, 126, 151, 158, 225, 245, 358, 365, 367, 368 and 374. The reason(s) each document should be excluded from evidence is briefly described immediately following the identification of the Exhibit.

**GX122** - Email from Susan Womble dated April 12, 1999 regarding the Cannes Book Gift to Physicians. Defendants respectfully object to this document on the grounds of relevance. During the testimony of Dr. Cantey the Court precluded the Government's attempt to introduce the book itself, which was entitled "The French Riviera" and marked as GX173 for identification. Day 7 Transcript, p. 100-101. Given that the book itself was precluded, an email about the book should similarly be excluded as irrelevant to the issues presented in this case.

**GX126** - Email from Mark Krueger to John Bruens dated April 14, 1999 re: Update on Cannes arrangements. Defendants respectfully object to this document on the grounds of relevance. This document addresses (among other things) the food and drinks to be served to the Doctors attending the Cannes conference (e.g., "Lobster in a light pasty case with spinach and apricots, turmeric sauce"). In the same vein, the Court precluded the Government's attempt to introduce GX171, which included photographs of the Carlton International Hotel in Cannes, France. Id. at 98-99. The Court

dismissed GX171's relevance with the following comment: "Does it matter? I'm sure it was a very nice place." Id. at 98-99. The same could be said of the food and drink served to the attendees at the Cannes conference.

**GX151** - Email from Norma Muurahainen to Joyce Aubut dated April 3, 1999. Defendants respectfully object to this document on the grounds of relevance, lack of foundation, and the likelihood of confusion in the absence of testimony explaining the exhibit. As the Court will recall, the Government attempted to offer this exhibit during the testimony of Joyce Aubut. Day 7 Transcript, p. 124-127. During her testimony, Ms. Aubut repeatedly testified that she did not remember either the email itself or the subject matter of the email. Specifically, Ms. Aubut testified as follows: "This email, I've never seen this one prior to today, and I don't remember it all." Id. at p. 125, lines 22-23. Accordingly, the Court sustained defense counsel's objection to the admission of the exhibit. Id. at p. 127, lines 3-5.

**GX158** - Joyce Aubut's Corporate American Express Card Statement. Defendants respectfully object to this document on the grounds of relevance. None of the charges appear to be related to the Cannes conference; instead, the charges appear to primarily relate to the National Sales Meeting conducted by Serono in mid-March of 1999. Indeed, Ms. Aubut testified that she had no memory of the Cannes conference. Day 7 Transcript, p. 127. Therefore, her credit card bill is not relevant to this case.

**GX225** - Email from Vaughn to Whitehurst dated March 1, 1999. Defendants do not object to the email identified by the Government in its Exhibit List and described above. But, Defendants do object to the admission of the subsequent email dated March 2, 1999 from Mary Stewart to Melissa Vaughn at the top of the first page of the Exhibit on the grounds of relevance and the likelihood of confusion in the absence of testimony regarding the email. In addition, Defendants object because Ms. Stewart's email was not identified in the Government's Exhibit List. <u>For these reasons, Defendants maintain that the Stewart email at the top of GX225 should be redacted</u>.

**GX245** - Email from Vaughn to Whitehurst dated May 3, 1999 regarding future talks by Dr. Piperato. Defendants respectfully object to this document on the grounds of relevance. This document relates to talks to be given by Dr. Piperato <u>after</u> he returned from the Cannes conference.

**GX365** - Email from Sue Womble to Cindy Bell and John Bruens dated July 30, 1999 re: Cannes costs. Defendants respectfully object to this document on the grounds of relevance. This document purports

to summarize all of the monies expended by Serono in connection with the Cannes conference -- including the costs incurred by Serono to send its own employees (Frank, Bruens and Muurahainen) to the conference.

**GX367** - John Bruens resume. Defendants respectfully object to this document on the grounds of relevance and hearsay, as it appears that the document apparently was prepared by a third party and there is no evidence that Mr. Bruens prepared or adopted this document as his statement.

**GX368** - Mary Stewart resume. Defendants respectfully object to this document on the grounds of relevance and hearsay.

**GX374** - Email dated May 14, 1998 from Melissa Vaughn re: new hire training. Defendants respectfully object to this document on the grounds of relevance.

## CONCLUSION

For the foregoing reasons, Defendants jointly request that the Court exclude Government Exhibits 122, 126, 151, 158, 225, 245, 358, 365, 367, 368 and 374.

Respectfully submitted,

/s/ Mark Berman
Mark A. Berman, Esq.
Paul S. Doherty III, Esq.
(admitted *pro hac*)
HARTMANN DOHERTY ROSA & BERMAN, LLC
126 State Street
Hackensack, NJ 07601
(201) 441-9056

*Attorneys for Defendant*
 *Mary Stewart*

Dated: May 1, 2007

**CERTIFICATE OF SERVICE**

This is to certify that a copy of the foregoing motion was filed electronically in compliance with ECF procedures on May 1, 2007.

/s/ Mark Berman
Mark A. Berman, Esq.