UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA | ) <br> ) <br> )    NO. 05-CR-10102 JLT <br> ) |
| v. | ) <br> ) |
| JOHN BRUENS, MARY STEWART, MELISSA VAUGHN, and MARC SIROCKMAN | ) <br> ) <br> ) |
| Defendants. | ) <br> ) |

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF
THEIR FED. R. CRIM. P. 29 MOTION FOR JUDGMENT OF ACQUITTAL
ON COUNTS 2, 4, 6 AND 7 OF THE INDICTMENT FOR LACK OF VENUE**

The Government has failed to establish that any of the acts alleged in Counts 2, 4, 6 and 7 of the Indictment occurred in the District of Massachusetts. Therefore, venue is improper and a judgment of acquittal must be entered on these counts pursuant to Rule 29(a) of the Federal Rules of Criminal Procedure. The Government's evidence has shown only that the offers alleged in Counts 2, 4, 6 and 7 arguably were made to Drs. Liporace, Condoluci, Olmscheid and Grossman, respectively. These offers allegedly were made at the offices of these doctors, all of which are located outside of Massachusetts, while all parties were located outside of Massachusetts. Further, the evidence has shown that these four doctors did not accept the invitation to Cannes, and therefore no checks were issued in Massachusetts for their travel, and no preparations to send them to France were undertaken in Massachusetts. Because no nexus to Massachusetts has been established, venue is improper in the District of Massachusetts as to

1

Counts 2, 4, 6 and 7 of the Indictment, and a judgment of acquittal must enter as to Defendants Bruens, Stewart, Vaughn and Sirockman.

## I. LEGAL STANDARD

In the First Circuit, a trial court considering a motion for judgment of acquittal under Rule 29 must determine "'whether, after assaying all the evidence in the light most amiable to the government, and taking all reasonable inferences in its favor, a rational factfinder could find, beyond a reasonable doubt, that the prosecution successfully proved the essential elements of the crime.'" United States v. Hernandez, 146 F.3d 30, 32 (1st Cir. 1998) (quoting United States v. O'Brien, 14 F.3d 703, 706 (1st Cir. 1994)).  The trial court must "'consider all the evidence, direct and circumstantial, and resolve all evidentiary conflicts in favor of the verdict.'" Id. (quoting United States v. Carroll, 105 F.3d 740, 742 (1st Cir. 1997)).

## II. VENUE FOR COUNTS 2, 4, 6 AND 7 OF THE INDICTMENT IS IMPROPER IN THE DISTRICT OF MASSACHUSETTS

The Government has failed to introduce evidence that any of the acts alleged in Counts 2, 4, 6 and 7 occurred in the District of Massachusetts.  Venue is therefore improper in this district, and a judgment of acquittal must issue on these counts.[1]

---

[1] This challenge to venue in the District of Massachusetts is timely.  Paragraphs 54, 58, 62 and 64 of the Indictment allege that the acts comprising Counts 2, 4, 6 and 7 occurred in the District of Massachusetts.  At trial, however, the Government failed to adduce evidence establishing that any of these alleged acts occurred in Massachusetts.  "[W]hen an indictment contains a proper allegation of venue so that the defendant has no notice of a defect in venue until the government rests its case, the objection is timely if made at the close of evidence." United States v. Black Cloud, 590 F.2d 270, 272 (8th Cir. 1979); see also United States v. Sandini, 803 F.2d 123, 127 (3rd Cir. 1986) (same); United States v. Gross, 276 F.2d 816, 819 (2nd Cir. 1960) (same).

Proper venue is a matter of grave constitutional importance. "Article III of the Constitution, the Sixth Amendment, and Rule 18 of the Federal Rules of Criminal Procedure all guarantee that a defendant will be tried in the state where the crimes were committed."[2/] United States v. Corona, 34 F.3d 876, 878-79 (9th Cir. 1994); see also United States v. Mapp, No. 95-1162, 1996 WL 506933 at *9 (E.D.N.Y. Sept. 3, 1996) (describing the constitutional privilege of a criminal defendant to be tried in the state and district where the crime was committed). Rule 18 of the Federal Rules of Criminal Procedure codifies a defendant's privilege as to venue, stating that "[u]nless a statute or these rules permit otherwise, the government must prosecute an offense in a district where the offense was committed." In this case, the substantive offenses charged in Counts 2, 4, 6 and 7 occurred in Florida, New Jersey, and New York, and these are the districts in which the Constitution and Federal Rules of Criminal Procedure require the alleged offenses to be tried.

It is the Government's burden "to prove that the crime was committed in the district in which the prosecution is brought … and when a defendant is charged in more than one count, venue must be proper *with respect to each count*." United States v. Beech-Nut Nutrition Corp., 871 F.2d 1181, 1188 (2d Cir. 1989) (emphasis added) (internal citations omitted); United States v. Salinas, 373 F.3d 161, 163 (1st Cir. 2004) (holding that when venue is challenged, "the government must prove by a preponderance of the evidence that venue is proper as to each individual count"). In a case where the defendant is charged both with conspiracy and the

---

[2/]     Article III, Section 2 provides, "The trial of all crimes, except in cases of impeachment, shall be by jury; and such trial shall be held in the state where the said crimes shall have been committed…."

The Sixth Amendment further provides, "In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the state and district wherein the crime shall have been committed…."

underlying substantive offenses, "venue must be laid in a district where all the counts may be tried." United States v. Saavedra, 223 F.3d 85, 89 (2nd Cir. 2000). The inclusion of a conspiracy charge in an indictment does not suffice to establish proper venue as to the underlying substantive crimes. See United States v. Hunter, 863 F. Supp. 462, 472 (E.D. Mich. 1994) (rejecting the Government's argument that "the mere presence of a conspiracy count in an indictment establishes venue as well for all the substantive offenses committed in furtherance of the conspiracy"). Here, therefore, because the underlying substantive counts have no connection to Massachusetts, only the conspiracy count may be pursued in the District of Massachusetts.

The Government has completely failed to establish by a preponderance of the evidence that venue is proper in the District of Massachusetts for Counts 2, 4, 6 and 7. These counts charge the Defendants with making offers of remuneration to Drs. Liporace, Condoluci, Olmscheid and Grossman in violation of the anti-kickback statute. 42 U.S.C. § 1320a-7b(b)(2)(A). Specifically, the Government alleges that the defendants offered these four doctors a trip to a medical conference in Cannes, France, in return for writing prescriptions for Serostim. All of the acts surrounding these offers, however, occurred outside of Massachusetts. Indeed, at Adam Stupak's Change of Plea hearing in connection with alleged conduct identical to the conduct charged in this case, Judge Woodlock questioned whether the case "as charged [could] properly be brought in Massachusetts." See Transcript of Change of Plea Hearing, Dec. 21, 2004, at 32. The Assistant U.S. Attorney acknowledged the defect in the Information filed against Mr. Stupak and relied instead on the fact that Mr. Stupak agreed to waive venue as part of his plea agreement. Id.

The Government's evidence has shown that Ray Hudgens claims that he extended the invitation to Cannes to Dr. Liporace at his office in Fort Lauderdale, Florida. See Day 9, Tr. 104,

4

117. Dr. Liporace did not testify, however, that the invitation to Cannes was in fact a quid pro quo offer. In any event, because Dr. Liporace did not attend the Cannes conference, there were no preparatory tasks required or undertaken in Massachusetts. No check was issued for Dr. Liporace, and no travel preparations were made for him. All of the alleged acts surrounding the purported offer to Dr. Liporace occurred exclusively in Florida.

With regard to Dr. Condoluci, the evidence has shown only that Mr. Aromando visited Dr. Condoluci at his office in New Jersey, that the alleged offer was presented to Dr. Condoluci in New Jersey, and that Sirockman and Aromando's discussions about the offer occurred in New Jersey. See Aromando testimony, Day 4, Tr. 34:19-35:25 (describing Aromando's visit to Dr. Condoluci's office in Cherry Hill, New Jersey). Conspicuously absent from the record is any evidence tying this offer to Massachusetts. The Government has not proved that any phone calls relating to the alleged offer to Dr. Condoluci by Mr. Aromando and Mr. Sirockman occurred while either was in Massachusetts. On direct examination, Dr. Condoluci testified that his practice in 1999 extended to several locations in Burlington, Salem, and Gloucester counties. Day 4, Tr. 74:7-17. On cross-examination, Dr. Condoluci clarified that all of these counties are located in New Jersey. Day 4, Tr. 93:7-14. Dr. Condoluci also testified that none of his practice in 1999 was located in Massachusetts, and that when he was visited by Serono sales representatives, it was in New Jersey. Day 4, Tr. 93:15-20.

Similarly, Adam Stupak has testified that he invited Drs. Olmscheid and Grossman to go on the Cannes trip at their offices in New York City. See Day 6, Tr. 55:3-13; 58:24-59:20; Day 8, Tr. 30:12-17. Because Drs. Olmscheid and Grossman did not accept the invitations, no checks were issued from Serono headquarters in Massachusetts, no travel preparations for Drs. Olmscheid and Grossman were undertaken in Massachusetts, and no communications about the

5

program occurred during the time period the conduct is alleged to have occurred. See Day 8, Tr. 40:10-12 (Dr. Olmscheid refused the invitation). The acts relating to this offer occurred exclusively in New York, with no connection to Massachusetts.

Because Drs. Liporace, Condoluci, Olmscheid and Grossman all declined the invitations to attend the Cannes conference, no checks were cut in Massachusetts, and no other forms of payment were offered or received in Massachusetts. Consequently, the Government has failed to establish proper venue in the District of Massachusetts for the substantive offenses charged in Counts 2, 4, 6 and 7, and a judgment of acquittal must enter for the Defendants. See United States v. Percuoco, 630 F. Supp. 784, 786-87 (D. Mass. 1986) (Tauro, J.) (holding that the defendants "should have been indicted in the district where they committed the alleged offense" and dismissing a West Virginia indictment where "it [was] undisputed that they acted only in Massachusetts"); United States v. Jordan, 846 F. Supp. 895, 898 (D. Nev. 1994) (holding that when a defendant is charged with conspiracy and the substantive offense, venue exists "only in those districts in which the substantive offense was 'committed' and not in other districts in which venue over the conspiracy exists.").

### III. CONCLUSION

The evidence as presented in the Government's case-in-chief has not established that any of the acts alleged in Counts 2, 4, 6 and 7 of the Indictment took place in the District of Massachusetts. As such, venue is not proper in this district and a judgment of acquittal must enter for the Defendants on these counts.

WHEREFORE, for the foregoing reasons, Defendants Bruens, Stewart, Vaughn, and Sirockman respectfully request that this Court enter a judgment of acquittal on Counts 2, 4, 6 and 7 of the Indictment.

**JOHN BRUENS, MARY STEWART,
MELISSA VAUGHN, and MARC SIROCKMAN,**

By their undersigned attorneys.

| | |
|---|---|
| /s/ McKenzie E. Webster | /s/ Thomas McC. Souther |
| Tracy A. Miner | Thomas McC. Souther |
| McKenzie E. Webster | Counsel for John Bruens |
| Counsel for Marc Sirockman | |
| | |
| /s/ Mark. A. Berman | /s/ Adam S. Hoffinger |
| Mark A. Berman | Adam S. Hoffinger |
| Counsel for Mary Stewart | Counsel for Melissa Vaughn |

**Dated:** May 1, 2007

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing motion was filed electronically in compliance with ECF procedures on this 1st day of May 2007.

/s/ McKenzie E. Webster

4015500v.1