UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | NO. 05-CR-10102 JLT |
| v. ) | |
| JOHN BRUENS, MARY STEWART, ) | |
| MELISSA VAUGHN, and ) | |
| MARC SIROCKMAN ) | |
| Defendants. ) | |

**MEMORANDUM OF LAW OF DEFENDANT MARC SIROCKMAN IN SUPPORT OF HIS FED. R. CRIM. P. 29 MOTION FOR JUDGMENT OF ACQUITTAL ON COUNTS 1, 4 AND 5 OF THE INDICTMENT**

The Government has failed to meet its burden of presenting evidence by which a reasonable trier of fact could find that Defendant Marc Sirockman is guilty beyond a reasonable doubt of "knowingly and willfully" violating the anti-kickback statute as alleged in Counts 4 and 5 of the Indictment. 42 U.S.C § 1320a-7b. Specifically, the Government has not demonstrated that Mr. Sirockman acted with the knowledge that his conduct was unlawful or had any knowledge of the anti-kickback statute at the time the alleged offer was made, and so it is impossible for Mr. Sirockman to have "knowingly and willfully" violated the anti-kickback statute. In addition, because there is no evidence that Mr. Sirockman knew the program to send doctors to Cannes was illegal, he cannot have entered into a conspiracy to knowingly and willfully violate the anti-kickback statute. For the same reason, Mr. Sirockman cannot be guilty of aiding and abetting a knowing and willful violation of the anti-kickback statute. Therefore, a

1

judgment of acquittal must be entered on Counts 1, 4, and 5 as to Mr. Sirockman pursuant to Rule 29(a) of the Federal Rules of Criminal Procedure.

I.    **LEGAL STANDARD**

A judgment of acquittal must enter for the Defendants on Counts 1, 4, and 5 because the Government's evidence has failed to prove all of the essential elements of the counts beyond a reasonable doubt.  In the First Circuit, a trial court considering a motion for judgment of acquittal under Rule 29 must determine "'whether, after assaying all the evidence in the light most amiable to the government, and taking all reasonable inferences in its favor, a rational factfinder could find, beyond a reasonable doubt, that the prosecution successfully proved the essential elements of the crime.'"  United States v. Hernandez, 146 F.3d 30, 32 (1st Cir. 1998) (quoting United States v. O'Brien, 14 F.3d 703, 706 (1st Cir. 1994)).  The trial court must "'consider all the evidence, direct and circumstantial, and resolve all evidentiary conflicts in favor of the verdict.'"  Id. (quoting United States v. Carroll, 105 F.3d 740, 742 (1st Cir. 1997)).

II.    **THE GOVERNMENT HAS NOT ESTABLISHED THAT DEFENDANT SIROCKMAN HAD ANY KNOWLEDGE OF THE ANTI-KICKBACK STATUTE AT THE TIME OF THE ALLEGED OFFERS**

To allow the case to go to the jury on Counts 1, 4, and 5 of the Indictment as to Mr. Sirockman, the Government is obligated to put forward evidence that would allow a reasonable jury to find, beyond a reasonable doubt, that Mr. Sirockman "knowingly and willfully" violated the anti-kickback statute.  42 U.S.C. § 1320a-7b.  "In order to establish a willful violation of a statute, the government must prove that the defendant acted with knowledge that his conduct was unlawful."  In re Pharmaceutical Industry Average Wholesale Price Litigation, No. 03-11226, 2007 WL 861178, at *11 (D. Mass. Mar. 22, 2007) (discussing the anti-kickback statute);

Hanlester Network v. Shalala, 51 F.3d 1390, 1400 (9th Cir. 1995) (holding that wilfullness under the anti-kickback statute requires a "specific intent to disobey the law").  The Government has not put forward evidence to establish that in 1999 Mr. Sirockman had any knowledge of, or had received training with regard to, the anti-kickback statute.  Nor has the Government elicited testimony sufficient for a reasonable factfinder to conclude that notwithstanding this lack of knowledge, Mr. Sirockman knew his conduct was unlawful.  Therefore, a judgment of acquittal must enter on Counts 4 and 5 as to Mr. Sirockman.

      The Government has attempted to demonstrate Mr. Sirockman's knowledge of the anti-kickback statute through the testimony of Dr. Howard Fingert, John Abel, and Jeffrey Aromando.  According to the Government's theory of the case, Dr. Fingert purportedly ran regulatory training at Serono in 1999.  However, by Dr. Fingert's own admission, he was no expert with regard to the anti-kickback statute.  Day 6, Tr. 12:3-5.  He worked as part of the DISG group, which was primarily focused on "drug safety and adverse effects."  Day 6, Tr. 10:21-11:2.  His role was clearly more medical than legal.  He testified that he was not familiar with the statutory exceptions to the anti-kickback statute, and that it was not his role at Serono in 1999 to pass on the legality of marketing programs under the anti-kickback statute.  Day 6, Tr. 12:20-13:7.  This should not be surprising, given that Dr. Fingert is an oncologist, not a lawyer.  Day 6, 13:15-17.  Finally, after the passage of the eight years since Dr. Fingert purportedly ran regulatory training at Serono, Dr. Fingert is unable to recall whether any specific individual attended any specific training session.  Day 6, Tr. 14:6-11.

      Similarly, John Abel testified that one of his responsibilities at Serono in 1999 was the training of new hires and regional directors on various matters, including regulatory affairs.  Day

3

7, Tr. 136:24-138:10.  On cross-examination, however, Mr. Abel testified that he was unable to say whether Mr. Sirockman ever received anti-kickback training.  Day 7, Tr. 165:5-12.

The fact that Mr. Sirockman did not believe that his conduct was unlawful is supported by the testimony of the Jeffrey Aromando, the Government's own witness.  According to Mr. Aromando, he offered Dr. Condoluci a trip to Cannes at Mr. Sirockman's request.  Day 4, Tr. 28:13-24.  On cross-examination, Mr. Aromando stated that despite his feeling that this offer was "unethical," he thought that it was nevertheless legal.  The Government's own witness therefore has testified that, as the clinical consultant assigned to personally make the invitation to Dr. Condoluci and Mr. Sirockman's direct report, Mr. Aromando did not think the offer was unlawful.  Most importantly, neither Mr. Aromando, nor any other witness, testified that Mr. Sirockman gave any indication at any time that he may have believed it was illegal. As such, the Government has not put forth any demonstration of Mr. Sirockman's scienter, and thus the "evidence" falls far short of being sufficient to allow a reasonable jury to find beyond a reasonable doubt that Mr. Sirockman acted "willfully" and with full knowledge that his conduct was unlawful.

Even in the light most favorable to the government, the testimony of Dr. Fingert and Mr. Abel is insufficient for the jury to find beyond a reasonable doubt that Mr. Sirockman received training from Dr. Fingert, Mr. Abel, or anyone else relating to the requirements and prohibitions of the anti-kickback statute.  Even more fundamentally, the Government has not put forward evidence from Mr. Aromando or others that would allow a reasonable jury to find that Mr. Sirockman even knew of the existence of the anti-kickback statute or that his conduct was unlawful.  This failure makes it impossible for the jury to find beyond a reasonable doubt that Mr. Sirockman "willfully" committed the acts alleged in Counts 4 and 5, for the simple reason

that an act cannot be committed willfully if one does not act with the knowledge that his conduct is unlawful. Therefore, pursuant to Rule 29, a judgment of acquittal must enter as to Mr. Sirockman on Counts 4 and 5 of the Indictment.

In addition, because the Government has introduced no testimony or documents to show that Mr. Sirockman knew that the program to invite doctors to the Cannes conference was unlawful, Mr. Sirockman cannot be guilty of conspiring to knowingly and willfully violate the anti-kickback statute as alleged in Count 1. None of the testimony has even established an agreement on Mr. Sirockman's part at the meeting on March 1, 1999, the date on which the Government alleges the agreement was formed. There is certainly no testimony or documentary evidence that would allow a reasonable jury to find beyond a reasonable doubt that Mr. Sirockman formed an agreement to knowingly and willfully violate the anti-kickback statute. Therefore, a judgment of acquittal must also enter for Mr. Sirockman on Count 1 of the Indictment.

### III.    CONCLUSION

The evidence as presented in the Government's case-in-chief has not established that Mr. Sirockman acted in knowing and willful violation of the anti-kickback statute. The Government having failed to establish the requisite scienter, a judgment of acquittal must enter for Mr. Sirockman on Counts 1, 4 and 5.

WHEREFORE, for the foregoing reasons, Defendant Marc Sirockman respectfully requests that this Court enter a judgment of acquittal on Counts 1, 4, and 5 of the Indictment.

Respectfully submitted,

**MARC SIROCKMAN,**

By his attorneys,

   /s/  McKenzie E Webster
Tracy A. Miner, BBO # 547137
McKenzie E. Webster BBO #651204
Mintz, Levin, Cohn, Ferris,
 Glovsky & Popeo, P.C.
One Financial Center
Boston, Massachusetts 02110
(617) 542-6000 (phone)
(617) 542-2241 (fax)

**Dated:**  May 1, 2007

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing motion was filed electronically in compliance with ECF procedures on this 1st day of May 2007.

   /s/ McKenzie Webster

4031741v.1