# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| UNITED STATES OF AMERICA | ) |
|  | ) NO. 05-CR-10102 JLT |
| v. | ) |
|  | ) |
| JOHN BRUENS, MARY STEWART, | ) |
| MELISSA VAUGHN, and | ) |
| MARC SIROCKMAN | ) |
|  | ) |
| Defendants. | ) |

## SUPPLEMENTAL AUTHORITY FOR DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 31

Pursuant to Fed. R. Crim. P. 30, the Defendants respectfully submit this Supplemental Authority for Proposed Jury Instruction No. 31.

**JOHN BRUENS, MARY STEWART,
MELISSA VAUGHN, and MARC SIROCKMAN,**

By their undersigned attorneys.

  /s/ McKenzie E. Webster              /s/ Thomas McC. Souther
Tracy A. Miner                       Thomas McC. Souther
McKenzie E. Webster                  Counsel for John Bruens
Counsel for Marc Sirockman


  /s/ Mark. A. Berman                   /s/ Adam S. Hoffinger
Mark A. Berman                       Adam S. Hoffinger
Counsel for Mary Stewart             Counsel for Melissa Vaughn


**Dated:** May 1, 2007

1

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing motion was filed electronically in compliance with ECF procedures on this 1st day of May 2007.

                                                                                 /s/ McKenzie E. Webster

## **DEFENDANTS' PROPOSED JURY INSTRUCION NO. 31**

### **Good Faith Defense**

<u>Supplemental Authority</u>:

*See United States v. MacKenzie, et al.,* CR-01-10350 (D. Mass. 2004) (actual transcript of good faith instruction given to jury attached as Exhibit A). Judge Woodlock instructed the jury as follows:

> "There is another dimension to the state of mind aspects of the fourth element requiring that the government show the particular defendant acted knowingly, willfully, and with specific intent. It is the issue of whether there was lack of good faith.
>
> A defendant's good faith that his or her conduct was lawful is a defense to the charge of violating or aiding and abetting the violation or conspiring to violate the anti-kickback statute. This is because good faith, as I'll define it for you, is inconsistent with that knowledge or willfulness or specific intent that it is necessary for the government to prove beyond a reasonable doubt to establish a violation of the anti-kickback statute.
>
> If a defendant acted in the belief or with an opinion he or she honestly held that his or her actions were not criminal, that defendant's actions are not criminal simply because the belief or opinion is inaccurate or incorrect or wrong. A person's honest mistake of judgment does not fall to the level of criminal conduct that comes within the ambit of the anti-kickback statute merely because the belief or opinion turns out to be inaccurate or incorrect or wrong.
>
> Good faith has no precise definition, but it encompasses, among other things, a belief or opinion honestly held or an intention to avoid taking unfair advantage of circumstances. And so in determining whether the government -- and the government bears this burden -- has proven the defendant's knowledge, willfulness, and specific intent beyond a reasonable doubt, or whether there is a reasonable doubt such that the defendant instead may have acted in good faith, you must consider all of the evidence that bears on his or her state mind.
>
> The burden of proving good faith does not rest with the defendant because, as I told you, no defendant bears a burden to prove anything to you in this case. It is the government's burden to prove beyond a reasonable doubt that a defendant acted knowingly, willfully, and with a specific intent. And in this connection, the government must satisfy you that the defendant did not act in good faith."

```
                    TAP Jury Instructions Transcript
0001
  1                UNITED STATES DISTRICT COURT
  2                  DISTRICT OF MASSACHUSETTS
  3
  4     * * * * * * * * * * * * * * * *
                                       *
  5     UNITED STATES,                 *
                     Plaintiff         *
  6                                    *
             VERSUS                    *     CR-01-10350-DPW
  7                                    *
        ALAN MACKENZIE, HENRY VAN      *
  8     MOURIK, DONNA TOM, DONALD PATTON*
        ERIC OTTERBEIN, RITA JOKIAHO,  *
  9     CAREY SMITH, MARK SMITH,       *
                     Defendants        *
 10                                    *
        * * * * * * * * * * * * * * * *
 11
 12          BEFORE THE HONORABLE DOUGLAS P. WOODLOCK
 13             UNITED STATES DISTRICT COURT JUDGE
 14                   JURY TRIAL - DAY 49
 15                      July 9, 2004
 16
 17                 Courtroom No. 1 - 3rd Floor
 18                    1 Courthouse Way
                       Boston, Massachusetts 02210,
 19                    9:00 A.M. - 11:45 A.M.
 20
                          Debra M. Joyce
 21                    Official Court Reporter
              John Joseph Moakley District Courthouse
 22               1 Courthouse Way - Suite 3204
                  Boston, Massachusetts   02210
 23
         Method of Reporting:   Computer-Aided Transcription
 24
 25
0002
  1   APPEARANCES:
  2   MICHAEL K. LOUCKS, ESQ., Chief, Health Care Fraud Unit,
      GEORGE W. VIEN, ESQ., and SUSAN G. WINKLER, ESQ.,
  3   Assistant United States Attorneys, U.S. Attorney's Office,
      1 Courthouse Way, Suite  9200, Boston, Massachusetts
  4   02210, on behalf of the United States.
  5   DAVID. J. STETLER, ESQ. and WILLIAM P. ZIEGELMUELLER,
      ESQ., Stetler & Duffy, Ltd., 11 South LaSalle Street,
  6   Suite 1200, Chicago, Illinois  60603, on behalf of Alan
      MacKenzie, Defendant
  7
      ROBERT L. ULLMANN, ESQ., and CHRISTA VON DER LUFT, Nutter,
  8   McClennan & Fish, LLP, World Trade Center West, 155
      Seaport Blvd., Boston, Massachusetts  02210-2699, on
  9   behalf of Henry Van Mourik, Defendant
 10   ROBERT P. SHERMAN, ESQ., ROBERT L. KIRBY, JR., and
      MARISA L. JAFFE, ESQ., Nixon, Peabody, LLP, 101 Federal
 11   Street, Boston, Massachusetts, 02110, on behalf of
      Donna Tom, Defendant
 12
      WILLIAM H. KETTLEWELL, ESQ., DANIEL J. CLOHERTY, ESQ., and
 13   SARA E. NOONAN, ESQ., Dwyer & Collora, LLP, 600 Atlantic
      Avenue, Boston, Massachusetts  02210-2211, on behalf of
 14   Donald Patton, Defendant.
```

TAP Jury Instructions Transcript

```
0058
 1            The government has to prove beyond a reasonable
 2   doubt that the defendant was aware of the legal duties imposed
 3   by the anti-kickback statute, even if the defendant did not
 4   know the specific statute involved, that the defendant knew the
 5   conduct was prohibited, and despite that awareness, the
 6   defendant nevertheless engaged in conduct with the specific
 7   intent to disobey or disregard the known legal duties.
 8            There is another dimension to the state of mind
 9   aspects of the fourth element requiring that the government
10   show the particular defendant acted knowingly, willfully, and
11   with specific intent.  It is the issue of whether there was
12   lack of good faith.  A defendant's good faith that his or her
13   conduct was lawful is a defense to the charge of violating or
14   aiding and abetting the violation or conspiring to violate the
15   anti-kickback statute.  This is because good faith, as I'll
16   define it for you, is inconsistent with that knowledge or
17   willfulness or specific intent that it is necessary for the
18   government to prove beyond a reasonable doubt to establish a
19   violation of the anti-kickback statute.
20            If a defendant acted in the belief or with an
21   opinion he or she honestly held that his or her actions were
22   not criminal, that defendant's actions are not criminal simply
23   because the belief or opinion is inaccurate or incorrect or
24   wrong.  A person's honest mistake of judgment does not fall to
25   the level of criminal conduct that comes within the ambit of
0059
 1   the anti-kickback statute merely because the belief or opinion
 2   turns out to be inaccurate or incorrect or wrong.
 3            Good faith has no precise definition, but it
 4   encompasses, among other things, a belief or opinion honestly
 5   held or an intention to avoid taking unfair advantage of
 6   circumstances.  And so in determining whether the government --
 7   and the government bears this burden -- has proven the
 8   defendant's knowledge, willfulness, and specific intent beyond
 9   a reasonable doubt, or whether there is a reasonable doubt such
10   that the defendant instead may have acted in good faith, you
11   must consider all of the evidence that bears on his or her
12   state mind.
13            The burden of proving good faith does not rest with
14   the defendant because, as I told you, no defendant bears a
15   burden to prove anything to you in this case.  It is the
16   government's burden to prove beyond a reasonable doubt that a
17   defendant acted knowingly, willfully, and with a specific
18   intent.  And in this connection, the government must satisfy
19   you that the defendant did not act in good faith.
20            Those are the elements of a substantive violation
21   of the anti-kickback statute.  And you'll see from the copy of
22   the indictment you have been provided that counts two through
23   four are charged as substantive violations by Ms. Jokiaho in
24   the District of Massachusetts.  And let me pause again for a
25   moment to explain a little bit about federal court pleading
0060
 1   requirements.
 2            There are 94 federal districts in the United
 3   States, one of those is the District of Massachusetts.  Some
 4   states have multiple districts.  In New York there are
 5   four: northern, southern, eastern, and western.  And the way in
 6   which the Constitution and federal statutes have organized the
 7   allocation of business among the districts is that a criminal
 8   charge can only be brought in the district in which either a
 9   substantive offense is alleged to have taken place, or with
10   respect to a conspiracy, in which an overt act is alleged to
```