UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

_____
                                    )
**UNITED STATES OF AMERICA**        )
                                    )
                                    )
v.                                  ) Criminal No. 05-10102-JLT
                                    )
                                    )
**JOHN BRUENS, MARY STEWART, MARC** )
**SIROCKMAN, MELISSA VAUGHN,**      )
                                    )
          **Defendants.**           )
_____)


**UNITED STATES' CONSOLIDATED OPPOSITION TO JOHN BRUENS
AND MARC SIROCKMAN'S POST-ACQUITTAL APPLICATIONS FOR ENTRY
OF ORDERS DIRECTING THE GOVERNMENT TO DESTROY RECORDS RELATED
TO THEIR PROCESSING BY THE U.S. MARSHAL'S SERVICE**

The United States of America, by its attorney, Michael J. Sullivan, United States Attorney for the District of Massachusetts, and the undersigned Assistant U.S. Attorneys, oppose the Post-Acquittal Applications by John Bruens and Marc Sirockman for Entry of Orders Directing the Government to Destroy Records Related to Their Processing by the U.S. Marshal's Service and request that the Court deny these Applications because this Court lacks jurisdiction over the requests.

These requests by John Bruens and Marc Sirockman mirror the Applications of Mary Stewart and Melissa Vaughn for expungement of their criminal records relating to this case. The United States has previously filed its opposition to the requests of Stewart and Vaughn. Bruens and Sirockman cite identical grounds

for their request – the fact of their acquittal. This Court does not have jurisdiction, either original or ancillary, to rule on these requests. The requests of Bruens and Sirockman, like those of Vaughn and Stewart, must also be denied. The United States incorporates herein and relies upon its Opposition to the Applications of Vaughn and Stewart.

In addition to the reasons set forth in the Applications of Vaughn and Stewart, Bruens and Sirockman rely upon a 1967 case from the district court of Puerto Rico, *United States v. Kalish*, 271 F. Supp. 968, 970 (D.P.R. 1967) to support their requests. Whatever precedential value the *Kalish* case may have had, it was effectively overruled by the recent the First Circuit decision in *United States v. Coloian,* 480 F.3d 47, 51-52 (1st Cir. 2007), holding in similar circumstances that district courts lack jurisdiction over equitable requests for destruction of criminal records. *See* Government's Consolidated Opposition to the Applications of Stewart and Vaughn.

The circumstances of acquittal and the resulting requests for expungement by Vaughn and Stewart and now Bruens and Sirockman, are no different from Coloian's. Although the Court in *Kalish* took action to expunge his criminal records under very different circumstances – under the *Coloian* case it did not have jurisdiction to do so. *Coloian*, 480 F.3d at 51-52.

Accordingly, based upon the foregoing, this Court does not

have jurisdiction over the Applications for expungement by John Bruens and Marc Sirockman.  These requests must be denied.

                                          Respectfully submitted,

                                          MICHAEL J. SULLIVAN
                                          United States Attorney

                            By:   /s/ Mary Elizabeth Carmody
                                          MARY ELIZABETH CARMODY
                                          SUSAN M. POSWISTILO
                                          Assistant U.S. Attorneys

## CERTIFICATE OF SERVICE

    I hereby certify that these documents filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

Dated: 05/23/2007                    /s/ Mary Elizabeth Carmody
                                          MARY ELIZABETH CARMODY
                                            Assistant United States Attorney